

~AO 241                                                                    07  740                    Page 2 (Rev.12/04)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: of Delaware |
|---|---|

| Name (under which you were convicted): Jamar White | Docket or Case No: 07 - 7 4 0 |
|---|---|

| Place of Confinement : Delaware Correctional Center | Prisoner No.: 414978 |
|---|---|

| Petitioner(include the name under which you were convicted) custody of petitioner) | Respondent (authorized person having |
|---|---|
| Jamar White                          v. | Warden Betty Burris |

The Attorney General of the State of Delaware

### PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Superior Court of New Castle County

    (b) Criminal docket or case number (if you know): 0210011281

2.  (a) Date of the judgment of conviction (if you know): 06-02-03

    (b) Date of sentencing: 08-29-03

3.  Length of sentence: 12 years

4.  In this case, were you convicted on more than one count or of more than one crime?      ☒ Yes      ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    (1) Robbery1st, (2) Robbery1st, (3) Pfdcf, (4) Pfdcf, (5) Conspiracy 2nd

6.  (a) What was your plea? (Check one)

    ☐ (1)   Not guilty          ☐ (3)   Nolo contendere (no contest)

    ☒ (2)   Guilty              ☐ (4)   Insanity plea



FILED

NOV 1 9 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

~AO 241
(Rev.12/04)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count

or charge, what did you plead guilty to and what did you plead not guilty to?
Plead guilty to two counts each of Robbery1st, and Pfdcf, and to Conspiracy 2nd.

Everything else was nolle

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury          ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes          ☒ No

8.    Did you appeal from the judgment of conviction?

☐ Yes          ☒ No

9.    If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result::

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?    ☐ Yes          ☒ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5 ) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11     If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: Superior Court of New Castle County

(2) Docket or case number (if you know): 0210011281

(3) Date of filing (if you know): 08-05-04

(4) Nature of the proceeding: Motion for Postconviction

(5) Grounds raised: (1) Guilty Plea was involuntary and coerced, (2) Prosecution was unfair and manipulative, (3) Indictment violated right against Double Jeopardy, (4) Counsel was ineffective, (5) Prosecutors comments at sentencing were improper, (6) Plea agreement was unfulfilled.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☒ Yes    ☐ No

(7) Result: Denied

(8) Date of result (if you know): 05-04-05

~AO 241

(Rev.12/04)

    (b) If you filed any second petition, application, or motion, give the same information:

        (1) Name of court: Superior Court of New Castle County

        (2) Docket or case number (if you know): 0210011281

        (3) Date of filing (if you know): 08-15-06

        (4) Nature of the proceeding: Motion for Postconviction

        (5) Grounds raised:  (1) Fifth Amendment right precluding Double Jeopardy was violated, (2) Indictments in this case were erroneous and faulty charging, (3) Sixth Amendment right to effective assistance of counsel was violated by counsel's deficient performance.

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ☒ Yes    ☐ No

        (7) Result: Denied

        (8) Date of result (if you know): 01-26-07

    (c) If you filed any third petition, application, or motion, give the same information:

        (1) Name of court:

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

        (4) Nature of the proceeding:

        (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition,

    application, or motion?

☐ Yes    ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

    (1) First petition:    ☐ Yes  ☒ No

    (2) Second petition:    ☒ Yes  ☐ No

    (3) Third petition:    ☐ Yes  ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:
The first petition filed was not appealed becuase the main ground for Double Jeopardy was clearly misunderstood by the lower Court in its final decision; which is what prompted the filing of a second Motion for Postconviction. The argument was that Double Jeopardy was violated due to the imposition of multiple counts of Robbery1st in the indictment. Whereas, the Court conceived that the Double Jeopardy argument was based in part for the imposition in the indictment of multiple Robbery1st offenses, with companion Pfdcf offenses, since both offenses under statute do carry identical elements.

12.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

    CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE: Fifth Amendment right precluding Double Jeopardy was violated.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): In this case, the defendant was charged, and indicted on five separate counts each of Robbery1st, and Pfdcf, despite the fact that this case involves specifically the robbery of a single bank during a single occasion. Eventually pleading guilty on the insistence of his court appointed attorney, to two counts each of Robbery1st, and Pfdcf, the defendant was sentenced to 12 years at level 5 incarceration. Nevertheless, both the charging in the indictment, and sentencing particularly for multiple counts of Robbery1st, poses a direct violation to the Constitution of this State, and United States, under the Fifth Amendment's [third] Constitutional protection from Double Jeopardy; also known as the "Multiplicity Doctrine," which Multiplicity, the dividing of a single offense into separate counts of an indictment is usually precluded under the "Double Jeopardy Clause" for both charging in an indictment, and sentencing for multiple offenses identical under the same statutes or with identical factual elements. (See attached Memorandum of Law in support of this

claim)

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)   **Direct Appeal of Ground One:**

(1) if you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes ☐ No

(2) if you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒Yes   ☐ No

(2) if your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for Postconviction

Name and location of the court where the motion or petition was filed: Superior Court of New Castle County

Docket or case number (if you know): 0210011281

Date of the court's decision: 01-26-07

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition?   ☒Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☒Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal   ☒Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Supreme Court of Delaware

Docket or case number (if you know): 81, 2007

Date of the court's decision: 08-24-07

Result (attach a copy of the court's opinion or order, if available): Denied and affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

~AO 241                                                                                                                   Page 8
(Rev.12/04)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO: Indictments in this case were erroneous and faulty charging.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): It is delineated in this ground that , aside from violating Double Jeopardy, the method of charging that the prosecution uses in this case is also defective in proportion to the evidence obtained in this case. This inconsistency is based on fact, and evidence that the State, which apparently bases the five separate counts of Robbery1st, and Pfdcf offenses imposed in the indictment on the alleged robbery of five separate tellers at five separate teller stations is inconsistent since: (1) property was taken directly only from teller stations, and neither teller was deprived of any personal property, (2) property was taken successfully from only four teller stations not five, and (3) one of the tellers named in the indictment as being robbed while at a teller station was actually not at a teller station at all, but was hiding underneath a desk near-by. (See attached Memorandum of Law in support of this claim)

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)        **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)        **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

         ☒ Yes   ☐ No

(2) If your answer to Question (d) (I) is "Yes," state:

Type of motion or petition: Motion for Postconviction

Name and location of the court where the motion or petition was filed: Superior Court of New Castle County

Docket or case number (if you know): 0210011281

Date of the court's decision: 01-26-07

~-AO 241

Page 9

(Rev 12/04)

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition? ☒ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d) (4) is "Yes," state:

Name and location of the court where the appeal was filed: Supreme Court of Delaware

Docket or case number (if you know): 81, 2007

Date of the court's decision: 08-24-07

Result (attach a copy of the court's opinion or order, if available): Denied, and affirmed

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:

**GROUND THREE:** Sixth Amendment right to effective assistance of counsel was violated due to counsel's deficient performance.

(a)        Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): In this ground it is illustrated that in this case, the defendant's court appointed counsel failed to meet the minimum standards of effectiveness as derived from the Sixth, and Fourteenth Amendments. Such assertion is based due to the fact that (1) the defendant's court appointed counsel failed to prepare an investigation into a useful line of defense, (2) he did not evaluate both physical, and circumstantial evidence in the case; particularly that of the statements of both eye witnesses, and alleged victims involved in the case, which the State obtained, and then presented as evidence to a grand jury for indictment. It is assured that had the defendant's counsel reviewed or evaluated any of the evidence in the case, he would have found that some of the statements given by some of the alleged victims in the case were in contradiction with each other, and that the multiple offenses charged based off of those statements were also in violation of the Fifth Amendment's "Double Jeopardy Clause." Nevertheless, this ground substantiates that the defendant's counsel's performance fell well below an objective standard of reasonableness. Wherefore, without doubt, it is believed that a reasonable possibility exist, that, but for counsel's unprofessional errors, the results of the proceedings in this case would have turned out much differently than they did.

(See attached Memorandum  of Law in support of this claim.)

~AO 241
(Rev. 12/04)

(b)    If you did not exhaust your state remedies on Ground Three, explain why?

(c)    **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes   ☐ No

    (2) (f you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ☒ Yes    ☐ No

    (2) If your answer to Question (d) (1) is "Yes," state:

    Type of motion or petition: Motion for Postconviction

    Name and location of the court where the motion or petition was filed: Superior Court of New Castle County

    Docket or case number (if you know): 0210011281

    Date of the court's decision: 01-26-07

    Result (attach a copy of the court's opinion or order, if available): Denied

    (3) Did you receive a hearing on your motion or petition? ☒ Yes   ☐ No

    (4) Did you appeal from the denial of your motion or petition? ☒ Yes   ☐ No

    (5) If your answer to Question (d) (4) is "Yes," did you raise this issue in the appeal? ☒ Yes   ☐ No

    (6) If your answer to Question (d) (4) is "Yes," state:

    Name and location of the court where the appeal was filed: Supreme Court of Delaware

    Docket or case number (if you know): 81, 2007

    Date of the court's decision: 08-24-07

    Result (attach a copy of the court's opinion or order, if available): Denied and affirmed

~AO 241

(Rev.12/04)

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

   (1) If you appealed from the judgment of conviction, did you raise this issue             ☐ Yes    ☐ No

   (2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

      ☐ Yes   ☐ No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition:

~AO 241
(Rev.12/04)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?          ☐ Yes          ☐ No

(4) Did you appeal from the denial of your motion or petition?          ☐ Yes          ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?          ☐ Yes          ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise this issue:

(e)          **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

~AO 241
(Rev.12/04)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction'? ☒ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date *of* the court's decision, and the result for each petition, application, or motion filed. .Attach a copy of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

~AO 241
(Rev. 12/04)

Page 14

16.  Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing:

    (b) At arraignment and plea:        Michael C. Heyden, Esquire

    (c) At trial:

    (d) At sentencing:        Michael C. Heyden, Esquire

    (e) On appeal:

    (f) In any post-conviction proceeding:

    (g) On appeal from any ruling against you in a post-conviction proceeding:

17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes  ☒ No

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:

    (c) Give the length of the other sentence:

    (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?

        ☐ Yes  ☒ No

18.  TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

        Although there is no excuse for being ignorant of State, and Federal Court criminal procedures, the defendant in spite, exercised as much due diligence as possible in his position to petition the State Courts for a redress of his rights. Upon being sentenced on 08-29-03, the defendant did not file a direct appeal, but later did file a Motion for Postconviction Relief on 08-05-04, which was denied on 12-07-04. The defendant did not appeal that decision, but instead filed a Motion for Modification of sentence on 12-29-04 to further address his sentence; such was also denied on 05-04-05. On 08-15-06, the defendant filed a second Motion for Postconviction Relief, alleging mostly different grounds, such was denied on 01-26-07. The defendant this time did appeal that decision to the Supreme Court, but such was affirmed on 08-24-07. The defendant then filed a Motion for Re-hearing en banc on 09-04-07, however, such was denied on 09-28-07. Furthermore, it should be known that when the defendant filed the first Motion for Postconviction relief, such was inadequate in fact, and substance due to insufficient evidence at

the time. The only evidence the defendant had to base the original Motion on was an insufficient affidavit, which failed to supply all the evidence in the case. The defendant did not receive full documentation on his case until well after sentencing, and the filing of the first Motion for Postconviction Relief when his court appointed attorney supplied a Rule 16 Discovery. In fact, when the defendant previously had attempted to receive one by filing a Motion, apparently however, such Motion was not heard because there was no response from the Court, and there is no record of it being filed. The defendant had also next attempted to get more information on his case by filing a Motion for the Production of the Grand Jury Minutes, and Exhibits, however, such Motion was denied.(See Appendix for Ex.2 at Pg. 4*28) Nevertheless, upon receiving the Rule 16 Discovery, the defendant found additional grounds to be raised, grounds two, and three of the Postconviction dealing more in-depth with ineffective assistance of counsel, and the defective charging indictment couldn't have been raised without the receiving the Discovery. This is what prompted the need to file a second Motion for Postconviction, not to mention that the Lower Court misinterpreted a Double Jeopardy ground in the original Postconviction.

Moreover, given Legislature's rationale for recently tackling the time inconsistency of the original three years limitations period for filing a Motion for Postconviction Relief to the one year limitations period for filing a Writ of Habeas Corpus, which appears to rest with balance; section (d)(1)(A) of the rule which holds that, the one year limitations period shall run from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review, should also balance or apply to the one year limitations period for filing a Motion for Postconviction Relief, running from the conclusion date of the Motion or the expiration of the time for seeking such; since like the conclusion of direct review or the expiration of the time for seeking such, once a Motion for Postconviction is invoked, the judgment does not really become final again until after its conclusion, appeal or the expiration of the time for seeking such.

This would also afford a defendant ample time raise or exhaust claims in one or more petitions in State Courts without fear of running afoul of the limitations period for petitioning in Federal Court. Wherefore, now, if a defendant fails to effectively pursue a Motion for Postconviction Relief within the one year limitations period, he need not consider a timely Writ of Habeas Corpus without cause.

In conclusion, it is imperative to mention in regards to the Antiterrorism and Effective Death Penalty Act of 1996, that the First Amendment of the United States Constitution invokes that Congress shall make no law prohibiting the right to petition the Government for a redress of grievances. The language of the Amendment is clear, invoking no constructing of a law obstructing a citizen's right to petition the government at any time; this speaks entirely in contrast to the purpose of the Act above, but nonetheless should be considered. Wherefore, given the nature of the grounds above, where there is an expressed violation of rights, it is Humbly requested that this Court consider this petition in the Interest of Preventing an Injustice; where the ultimate fate of this petition rest with the discretion of the Judge.

~AO 241
(Rev. 12/04)

*The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in
\part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody
        pursuant to the judgment of a State court. The limitation period shall run from the latest of.

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time
            for        seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the
            Constitution  or laws of the United States is removed, if the applicant was prevented from filing by
            such state action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the
            right has been newly recognized by the Supreme Court and made retroactively applicable to cases on
            collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through
            the exercise of due diligence.

~AO 241                                                                              Page 16
(Rev.12/04)

(2)                 The time during which a properly filed application for State post-conviction or other collateral
                    review with respect to the pertinent judgment or claim is pending shall not be counted
                    toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Please reverse convictions on one

count each of Robbery1st, and Pfdcf, stemming from a guilty plea accepted for two counts of each

offense. Or withdraw the guilty plea entirely so that the original indictment can be corrected, to

show only one count of Robbery1st, and Pfdcf; recommencing Due Process.

or any other relief to which petitioner may be entitled.


_____                                         _____

_____                                                            Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition
for

Writ of Habeas Corpus was placed in the prison mailing system on  Nov .13, 2007 (month, date, year).


Executed (signed) on  Nov .13, 2007 (date).

                                        _____
                                                         Signature of Petitioner
_____

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this

petition.


IN FORMA PAUPERIS DECLARATION

_____

[insert appropriate court]
*****

Jamar White
#414978 UNIT D-W
LAWARE CORRECTIONAL CENTER
1 PADDOCK ROAD
YRNA, DELAWARE 19977

Office of the Clerk
United States District Court
J. Caleb Boggs Building
844 King Street
Lock Box 18
Wilmington, Delaware 19801

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Jamar A. White,                          )
                                         )        07 - 7 4 0
      Defendant-Below,                   )      No._____
      Appellant,                         )
                                         )
    v.                                   )
                                         )
State of Delaware,                       )
                                         )
      Plaintiff-Below,                   )
      Respondent,                        )
                                         )

**<u>APPENDIX</u>**

In support of petition under 28 U.S.C. § 2254,
For a Writ of Habeas Corpus



FILED

NOV 1 9 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Jamar A. White
S.B. I. # 414978
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

**Date:** November 13, 2007



M. JANE BRADY
ATTORNEY GENERAL

**STATE OF DELAWARE**
DEPARTMENT OF JUSTICE

NEW CASTLE COUNTY
Carvel State Building
820 N. French Street
Wilmington, DE 19801
Criminal Division (302) 577-8500
Fax: (302) 577-2496
Civil Division (302) 577-8400
Fax: (302) 577-6630
TTY: (302) 577-5783

KENT COUNTY
102 West Water Street
Dover, DE 19901
Criminal Division (302) 739-4211
Fax: (302) 739-6727
Civil Division (302) 739-7641
Fax: (302) 739-7652
TTY: (302) 739-1545

SUSSEX COUNTY
114 E. Market Street
Georgetown, DE 19947
(302) 856-5352
Fax: (302) 856-5369
TTY: (302) 856-2500

January 13, 2003

PLEASE REPLY TO :

New Castle County

Michael Heyden, Esquire
1201 King Street
Wilmington, Delaware 19801

Re:    State v. Jamar White

Dear Counsel:

Pursuant to Superior Court Criminal rule 16, the following information concerning the above-captioned case is being supplied:

1.    Rule 16(a)(1)(A):    Relevant written, recorded or oral statements made by defendant or any juvenile or adult co-defendant in response to interrogation by a person then known by the defendant or co-defendant to be a state agent:

The defendant and co-defendant made taped statement(s), which have not been transcribed; you may watch or listen to the tape(s) upon request, by appointment. If you would like copies of the tapes, please forward two videotapes and two (90) minute audiotapes.

See enclosed police reports. **Please disregard the police reports provided to you at Case Review.** The attached reports are complete. For some reason, the DOJ cannot at times print complete reports, although the computer has the full report. Some of the reports you previously received are incomplete in this regard.

The State has enclosed the following police reports:
Initial Crime Report -- 01-02-100780 (6 pages)
Supplement # 1  (4 pages)
Supplement # 2  (2 pages)
Supplement # 3  (2 pages)
Supplement # 4  (1 page)



Supplement # 5  (4 pages)
Supplement # 6  (2 pages)
Supplement # 7  (1 page)
Supplement # 8  (7 pages)
Supplement # 9  (1 page)
Supplement # 10  (2 pages)
Supplement # 11  (2 pages)
Supplement # 12  (1 page)
Supplement # 13  (4 pages with 3 additional pages of photos)

Initial Crime Report (Vehicle Theft) 01-02-100813 (4 pages)
Initial Crime Report (NCCPD for Vehicle Theft) 32-02-104854 (1 page)

Probation and Parole Report V1-02-000018  (2 pages)

K-9 Report for Robbery Case 01-02-101270 (1 page)

2.    Rule 16(a)(1)(B):  Defendant's Prior Record

I have enclosed a copy of the State's record of the defendant Jamar White's
criminal history in Delaware.

The records in the State's file reveal that the defendant has the following criminal
history:

Defendant White - Obstruction of Justice (VA -- 2001)

3.    Rule 16 (a)(1)(C):    Documents and Tangible Objects.

Inspection of documents and tangible objects will be permitted upon reasonable
notice, during normal business hours.  Please contact my office to arrange for a
mutually convenient time for inspection.

4.    Rule 16(a)(1)(D):    Reports of Examinations and Tests.

Results or reports of mental or physical examinations and scientific tests or
experiments which the State intends to use during its case-in-chief, or which are
material to the defense:

The police found latent prints at the scene of the alleged crime. (A copy of the
SBI report will be provided prior to trial.)

5.    Rule 16(a)(1)(E):    Expert Witnesses.

The identity and substance of the opinions of expert witnesses:

Evidence that may be the subject of expert testimony is currently undergoing analysis. Reports of such analysis will be made available to you prior to trial. I expect that the author of any such report will testify consistently with the conclusions set forth in the report.

I expect that the forensic fingerprint analyst assigned to this case will testify consistently with the conclusions set forth in his or her report.

6.    State Reciprocal Discovery Request:

Pursuant to Superior Court Criminal Rule 16(b) please provide me with the following:

a.    An opportunity to inspect and copy or photograph any books, papers, documents, photographs, tangible objects, or copies of portions thereof, which are within the possession, custody or control of the defendant and which the defendant intends to introduce as evidence in chief at trial.

b.    An opportunity to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the case, or copies thereof, which are within the possession or control of the defendant and which the defendant intends to introduce as evidence in chief at trial, or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports related to that witness's testimony.

c.    Disclosure of any evidence which the defendant may present at trial under Rules 702, 703, or 705 of the Delaware Uniform Rules of Evidence, including the identity of the witness and the substance of the opinions to be expressed.

7.    Miscellaneous:

Copies of the search warrant, affidavit and return for the search of defendant's vehicle are enclosed.

The State is in possession of a videotape which records part of the alleged crime. However, the videotape is in a format which cannot be read by a common VCR. Further, the tape in substance shows defendant White entering and exiting the Bank. The angles of the cameras did not catch the robbery of each teller and their teller station on video.

8.    Plea Offer:

The State will make a plea offer at case review.

Please be advised that this discovery response, together with any acknowledgments of information to be supfled when received, constitutes the State's entire response to its discovery obligations under Rule 16 and/or any written request for discovery filed by the defendant. If,

prior to or during trial, additional evidence or material is discovered which is subject to discovery, such evidence or material shall be disclosed in a timely manner. Further discovery, except to the extent provided or consented to herein, is objected to as being outside the scope of the State's obligation under Rule 16.

If this discovery response does not meet with your satisfaction, or if you believe that you are entitled to additional discovery disclosures or responses, please either contact me to discuss the matter, send me a letter or file a motion to compel discovery. Failure to take action of this sort will be deemed an indication that you are satisfied with this discovery response.

Please be advised, further, that I am not currently aware of the existence of any Brady material. If I become aware of the existence of such material, I will provide it to you in a timely fashion prior to trial. Boyer material will be provided during trial. Jencks material will be provided upon request at the appropriate time during trial.

If the defendant has other pending charges not specifically referred to herein, they should not be considered a part of this plea offer. In addition, if the defendant should be arrested for any additional charges prior to entry of this plea, the offer should be considered withdrawn.

Sincerely yours,

Martin O'Connor
Deputy Attorney General

MO/dc
Encs.

| Page: 1 | Report Date: 10/17/2002 | Agency: Troop 2 State Police | | Complaint: 01-02-100780 |
|---|---|---|---|---|

| Reported Date and Time THU 10/17/2002 1345 | Initial Crime Report | Occurred: THU 10/17/2002 1345 |
|---|---|---|

**Location:**
814 PHILADELPHIA PIKE FIRST UNION NATIONAL BANK     WILMINGTON, DE 19809
.1 miles N of DUNCAN RD
FIRST UNION NATIONAL BANK

**M.O. and Incident Overview:**
BELOW SUBJECT ENTERED THE ABOVE BANK WEARING A DISGUISE AND BRANDISHING A HANDGUN. THE SUBJECT
VAULTED THE TRANSACTION COUNTER AND DEMANDED USC FROM TELLERS BEFORE JUMPING BACK OVER THE
COUNTER AND FLEEING ON FOOT.

| Grid 112-364 | Sector 22 | County New Castle | Domestic Related? ☐Yes ☒No | 4-F-14 Sent? ☐Yes ☒No | Gen Broadcast Sent? ☐Yes ☒No |
|---|---|---|---|---|---|

## Victim Information

| Victim Number 001 | Name RUTH, DARIA L | | | | |
|---|---|---|---|---|---|
| Type Individual | Sex Female | Race | Ethnic Origin | Age | D.O.B. |
| Address | | Resident Status | Home Telephone | Employer/School FIRST UNION BANK | Work Telephone |
| Reporting Person? ☐Yes ☒No | Victim Injured? ☐Yes ☒No | Victim Deceased? ☐Yes ☒No | Officer Comments | | |
| Injuries | | | Description of Injuries | | |

| Victim Number 002 | Name CREWS, TASHA R | | | | |
|---|---|---|---|---|---|
| Type Individual | Sex Female | Race | Ethnic Origin | Age | D.O.B. |
| Address | | Resident Status | Home Telephone | Employer/School FIRST UNION BANK | Work Telephone |
| Reporting Person? ☐Yes ☒No | Victim Injured? ☐Yes ☒No | Victim Deceased? ☐Yes ☒No | Officer Comments | | |
| Injuries | | | Description of Injuries | | |

| Victim Number 003 | Name BAUM, ELLEN W | | | | |
|---|---|---|---|---|---|
| Type Individual | Sex Female | Race | Ethnic Origin | Age | D.O.B. |
| Address | | Resident Status | Home Telephone | Employer/School FIRST UNION BANK | Work Telephone |
| Reporting Person? ☐Yes ☒No | Victim Injured? ☐Yes ☒No | Victim Deceased? ☐Yes ☒No | Officer Comments | | |
| Injuries | | | Description of Injuries | | |

| Victim Number 004 | Name WEEKS, CHERYL Y | | | | |
|---|---|---|---|---|---|
| Type Individual | Sex Female | Race | Ethnic Origin | Age | D.O.B. |
| Address | | Resident Status Full Time | Home Telephone | Employer/School FIRST UNION BANK | Work Telephone |
| Reporting Person? ☐Yes ☒No | Victim Injured? ☐Yes ☒No | Victim Deceased? ☐Yes ☒No | Officer Comments | | |
| Injuries | | | Description of Injuries | | |

| Victim Number 005 | Name GRIER, MARY JO | | | | |
|---|---|---|---|---|---|
| Type Individual | Sex Female | Race | Ethnic Origin | Age | D.O.B. |

| Reporting Officer DET. KLINE    - 4723 I | Supervisor Approval TIMOTHY J LAMARCHE PSPT203 Date 10/18/2002 1257 |
|---|---|

| Page: 2 | Report Date: 10/17/2002 | Agency: Troop 2 State Police | | Complaint: 01-02-100780 |
|---|---|---|---|---|

**Victim Number** 005 Continued

## Victim Information

| Address | | | Resident Status | Home Telephone | Employer/School FIRST UNION BANK | Work Telephone |
|---|---|---|---|---|---|---|

| Reporting Person? ☐Yes ☒No | Victim Injured? ☐Yes ☒No | Victim Deceased? ☐Yes ☒No | Officer Comments |
|---|---|---|---|

| Injuries | Description of Injuries |
|---|---|

| Victim Number 006 | Name WYATT, MONA |
|---|---|

| Type Individual | Sex Female | Race | Ethnic Origin | Age | D.O.B |
|---|---|---|---|---|---|

| Address | | | Resident Status | Home Telephone | Employer/School | Work Telephone |
|---|---|---|---|---|---|---|

| Reporting Person? ☐Yes ☒No | Victim Injured? ☐Yes ☒No | Victim Deceased? ☐Yes ☒No | Officer Comments |
|---|---|---|---|

| Injuries | Description of Injuries |
|---|---|

## Suspect/Defendant Information

| Sequence 001 | Type Defendant | SBI Number 00414978 | Name WHITE, JAMAR A | | | | Nick Name |
|---|---|---|---|---|---|---|---|

| Sex Male | Race Black | Ethnic Origin Non-Hispanic | Age 20 | D.O.B. 08/19/1982 | Height 5' 11" | Weight 155 | Skin Tone Light | Eye Color Brown |
|---|---|---|---|---|---|---|---|---|

| Hair Color Black | Hair Length Short | Hair Style Afro/Natural | Facial Hair | Voice Speech | Teeth | Build Thin | Glasses |
|---|---|---|---|---|---|---|---|

| Disguise Ski Mask | Disguise Color(s) Black | Resident Status Non Resident | Unusual Characteristics | Armed With Handgun |
|---|---|---|---|---|

| Address 5813 IRONHORSE RD RICHMOND, VA 23243 | Home Telephone (302) 765-2967 | Employer/School TARGET RICHMOND, VA | Work Telephone |
|---|---|---|---|

| Arrest Number 135644 | Arrest Type Warrant | Suspect's Clothing Description DARK CLOTHING01 |
|---|---|---|

| Sequence 002 | Type Defendant | SBI Number T0375971 | Name BOWMAN, COREY P | | | | Nick Name |
|---|---|---|---|---|---|---|---|

| Sex Male | Race White | Ethnic Origin Non-Hispanic | Age 22 | D.O.B. 12/13/1971 | Height 6' 03" | Weight 180 | Skin Tone | Eye Color Brown |
|---|---|---|---|---|---|---|---|---|

| Hair Color Black | Hair Length Short | Hair Style Braided | Facial Hair Needs a Shave | Voice Speech | Teeth | Build Thin | Glasses |
|---|---|---|---|---|---|---|---|

| Disguise | Disguise Color(s) | Resident Status Non Resident | Unusual Characteristics | Armed With Unarmed |
|---|---|---|---|---|

| Address 3055 LANCERS BLVD RICHMOND, VA 23234 | Home Telephone (804) 674-1271 | Employer/School UNKNOWN TEMP AGENCY RICHMOND, VA 23234 | Work Telephone (804) 000-0000 |
|---|---|---|---|

| Arrest Number 135645 | Arrest Type Warrant | Suspect's Clothing Description 01 |
|---|---|---|

## Crimes and Associated Information

| Victim Number 001 | Crime Seq 001 | Statute DE:11:0832:00A2:F:B | Crime Description Robbery First Degree Displays What Appears to be a Deadly Weapon |
|---|---|---|---|

| Location Type Bank/Savings and Loan | Status Adult Arrest 10/17/2002 | Involvement ☐Alcohol ☐Drugs ☐Computer | General Offense |
|---|---|---|---|

| Suspected Hate/Bias ☐Yes ☒No - N/A | Crime Code 12213F - Robbery/Gun Bank |
|---|---|

| Burglary Force Involved ☐Yes ☐No | Weapon/Force Used Automatic Handgun |
|---|---|

| Stolen Property | Property Category Money | Quantity 1 | Unit Price 1.00 | Stolen Value 1.00 | Recovered Value .00 | Recovery Date |
|---|---|---|---|---|---|---|

| M.O. Information | MO Class Robbery Actions | MO Description Jumped Counter |
|---|---|---|

| Victim Number 001 | Crime Seq 008 | Statute DE:11:0512:0001:F:G | Crime Description Conspiracy Second Degree-Agreement to Engage in Felony Criminal Conduct |
|---|---|---|---|

| Location Type Bank/Savings and Loan | Status Adult Arrest 10/17/2002 | Involvement ☐Alcohol ☐Drugs ☐Computer | General Offense CNSP - Conspiracy to Commit |
|---|---|---|---|

| Suspected Hate/Bias ☐Yes ☒No - N/A | Crime Code 12213F - Robbery/Gun Bank |
|---|---|

| Burglary Force Involved ☐Yes ☐No |
|---|

| Victim Number 002 | Crime Seq 002 | Statute DE:11:0832:00A2:F:B | Crime Description Robbery First Degree Displays What Appears to be a Deadly Weapon |
|---|---|---|---|

| Reporting Officer DET. KLINE - 4723 1 | Supervisor Approval TIMOTHY J LAMARCHE PSPT203 Date 10/18/2002 1257 |
|---|---|

| Page: 3 | Report Date: 10/17/2002 | Agency: Troop 2 State Police | | Complaint: 01-02-100780 |
|---|---|---|---|---|

## Crimes and Associated Information

| Location Type | Status | Involvement | General Offense |
|---|---|---|---|
| Bank/Savings and Loan | Adult Arrest 10/17/2002 | ☐ Alcohol ☐ Drugs ☐ Computer | |

| Suspected Hate/Bias | Crime Code |
|---|---|
| ☐ Yes ☒ No · N/A | 12213F - Robbery/Gun Bank |

| Burglary Force Involved | Weapon/Force Used |
|---|---|
| ☐ Yes ☐ No | Automatic Handgun |

| Stolen Property | Property Category | Quantity | Unit Price | Stolen Value | Recovered Value | Recovery Date |
|---|---|---|---|---|---|---|
| | Money | 1 | 1.00 | 1.00 | .00 | |

| M.O. Information | MO Class | MO Description |
|---|---|---|
| | Robbery Actions | Fired and/or Displayed Weapon |
| | Robbery Actions | Jumped Counter |

| Victim Number 003 | Crime Seq 003 | Statute DE:11:0832:00A2:F:B | Crime Description Robbery First Degree Displays What Appears to be a Deadly Weapon |
|---|---|---|---|

| Location Type | Status | Involvement | General Offense |
|---|---|---|---|
| Bank/Savings and Loan | Adult Arrest 10/17/2002 | ☐ Alcohol ☐ Drugs ☐ Computer | |

| Suspected Hate/Bias | Crime Code |
|---|---|
| ☐ Yes ☒ No · N/A | 12213F - Robbery/Gun Bank |

| Burglary Force Involved | Weapon/Force Used |
|---|---|
| ☐ Yes ☐ No | Automatic Handgun |

| Stolen Property | Property Category | Quantity | Unit Price | Stolen Value | Recovered Value | Recovery Date |
|---|---|---|---|---|---|---|
| | Money | 1 | 1.00 | 1.00 | .00 | |

| M.O. Information | MO Class | MO Description |
|---|---|---|
| | Robbery Actions | Fired and/or Displayed Weapon |

| Victim Number 004 | Crime Seq 004 | Statute DE:11:0832:00A2:F:B | Crime Description Robbery First Degree Displays What Appears to be a Deadly Weapon |
|---|---|---|---|

| Location Type | Status | Involvement | General Offense |
|---|---|---|---|
| Bank/Savings and Loan | Adult Arrest 10/17/2002 | ☐ Alcohol ☐ Drugs ☐ Computer | |

| Suspected Hate/Bias | Crime Code |
|---|---|
| ☒ Yes ☒ No · N/A | 12213F - Robbery/Gun Bank |

| Burglary Force Involved | Weapon/Force Used |
|---|---|
| ☐ Yes ☐ No | Automatic Handgun |

| Stolen Property | Property Category | Quantity | Unit Price | Stolen Value | Recovered Value | Recovery Date |
|---|---|---|---|---|---|---|
| | Money | 1 | 1.00 | 1.00 | .00 | |

| M.O. Information | MO Class | MO Description |
|---|---|---|
| | Robbery Actions | Fired and/or Displayed Weapon |

| Victim Number 005 | Crime Seq 005 | Statute DE:11:0832:00A2:F:B | Crime Description Robbery First Degree Displays What Appears to be a Deadly Weapon |
|---|---|---|---|

| Location Type | Status | Involvement | General Offense |
|---|---|---|---|
| Bank/Savings and Loan | Adult Arrest 10/17/2002 | ☐ Alcohol ☐ Drugs ☐ Computer | |

| Suspected Hate/Bias | Crime Code |
|---|---|
| ☐ Yes ☒ No · N/A | 12213F - Robbery/Gun Bank |

| Burglary Force Involved | Weapon/Force Used |
|---|---|
| ☐ Yes ☐ No | Automatic Handgun |

| Stolen Property | Property Category | Quantity | Unit Price | Stolen Value | Recovered Value | Recovery Date |
|---|---|---|---|---|---|---|
| | Money | 1 | 1.00 | 1.00 | .00 | |

| M.O. Information | MO Class | MO Description |
|---|---|---|
| | Robbery Actions | Fired and/or Displayed Weapon |

| Victim Number 006 | Crime Seq 006 | Statute DE:11:1447:A00A:F:B | Crime Description Possession of a Firearm During the Commission of a Felony |
|---|---|---|---|

| Location Type | Status | Involvement | General Offense |
|---|---|---|---|
| Bank/Savings and Loan | Adult Arrest 10/17/2002 | ☐ Alcohol ☐ Drugs ☐ Computer | |

| Suspected Hate/Bias | Crime Code |
|---|---|
| ☐ Yes ☒ No · N/A | 5212 - Possession of Weapon |

| Burglary Force Involved | Criminal Activity | Weapon/Force Used |
|---|---|---|
| ☐ Yes ☐ No | Possessing/Concealing | Automatic Handgun |

| Victim Number 006 | Crime Seq 007 | Statute DE:11:1239:000A:F:E | Crime Description Wearing a Disguise During the Commission of a Felony |
|---|---|---|---|

| Location Type | Status | Involvement | General Offense |
|---|---|---|---|
| Bank/Savings and Loan | Adult Arrest 10/17/2002 | ☐ Alcohol ☐ Drugs ☐ Computer | |

| Suspected Hate/Bias | Crime Code |
|---|---|
| ☐ Yes ☒ No · N/A | 2682 - Wearing a Disguise During the Commission of a Felony |

| Burglary Force Involved | |
|---|---|
| ☐ Yes ☐ No | |

| Victim Number 006 | Crime Seq 009 | Statute DE:11:0851:0000:F:G | Crime Description Receiving Stolen Property-Over $1000 |
|---|---|---|---|

| Location Type | Status | Involvement | General Offense |
|---|---|---|---|
| Bank/Savings and Loan | Adult Arrest 10/17/2002 | ☐ Alcohol ☐ Drugs ☐ Computer | |

| Reporting Officer DET. KLINE - 4723 1 | Supervisor Approval TIMOTHY J LAMARCHE PSPT203 Date 10/18/2002 1257 |
|---|---|

| Page: 4 | Report Date: 10/17/2002 | Agency: Troop 2 State Police | | Complaint: 01-02-100780 |
|---|---|---|---|---|

## Crimes and Associated Information

| Suspected Hate/Bias ☐Yes ☒No N/A | Crime Code 2804 - Possession of Stolen Property | | | | | |
|---|---|---|---|---|---|---|
| Burglary Force Involved ☐Yes ☐No | Criminal Activity Possessing/Concealing | | | | | |

| Stolen Property | Property Category Other | Quantity 1 | Unit Price 2100.00 | Stolen Value 2100.00 | Recovered Value 2100.00 | Recovery Date 10/17/2002 |
|---|---|---|---|---|---|---|
| | Item Type | | Serial Number | | | Brand |
| | Model | | | Item Style | | |
| | Extended Description 1991 CHRYSLER NEW YORKER | | | | | |

| M.O. Information | MO Class Property Taken | MO Description Any Vehicle |
|---|---|---|

## Associated Property Summary

| Total Stolen Property $2,105.00 | Total Recovered Property $2,100.00 | Total Seized Property $0.00 | Total Damaged Property $0.00 |
|---|---|---|---|

## Victim - Suspect/Defendant Relationships

| Victim | Suspect/Defendant | Victim Offender Relationship |
|---|---|---|
| Victim - 001 RUTH, DARIA L | Suspect/Defendant - 001 WHITE, JAMAR A | Stranger |
| Victim - 001 RUTH, DARIA L | Suspect/Defendant - 002 BOWMAN, COREY P | Stranger |
| Victim - 001 CREWS, TASHA R | Suspect/Defendant - 001 WHITE, JAMAR A | Stranger |
| Victim - 002 CREWS, TASHA R | Suspect/Defendant - 002 BOWMAN, COREY P | Stranger |
| Victim - 003 BAUM, ELLEN W | Suspect/Defendant - 001 WHITE, JAMAR A | Stranger |
| Victim - 003 BAUM, ELLEN W | Suspect/Defendant - 002 BOWMAN, COREY P | Stranger |
| Victim - 004 WEEKS, CHERYL Y | Suspect/Defendant - 001 WHITE, JAMAR A | Stranger |
| Victim - 004 WEEKS, CHERYL Y | Suspect/Defendant - 002 BOWMAN, COREY P | Stranger |
| Victim - 005 GRIER, MARY JO | Suspect/Defendant - 001 WHITE, JAMAR A | Stranger |
| Victim - 005 GRIER, MARY JO | Suspect/Defendant - 002 BOWMAN, COREY P | Stranger |
| Victim - 006 WYATT, MONA | Suspect/Defendant - 001 WHITE, JAMAR A | Victimless Crime |
| Victim - 006 WYATT, MONA | Suspect/Defendant - 002 BOWMAN, COREY P | Victimless Crime |

## Investigative Narrative

- ORIGINAL INVESTIGATING OFFICER : DETECTIVE RONALD KLINE 4723/DSP-2.


- SEE INVESTIGATIVE SUPPLEMENT FOR DETAILS.


- PIO (LT.WINSTEAD) NOTIFIED.


- VICTIM SERVICES NOTIFIED.


- SEE EVIDENCE SUPPLEMENT BY DET.UBIL 4701/DSP-2 FOR DETAILS.


- CASE STATUS - ARREST ADULT.

| Reporting Officer DET. KLINE - 4723 1 | Supervisor Approval TIMOTHY J LAMARCHE PSPT203 Date 10/18/2002 1257 |
|---|---|

| Page: 5 | Report Date: 10/17/2002 | Agency: Troop 2 State Police | Complaint: 01-02-100780 |
|---|---|---|---|

### Statement of Victim 001 - DARIA L RUTH
- SEE INVESTIGATIVE SUPPLEMENT FOR DETAILS.

### Statement of Victim 002 - TASHA R CREWS
- SEE INVESTIGATIVE SUPPLEMENT FOR DETAILS.

### Statement of Victim 003 - ELLEN W BAUM
- SEE INVESTIGATIVE SUPPLEMENT FOR DETAILS.

### Statement of Victim 004 - CHERYL Y WEEKS
- SEE INVESTIGATIVE SUPPLEMENT FOR DETAILS.

### Statement of Victim 005 - MARY JO GRIER
- SEE INVESTIGATIVE SUPPLEMENYT FOR DETAILS.

### Statement of Suspect 001 - JAMAR A WHITE
- SEE INVESTIGATIVE SUPPLEMENT FOR DETAILS.

### Statement of Suspect 002 - COREY P BOWMAN
- SEE INVESTIGATIVE SUPPLEMENT FOR DETAILS.

| Reporting Officer: DET. KLINE - 4723 1 | Supervisor Approval: TIMOTHY J LAMARCHE PSPT203 Date 10/18/2002 1257 |
|---|---|

| Page: 6 | Report Date: 10/17/2002 | Agency: Troop 2 State Police | Complaint: 01-02-100780 |
|---|---|---|---|

Statement of Suspect 002 - COREY P BOWMAN - Continued

| Reporting Officer DET. KLINE - 4723 1 | Supervisor Approval TIMOTHY J LAMARCHE  PSPT203  Date 10/18/2002 1257 | | | |
|---|---|---|---|---|
| Detective Notified | Referred To | | | |
| Solvability Factors | ☐ Witness ☐ Suspect Located | ☐ M. O. ☐ Suspect Described | ☐ Trace Stolen Property ☐ Suspect Identified | ☐ Suspect Named ☐ Suspect Vehicle Identified | Status Closed |

| Page: 1 | Report Date: 10/18/2002 | Agency: Troop 2 State Police | Complaint: 01-02-100780 |

## Supplemental Report - #1

| Original Occurrence Dates and Times: THU  10/17/2002 1345 | Grid 112-364 | Sector 22 |

Location: ████████ FIRST UNION NATIONAL BANK     WILMINGTON, DE 19809

## Victim Information

| Victim Number 003 | Name BAUM, ELLEN W T/A FIRST UNION BANK |

| Type | Sex Female | Race | Ethnic Origin | Age | D.O.B. |
|---|---|---|---|---|---|

| Address | | Resident Status Full Time | Business Telephone | Employer/School FIRST UNION BANK | Work Telephone |

| Reporting Person? ☐Yes ☒No | Victim Injured? ☐Yes ☒No | Victim Deceased? ☐Yes ☒No | Officer Comments |
|---|---|---|---|

| Injuries | Description of Injuries |

| Victim Number 007 | Name |

| Type | Sex | Race | Ethnic Origin | Age | D.O.B. |

| Address | | Resident Status | Home Telephone | Employer/School | Work Telephone |

| Reporting Person? ☐Yes ☐No | Victim Injured? ☐Yes ☐No | Victim Deceased? ☐Yes ☐No | Officer Comments |

| Injuries | Description of Injuries |

| Victim Number 008 | Name |

| Type | Sex | Race | Ethnic Origin | Age | D.O.B. |

| Address | | Resident Status | Home Telephone | Employer/School | Work Telephone |

| Reporting Person? ☐Yes ☐No | Victim Injured? ☐Yes ☐No | Victim Deceased? ☐Yes ☐No | Officer Comments |

| Injuries | Description of Injuries |

| Victim Number 009 | Name |

| Type | Sex | Race | Ethnic Origin | Age | D.O.B. |

| Address | | Resident Status | Home Telephone | Employer/School | Work Telephone |

| Reporting Person? ☐Yes ☒No | Victim Injured? ☐Yes ☒No | Victim Deceased? ☐Yes ☒No | Officer Comments |

| Injuries | Description of Injuries |

| Victim Number 010 | Name |

| Type | Sex | Race | Ethnic Origin | Age | D.O.B. |

| Address | | Resident Status | Home Telephone | Employer/School | Work Telephone |

| Reporting Person? ☐Yes ☒No | Victim Injured? ☐Yes ☒No | Victim Deceased? ☐Yes ☒No | Officer Comments |

| Injuries | Description of Injuries |

| Victim Number 011 | Name |

| Type | Sex | Race | Ethnic Origin | Age | D.O.B. |

| Reporting Officer DET SPAGNOLO  - 4632 | Pending Supervisory Review |

| Page: 2 | Report Date: 10/18/2002 | Agency: Troop 2 State Police | | Complaint: 01-02-100780 |
|---|---|---|---|---|

| Victim Number 011 Continued | Victim Information | | | |
|---|---|---|---|---|

| Address 011 Continued | | Resident Status | Home Telephone | Employer/School | | Work Telephone |
|---|---|---|---|---|---|---|

| Reporting Person? ☒No | Victim Injured? ☐Yes ☒No | Victim Deceased? ☐Yes ☒No | Officer Comments |
|---|---|---|---|

| Injuries | Description of Injuries |
|---|---|

| Victim Number 012 | Name |
|---|---|

| Type | | Sex | Race | | Ethnic Origin | Age | D.O.B. |
|---|---|---|---|---|---|---|---|

| Address | | Resident Status | Home Telephone | Employer/School | | Work Telephone |
|---|---|---|---|---|---|---|

| Reporting Person? ☐Yes ☒No | Victim Injured? ☐Yes ☒No | Victim Deceased? ☐Yes ☒No | Officer Comments |
|---|---|---|---|

| Injuries | Description of Injuries |
|---|---|

## Investigative Narrative

Interview Conducted of V3 Baum, Ellen W.//Teller at the First Union Bank ▓▓▓▓▓▓
By Det. J. Spagnolo #4632 DSP T2 on 101702 @ 1455 hrs..


      V3 - BAUM, Ellen W. ▓▓▓▓▓▓▓




V3 BAUM is employed as a teller at the First Union Bank //  Phila. Pk. Branch since March 2002.
V3 has been an  employee of First Union Bank  approx. 15 yrs..




NARRATIVE

| Reporting Officer DET SPAGNOLO  - 4632 | Pending Supervisory Review |
|---|---|

| Page: | Report Date: | Agency: | Complaint: |
|---|---|---|---|
| 3 | 10/18/2002 | Troop 2 State Police | 01-02-100780 |

Investigative Narrative - Continued

On 101702, writer responded to the First Union located at ████████████████ To assist Det. R. Kline #4723 conduct interviews in reference to a robbery that had occurred at that location earlier in the day.  Upon arrival, writer contacted V3 Baum and interviewed her.  At that time, V3 relayed the following chain of events.  V3 advised that she is a teller at the First Union and has been assigned to this branch since March 2002.  V3 stated that she arrived at work this morning at approx. 0815 hrs..  At the time of the robbery, V3 was at Teller Station number 4 doing some Notary work when she heard a commotion to her right.  When she looked in that direction , she observed the sus. jump the counter in that area and say something to the teller at that station, Daria (V1 RUTH, Daria L.).  In the span of several seconds, the sus. left V1's station and then came to Tasha's (V2 - CREWS, Tasha R.)  station (immediately to the right on V3).

After leaving this station, the sus. approached her (V3) and attempted to open her cash drawer.  When he discovered same was secured, he pointed a gun at V3 and said, "Open It!!"  V3 advised that because she was scared, she froze and was not able to open her cash drawer.

V3 advised that during this time, she was seated on her chair observing everything that was going on.  After the sus. left her station, he went to Teller #4 (V4 - WEEKS, Chery Y.)  V3 advised that she heard V4 WEEKS say "Take it, Take it!!" as she (V4) was hiding under her desk.  V3 advised that as the sus. was putting the money in the bag, she saw him drop same money onto the floor.  After leaving this station, V3 stated that the sus. went to Teller #5 (V5 - GP~~R, Mary Jo) but quickly left that station, running back to V1 RUTH'S station.  The sus. j   ed that counter area where he originally vaulted into the teller area, turned toward V1 and then pushed a potted plant that had been resting on the counter onto the floor and quickly fled the scene.

V3 BAUM was able to provide writer with the following descriptions of the sus. and his weapon.

Sus. Description - V3 described the sus. as a black male, approx5'6" wearing all black (hooded jacket, pants, sneakers).  V3 advised that somehow, the sus. was able to wear the hood of his jacket all the way over his head to cover his face, but she was able to see his eyes.  V3 knew the sus. was black because she saw his ungloved hands.  Around the sus's mid-section was some type of gray material.  V3 believes that the sus was wearing layers of clothing and this layer was under his blk. hooded sweat shirt.  V3 describes the weapon the sus. pointed at her as having a silver  end and approx. 6" long, and that it was possibly a revolver.  V3 advised that the sus. appeared to be nervous by the pitch of his high strung voice.  V3 advised that she w   d not be able to identify the sus. if she saw him again.

| Reporting Officer | Pending Supervisory Review |
|---|---|
| DET SPAGNOLO  - 4632 | |

| Page: 4 | Report Date: 10/18/2002 | Agency: Troop 2 State Police | Complaint: 01-02-100780 |
|---|---|---|---|

| Reporting Officer DET SPAGNOLO - 4632 | | Pending Supervisory Review | | |
|---|---|---|---|---|
| Solvability Factors | ☐ Witness ☐ Suspect Located | ☐ M. O. ☐ Suspect Described | ☐ Trace Stolen Property ☐ Suspect Identified | ☐ Suspect Named ☐ Suspect Vehicle Described |

Status: Closed



| Page: | Report Date: | Agency: | | | Complaint: |
|---|---|---|---|---|---|
| 1 | 10/18/2002 | Troop 2 State Police | | | 01-02-100780 |

## Supplemental Report - #2

| Original Occurrence, Dates and Times: | | Grid | Sector |
|---|---|---|---|
| THU  10/17/2002  1345 | | 112-364 | 22 |

Original Location:
814  PHILADELPHIA PIKE FIRST UNION NATIONAL BANK    W▓▓▓▓▓▓▓▓▓▓▓▓

## Victim Information

| Victim Number | Name | | | | | | |
|---|---|---|---|---|---|---|---|
| 002 | CREWS, TASHA R | | | | | | |
| Type | Sex | Race | | Ethnic Origin | | Age | D.O.B |
| Individual | Female | | | | | | |
| Address | | | Resident Status | Home Telephone | Employer/School | | Work Telephone |
| | | | | | FIRST UNION BANK | | |

| Reporting Person? | Victim Injured? | Victim Deceased? | Officer Comments |
|---|---|---|---|
| ☐Yes ☒No | ☐Yes ☒No | ☐Yes ☒No | |
| Injuries | | Description of Injuries | |

## Investigative Narrative

I responded to the First National Bank to assist Detective Ronald Kline 4723 with interviews. I interviewed Victim-2 Crews. A copy of this report was forwarded to Detective Kline on 10-18-2002.

## Statement of Victim 002 - TASHA R CREWS

The Victim was interviewed on 10-17-2002 at 1456 hours. The interview was done in the kitchen area of the bank. The following is from the written notes of the interview.

The Victim is employed by the First Union Bank. The Victim has been employed by the bank since July of this year. The Victim was working in teller spot number three when the incident occurred. The Victim advised that since is the third teller location from the front door of the bank. The first teller spot was empty and is not used. Daria Ruth was in the second spot. Ellen Baum was in the fourth teller position.

The Victim advised that she had just finished with a customer. Then she heard Daria say "Oh Shoot." The Defendant was in the bank and had just jumped over the counter. The Defendant then pointed the gun at Daria and said "Give me the fucking money." After getting the money the Defendant then moved to the Victim. The Defendant then told the Victim, "Give me the fucking money." The Defendant was standing facing the same direction as the Victim. The Victim advised that the Defendant stood about twelve to twenty-four inches behind her. She said that when the Defendant initially jumped the counter he was between Daria and her. The Victim and I stood up and she was able to show me physically where the Defendant stood. The Victim said that after the Defendant got the money from Daria he went behind her and stood next to her left side. The Victim started putting money into the Defendant's bag. The Defendant then nudged the Victim aside. The Defendant switched the bag into his right hand where the gun was. The Defendant then started putting the money from the drawer into the bag. He was grabbing the twenties and fifties. The Defendant then moved to Ellen's teller spot. The Defendant then tried to open the cash drawer but it was locked. The Victim advised that Ellen had been working with two customers

| Reporting Officer | Supervisor Approval |
|---|---|
| DET. ERNE    - 4591 | THOMAS J BRACKIN PSPT677 Date 10/22/2002 1051 |

| Page: 2 | Report Date: 10/18/2002 | Agency: Troop 2 State Police | Complaint: 01-02-100780 |
|---|---|---|---|

## Statement of Victim 002 - TASHA R CREWS - Continued

who were having documents notarized.The Defendant then moved to teller space number five. The teller at this location was Cheryl. Cheryl was already on the floor. The Victim said that she did not know if Cheryl was kneeling but she thinks she was. The Victim did not have a clear view of this teller. The Defendant once again yelled to Cheryl to give him the fucking money. Cheryl told him to take what he wanted. The Defendant took the money and then ran back behind the tellers. When the Defendant got to the second teller spot he jumped over the counter and left the bank. The Victim advised that Daria ran behind the teller stations and went to the door and was trying to get a tag number. The Victim remained in her spot.

The Victim offered the following description.

**Black male. The Victim advised that she could see his hands and that they appeared to be light complected. 5'07" to 5'08" Medium build approx. 180 to 190 pounds.**

**Black mask was covering the Defendant's face. It appeared to be a stocking hat.The eye holes appeared to be cut out and were not factory cut outs.**

Gray sweatshirt. The front had a zipper and the zipper was pulled down and exposed a white t-shirt. The sweatshirt did not appear to have any writing on it.

Black pants. The pants were described as jogging pants. They were a nylon type.

Black sneakers. Possibly canvas and the type that would be used to play basketball in.

The Victim advised that she did not have her glasses on. She said that she is near sighted. She did not know her prescription. The Victim advised that she has no problemseeing objects from a distance but has problems reading street signs from a distance. She can obtain her prescription if needed.

The weapon was described as a black hand gun. Then Victim could not advise if it was a revolver or semi-automatic.

The Victim advised that she could not identify the Defendant. She can not remember seeing the Defendant as a customer.

| Reporting Officer: DET. ERNE - 4591 | Supervisor Approval THOMAS J BRACKIN PSPT677 Date 10/22/2002 1051 | |
|---|---|---|
| Solvability Factors | ☐ Witness ☐ Suspect Located | ☐ M.O. ☐ Suspect Described | ☐ Trace Stolen Property ☐ Suspect Identified | ☐ Suspect Named ☐ Suspect Vehicle Described | Status: Closed |

| Page: 1 | Report Date: 10/18/2002 | Agency: Troop 1 State Police | | Complaint: 01-02-100780 |
|---|---|---|---|---|

Supplemental Report - #3

| Original Occurrence Dates and Times: THU 10/17/2002 1345 | | Grid 112-364 | Sector 22 |
|---|---|---|---|

Original Location:

████████████ E FIRST UNION NATIONAL BANK ████████████

---

### Investigative Narrative

WHILE WORKING ROUTINE PATROL ON 101702, I WAS IN THE AREA OF THE FIRST UNION BANK, ████ ████████ WHEN PROBATION AND PAROLE OFFICER MCLAUGHLIN ████ CALLED IN A ROBBERY IN PROGRESS FROM THAT LOCATION AT 1345 HOURS.

OFFICER MCLAUGHLIN  PROVIDED A DESCRIPTION OF THE SUSPECT, LATER IDENTIFIED AS JAMAR WHITE, ALONG WITH THE SUSPECT VEHICLE.  HE ADVISED THAT THE SUSPECT WAS OPERATING A BLUE CHRYSLER NEW YORKER WITH ████████████████ AND TRAVELING TOWARD THE DIRECTION OF         BRANDYWINE BLVD.

I LEFT THE AREA OF   PHILADELPHIA PIKE AND TRAVELED EAST TOWARD BRANDYWINE BLVD AT THIS TIME. P & P OFFICER MCLAUGHLIN THEN ADVISED THAT THE VEHICLE TURNED ONTO DUNCAN ROAD TOWARD THE DIRECTION OF RIVER ROAD.  I MADE A R/TURN  ONTO E/B DUNCAN ROAD AND BEGAN TO TRAVEL   TOWARD RIVER ROAD.

OFFICER MCLAUGHLIN ADVISED RECOM THAT THE SUSPECT VEHICLE MADE A RIGHT ONTO RIVER ROAD AND THEN A LEFT ONTO BIRCH LANE INTO THE PARK RIDGE CONDOMINIUMS.

I MADE THE R/TURN ONTO RIVER   ROAD AND THEN A LEFT TURN ONTO BIRCH LANE AT THIS TIME.  BIRCH LANE IS THE ONLY ROAD INTO PARK RIDGE CONDOMINIUMS AND IT LOOPS AROUND IN A LARGE CIRCLE.  I CONTINUED E/B ON BIRCH LANE AND OBSERVED THE SUSPECT VEHICLE TRAVELING SLOWLY W/B TOWARD THE DIRECTION OF MY PATROL VEHICLE.  AT THIS TIME, THE SUSPECT (BLACK MALE WEARING A LONG SLEEVE GRAY SWEAT SHIRT) EXITED THE SUSPECT VEHICLE AND BEGAN TO RUN E/B TOWARD THE REAR OF THE CONDOMINIUM COMPLEX.

I THEN EXITED MY VEHICLE AT THIS TIME AND    BEGAN TO ANNOUNCE, 'STATE POLICE K9, STOP OR I'LL SEND THE DOG, SEVERAL TIMES.  I THEN DEPLOYED MY K9 PARTNER AMADEUS VIA THE REMOTE CONTROL ON MY DUTY BELT.  MY K9 PARTNER EXITED THE VEHICLE AND BEGAN TO RUN IN THE DIRECTION OF THE SUSPECT.  AS I   FOLLOWED MY K9 PARTNER E/B TOWARD THE REAR OF THE   CONDOMINIUMS, I REALIZED THAT THE SUSPECT HAD CLEARED A 6' SOLID WOODEN FENCE.  I LAST OBSERVED THE SUSPECT RUNNING E/B THROUGH A SHORT WOODED AREA WHICH LED TO GOVERNOR HOUSE CIRCLE.

I PLACED MY  K9 PARTNER ON LEAD AT THIS TIME AND BEGAN TO LOOK FOR AN AREA TO CROSS THE FENCE LINE.  AFTER APPROX. A MINUTE, I LOCATED A SPLIT IN THE FENCE ALONG WITH P & P OFFICER MCLAUGHLIN.  I SENT MY K9 PARTNER THROUGH THIS OPENING IN THE FENCE AND THEN   CLIMBED OVER SAME.  ON THE OTHER SIDE OF THIS FENCE, I OBSERVED A WHITE SNEAKER LAYING ON THE GROUND IN THE AREA WHERE THE SUSPECT HAD LANDED.  I THEN BEGAN TO ATTEMPT A TRACK FROM   THE LAST AREA THAT I OBSERVED THE SUSPECT.  MY K9 PARTNER BEGAN E/B INTO THE GOVERNOR HOUSE COMPLEX AND THEN MADE A LEFT TURN N/B THROUGH TWO SETS OF BUILDINGS.  I CONTINUED ALONG WITH   THE ASSISTANCE OF P & P OFFICER MCLAUGHLIN N/B TO A WOODED AREA ON THE NORTH END OF THE COMPLEX.  I CONDUCTED AN AREA SEARCH OF THE WOODS WITH MY K9 PARTNER AT THIS TIME WITH NEGATIVE RESULTS.

AFTER THE AREA SEARCH ON THE NORTH END OF THE COMPLEX, I BROUGHT MY K9 PARTNER BACK TO  THE SPOT THAT I LAST SAW THE SUSPECT.  I THEN BEGAN A TRACK NEAR THE WOOD LINE OF A SMALL WOODED AREA AT THE SOUTH END OF THE GOVERNOR HOUSE COMPLEX.  MY K9 PARTNER BEGAN E/B ALONG THE WOOD LINE FOR A SHORT DISTANCE AND THEN MADE A R/TURN S/B INTO   THE WOODED AREA.  MY K9 PARTNER CONTINUED S/B THROUGH THE WOODED AREA AND UP A SMALL HILL TO A FENCE LINE WHERE HE MADE A LEFT TO GO E/B AGAIN. HE THEN CONTINUED E/B ALONG THE FENCE LINE TOWARD GOVERNOR PRINTZ BLVD AND  STOPPED BRIEFLY AT A LONG   SLEEVE GRAY SWEAT SHIRT THAT WAS LAYING ON THE GROUND.  HE THEN MADE A R/TURN TO GO S/B ALONG THE FENCE LINE WHERE I OBSERVED  TWO BLACK GLOVES LAYING ON THE GROUND.

HE CONTINUED S/B ALONG THE FENCE LINE AND INTO A    SMALL ROW OF TREES JUST NORTH OF

---

| Reporting Officer CPL MILLER  - 5964 | Supervisor Approval LARRY W WELCH PSPT091  Date 10/22/2002 1950 |
|---|---|

| Page: 2 | Report Date: 10/18/2002 | Agency: Troop 1 State Police | | Complaint: 01-02-100780 |
|---|---|---|---|---|

### Investigative Narrative - Continued

PROSPECT DRIVE. MY K9 PARTNER DID NOT LEAVE THE AREA OF THIS SMALL ROW OF TREES, BUT CONTINUED TO TRY AND WALK INTO SAME. ASI APPROACHED THIS SMALL ROW OF TREES, I OBSERVED SOMETHING WHITE CLOSE TO THE GROUND. ASI GOT CLOSER, I WAS ABLE TO SEE THAT THE SUSPECT WAS SITTING ON THE GROUND IN THE FETAL POSITION AND WEARING A WHITE T-SHIRT. I IMMEDIATELY PULLED MY K9 PARTNER BACK OUT OF THE TREES AND ORDERED THE SUSPECT AT GUNPOINT TO COME OUT WITH HIS HANDS IN PLAIN SIGHT. AFTER A FEW        COMMANDS, THE SUSPECT EXITED THE TREES AND WAS PLACED IN A PRONE POSITION WITH HIS HANDS OUT. THE SUSPECT WAS THEN        HANDCUFFED BY ASSISTING OFFICERS AT THE SCENE AT 1439 HOURS. AT THIS TIME, I OBSERVED THAT THE SUSPECT WAS WEARING ONLY ONE WHITE SNEAKER.

I CONDUCTED AN AREA SEARCH FOR THE WEAPON ALONG WITH MY K9 PARTNER STARTING IN THE AREA WHERE THE SUSPECT WAS APPREHENDED. A SHORT TIME LATER, MY K9 PARTNER ALERTED BY SITTING IN THE AREA OF THE SUSPECT'S SWEAT SHIRT. A CHECK OF THE AREA AT THIS TIME DID NOT REVEAL ANY WEAPON. HOWEVER, THE WEAPON WAS LOCATED        LATER APPROX. 8 TO 10 FEET WEST OF THE SWEAT SHIRT UNDERNEATH A TREE.

REFER ALSO TO K9 APPREHENSION REPORT #0102-101270 FOR FURTHER DETAILS.

| Reporting Officer: CPL MILLER - 5964 | Supervisor Approval: LARRY W WELCH PSPT091 Date 10/22/2002 1950 | | | |
|---|---|---|---|---|
| Solvability Factors | ☐Witness ☐Suspect Located | ☐M. O. ☐Suspect Described | ☐Trace Stolen Property ☐Suspect Identified | ☐Suspect Named ☐Suspect Vehicle Described | Status: Closed |

| Page: 1 | Report Date: 10/20/2002 | Agency: Troop 1 State Police | | Complaint: 01-02-100780 |
|---|---|---|---|---|

## Supplemental Report - #4

| Original Occurrence Dates and Times: THU 10/17/2002 1345 | | Grid 112-364 | Sector 22 |
|---|---|---|---|

Original Location: ████████████ FIRST UNION NATIONAL BANK ████████████

## Investigative Narrative

On Thursday 10/17/02, I responded to the area of the Park Ridge Condominiums (off River Rd), reference assisting with a bank robbery suspect. A probation and parole officer was following a suspect that just robbed the First Union bank. The officer provided a description of the suspect and his vehicle (Chrysler New Yorker ████████████). There were several DSP vehicles in the general area, at the time of the incident. I arrived at 1301 Birch Lane, and noticed an unoccupied Chrysler New Yorker, ████████████, running, up against a Chevy Avalance (refer to accident report 01-02-100780). A fully marked K9 unit (Cpl. Miller), was also running and both the officer and his K9 partner were out of the vehicle, checking the area for the suspect. Although I could not see Cpl. Miller or the suspect, I could hear Cpl. Miller and the probation officer yelling out directions on where the suspect was last seen.

I secured the K9 patrol vehicle and the suspect vehicle, and did a quick check of the area on foot. I jumped over the fence towards the Village of Fox Point, but had negative results in locating the suspect. I returned to my vehicle and contacted Sgt. Zebley, who was on the scene. I assisted Sgt.

Zebley with checking the vehicle, because a weapon was used in the robbery.

I then remained at the scene, where the suspect vehicle was located. I checked the area for a possible weapon, but had negative results. I stayed on the scene while Detective Ubil, checked the vehicle.

After the suspect was apprehended, by Cpl. Miller, I contacted Holly Oak Towing, and had the suspect vehicle towed to Troop 1. I then escorted the vehicle back to Troop 1 and secured the vehicle along side the garage. The total length of the trip from the scene back to the troop was 1.2 miles.

| Reporting Officer CPL MCWILLIAMS  - 3963 | Supervisor Approval LARRY W WELCH PSPT091 Date 10/22/2002 1949 | | | |
|---|---|---|---|---|
| Solvability Factors | ☐Witness ☐Suspect Located | ☐M. O. ☐Suspect Described | ☐Trace Stolen Property ☐Suspect Identified | ☐Suspect Named ☐Suspect Vehicle Described | Status |

| Page: 1 | Report Date: 10/21/2002 | Agency: Troop 2 State Police | Complaint: 01-02-100780 |
|---|---|---|---|

## Supplemental Report - #5

| Original Occurrence Dates and Times: THU  10/17/2002 1345 | Grid 112-364 | Sector 22 |
|---|---|---|

Original Location: ████████████ FIRST UNION NATIONAL BANK ████████████

---

### Investigative Narrative

* EVIDENCE REPORT # 02-365.

INVESTIGATING OFFICER: DET.RONALD KLINE ████ CIU TROOP#2.

CRIMINALISTICS OFFICER: DET.JOHN UBIL ████ CIU TROOP#2.

EVIDENCE WORK REQUESTED:  PHOTOGRAPHS, COLLECTION OF EVIDENCE, LATENT FINGERPRINT PROCESSING, MEASUREMENTS AND THE PROCESSING OF COLLECTED EVIDENCE.

ON TH.101702 AT 1449 HOURS, I FIRST ARRIVED AT THE REPORTED STOLEN VEHICLE RECOVERY LOCATION, IN FRONT OF #1301 BIRCH AVE.WILM,DE.THIS VEHICLE WAS USED DURING THE COMMISSION OF THE LISTED BANK ROBBERY AT THE FIRST UNION BANK ON PHILA.PIKE AND WAS ABANDONED BY ONE OF THE DEFENDANTS AT THIS LOCATION.

PHOTOGRAPHS: I TOOK 35MM AND POLAROID PHOTOGRAPHS OF THE EXTERIOR AND THE INTERIOR OF THE RECOVERED VEHICLE ( 1991 CHRYSLER NEW YORKER, DARK BLUE EXTERIOR AND INTERIOR, 4 DOOR, ████ ██████████ OWNER: WYATT, MONA: ██████████████ ) AS IT APPEARED ON MY ARRIVAL ON BIRCH AVE. THIS VEHICLE WAS STOLEN FROM ████ ███████ CLAYMONT,DE. EARLIER THAT DAY.

EVIDENCE WAS COLLECTED FROM THE INTERIOR OF THE VEHICLE PRIOR TO MY ARRIVAL BY SGT.MELISSA ZEBLEY ASSIGNED TO DELAWARE STATE POLICE TROOP#1. THIS EVIDENCE INCLUDED A BLACK SKI MASK AND A LARGE BLACK CLOTH BAG CONTAINING A LARGE AMOUNT OF UNITED STATES CURRENCY. THIS EVIDENCE WAS TURNED OVER TO ME AT 1451 HOURS. THE VEHICLE WAS TOWED FROM THE RECOVERY LOCATION TO DELAWARE STATE POLICE TROOP#1 BY HOLLY OAK TOWING AND WAS FOLLOWED TO THE TROOP BY CPL.MARTIN MCWILLIAMS FROM DELAWARE STATE TROOP#1.

COLLECTION OF EVIDENCE:

( 1 ).  RIGHT NIKE LOW TOP  SNEAKER SIZE 13, WHITE WITH BLUE IN COLOR-COLLECTED FROM THE GROUND

| Reporting Officer DET UBIL  - 701 | Supervisor Approval SCOTT M GALBREATH PSPT656 Date 10/22/2002 1056 |
|---|---|

| Page: 2 | Report Date: 10/21/2002 | Agency: Troop 2 State Police | Complaint: 01-02-100780 |
|---|---|---|---|

### Investigative Narrative - Continued

OF A WOODED AREA JUST NORTH OF THE REAR YARD OF #1301 BIRCH AVE WILM,DE AT 1516 HOURS.THIS EVIDENCE WAS LOCATED ON THE OPPOSITE SIDE OF A SIX FOOT WOODEN STOCKADE FENCE THAT SEPARATES THE REAR YARD FROM THE WOODED AREA.PLACED INTO THE ECC AT TROOP#2,UNDER BAR CODE # 0200002205 AT 2100 HOURS.


I RESPONDED FROM THE VEHICLE RECOVERY LOCATION TO THE PROPERTY OF THE VILLAGE AT FOX POINT,A APARTMENT COMPLEX LOCATED ON GOVERNOR PRINTZ BLVD.WILM,DE. REFERENCE THE RECOVERY OF EVIDENCE PERTAINING TO THIS INVESTIGATION.ON MY ARRIVAL AT 1522 HOURS,I MET WITH DETECTIVES JAMES SPILLAN AND CHRISTOPHER ENNIS BOTH ASSIGNED TO DELAWARE STATE POLICE TROOP#2. SEVERAL PIECES OF EVIDENCE WAS RECOVERED ON OR ABOUT THE PROPERTY OF THE APARTMENTS.THIS IS THE SAME LOCATION AS DEFENDANT JAMAR WHITE WAS APPREHENDED.


COLLECTION OF EVIDENCE;


(1). BLACK RIGHT CLOTH GLOVE-COLLECTED FROM THE FENCE OF THE VILLAGE AT FOX POINT APARTMENTS,JUST WEST OF GOV.PRINTZ BLVD. AT 1531 HOURS.PLACED INTO THE ECC AT TROOP#2,UNDER BAR CODE # 0200002206 AT 2100 HOURS.


(2). LEFT NIKE LOW TOP SNEAKER SIZE 13, WHITE WITH BLUE, BLACK COBRA MICROTALK TWO WAY RADIO ON CHANNEL #8, SN# T003004842, ONE QUARTER-COLLECTED FROM THE GROUND AREA AT THE HEDGE ROW OF THE VILLAGE AT FOX POINT APARTMENTS, JUST WEST OF GOV.PRINTZ BLVD.PLACED INTO THE ECC AT TROOP#2,UNDER BAR CODE # 0200002207 AT 2100 HOURS.


(3). GRAY PULLOVER CHAMPION SWEATSHIRT WITH A ZIPPER, SIZE XL-COLLECTED FROM THE GROUND AREA ALONG NORTH SIDE FENCE LINE OF THE VILLAGE AT FOX POINT APARTMENTS, JUST WEST OF GOV.PRINTZ BLVD AT 1538 HOURS.PLACED INTO THE ECC AT TROOP#2,UNDER BAR CODE # 0200002208 AT 2100 HOURS.THIS SWEAT SHIRT WAS LOCATED TURNED INSIDE OUT.


(4). BLACK LEFT CLOTH GLOVE-COLLECTED FROM THE PROPERTY ( GRASS AREA ), OPPOSE SIDE OF THE FENCE OF THE VILLAGE AT FOX POINT APARTMENTS, JUST WEST OF GOV.PRINTZ BLVD AT 1541 HOURS.PLACED INTO THEECC AT TROOP#2,UNDER BAR CODE # 0200002209 AT 2100 HOURS.


(5). BLACK PARA-ORDNANCE .45 CALIBER SEMI-AUTO HANDGUN, SN# RH19622, MODEL# P14, HANDGUN MAGAZINE, NINE ROUNDS OF WINCHESTER .45 CALIBER AMMUNITION-COLLECTED FROM UNDER A PINE TREE ALONG THE NORTH SIDE FENCE LINE OF THE VILLAGE AT FOX POINT APRATMENTS, JUST NORTH OF WHERE THE GRAY PULLOVER SWEATSHIRT WAS LOCATED AND WEST OF GOV.PRINTZ BLVD.PLACED INTO THE ECC AT TROOP#2,UNDER BAR CODE # 0200002210 AT 2100 HOURS. WHEN THIS GUN WAS LOCATED THERE WERE EIGHT ROUNDS OF LIVE AMMUNITION IN THE MAGAZINE AND ONE ROUND OF LIVE AMMUNION IN THE CHAMBER.THE HAMMER OF THE WEAPON WAS IN THE COCKED POSITION.THE MAGAZINE WAS INSERTED INTO THE WELL OF THE WEAPON AND THE GUN WAS READY TO FIRE.


THE LISTED EVIDENCE WAS PHOTOGRAPHED USING 35MM FILM PRIOR TO BEING COLLECTED.THE EVIDENCE APPEARS AS IT WAS LOCATED ON MY ARRIVAL.

| Reporting Officer DET UBIL - 701 | Supervisor Approval SCOTT M GALBREATH PSPT656 Date 10/22/2002 1056 |
|---|---|

| Page: 3 | Report Date: 10/21/2002 | Agency: Troop 2 State Police | | Complaint: 01-02-100780 |
|---|---|---|---|---|

Investigative Narrative - Continued

REPONDED FROM THE ABOVE AREA TO THE FIRST UNION BANK ███████████████ ON MY ARRIVAL
AT 1611 HOURS, I LEARNED THAT ONE MALE SUBJECT ENTERED THE BANK AT APPROX 1345 HOURS AND VAULTED
OVER THE COUNTER AT TELLER STATION #2. THE SUBJECT DEMANDED UNITED STATES CURRENCY FROM SEVERAL
OF THE BANK TELLERS, RETRIEVING A LARGE AMOUNT OF U.S.C. AND PLACING SAME INTO A LARGE BLACK
CLOTH BAG. THE SUSPECT THEN VAULTED THE COUNTER AND FLED WITH THE MONEY TO THE ABOVE DESCRIBED
STOLEN VEHICLE. THE SUBJECT WAS OBSERVED FLEEING THE BANK BY A ON DUTY PROBATION AND PAROLE
OFFICER WHO ADVISED THE DELAWARE STATE POLICE OF THE CIRCUMSTANCES. THIS OFFICER FOLLOWED THE
SUSPECT VEHICLE UNTIL IT WAS ABANDONED ON BIRCH AVE AND THE SUBJECT FLED ON FOOT BEHIND #1301
BIRCH AVE AND JUMPED OVER THE FENCE TO THE WOODED AREA, LOSING HIS RIGHT SNEAKER IN THE PROCESS.

PHOTOGRAPHS: I PHOTOGRAPHED THE EXTERIOR AND THE INTERIOR OF THE BANK USING 35MM AND POLAROID
FILM. THE PHOTOGRAPHS DEPICT THE BANK AS IT APPEARS ON MY ARRIVAL.

MEASUREMENTS: I MEASURED THE HEIGHT OF THE CUSTOMER/TELLER COUNTER. THE COUNTER IS DESCRIBED AS A
THREE TIER LEVEL AREA ON THE CUSTOMER SIDE. THE HEIGHT FROM THE FLOOR TO THE TOP COUNTER IS 56
INCHES. THE HEIGHT FROM THE FLOOR TO THE TOP LEVEL OF THE CUSTOMER/TELLER OPENING IS 52
INCHES. THE HEIGHT FROM THE FLOOR TO THE FIRST CUSTOMER COUNTER AREA IS 40 INCHES.

I RESPONDED FROM THE BANK TO DELAWARE STATE POLICE TROOP#1 TO PROCESS THE RECOVERED STOLEN
VEHICLE. I ARRIVED AT TROOP#1 AT 1645 HOURS TO PROCESS THE VEHICLE FOR EVIDENCE.

LATENT FINGERPRINT PROCESSING: I PROCESSED AREA'S OF THE EXTERIOR AND THE INTERIOR OF THE
RECOVERED VEHICLE USING BLACK LATENT FINGERPRINT POWDER. I LOCATED AND COLLECTED TWENTY SETS OF
PARTIAL LATENT FINGERPRINT AND PALM IMPRESSIONS AT 1705, 1708, 1709, 1713, 1717, 1724, 1727,
1735, 1737, 1738, 1739, 1745, 1747, 1749, 1753, 1757, 1800, 1801, 1802 AND 1803 HOURS. THESE
PARTIAL LATENT IMPRESSIONS WERE SENT TO SBI VIA DEPARTMENTAL MAIL FOR FURTHER EXAMINATION.

I TRANSPORTED THE EVIDENCE COLLECTED DURING THIS INVESTIGATION TO DELAWARE STATE POLICE TROOP#2
FOR STORAGE.

EVIDENCE COLLECTED FROM SGT. ZEBLEY AT THE SCENE OF THE RECOVERED STOLEN VEHICLE WAS PHOTOGRAPHED
AT TROOP#2 USING 35MM AND POLAROID FILM.

THIS EVIDENCE INCLUDED:

(1). THE BLACK SKI CAP-COLLECTED FROM SGT. ZEBLEY AT 1451 HOURS. PLACED INTO THE ECC AT TROOP#2
UNDER BAR CODE # 0200002202 AT 2100 HOURS.

(2). BLACK CLOTH BAG-COLLECTED FROM SGT. ZEBLEY AT 1451 HOURS. PLACED INTO THE ECC AT TROOP#2
UNDER BAR CODE # 0200002203 AT 2100 HOURS.

(3). UNITED STATES CURRENCY ( CONTAINED IN BLACK BAG ), 9,155.00 DOLLARS. THE BILLS CONTAINED IN

| Reporting Officer: DET UBIL  - 701 | Supervisor Approval: SCOTT M GALBREATH PSPT656 Date 10/22/2002 1056 |
|---|---|

| Page: 4 | Report Date: 10/21/2002 | Agency: Troop 2 State Police | | Complaint: 01-02-100780 |
|---|---|---|---|---|

## Investigative Narrative - Continued

THE BAG ARE AS FOLLOWS: 70.00 DOLLARS IN ONE DOLLAR BILLS, 1,035.00 DOLLARS IN FIVE DOLLAR BILLS, 1,180.00 DOLLARS IN TEN DOLLAR BILLS, 3,720.00 DOLLARS IN TWENTY DOLLAR BILLS, 50.00 DOLLARS IN FIFTY DOLLAR BILLS AND 3,100.00 IN ONE HUNDRED DOLLAR BILLS FOR A TOTAL OF NINE THOUSAND ONE HUNDRED AND FIFTY FIVE DOLLARS.THIS EVIDENCE WAS COUNTED BY DET.JOHN UBIL AND RE-COUNTED BY DET.NICHOLAS LANO AND WAS PLACED INTO THE SAFE AT TROOP#2 BY LT.PAUL SMENTKOWSKI UNDER BAR CODE # 0200002204 AT 2100 HOURS.THE LISTED CURRENCY RECOVERED DID CONTAIN ONE BUNDLE OF FIVE TWENTY DOLLAR BILLS WITH THE RECORDED SERIAL NUMBERS ( BATE BILLS ) FROM THE BANK.


PHOTOGRAPHS: 35MM: ( 89 ), POLAROID: ( 23 ). THIS IS THE TOTAL NUMBER OF PHOTOGRAPHS TAKEN DURING THE INVESTIGATION. THE 35MM FILM WAS SENT TO THE PHOTOLAB VIA DEPARTMENTAL MAIL FOR PROCESSING.


PROCESSING OF COLLECTED EVIDENCE:  ON FR.101802 AT 1100 HOURS,I PROCESSED THE HANDGUN, HANDGUN MAGAZINE AND NINE ROUND OF .45 CALIBER AMMUNITION USING CYANOACRYLATE..I LOCATED SEVERAL PARTIAL LATENT IMPRESSIONS ON THE HANDGUN AND MAGAZINE.I DID NOT LOCATE ANY DISCERNIBLE IMPRESSIONS ON THE ROUNDS OF AMMUNITION.I WILL TRANSPORT THIS EVIDENCE TO SBI FOR FURTHER EXAMINATION.


FOR DETAILS TO THE STOLEN VEHICLE INVESTIGATION SEE THE REPORT WRITTEN BY DET.TIMOTHY HARACH UNDER COMPLAINT # 01-02-100813.


A COPY OF THIS SUPPLEMENT REPORT AND THE POLAROID PHOTOGRAPHS WERE GIVEN TO DET.KLINE.

| Reporting Officer DET UBIL  - 701 | Supervisor Approval SCOTT M GALBREATH  PSPT656  Date 10/22/2002 1056 | | | |
|---|---|---|---|---|
| Solvability Factors | ☐ Witness ☐ Suspect Located | ☐ M. O. ☐ Suspect Described | ☐ Trace Stolen Property ☐ Suspect Identified | ☐ Suspect Named ☐ Suspect Vehicle Described | Status |



| Page: 1 | Report Date: 10/21/2002 | Agency: Troop 2 State Police | | Complaint: 01-02-100780 |
|---|---|---|---|---|

### Supplemental Report - #6

| Original Occurrence Dates and Times: THU 10/17/2002 1345 | Grid 112-364 | Sector 22 |
|---|---|---|

Original Location:  ████ FIRST UNION NATIONAL BANK ████

### Witness Information

| Sequence 001 | Type Person Contacted | Name NICE, MARY A | Sex | Race | Age | D.O.B |
|---|---|---|---|---|---|---|
| Address | Home Telephone | Employer/School | | | Work Telephone | |

| Sequence 002 | Type Witness | Name BROWN, ANDREA L | Sex | Race | Age | D.O.B. |
|---|---|---|---|---|---|---|
| Address | Home Telephone | Employer/School | | | Work Telephone | |

| Sequence 003 | Type | Name HICKS, MAYA | Sex | Race | Age | D.O.B |
|---|---|---|---|---|---|---|
| Address | Home Telephone | Employer/School | | | Work Telephone | |

### Investigative Narrative

Writer is currently assigned to the Criminal Investigations Unit at Delaware State Police Troop 2. On Thursday 101702 Writer responded to the First Union Bank branch located at 814 Philadelphia Pike Wilmington Delaware, for a reported robbery that had just occurred. Writer arrived at the bank at 1410 hours and found the front door was secured. Writer was the first police officer at the bank and secured this scene. Writer contacted the bank employees and customers to ensure no one was injured. Detective Kline arrived and instructed Writer to begin interviewing the bank customers.

Writer made contact with Mary A. Nice. PC Nice stated she was seated in a side office with her back to the tellers and the lobby area. PC Nice stated she was told by the bank employee who was helping her that the bank was being robbed. Pc Nice stated she closed the door to the office during the robbery and that she never saw the suspect. PC Nice could not provide any additional investigative leads or suspect information.

Writer then made contact with Andrea L. Brown, a customer in the bank at the time of the robbery. Witness Brown stated she was in the first office just inside and to the right of the front door. Witness Brown stated she stood up to leave the office when the suspect entered the bank. Witness Brown stated the suspect went directly to the second teller window and jumped over the counter. Witness Brown stated she backed up back into the office and watched what was happening through the office window. Witness Brown stated the suspect was wearing a black mask and was going teller to teller. Witness Brown stated she could not hear what the suspect was saying. Witness Brown described the suspect as a dark skinned man, average height 5'09" to 5'10" inches tall, skinny. The suspect was wearing a black ski mask that covered his head and appeared to be pullover. Witness brown described the mask as black with eye holes. Witness Brown stated she did not see if the suspect had a weapon. Witness Brown stated the suspect was possibly wearing a maroon shirt. Witness brown could not provide any additional description of the suspects clothing and was not sure if he was carrying anything when he left.

Witness Brown stated she looked out the window when the suspect left and watched him get into a dark blue Chrysler with possibly a Pennsylvania license plate with possibly the letters EMV.

| Reporting Officer: CPL/2 LANO  -4757 | Supervisor Approval BARRY P CORRIGAN PSPT678 Date 11/01/2002 1306 |
|---|---|

| Page: 2 | Report Date: 10/21/2002 | Agency: Troop 2 State Police | Complaint: 01-02-100780 |

## Investigative Narrative - Continued

Witness Brown stated she thought the there was a second suspect in the parking lot, a taller black male with curly hair.  Witness Brown stated she saw the suspect who entered the bank get into the passenger side of the dark blue Chrysler.  Witness Brown stated the suspect vehicle then left the parking lot and went North on Philadelphia Pike.

Witness Brown could not provide any additional suspect information or investigative leads.

Writer then contacted Maya Hicks, a customer inside the bank at the time of this incident.  Witness Hicks stated she was standing at teller number 4 talking to the teller when she saw the tellers take a step back.  Witness Hicks stated she heard the suspect say," this is a holdup," and turned to see the suspect standing 4 feet from the front door and moving toward the counter.  The suspect then jumped over the counter at teller number 2.  Witness Hicks stated the suspects hands were dark or he was wearing dark gloves.  The suspect was wearing a dark colored long sleeve shirt or a black hoodless sweatshirt.  The suspect was waiving agun and holding it with his right hand.  The gun was an automatic handgun, thick, heavy and black.  Witness Hicks stated it appeared to be the same style as Writers but longer.  Witness Hicks stated the suspect was wearing a skull cap, black ribbed cotton with a hole cut over the right eye.  Witness Hicks stated it did not look like a ski cap but more like a skull cap rolled all the way down and inside out.  The eye holes looked like they were cut out by the suspect.  The eye hole for the the left eye was smaller than the right eye.  there was no hole over the nose or mouth that she could recall.  Witness Hicks described the suspects pants as long,dark colored pants,not baggy.  Witness Hicks stated the suspects pants sounded like jeans when he was walking.  Witness Hicks could not describe the suspects shoes and stated she did not see any jewelry.  Witness Hicks stated the suspect had hopped over the counter with his right hand on the counter.  Witness Hicks stated the suspect stated,"Give me the money," to the tellers.  The suspect started with the tellers to her left and worked his way down the row of tellers.  Witness Hicks state the suspect was waiving the gun and grabbing money as he went down the row.  Witness Hicks described the suspect as unfocused.  Witness Hicks stated the suspect was holding a dark canvas bag in his left hand.  The suspect brought the bag in with him.  Witness Hicks stated as the suspect moved down the row of tellers she backed up and moved toward the rear of the bank.  Witness Hicks stated the suspect was already at the third teller as she began to move.  Witness Hicks stated some tellers moved away and others gave the suspect the money.  Witness Hicks stated the suspect was approx 6' tall, taller than the tallest teller.  Witness Hicks walked out the back door and called 911 from her cell phone.  Witness Hicks stated she did not see the suspect jump back over the counter or leave the bank.  Witness Hicks stated she had already left through the rear of the bank before the suspect left.  Witness Hicks did not think she could identify the suspect.

Writer did not contact any additional witnesses at the bank.  Writer did not check the area for any physical evidence or suspects.  Writer was asked by Detective Ubil to count the recovered money while at Troop 2.  Writer counted $9155.00

A copy of this supplement was forwarded to Det Kline.

| Reporting Officer CPL/2 LANO  -4757 | Supervisor Approval BARRY P CORRIGAN  PSPT678  Date 11/01/2002 1306 | |
| Solvability Factors | ☐Witness ☐Suspect Located | ☐M.O. ☐Suspect Described | ☐Trace Stolen Property ☐Suspect Identified | ☐Suspect Named ☐Suspect Vehicle Described | Status Closed |

| Page: | Report Date: | Agency: | | Complaint: |
|---|---|---|---|---|
| 1 | 10/22/2002 | Troop 1 State Police | | 01-02-100780 |

Supplemental Report - #7

| Original Occurrence Dates and Times: | | Grid | Sector |
|---|---|---|---|
| THU 10/17/2002 1345 | | 112-364 | 22 |

Original Location:

██████████████████████ FIRST UNION NATIONAL BANK ███████████████

Investigative Narrative

Original Investigating Officer:  Det Ronald Kline #4723/DSP-2.

On Thursday, 101702, while working routine patrol in the area of the First Union, ████ when Probation and Parole Officer McLaughlin called in a robbery in progress from that location.

Upon my arrival to the area the probation and parole Officer had pursed the suspect, which was traveling in a vehicle, to the area of Birch Ln.  The suspect then exited his vehicle and began to run.  The Probation and Parole Officer and Cpl. Miller with his K-9 began to chase to the suspect.  Cpl.

Miller then advised that the suspect had eluded them.  Cpl. Miller advised that the suspect then was last seen heading toward Governor Printz Blvd.  I the began to check the area of Governor Printz and Governor House Apts for the suspect.  While I was searching for the suspect, Recom advised that the suspect vehicle had been stolen earlier in the day and that the possible suspect was driving a red Ford Contour with VA      registration JBP6619.  While I was checking in the area of Governor Printz and Seton Dr at approx 1350 hrs I observed a Red Ford Contour with VA registration JBP6619 turn right on Governor Printz traveling S/B toward Edgmoor Rd.  I then began to    follow the vehicle and confirmed the tag with RECOM.  When I had sufficient units assisting me I conducted a Felony Motor Vehicle Stop on the vehicle.  The Operator was order to step out of the vehicle and he was detained.

The Operator later    identified as Def-Corey Bowman, BMN DOB 121371, was placed into custody and was transported to DSP-1.  Suspect vehicle was towed by Frank Smith Towing to Troop 1.

| Reporting Officer | Supervisor Approval | | |
|---|---|---|---|
| TFC FORESTER  - 3302 | LARRY W WELCH PSPT091 Date 10/22/2002 1948 | | |
| Solvability Factors | ☐Witness | ☐M.O. | ☐Trace Stolen Property | ☐Suspect Named | Status |
| | ☐Suspect Located | ☐Suspect Described | ☐Suspect Identified | ☐Suspect Vehicle Described | Closed |

| Page: | Report Date: | Agency: | | Complaint: |
|---|---|---|---|---|
| 1 | 10/23/2002 | Troop 2 State Police | | 01-02-100780 |

## Supplemental Report - #8

| Original Occurrence Dates and Times: | | Grid | Sector |
|---|---|---|---|
| THU 10/17/2002 1345 | | 112-364 | 22 |

Original Location: ███████████ **FIRST UNION NATIONAL BANK** ██████████

## Victim Information

| Victim Number | Name |
|---|---|
| 001 | RUTH, DARIA L |

| Type | Sex | Race | Ethnic Origin | Age | D.O.B. |
|---|---|---|---|---|---|
| Individual | Female | ████ | ████ | | |

| Address | Resident Status | Home Telephone | Employer/School | Work Telephone |
|---|---|---|---|---|

| Reporting Person? | Victim Injured? | Victim Deceased? | Officer Comments |
|---|---|---|---|
| ☐Yes ☐No | ☐Yes ☐No | ☐Yes ☒No | |

| Injuries | Description of Injuries |
|---|---|

| Victim Number | Name |
|---|---|
| 005 | GRIER, MARY JO |

| Type | Sex | Race | Ethnic Origin | Age | D.O.B. |
|---|---|---|---|---|---|
| Individual | Female | ████ | ████ | | |

| Address | Resident Status | Home Telephone | Employer/School | Work Telephone |
|---|---|---|---|---|

| Reporting Person? | Victim Injured? | Victim Deceased? | Officer Comments |
|---|---|---|---|
| ☐Yes ☒No | ☐Yes ☒No | ☐Yes ☒No | |

| Injuries | Description of Injuries |
|---|---|

## Suspect/Defendant Information

| Sequence | Type | SBI Number | Name | Nick Name |
|---|---|---|---|---|
| 001 | Defendant | 00414978 | WHITE, JAMAR A | |

| Sex | Race | Ethnic Origin | Age | D.O.B. | Height | Weight | Skin Tone | Eye Color |
|---|---|---|---|---|---|---|---|---|
| Male | Black | Non-Hispanic | 20 | 08/19/1982 | 5' 11" | 155 | Light | Brown |

| Hair Color | Hair Length | Hair Style | Facial Hair | Voice Speech | Teeth | Build | Glasses |
|---|---|---|---|---|---|---|---|
| Black | Short | Afro/Natural | | | | Thin | |

| Disguise | Disguise Color(s) | Resident Status | Unusual Characteristics | Armed With |
|---|---|---|---|---|
| Ski Mask | Black | Non Resident | | Handgun |

| Address | Home Telephone | Employer/School | Work Telephone |
|---|---|---|---|
| 5813 IRONHORSE RD RICHMOND, VA 23243 | (302) 765-2967 | TARGET RICHMOND, VA | |

| Arrest Number | Suspect's Clothing Description |
|---|---|
| 135644 | |

| Sequence | Type | SBI Number | Name | Nick Name |
|---|---|---|---|---|
| 002 | Defendant | T0375971 | BOWMAN, COREY P | |

| Sex | Race | Ethnic Origin | Age | D.O.B. | Height | Weight | Skin Tone | Eye Color |
|---|---|---|---|---|---|---|---|---|
| Male | White | Non-Hispanic | 22 | 12/13/1971 | 6' 03" | 180 | | Brown |

| Hair Color | Hair Length | Hair Style | Facial Hair | Voice Speech | Teeth | Build | Glasses |
|---|---|---|---|---|---|---|---|
| Black | Short | Braided | Needs a Shave | | | Thin | |

| Disguise | Disguise Color(s) | Resident Status | Unusual Characteristics | Armed With |
|---|---|---|---|---|
| | | Non Resident | | Unarmed |

| Address | Home Telephone | Employer/School | Work Telephone |
|---|---|---|---|
| 3055 LANCERS BLVD RICHMOND, VA 23234 | (804) 674-1271 | UNKNOWN TEMP AGENCY RICHMOND, VA 23234 | (804) 000-0000 |

| Arrest Number | Suspect's Clothing Description |
|---|---|
| | |

## Witness Information

| Sequence | Type | Name | Sex | Race | Age | D.O.B. |
|---|---|---|---|---|---|---|
| 004 | Witness | MCLAUGHLIN, PHIL A P | Male | | | |

| Reporting Officer | Supervisor Approval |
|---|---|
| DET. KLINE   - 4723 | TIMOTHY J LAMARCHE  PSPT203  Date 11/12/2002 1611 |

| age: 2 | Report Date: 10/23/2002 | Agency: Troop 2 State Police | | Complaint: 01-02-100780 |
|---|---|---|---|---|
| equence )04 Continued | | Witness Information | | |
| ddress | | Home Telephone | Employer/School | Work Telephone |

Investigative Narrative

- WRITER IS THE ORIGINAL INVESTIGATING OFFICER.


\*\*\*\*\*\*\*\*\*\*\*\*\*\* INVESTIGATIVE SUPPLEMENT \*\*\*\*\*\*\*\*\*\*\*\*\*\*


- THE INITIAL INVESTIGATIVE REPORT LISTED ONLY $1.00 STOLEN PER VICTIM FOR REPORTING PURPOSES
ONLY. ( THE MONEY AUDIT WAS NOT COMPLETED AT THE TIME OF THE REPORT) THE CORRECT AMOUNT REPORTED
STOLEN BY THE BANK PERSONNEL IS $9,155.00 USC. THIS AMOUNT WAS OBTAINED AS TOTAL USC STOLEN FROM
FIVE VICT/TELLERS. BANK PERSONNEL ALSO RECOVERED OVER $4,000.00 USC FROM THE FLOOR OF THE TELLER
AREA.


- ON THURSDAY 10/17/2002 AT APPROXIMATELY 1346 HOURS, WRITER HEARD ▓▓▓▓ (WIT/MCLAUGHLIN)
REPORTING A BANK ROBBERY AT THE FIRST UNION BRANCH ▓▓▓▓▓▓▓▓▓▓▓▓ OVER THE POLICE
RADIO. WRITER RESPONDED TO THE AREA FROM DSP TROOP 2. WIT/MCLAUGHLIN PURSUED THE SUSPECT UNTIL
HE WAS JOINED BY CPL.MILLER DSP-1 AND THE SUSPECT ABANDONED HIS VEHICLE AND FLED ON FOOT. WHILE
ENROUTE TO THE BANK, WRITER HEARD A GB IDENTIFYING A SECOND VEHICLE WITH AN ADDITIONAL SUSPECT
OPERATING SAME. THIS VEHICLE/SUSPECT UPON BEING BROADCASTED WAS SOON OBSERVED TRAVELLING ALONG
GOV.PRINTZ BLVD. WHERE A FELONY CAR STOP WAS MADE BY DSP PERSONNEL IN THE AREA OF LORE AVE.
WRITER ASSISTED WITH THIS STOP (APPREHENSION OF DEF/BOWMAN) AND THEN RESPONDED INTO THE FIRST
UNION BANK LOCATED ▓▓▓▓▓▓▓▓▓▓▓ TO HANDLE THE INITIAL REPORT.


- UPON ARRIVAL, WRITER CONTACTED DET.LANO 4757/DSP-2 WHO ADVISED THE LONE SUSPECT HAD ROBBED
NUMEROUS VICT/TELLERS. WRITER THEN INQUIRED ABOUT THE BANK'S VIDEO SURVEILLANCE TAPE WHICH HAD
NOT BEEN SECURED. WRITER THEN RESPONDED TO DRIVE THRU TELLER AREA AND TOOK CUSTODY OF THE TAPE (
IDENTIFIED AS MAXELL NO.14 ) FROM BANK EMPLOYEE MARY JO GRIER ( WHO WAS LATER INTERVIEWED AS
VICT.#5/GRIER) AT 1438 HOURS.  WRITER REMOVED THE RECORDING/SECURITY TAB AND MAINTAINED CUSTODY
OF THE TAPE THROUGHOUT THIS INVESTIGATION. WRITER OBSERVED THE FLOOR OF THE TELLER STATION AREA
TO BE LITTERED WITH USC AND THE AREA OF THE TRANSACTION COUNTER THAT WAS VAULTED BY THE SUSPECT
TO BE SECURE PENDING EDU PROCESSING. WRITER WAS THEN ASSISTED BY OTHER DSP-2 DETECTIVES WITH
VICTIM/WITNESS INTERVIEWS AT THE BANK WHILE A PERIMETER SEARCH WAS BEING CONDUCTED FOR THE
INITIAL SUSPECT.


- WRITER THEN INTERVIEWED VICT/RUTH WHO WAS THE FIRST VICTIM/TELLER CONTACTED BY THE SUSPECT
AND THEN VICT/GRIER WHO WAS THE LAST VICT/TELLER CONTACTED BY THE SUSPECT. ( SEE INTERVIEW
VICTIM SECTION FOR DETAILS)


- WRITER OBTAINED THE RECORDED BAIT MONEY LISTS FOR ALL FIVE VICTIMS FROM PC/WINKELMAN,
MICHELLE V. ▓▓▓▓▓▓▓▓ WHO IS THE ON SITE OPERATIONS CONSULTANT FOR FIRST UNION AT 1535 HOURS.


- WRITER LEARNED OF THE APPREHENSION OF DEF/WHITE WHO WAS BEING TRANSPORTED TO DSP-2 AND THAT
THE VEHICLE ABANDONED BY DEF/WHITE WAS A STOLEN MV FROM THE HARBOR HOUSE APTS. WRITER WAS
ADVISED BY ASSISTING UNITS THAT A BLACK SKI MASK & A BLACK BAG CONTAINING USC WAS FOUND INSIDE

| age: 3 | Report Date: 10/23/2002 | Agency: Troop 2 State Police | | Complaint: 01-02-100780 |
|---|---|---|---|---|

## Investigative Narrative - Continued

F THE STOLEN/RECOVERED VEHICLE AND A LOADED .45 CAL BLACK SEMI-AUTOMATIC HANDGUN WAS FOUND NEAR
N THE AREA OF DEF/WHITE'S APPREHENSION.


- WRITER WAS THEN CONTACTED BY WIT/MCLAUGHLIN AT THE BANK WHERE HE WAS INTERVIEWED BY WRITER AT
545 HOURS. (SEE INTERVIEW WITNESS SECTION FOR DETAILS)


- WRITER UPON CLEARING THE BANK SCENE LEARNED THAT DEF/BOWMAN AND THE VEHICLE THAT WAS BEING
OPERATED BY DEF/BOWMAN WERE AT DSP-1. WRITER THEN RESPONDED TO TROOP 1 AND CONTACTED DET. DANIEL
BRAMBLE        DSP-2.  WHILE AT TROOP 1, WRITER LEARNED THAT DEF/BOWMAN AND DEF/WHITE WERE FROM
RICHMOND, VIRGINIA AND THAT DEF/BOWMAN WANTED TO COOPERATE WITH THIS INVESTIGATION. ( SEE
INVESTIGATIVE SUPPLEMENT PREPARED BY DET. BRAMBLE FOR DEF/BOWMAN'S STATEMENTS AND EVIDENCE
RECOVERED DURING A SEARCH OF THE VEHICLE BEING OPERATED BY DEF/BOWMAN AT THE TIME OF HIS
APPREHENSION )


- WRITER THEN RETURNED TO DSP TROOP 2 AND ATTEMPTED A POST MIRANDA INTERVIEW WITH DEF/WHITE AT
1923 HOURS. DEF/WHITE SIGNED A DSP MIRANDA WAIVER ADVISING HE UNDERSTOOD HIS RIGHTS AND HE DID
NOT REQUEST A LAWYER, HOWEVER HE WOULD NOT ANSWER ANY QUESTIONS PERTAINING TO THIS INCIDENT.


- WRITER THEN COMPLETED ARREST WARRANTS FOR DEF/WHITE AND DEF/BOWMAN AND OBTAINED SAME FROM
JUDGE MELSON AT JP COURT #2. DEF/WHITE WAS VIDEO ARRAIGNED BEFORE JUDGE MELSON AT JP COURT #2.
DEF/WHITE'S CASE WAS TRANSFERRED TO SUPERIOR COURT PENDING A PRE-LIMINARY HEARING AT CCP ON
10/22/02. ( SEE DET.BRAMBLE'S SUPPLEMENT FOR DETAILS PERTAINING TO DEF/BOWMAN'S ARREST) BOTH
DEFENDANTS WERE THEN COMMITTED TO GANDER HILL PRISON IN DEFAULT OF $135,000.00 CASH BAIL.


- ON FRIDAY 10/18/2002, WRITER RECEIVED A FAX FROM DEF/WHITE'S FATHER - (IRVING WHITE) LISTING
A PROOF OF PURCHASE/ RECEIPT DATED 01/27/2000 FOR THE PARA ORDNANCE MODEL P14 .45 CAL HANDGUN
THAT WAS DISPLAYED AND RECOVERED DURING THIS ROBBERY. P/WHITE ADVISED THAT HE HAD THE WEAPON
HIDDEN WITHIN HIS RESIDENCE AND HE DID NOT KNOW THAT IT WAS MISSING. P/WHITE ADVISED HE LAST SAW
THE WEAPON A COUPLE OF MONTHS AGO.


- ON 10/18/2002 - WRITER SENT A REGIONAL TELE-TYPE REGARDING THIS INCIDENT. WRITER WAS
CONTACTED BY DET. JOHN CHURCH FROM THE CHESTERFIELD COUNTY POLICE DEPT. IN CHESTERFIELD VA.
DET.CHURCH IS INVESTIGATING A SIMILAR BANK ROBBERY THAT OCCURRED AT A FIRST UNION BANK ON
09/26/2002.


- ON THURSDAY 10/24/2002, BOTH DEF/WHITE & DEF/BOWMAN WAIVED THEIR PRE-LIMINARY HEARINGS AT CCP.


- ON WEDNESDAY 10/30/2002, WRITER COMPLETED AN ATTORNEY GENERAL'S INTAKE FOR THIS CASE.


- ON FRIDAY 11/01/2002, WRITER TOOK CUSTODY OF THE RECOVERED USC (EDU#02-2204) FROM THE
EVIDENCE SAFE AND RETURNED SAME TO THE VICT/BUSINESS (FIRST UNION BANK). WRITER TOT'D THE USC
($9155.00) TO TELLER MANAGER - ALPHERA A. WILSON AT 1050 HOURS. DSP PROPERTY RECEIPT COMPLETED
AND ATTACHED TO THIS CASE FILE.

| Reporting Officer DET. KLINE - 4723 | Supervisor Approval TIMOTHY J LAMARCHE PSPT203 Date 11/12/2002 1611 |
|---|---|

| age: 4 | Report Date: 10/23/2002 | Agency: Troop 2 State Police | Complaint: 01-02-100780 |
|---|---|---|---|

Investigative Narrative - Continued

- ON MONDAY 11/11/2002, WRITER RECEIVED THE RECOM/DISPATCH RECORDS FOR THIS INCIDENT AND THE TOLEN MOTOR VEHICLE INCIDENT. WRITER ALSO RECEIVED AN AUDIO COPY OF THE PURSUIT CALLED IN BY IT/MCLAUGHLIN ███████ AND THE RESPONDING DSP UNITS.

- CASE STATUS - ARREST ADULT

- SUPPLEMENTS ARE PENDING FROM DETECTIVES : BRAMBLE, SPILLAN & ENNIS.

---

### Statement of Victim 001 - DARIA L RUTH

- VICT/RUTH WAS INTERVIEWED BY WRITER IN A CLOSED OFFICE AT 1446 HOURS.

- VICT/RUTH WORKING AS A TELLER AT STATION #2 AT THE TIME OF THIS INCIDENT AND SHE HAS BEEN EMPLOYED BY THE BANK AS A PART TIME TELLER FOR FIVE YEARS.

- VICT/RUTH ADVISED THE SUSPECT PRACTICALLY RAN THROUGH THE FRONT DOOR AND THEN HE CAME CHARGING DIRECTLY TOWARDS HER TELLER STATION AND JUMPED OVER THE TRANSACTION COUNTER AND LANDED RIGHT IN FRONT OF HER. VICT/RUTH ADVISED THE SUSPECT ALREADY HAD HIS GUN OUT (POSSIBLY IN HIS RIGHT HAND) AND HE HAD A BLACK BAG IN THE OTHER (POSSIBLY LEFT) HAND. VICT/RUTH ADVISED THE SUSPECT THEN LOOKED AT HER AND STATED, " GIVE ME ALL YOUR FUCKING MONEY ". VICT/RUTH ADVISED HER BOTTOM DRAWER WAS LOCKED, HOWEVER HER TOP DRAWER WAS OPEN SO SHE PULLED THE TOP DRAWER OPEN AND STARTED PLACING MONEY INTO THE SUSPECT'S BAG. VICT/RUTH ADVISED AFTER ROBBING HER, THE SUSPECT MOVED TO THE NEXT TELLER STATION #3 AND ROBBED TASHA (V-2/CREWS).

- VICT/RUTH ADVISED SHE SIMPLY STOOD STILL AND WATCHED THE SUSPECT GO DOWN THE LINE AND ROB THE OTHER VICTIM/TELLERS BEFORE THE SUSPECT CAME RUNNING BACK TOWARDS HER AND STATED, " GET OUT OF THE FUCKING WAY ". VICT/RUTH ADVISED THE SUSPECT UPON LEAVING JUMPED BACK UP ON THE COUNTER BETWEEN HER STATION AND THE CLOSED STATION (#1) AND KNOCKED THE PLANT OFF OF THE COUNTER WHILE GOING OVER SAME. VICT/RUTH ADVISED THE SUSPECT THEN RAN BACK OUT THE FRONT DOOR AS SHE WAS PUSHING HER ALARM BUTTON. VICT/RUTH ADVISED SHE THEN WENT TO MIKE'S OFFICE (FRONT LEFT OF BUILDING) AND SAW A DARK/OR BLACK VEHICLE SPEEDING OUT ONTO N/B PHILADELPHIA PIKE.

- VICT/RUTH ADVISED SHE DID GIVE THE SUSPECT HER BAIT MONEY CONSISTING OF FIVE OLDER $20.00 BILLS IN A 100 DOLLAR STRAP. VICT/RUTH PROVIDED THE FOLLOWING DESCRIPTIONS :

************* SUSPECT DESCRIPTION ***************

| Reporting Officer: DET. KLINE  - 4723 | Supervisor Approval: TIMOTHY J LAMARCHE PSPT203 Date 11/12/2002 1611 |
|---|---|

| Page: 5 | Report Date: 10/23/2002 | Agency: Troop 2 State Police | Complaint: 01-02-100780 |
|---|---|---|---|

### Statement of Victim 001 - DARIA L RUTH - Continued

- MALE, THIN, 5'08, 160 LBS., WEARING ALL BLACK -   BLACK/DARK SWEATSHIRT L/S, BLACK NYLON PANTS (TRACK STYLE), BLACK SKI TYPE MASK W/ EYE CUT-OUTS (POSSIBLY TWO MASKS). WEARING SNEAKERS THAT WERE WHITE WITH BLUE TRIM.


\*\*\*\*\*\*\*\*\*\*\*\*\*\* BAG DESCRIPTION \*\*\*\*\*\*\*\*\*\*\*\*\*\*


- BLACK DUFFEL TYPE BAG, POSSIBLY A ZIPPER IN THE MIDDLE AND HANDLES, APPROX. 2' BY 1' IN SIZE.


\*\*\*\*\*\*\*\*\*\*\*\*\*\* GUN DESCRIPTION \*\*\*\*\*\*\*\*\*\*\*\*\*\*


- BLACK SEMI-AUTOMATIC TYPE, SAME SIZE AS WRITER'S.


- ADDITIONAL CONTACT NUMBER FOR VICT/RUTH - ████████████


### Statement of Victim 005 - MARY JO GRIER

- VICT/GRIER WAS INTERVIEWED BY WRITER IN A CLOSED OFFICE AT 1508 HOURS.


- VICT/GRIER WAS WORKING AS A TELLER AT STATION #6 AT THE TIME OF THIS INCIDENT AND SHE HAS BEEN EMPLOYED BY THE BANK AS A TELLER FOR SEVEN YEARS.


- VICT/GRIER ADVISED SHE WAS WORKING AT HER TELLER STATION WHEN SHE NOTICED THE SUSPECT ROBBING ALL THE TELLERS TO HER RIGHT. VICT/GRIER ADVISED SHE SAW THE SUSPECT ROB DARIA (V/RUTH), THEN TASHA (V/CREWS), THEN ELLEN (V/BAUM), AND CHERYL (V/WEEKS) AS SHE WAS HIDING UNDER THE DESK. VICT/GRIER ADVISED THAT BY THE TIME THE SUSPECT MADE HIS WAY DOWN TO HER, THERE WAS USC ALL OVER THE FLOOR. VICT/GRIER ADVISED WHEN THE SUSPECT APPROACHED HER, SHE SIMPLY OPENED HER TOP DRAWER AND THE SUSPECT REACHED IN AND REMOVED ALL OF HER TENS. V/GRIER ADVISED THE SUSPECT DID NOT TAKE HER BAIT MONEY (WITH THE TWENTIES) AND THEN HE RAN BACK UP THE ROW TOWARDS DARIA'S STATION AND JUMPED BACK OVER THE COUNTER.


\*\*\*\*\*\*\*\*\*\*\*\*\*\* SUSPECT DESCRIPTION \*\*\*\*\*\*\*\*\*\*\*\*\*\*


- MALE, 6'01, 175-180 LBS., WEARING ALL BLACK.  DOUBLE BLACK MASK WITH ONLY THE EYE HOLES CUT-OUT, BROWN EYES, BLACK SHIRT( L/S SWEATSHIRT STYLE), BLACK PANTS (WORK STYLE), WHITE SNEAKERS.

| Reporting Officer: DET. KLINE   - 4723 | Supervisor Approval: TIMOTHY J LAMARCHE PSPT203 Date 11/12/2002 1611 |
|---|---|

| Page: 6 | Report Date: 10/22/2002 | Agency: Troop 2 State Police | | Complaint: 01-02-100780 |

Statement of Victim 005 - MARY JO GRIER - Continued

************** BAG DESCRIPTION **************

- CANVASS TYPE, LIGHT COLORED LIKE A BANK BAG.

************** GUN DESCRIPTION **************

- BLACK SEMI-AUTOMATIC TYPE.

Statement of Suspect 001 - JAMAR A WHITE
- DEF/WHITE REFUSED TO ANSWER ANY QUESTIONS PERTAINING TO THIS INVESTIGATION.

Statement of Witness 004 - PHIL A MCLAUGHLIN P
- WITNESS/MCLAUGHLIN ████████ WAS INTERVIEWED BY WRITER INSIDE THE FIRST UNION BANK AT 1545
HOURS. W/MCLAUGHLIN IS A PROBATION OFFICER WHO WAS ON DUTY AND PREPARING TO ENTER THE BANK TO
MAKE A DEPOSIT AT THE TIME OF THIS INCIDENT. W/MCLAUGHLIN WAS WEARING A DARK BLUE P/P SHORT
SLEEVED SHIRT DISPLAYING A P/P LOGO AND HIS ISSUED DUTY BELT & BADGE AT THE TIME OF THIS
INCIDENT.

- WIT/MCLAUGHLIN ADVISED HE NOTICED A UNOCCUPIED VEHICLE DOUBLE PARKED AS HE PULLED INTO THE
BANK'S PARKING LOT. WIT/MCLAUGHLIN ADVISED THIS VEHICLE WOULD LATER BE IDENTIFIED AS THE
SUSPECT'S GETAWAY VEHICLE. WIT/MCLAUGHLIN ADVISED THAT HE PARKED HIS STATE VEHICLE AND STARTED
WALKING TOWARDS THE ENTRANCE OF THE BANK. WIT/MCLAUGHLIN ADVISED HE THEN OBSERVED THE SUSPECT
EXITING THE BANK AND WALKING IN THE DIRECTION OF THE VEHICLE THAT WAS DOUBLE PARKED.
WIT/MCLAUGHLIN ADVISED HE WAS NOT SURE IF THE SUSPECT IDENTIFIED HIM AS A POLICE OFFICER AND IT
WAS OBVIOUS TO HIM THAT THIS SUSPECT HAD JUST COMMITTED A ROBBERY. WIT/MCLAUGHLIN ADVISED HE
OBSERVED THE SUSPECT CARRYING A BAG AND HE WAS STILL WEARING HIS SKI TYPE MASK OVER HIS FACE.
WIT/MCLAUGHLIN ADVISED THE SUSPECT WALKED DIRECTLY TO THE DOUBLE PARKED VEHICLE (DESCRIBED AS A
DARK BLUE CHRYSLER SEDAN) AND ENTERED SAME VIA THE PASSENGER SIDE DOOR. WIT/MCLAUGHLIN ADVISED
THE SUSPECT THEN JUMPED INTO THE OPERATORS SEAT/POSITION AND DURING THIS MOVEMENT HE OBSERVED
THE OUTLINE OF A FIREARM (POSSIBLY A SAWED OFF SHOTGUN BARREL). WIT/MCLAUGHLIN ADVISED THE
SUSPECT (LONE OCCUPANT) THEN PULLED OUT ONTO PHILADELPHIA PIKE AND BEGAN TO TRAVEL N/B ON SAME.

- WIT/MCLAUGHLIN ADVISED HE QUICKLY RETURNED TO HIS VEHICLE (VAN) AND BEGAN TO FOLLOW THE
SUSPECT VEHICLE WHILE NOTIFYING THE DSP RECOM CENTER OF HIS OBSERVATION VIA HIS 800 MEGAHERTZ
RADIO. WIT/MCLAUGHLIN ADVISED HE QUICKLY CAUGHT UP TO THE SUSPECT VEHICLE AND PROVIDED
ADDITIONAL INFORMATION TO THE COMMUNICATION CENTER. WIT/MCLAUGHLIN ADVISED HE PROVIDED A
PENNSYLVANIA REGISTRATION NUMBER AND WAS PROVIDING UPDATED STREET NAMES AS HE FOLLOWED THE
SUSPECT VEHICLE THROUGH THE NEIGHBORHOODS N/E OF THE BANK. WIT/MCLAUGHLIN ADVISED HE CONTINUED
TO PROVIDE UPDATED SUSPECT INFORMATION AND GEOGRAPHICAL LANDMARKS UNTIL HE WAS JOINED BY A
MARKED DSP UNIT (LATER IDENTIFIED AS CPL. JEFFREY MILLER K-9 12/ DSP-1).

- WIT/MCLAUGHLIN ADVISED SHORTLY AFTER CPL.MILLER JOINED THIS PURSUIT, THE SUSPECT ABANDONED
THE SUSPECT VEHICLE (LATER IDENTIFIED AS THE 1300 BLOCK OF BIRCH LANE) AND FLED FROM SAME ON
FOOT. WIT/MCLAUGHLIN ADVISED HE EXITED HIS VEHICLE AND ATTEMPTED TO PURSUE THE SUSPECT ON FOOT

| Reporting Officer DET. KLINE - 4723 | Supervisor Approval TIMOTHY J LAMARCHE PSPT203 Date 11/12/2002 1611 |

| Page: 7 | Report Date: 10/23/2002 | Agency: Troop 2 State Police | Complaint: 01-02-100780 |

### Statement of Witness 004 - PHIL A MCLAUGHLIN P - Continued

AND AT THIS TIME HE OBSERVED THE SUSPECT CARRYING A BLACK SEMI-AUTOMATIC HANDGUN WITH A CHROME/SILVER COLORED EJECTION PORT IN HIS RIGHT HAND. WIT/MCLAUGHLIN ADDED THE SUSPECT WAS WEARING A GRAY SWEATSHIRT WITH BLACK PANTS AND WAS NOT COMPLYING TO HIS VERBAL COMMANDS TO STOP. WIT/MCLAUGHLIN ADVISED HE THEN OBSERVED CPL/MILLER AND HIS K-9 PARTNER PURSUING THE SUSPECT AS THE SUSPECT RAN TOWARDS AND SCALED A WOODEN STOCKADE FENCE PRIOR TO THE K-9 APPREHENDING SAME.


- WIT/MCLAUGHLIN ADVISED HE THEN ASSISTED CPL.MILLER WITH HIS TRACK AND THEY LOCATED A WHITE SNEAKER BELONGING TO THE SUSPECT ON THE OPPOSITE SIDE OF THE FENCE WHERE THE SUSPECT WAS LAST SEEN. WIT/MCLAUGHLIN ADVISED HE STAYED WITH CPL.MILLER AND THEY DISCOVERED A GRAY LONG SLEEVE SHIRT A SHORT TIME LATER NEAR GOVERNOR'S PRINTZ BLVD. WIT/MCLAUGHLIN ADDED THEY EVENTUALLY LOCATED A PAIR OF DISCARDED GLOVES AND THE SUSPECT WHO WAS NO LONGER WEARING HIS SNEAKERS.


- WIT/MCLAUGHLIN ADVISED THAT THE SUBJECT APPREHENDED AND HIDING IN THE BUSHES WAS THE SAME SUSPECT THAT HE OBSERVED EXITING THE BANK, DRIVING THE SUSPECT VEHICLE AND SCALING THE WOODEN FENCE WITHY A BLACK HANDGUN.


- WIT/MCLAUGHLIN SUBSEQUENTLY COMPLETED AN ASSIST OTHER AGENCY REPORT TO DOCUMENT HIS INVOLVEMENT IN THIS INCIDENT/APPREHENSION. ( SEE REPORT # V1-02-018 FOR ADDITIONAL DETAILS)

| Reporting Officer: DET. KLINE  - 4723 | Supervisor Approval: TIMOTHY J LAMARCHE PSPT203 Date 11/12/2002 1611 | | | | |
| Solvability Factors | ☐ Witness ☐ Suspect Located | ☐ M. O. ☐ Suspect Described | ☐ Trace Stolen Property ☐ Suspect Identified | ☐ Suspect Named ☐ Suspect Vehicle Described | Status: Closed |

| Page: 1 | Report Date: 10/24/2002 | Agency: Troop 1 State Police | | Complaint: 01-02-100780 |
|---|---|---|---|---|

### Supplemental Report - #9

| Original Occurrence Dates and Times: THU 10/17/2002 1345 | Grid 112-364 | Sector 22 |
|---|---|---|

Original Location:    **FIRST UNION NATIONAL BANK**

### Investigative Narrative

On Thursday, October 17, 2002 at 1345 hours I responded to a call for assistance from Probation and Parole Officer McLaughlin, who observed a suspected robbery at the First Union Bank ▮

**Officer McLaughlin was        following a blue Chrysler New Yorker exiting the bank parking lot** ▮**. Officer McLaughlin followed the vehicle toward Brandywine Blvd and advised that he had observed the suspect, later identified as Jamar White, carrying a firearm as he exited the bank.**

**Officer McLaughlin advised that the suspect had turned into Park Ridge Condominiums on Birch Lane. I advised Officer McLaughlin that Cpl. Miller and his K9 partner Amadeus were en route to his location. At 1347    hours, Officer McLaughlin advised that the suspect appeared to be attempting to flee from his vehicle as he traveled on Birch Lane. At that time, Cpl. Miller and his K9 arrived on the scene and initiated a foot pursuit of the suspect, who had fled  into the wooded area.**

As the foot pursuit was in progress, a perimeter was established and I responded to the scene on Birch Lane. As I arrived on Birch Lane, I observed two unoccupied State Police vehicles, the van belonging to Officer        McClaughlin and the suspect's Chrysler New Yorker, which had collided with a parked vehicle. I responded to the suspect's running vehicle and observed that the ignition was popped and located a screw driver above the drivers side visor. At 1349 hours, I       observed a black nylon laundry bag on the passenger side floor board with a black ski mask on top of it. As I looked inside of the laundry bag, I observed a large amount of USC, some of which was in bundle form. I removed the black  bag and the ski mask from the suspect vehicle and secured same in the rear of my locked DSP vehicle. I advised units in the area that the suspect's weapon was not located in the vehicle. I secured the three additional vehicles and maintained that  scene until      Detective John Ubil arrived at 1450 hours. At 1451 hours, I turned the black bag containing the USC and the ski mask over to Det. Ubil.

The suspect's vehicle was removed from the scene and transported to Troop 1 to be processed.

| Reporting Officer SGT ZEBLEY   - 2849 | Supervisor Approval PATRICK OGDEN  PSPT671  Date 11/26/2002 1636 | | | Status Closed |
|---|---|---|---|---|
| Solvability Factors | ☐Witness ☐Suspect Located | ☐M. O ☐Suspect Described | ☐Trace Stolen Property ☐Suspect Identified | ☐Suspect Named ☐Suspect Vehicle Described |

| Page: 1 | Report Date: 10/24/2002 | Agency: Troop 2 State Police | Complaint: 01-02-100780 |
|---|---|---|---|

Supplemental Report - #10

| Original Occurrence Dates and Times: THU 10/17/2002 1345 | Grid 112-364 | Sector 22 |
|---|---|---|

Original Location: **FIRST UNION NATIONAL BANK**

Investigative Narrative

\* EVIDENCE REPORT # 02-379.

INVESTIGATING OFFICER: DET.RONALD KLINE #4723 CIU TROOP#2.

CRIMINALISTICS OFFICER: DET.JOHN UBIL #4701 CIU TROOP#2.

EVIDENCE WORK REQUESTED: PHOTOGRAPHS AND PROCESSING OF COLLECTED EVIDENCE.

ON WE.102302 AT 1458 HOURS, I REMOVED EVIDENCE FROM THE EVIDENCE CONTROL CENTER AT TROOP#2 TO BE PHOTOGRAPHED AND PROCESSED FOR LATENT FINGERPRINT IMPRESSIONS.

THIS EVIDENCE INCLUDED:

(1). BAR CODE # 0200002222-PLASTIC DOLLAR TREE BAG, A PAPER RECEIPT FROM DOLLAR TREE, PAPER PACKAGING FOR A DOLLAR TREE UTILITY BAG.

(2). BAR CODE # 0200002223-BLACK CROSSMAN .177 PELLET GUN ( .357 CALIBER HANDGUN REPLICA ).

(3). BAR CODE # 0200002224-PAPER FIRST UNION BANK RECEIPT

PHOTOGRAPHS: 35MM: ( 11 ). THESE PHOTOGRAPHS DEPICT THE LISTED EVIDENCE AT TROOP#2 PRIOR TO EVIDENCE PROCESSING.

EVIDENCE PROCESSING ( CONDUCTED AT TROOP#2 ).

| Reporting Officer DET UBIL - 701 | Supervisor Approval SCOTT M GALBREATH PSPT656 Date 10/28/2002 0925 |
|---|---|

| Page: 2 | Report Date: 10/24/2002 | Agency: Troop 2 State Police | Complaint: 01-02-100780 |

## Investigative Narrative - Continued

PROCESSED THE PLASTIC DOLLAR TREE BAG AND THE CROSSMAN PELLET GUN USING CYANOACRYLATE FUMING. I
LOCATED PARTIAL LATENT FINGERPRINT IMPRESSIONS ON THIS EVIDENCE. I PROCESSED THE PAPER DOLLAR
TREE RECEIPT AND THE PAPER FIRST UNION BANK RECEIPT USING NINHYDRIN. I DID NOT LOCATE DISCERNIBLE
LATENT IMPRESSIONS ON THIS EVIDENCE. I PROCESSED THE PAPER DOLLAR TREE PACKAGING USING BLACK
LATENT MAGNETIC POWDER. I LOCATED TWO PARTIAL LATENT IMPRESSIONS ON THIS EVIDENCE.


TRANSPORTATION OF EVIDENCE TO SBI FOR FURTHER EXAMINATION:


ON WE.102302 AT 1620 HOURS, I TRANSPORTED BAR CODE # 0200002210 ( PAR-ORDNANCE .45 CAL.SEMI-AUTO
HANDGUN SN# RH19622 & A  HANDGUN MAGAZINE ), BAR CODE # 0200002223 ( CROSSMAN PELLET GUN ) AND
BAR CODE # 0200002222 ( PAPER DOLLAR TREE PACKAGING & PLASTIC DOLLAR TREE BAG ) TO SBI FOR
EXAMINATION. ON ARRIVAL ROD HEGMAN EXAMINED ALL OF THE EVIDENCE STARTING AT 1706 HOURS. HE
LOCATED ONE PARTIAL LATENT IMPRESSION OF VALUE ON THE PAPER DOLLAR TREE PACKAGING. HE COMPARED
THIS LATENT TO THE KNOWN LATENTS OF THE TWO DEFENDANTS IN CUSTODY FOR THIS ROBBERY. THIS HAD
NEGATIVE RESULTS FOR A MATCH. I TRANSPORTED ALL OF THE EVIDENCE BACK TO TROOP#2 AND PLACED IT
BACK INTO THE ECC AT 1845 HOURS.


THE 35MM FILM WAS SENT TO THE PHOTLAB VAI DEPARTMENTAL MAIL FOR PROCESSING


A COPY OF THIS SUPPLEMENT REPORT WAS GIVEN TO DET.KLINE.

| Reporting Officer DET UBIL  - 701 | Supervisor Approval SCOTT M GALBREATH  PSPT656  Date 10/28/2002 0925 | | | | |
| Solvability Factors | ☐ Witness ☐ Suspect Located | ☐ M  O ☐ Suspect Described | ☐ Trace Stolen Property ☐ Suspect Identified | ☐ Suspect Named ☐ Suspect Vehicle Described | Status |

| Page: 1 | Report Date: 10/25/2002 | Agency: Troop 2 State Police | Complaint: 01-02-100780 |
|---|---|---|---|

<div align="center">Supplemental Report - #11</div>

| Original Occurrence Dates and Times: THU 10/17/2002 1345 | Grid 112-364 | Sector 22 |
|---|---|---|

Original Location: ▓▓▓▓▓▓▓▓▓ **FIRST UNION NATIONAL BANK** ▓▓▓▓▓▓▓



<div align="center">Witness Information</div>

| Sequence 005 | Type Witness | Name DODD, LEO | Sex | Race | Age | D.O.B. |
|---|---|---|---|---|---|---|
| Address | | Home Telephone | Employer/School | | Work Telephone | |

| Sequence 006 | Type Witness | Name CAMPBELL, MICHAEL | Sex | Race | Age | D.O.B. |
|---|---|---|---|---|---|---|
| Address | | Home Telephone | Employer/School | | Work Telephone | |

| Sequence 007 | Type Witness | Name WILSON, ALPHERA | Sex | Race | Age | D.O.B. |
|---|---|---|---|---|---|---|
| Address | | Home Telephone | Employer/School | | Work Telephone | |

<div align="center">Investigative Narrative</div>

ON 10-17-02 I RESPONDED TO ABOVE LOCATION TO ASSIST THE ROBBERY UNIT WITH INTERVIEWING WITNESSES REFERENCE THIS INCIDENT. UPON MY ARRIVAL, I CAME IN CONTACT WITH LEO DODD ▓▓▓▓▓▓▓, MICHAEL CAMPBELL ▓▓▓▓▓▓▓, AND ALPHERA WILSON ▓▓▓▓▓. ( SEE WITNESS STATEMENTS FOR INTERVIEWS). INTERVIEWING THE ABOVE THREE WITNESSES WAS THE EXTENT OF MY ASSISTANCE.

<div align="center">Statement of Witness 005 - LEO DODD</div>

WITNESS DODD STATED THAT HE WAS OUTSIDE AT THE BANK USING THE ATM MACHINE BUT NEEDED TO RESPOND INSIDE FOR ANOTHER TRANSACTION. HE STATED THAT OUTSIDE THE BANK DOORS, HE OBSERVED A B/F APPROX 5'2" ON THE HEAVY SIDE, WITH WHAT APPEARED TO BE A RED WIG THAT SHE WAS WEARING, TALKING TO A B/M. THERE WAS ANOTHER B/M BY THE BANK DOORS AND HE ASSUMED THAT THEY WERE ALL TOGETHER. HE PROCEEDED TO WALK TOWARD THE DOORS AND OBSERVED ONE OF THE B/MS ENTERING THE BANK JUST IN FRONT OF HIM. HE STATED THAT AS THEY ENTERED THE BANK, THE B/M DID A SUDDEN MOVEMENT AND PLACED SOMETHING ON HIS HEAD. AS THE WITNESS WALKED INTO THE BANK, HE SAW THE SUBJECT JUMPING OVER THE COUNTER. HE ENTERED INTO THE FIRST OFFICE DOOR TO THE RIGHT AND SAT DOWN WITH THE EMPLOYEE WHO TOLD HIM TO JUST SIT THERE AND BE QUIET. THE WITNESS DID NOT SEE THE SUBJECT LEAVE THE BANK. HE STATED THAT THE B/M WAS APPROX 5'10" AND APPEARED TO BE SOLID BUILT AND WAS WEARING DARK CLOTHING. THE WITNESS WAS TOLD BY ONE OF THE EMPLOYEES THAT THE B/F HE SAW WITH THE RED WIG WAS A REGULAR CUSTOMER OF THEIRS AND DID NOT APPEAR TO BE INVOLVED. NO FURTHER STATEMENTS FROM THIS WITNESS.

<div align="center">Statement of Witness 006 - MICHAEL CAMPBELL</div>

WITNESS CAMPBELL STATED THAT HE WAS IN THE BANK PRIOR TO THE INCIDENT AND HAD EXITED THE BANK THROUGH THE REAR DOORS TO THE PARKING LOT WHERE HIS WIFE WAS WAITING FOR HIM IN THEIR VEHICLE. HE STATED THAT AS HE REACHED HIS VEHICLE, HE OBSERVED ONE OF THE BANK EMPLOYEES, THAT HE HAD JUST PASSED SEATED AT A DESK, RUNNING OVER AND YELLING AT SOME CONSTRUCTION WORKERS. HE THEN OBSERVED A B/F WEARING A RED COAT EXIT THE BANK TALKING INTO A CELL PHONE. THE FEMALE RAN ACROSS THE PARKING LOT AND ADJOINING STREET INTO A YARD WITH BUSHES. THE FEMALE CROUCHED DOWN BEHIND THE BUSHES AND WAS LOOKING OVER AT THE BANK. WITNESS CAMPBELL PROCEEDED TO GET INTO HIS VEHICLE AND EXITED THE PARKING LOT TOWARD PHILADELPHIA PIKE. HE THEN OBSERVED A BLUE DODGE VAN OCCUPIED BY A W/M SPEEDING AWAY FROM THE ENTRANCE OF THE BANK. THE MALE WAS APPROX MID 30'S WITH A REGULAR DARK HAIR CUT AND A DARK COAT. THE W/M WAS TALKING ON A RADIO THAT THE WITNESS STATED RESEMBLED THE POLICE RADIO THAT I WAS HOLDING. WITNESS CAMPBELL LEFT THE BANK AND DID NOT KNOW WHAT WAS GOING ON BUT A FEW MINUTES LATER THE ROADWAYS WERE BLOCKED AND HE WAS INFORMED OF THE INCIDENT AND RESPONDED BACK TO THE BANK TO GIVE A STATEMENT. I ALSO TALKED WITH THE WITNESS CAMPBELL'S WIFE, HEATHER CAMPBELL ▓▓▓▓▓▓▓▓, BUT SHE HAD NOTHING TO ADD. SHE HAD ALSO OBSERVED THE B/F WITH THE RED COAT AND THE W/M IN THE BLUE VAN.

| Reporting Officer CPL BARTKOWSKI  - 4897 | Supervisor Approval GARY A KRESGE PSPTS11 Date 10/28/2002 2007 |
|---|---|

| Page: 2 | Report Date: 10/25/2002 | Agency: Troop 2 State Police | Complaint: 01-02-100780 |
|---|---|---|---|

## Statement of Witness 007 - ALPHERA WILSON

WITNESS WILSON IS AN EMPLOYEE OF THE BANK. SHE STATED THAT SHE WAS JUST ABOUT TO ENTER THE FRONT TELLER AREA THROUGH THE OFFICE DOORWAY WHEN SHE OBSERVED A SUBJECT RUN INTO THE BANK, JUMPING OVER THE COUNTER. SHE STATED THAT SHE KNEW RIGHT AWAY WHAT WAS GOING ON AND JUST STOOD THERE IN THE DOORWAY. SHE SAW THE SUBJECT GO TO THE DIFFERENT TELLERS DEMANDING MONEY. THE SUSPECT WAS WEARING A LONG SLEEVE GRAY SHIRT, FLEECE TYPE, WITH A COLLAR AND THREE OR FOUR BUTTONS DOWN THE FRONT. HE WAS WEARING DARK PANTS AND WHITE SNEAKERS WITH A BLACK NIKE LOGO. HE WAS HOLDING WHAT APPEARED TO BE A BLACK TRASH BAG IN ONE HAND AND A GUN IN THE OTHER. SHE STATED THAT THE GUN WAS BLACK AND APPEARED TO HAVE ABOUT A 6" BARREL AND HE WAS HOLDING THE GUN IN HIS LEFT HAND. SHE BELIEVED THAT HE WENT TO FOUR TELLERS IN TOTAL BUT WAS ONLY ABLE TO GET MONEY FROM THREE TELLERS BECAUSE ONE OF THE TELLER'S DRAWERS WERE LOCKED. THE SUSPECT WAS YELLING " COME ON OPEN THE DRAWER, HURRY THE FUCK UP, OPEN THE DRAWER, COME ON." SHE STATED THAT SHE SAW SHIRLEY, ONE OF THE TELLERS, HIT THE PANIC BUTTON ON THE FLOOR WHEN SHE DUCKED DOWN IN HER TELLER AREA. THE SUSPECT THEN RAN DOWN AND JUMPED BACK OVER THE COUNTER AND FLED OUT THE FRONT DOOR. SHE STATED THAT THE SUSPECT WAS APPROX 5'6 TO 5'7 ON THE THIN SIDE. SHE DID NOT THINK THAT HE WAS WEARING GLOVES BUT WAS NOT CERTAIN. NO FURTHER STATEMENTS FROM THIS WITNESS.

| Reporting Officer CPL BARTKOWSKI - 4897 | Supervisor Approval GARY A KRESGE PSPT511 Date 10/28/2002 2007 | |
|---|---|---|
| Solvability Factors | ☐Witness  ☐Suspect Located | ☐M.O.  ☐Suspect Described | ☐Trace Stolen Property  ☐Suspect Identified | ☐Suspect Named  ☐Suspect Vehicle Described | Status Closed |

| age: 1 | Report Date: 11/15/2002 | Agency: Troop 1 State Police | | Complaint: 01-02-100780 |
|---|---|---|---|---|

<div align="center">Supplemental Report - #12</div>

| Original Occurrence Date and Times: THU 10/17/2002 1345 | | Grid 112-364 | Sector 22 |
|---|---|---|---|
| Original Location: ▓▓▓▓▓FIRST UNION NATIONAL BANK ▓▓▓▓▓ | | | |

---

<div align="center">Investigative Narrative</div>

Chief Investigating Officer: Detective Ronald Kline 4723 On Thursday 101702, at approximately 1345 hours, I heard Probation and Parole Officer Phillip McLaughlin notify RECOM, over North Command, about an in progress robbery at the First Union Bank, ▓▓▓▓▓▓▓▓▓▓

Officer McLaughlin began mobile surveillance as the suspect was fleeing from the scene. Officer McLaughlin provided RECOM with a description of the suspect (Black male wearing a grey long sleeve sweat shirt), suspect vehicle (Blue Chrysler New Yorker bearing ▓▓▓▓ and direction of travel (East bound on Duncan Road). Officer McLaughlin continued to follow the suspect, later identified as Jamar White, into the Park Ridge Condominium complex (Birch Lane) where the suspect exited from the Chrysler New Yorker and fled on foot toward Governor House Apartments. Officer McLaughlin advised that the suspect had a gun in his hand and was being chased by a DSP K-9 team.

As I was traveling toward the area of the foot chase, I advised RECOM to send one unit to the bank to secure the scene, one to Birch Lane to secure the suspect vehicle and have all remaining units establish a perimeter. A short time later, I met with Sergeant Zebley and two New Castle County officers on Birch Lane. Sergeant Zebley advised that Officer McLaughlin was on a K-9 track with Corporal Jeff Miller and that the suspect fled east into a wooded area. I advised Sergeant Zebley to remain with the suspect vehicle and wait for someone from the Troop Two Evidence Detection Unit to arrive prior to having the vehicle towed. One of the New Castle County officers at that point advised me that the Chrysler New Yorker had been reported stolen earlier that day and that there was a second black male subject, driving a red Ford Escort with Va. tags that was involved in that theft. I passed that information onto RECOM and asked them to put out a general broadcast in reference to the vehicle and suspect in question.

At approximately 1350 hours, TFC Forester advised RECOM that he was following a red Ford Contour bearing Va. registration JBP6619, south on Governor Printz Blvd., toward Edgemoore Road. I started in that direction and assisted TFC Forester with a felony car stop on Governor Printz Blvd., just north of Lore Avenue. The vehicle was occupied by one black male subject, later identified as Corey Bowman. Suspect Bowman was ordered to step out of the vehicle and onto the ground. I covered down on the vehicle as Corporal McClosky approached the suspect and took him into custody without incident.

I then advised RECOM that I wanted a perimeter established on Governor Printz Blvd. at Lore Avenue to Governor Printz at Bellevue Road and from Bellevue Road to River Road and on River Road back down to Lore Avenue. The entire area was shut down to vehicular traffic including both entrances and exits to Fox Point Apartments on Governor Printz Blvd and River Road. Corporal Miller and Officer McLaughlin continued the K-9 track while other detectives from Troop Two and officers from Probation and Parole searched the area for suspect White. At Approximately 1439 hours, Sergeant Fiscella advised RECOM that the suspect was being taken into custody in the area of Fox Point Apartments on Governor Printz Blvd. I responded to the scene of the apprehension and observed a black glove on each side of the Fox Point Apartments fence and a grey sweat shirt on the ground near on the outside of the northeast corner of the fence. I took no further action in reference to this investigation.

| Reporting Officer LT. OGDEN - 2671 | Supervisor Approval PATRICK OGDEN PSPT671 Date 11/26/2002 1726 | | |
|---|---|---|---|
| Solvability Factors | ☐Witness ☐Suspect Located | ☐M. O. ☐Suspect Described | ☐Trace Stolen Property ☐Suspect Identified | ☐Suspect Named ☐Suspect Vehicle Described | Status |

| Page: | Report Date: | Agency: | | Complaint: |
|---|---|---|---|---|
| 1 | 01/68/2003 | Troop 2 State Police | | 01-02-100780 |

## Supplemental Report - #13

| Origin / Occurrence Dates and Times: | | Grid: | Sector: |
|---|---|---|---|
| THU  10/17/2002  1345 | | 112-364 | 22 |

Original Location: **FIRST UNION NATIONAL BANK**

## Original Victim Information

| Victim Number | Name |
|---|---|
| 001 | RUTH, DARIA L |

| Type | Sex | Race | Ethnic Origin | Age | D.O.B |
|---|---|---|---|---|---|
| Individual | Female | | | | |

| Address | Resident Status | Home Telephone | Employer/School | Work Telephone |
|---|---|---|---|---|

Reporting Person? ☐Yes ☒No   Victim Injured? ☐Yes ☒No   Victim Deceased? ☐Yes ☒No   Officer Comments

## Original Suspect/Defendant Information

| Sequence | Type | SBI Number | Name | Nick Name |
|---|---|---|---|---|
| 001 | Defendant | 00414978 | WHITE, JAMAR A | |

| Sex | Race | Ethnic Origin | Age | D.O.B | Height | Weight | Skin Tone | Eye Color |
|---|---|---|---|---|---|---|---|---|
| Male | Black | Non-Hispanic | 20 | 08/19/1982 | 5'11" | 155 | Light | Brown |

| Hair Color | Hair Length | Hair Style | Facial Hair | Voice Speech | Teeth | Build | Glasses |
|---|---|---|---|---|---|---|---|
| Black | Short | Afro/Natural | | | | Thin | |

| Address | Home Telephone | Employer/School | Work Telephone |
|---|---|---|---|
| 5813 IRONHORSE RD RICHMOND, VA 23243 | (302) 765-2567 | TARGET RICHMOND, VA | |

| Arrest Number | Arrest Type | Suspect's Clothing Description |
|---|---|---|
| 135644 | Warrant | DARK CLOTHING01 |

## Current View of Suspect/Defendant Information

| Sequence | Type | SBI Number | Name | Nick Name |
|---|---|---|---|---|
| 001 | Defendant | 00414978 | WHITE, JAMAR A | |

| Sex | Race | Ethnic Origin | Age | D.O.B | Height | Weight | Skin Tone | Eye Color |
|---|---|---|---|---|---|---|---|---|
| Male | Black | Non-Hispanic | 20 | 08/19/1982 | 5'11" | 155 | Light | Brown |

| Hair Color | Hair Length | Hair Style | Facial Hair | Voice Speech | Teeth | Build | Glasses |
|---|---|---|---|---|---|---|---|
| Black | Short | Afro/Natural | | | | Thin | |

| Address | Home Telephone | Employer/School | Work Telephone |
|---|---|---|---|
| 5813 IRONHORSE RD RICHMOND, VA 23243 | (302) 765-2567 | TARGET RICHMOND, VA | |

| Arrest Number | Suspect's Clothing Description |
|---|---|

## Original Suspect/Defendant Information

| Sequence | Type | SBI Number | Name | Nick Name |
|---|---|---|---|---|
| 002 | Defendant | T0375971 | BOWMAN, COREY P | |

| Sex | Race | Ethnic Origin | Age | D.O.B | Height | Weight | Skin Tone | Eye Color |
|---|---|---|---|---|---|---|---|---|
| Male | White | Non-Hispanic | 22 | 12/13/1971 | 6'03" | 180 | | Brown |

| Hair Color | Hair Length | Hair Style | Facial Hair | Voice Speech | Teeth | Build | Glasses |
|---|---|---|---|---|---|---|---|
| Black | Short | Braided | Needs a Shave | | | Thin | |

| Address | Home Telephone | Employer/School | Work Telephone |
|---|---|---|---|
| 3055 LANCERS BLVD RICHMOND, VA 23234 | (804) 674-1271 | UNKNOWN TEMP AGENCY RICHMOND, VA 23234 | (804) 000-0000 |

| Arrest Number | Arrest Type | Suspect's Clothing Description |
|---|---|---|
| 135645 | Warrant | 01 |

## Current View of Suspect/Defendant Information

| Sequence | Type | SBI Number | Name | Nick Name |
|---|---|---|---|---|
| 002 | Defendant | T0375971 | BOWMAN, COREY P | |

| Sex | Race | Ethnic Origin | Age | D.O.B | Height | Weight | Skin Tone | Eye Color |
|---|---|---|---|---|---|---|---|---|
| Male | White | Non-Hispanic | 22 | 12/13/1971 | 6'03" | 180 | | Brown |

| Hair Color | Hair Length | Hair Style | Facial Hair | Voice Speech | Teeth | Build | Glasses |
|---|---|---|---|---|---|---|---|
| Black | Short | Braided | Needs a Shave | | | Thin | |

| Address | Home Telephone | Employer/School | Work Telephone |
|---|---|---|---|
| 3055 LANCERS BLVD RICHMOND, VA 23234 | (804) 674-1271 | UNKNOWN TEMP AGENCY RICHMOND, VA 23234 | (804) 000-0000 |

| Arrest Number | Suspect's Clothing Description |
|---|---|

## Modified Suspect/Defendant Information

| Sequence | Type | SBI Number | Name | Nick Name |
|---|---|---|---|---|
| 002 | Defendant | T0375971 | BOWMAN, COREY P | |

| Sex | Race | Ethnic Origin | Age | D.O.B | Height | Weight | Skin Tone | Eye Color |
|---|---|---|---|---|---|---|---|---|
| Male | White | Non-Hispanic | 22 | 12/13/1971 | 6'03" | 180 | | Brown |

Reporting Officer: DET BRAMBLE  - 4215     Pending Supervisory Review

| Page: 2 | Report Date: 01/08/2003 | Agency: Troop 2 State Police | | Complaint: 01-02-100780 |
|---|---|---|---|---|

| Sequence 002 Continued | Suspect/Defendant Information |
|---|---|

| Hair Color Black | Hair Length Short | Hair Style Braided | Facial Hair Needs a Shave | Voice Speech | Teeth | Build Thin | Glasses |
|---|---|---|---|---|---|---|---|

| Disguise | Disguise Color(s) | Resident Status Non Resident | Unusual Characteristics | Armed With Unarmed |
|---|---|---|---|---|

| Address 3055 LANCERS BLVD RICHMOND, VA 23234 | Home Telephone (804) 674-1271 | Employer/School UNKNOWN TEMP AGENCY RICHMOND, VA 23234 | Work Telephone (804) 000-0000 |
|---|---|---|---|

| Arrest Number | | | |
|---|---|---|---|

### Original Crime and Associated Information

| Victim Number 001 | Crime Seq 001 | Statute DE:I1:0832:00A2:F:B | Crime Description Robbery First Degree Displays What Appears to be a Deadly Weapon |
|---|---|---|---|

| Location Type Bank/Savings and Loan | Status Adult Arrest 10/17/2002 | Involvement Alcohol    Drugs    Computer | General Offense |
|---|---|---|---|

| Suspected Hate/Bias ☐Yes  ☒No  N/A | Crime Code 12113† - Robbery/Gun Bank | | |
|---|---|---|---|

| Burglary Force Involved ☐Yes  ☐No | Weapon/Force Used Automatic Handgun | |
|---|---|---|

### Investigative Narrative

INVESTIGATIVE ACTION:

I RESPONDED TO THE FIRST UNION BANK ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ AT APPROXIMATELY 1600 HRS ON 10/17/02 TO ASSIST WITH A BANK ROBBERY WHICH HAD OCCURRED AT THAT LOCATION. I WAS ADVISED OF THE GENERAL FACTS OF THE INCIDENT AND I WAS DIRECTED BY THE CHIEF INVESTIGATOR, DET RONALD KLINE, TO RESPOND TO TROOP 1 AND ATTEMPT TO INTERVIEW COREY BOWMAN, WHO WAS THE DRIVER OF A VEHICLE STOPPED JUST AFTER THE ROBBERY WHICH WAS LINKED TO A STOLEN VEHICLE WHICH WAS USED DIRECTLY IN THE ROBBERY OF THE BANK.

UPON MY ARRIVAL AT TROOP 1 I LEARNED THAT COREY BOWMAN WAS SECURED IN THE DETENTION ROOM AND THAT THE VEHICLE THAT HE WAS STOPPED IN AT GOVERNOR PRINTZ BOULEVARD AND LORE AVENUE (1998 FORD CONTOUR 4D SEDAN, VA REG JBP6619) WAS SECURED IN THE REAR PARKING LOT OF TROOP 1. I DOCUMENTED THE CLOTHING WORN BY BOWMAN: BLUE AND ORANGE BASEBALL CAP 'BAYERS', BLACK LEATHER COAT, 'ACADEMIC' SWEATSHIRT, BLUE JEANS. BOWMAN WORE HIS HAIR IN BRAIDED 'CORNROWS' AND HIS FRONT TEETH WERE CAPPED WITH GOLD.

AT 1702 HRS I INTERVIEWED COREY BOWMAN IN THE INTERVIEW ROOM AT TROOP 1. (REFER TO THE INTERVIEW SECTION OF THIS REPORT)  THE INTERVIEW WAS CONCLUDED AT APPROXIMATELY 1750 HRS.

I OBTAINED A SEARCH WARRANT FOR THE 1998 FORD CONTOUR AND SAME WAS EXECUTED AT APPROXIMATELY 2030 HRS ON 10/17/02 IN THE REAR PARKING LOT OF TROOP 1.  SEVERAL ITEMS WERE SEIZED PURSUANT TO THE SEARCH WARRANT AND I TOOK POLAROID PHOTOGRAPHS OF THE ITEMS IN THE VEHICLE PRIOR TO THEIR SEIZURE.  THE FOLLOWING ITEMS WERE SEIZED FROM THE VEHICLE AND WERE ENTERED INTO THE TEMPORARY EVIDENCE LOCKER AT TROOP 2:

1. CROSSMAN .177 CALEBER PELLET HANDGUN (.357 MAGNUM REPLICA) LOCATED UNDER THE REAR SEAT OF THE VEHICLE.

2. COBRA 'MICROTALK' WALKY TALKY/PERSONAL RADIO LOCATED UNDER THE DRIVER'S SEAT OF THE VEHICLE.

3. FIRST UNION BANK A.T.M. RECEIPT, DATED 10/16/02, FOUND BETWEEN THE FRONT SEATS OF THE

| Reporting Officer DET BRAMBLE  - 4215 | Pending Supervisory Review |
|---|---|



Crossman .177 cal pellet gun (replica .357 magnum)
""Recovered from under rear seat of 1998 Ford Contour pursuant to Search Warrant"" 10/17/02 2030 hrs.



Cobra "Microtalk" personal radio
""Recovered from under driver's seat of 1998 Ford Contour pursuant to a search warrant 10/17/02 2035 hrs.



First Union ATM receipt dated 10/16/02
**Recovered from center console area of 1998 Ford Contour pursuant to a search warrant 10/17/02 2040 hrs.



Packaging for a plastic "Utility Bag"
**Recovered from front passenger floor of 1998 Ford Contour pursuant to a search warrant on 10/17/02 at 2040 hrs.

JUMBO
SIZE: 22" x 30"

GENERAL PURPOSE
UTILITY BAG
LIGHT WEIGHT · WATER REPELLENT



Sales receipt for "Utility Bag"
**Recovered rear seat of 1998 Ford Contour pursuant to a search warrant on 10/17/02 at 2040 hrs.



Plastic merchandise bag for "DollarTree" Store
**Recovered from rear seat of 1998 Ford Contour pursuant to a search warrant 10/17/02 2040 hrs.

| Page: 1 | Report Date: 10/17/2002 | Agency: Troop 2 State Police | | Complaint: 01-02-100813 |
|---|---|---|---|---|

| Reported Date and Time THU 10/17/2002 1343 | Initial Crime Report | Occurred: THU 10/17/2002 1115 thru THU 10/17/2002 1130 |
|---|---|---|

Location: ▮▮▮▮▮▮▮▮▮

**Incident Overview:** The victim's vehicle was taken from the above location then recovered the same day after it was used during a bank robbery.

| Grid 124-368 | Sector 22 | County New Castle | Domestic Related ☐Yes ☒No | 4-F-14 Sent? ☐Yes ☒No | Gen Broadcast Sent? ☐Yes ☒No |
|---|---|---|---|---|---|

## Victim Information

| Victim Number 001 | Name WYATT, MONA JEVETTE | | | | | |
|---|---|---|---|---|---|---|
| Type Individual | Sex Female | Race ▮▮▮ | | Ethnic Origin ▮▮▮ | Age ▮▮ | D.O.B. ▮▮▮ |
| Address ▮▮▮ | | | Resident Status | Home Telephone ▮▮▮ | Employer/School ▮▮▮ | Work Telephone ▮▮▮ |

| Reporting Person? ☒Yes ☐No | Victim Injured? ☐Yes ☒No | Victim Deceased? ☐Yes ☒No | Officer Comments |
|---|---|---|---|

Injuries | Description of Injuries

## Suspect/Defendant Information

| Sequence 001 | Type Suspect | SBI Number | Name WHITE, JAMAR A | | Nick Name | |
|---|---|---|---|---|---|---|
| Sex Male | Race Black | Ethnic Origin Non-Hispanic | Age 20 | D.O.B. 08/19/1982 | Height 5'11" | Weight 155 | Skin Tone Light | Eye Color Brown |

| Hair Color Black | Hair Length Short | Hair Style Afro/Natural | Facial Hair | Voice Speech | Teeth | Build Thin | Glasses |
|---|---|---|---|---|---|---|---|

| Disguise | Disguise Color(s) | Resident Status Non Resident | Unusual Characteristics | Armed With Unarmed | |
|---|---|---|---|---|---|

| Address 5813 Ironside RD RICHMOND, VA 23243 | Home Telephone (302) 765-2967 | Employer/School | Work Telephone |
|---|---|---|---|

Arrest Number | Suspect's Clothing Description

| Sequence 002 | Type Suspect | SBI Number 00494304 | Name BOWMAN, COREY M | | Nick Name | |
|---|---|---|---|---|---|---|
| Sex Male | Race Black | Ethnic Origin Non-Hispanic | Age 22 | D.O.B. 05/25/1980 | Height 6'03" | Weight 180 | Skin Tone | Eye Color Brown |

| Hair Color Black | Hair Length Short | Hair Style Braided | Facial Hair Needs a Shave | Voice Speech | Teeth | Build Thin | Glasses |
|---|---|---|---|---|---|---|---|

| Disguise | Disguise Color(s) | Resident Status Non Resident | Unusual Characteristics | Armed With Unarmed | |
|---|---|---|---|---|---|

| Address 3055 lancers BLVD RICHMOND, VA 23234 | Home Telephone (804) 674-1271 | Employer/School | Work Telephone |
|---|---|---|---|

Arrest Number 01 | Suspect's Clothing Description

## Crimes and Associated Information

| Victim Number 001 | Crime Seq 001 | Statute DE:11:0841:000A:F:G | Crime Description Theft $1000 or Greater (Deprive Person) |
|---|---|---|---|

| Location Type Residence/Home | Status Prosecution Declined 10/17/2002 | Involvement ☐Alcohol ☐Drugs ☐Computer | General Offense |
|---|---|---|---|

| Suspected Hate/Bias ☐Yes ☒No - N/A | Crime Code 24047A - Vehicle Theft Locally Stolen/Locally Recovered |
|---|---|

Burglary Force Involved ☐Yes ☐No

| Vehicle Information | Vehicle Type Passenger Car | | Year 1991 | Make and Model or Brand Chrysler  New Yorker | |
|---|---|---|---|---|---|
| | State | License ▮▮▮ | Exp. Year 2002 | Body Style 4 DOOR | Color(s) Dark Blue |
| | Engine Type 6 CYL | Displacement | | Transmission Type Automatic Transmissi | Vin Hull Id ▮▮▮ |
| | Interior Style BENCH SEAT | | Interior Color BLUE | | |
| | Identifying Characteristics of Vehicle | | | | |
| | Special Equipment (Accessories) | | | | |
| | Other Description | | | | |
| Stolen Vehicle | Mileage When Stolen 147000 | Value Stolen 2100 | NCIC Entry Date | NCIC Entry Number | |

| Reporting Officer DET HARACH   - 4842 1 | Supervisor Approval THOMAS J BRACKIN, PSPT677, Date 10/22/2002 0935 |
|---|---|

| Page: 2 | Report Date: 10/17/2002 | Agency: Troop 2 State Police | Complaint: 01-02-100813 |

## Crimes and Associated Information

**Theft Factors**
☐ Keys in Ignition?  ☒ Windows Closed?  ☐ Spare Tire in Car?  ☐ Trunk Locked?  ☒ Ignition Locked?  ☐ Doors Locked?  ☒ Battery in Car?  ☐ Alarm On?

| Insurance Company | Insurance Agent | Policy Number |

**Recovered Vehicle**

| Recovered By Name and Address CPL MCWILLIAMS DSP TROOP-1 DE | | Telephone | Mileage When Recovered 147567 | Value Recovered 1900 |
| | | Recovery Grid 122368 | Recovery Date | Recovery Time | Strip Tamper Value 200 |

Recovery Address
1301 BIRCH LA   PARK RIDGE AT BELLVIEW   WILMINGTON, DE

Vehicle Disposition
DAMAGED IGNITION, DAMAGE TO DRIVERS DOOR HANDLE

Vehicle Disposition
RECOVERED

Owner Notified ☒ Yes ☐ No    Reason Owner Not Notified

Method of Theft
IGNITION POPPED

| Victim Number 001 | Crime Seq 002 | Statute DE:11:0811:00A1:M: | Crime Description Criminal Mischief Under $1000 Damage Property |

| Location Type Residence/Home | Status Prosecution Declined 10/17/2002 | Involvement ☐ Alcohol ☐ Drugs ☐ Computer | General Offense |

Suspected Hate/Bias ☐ Yes ☒ No - N/A    Crime Code 2902 - Damage/Private Property

Burglary Force Involved ☐ Yes ☐ No

| Damaged Property | Property Category Automobiles | Value 200.00 |

## Associated Property Summary

| Total Stolen Property $0.00 | Total Recovered Property $0.00 | Total Seized Property $0.00 | Total Damaged Property $200.00 |

## Victim - Suspect/Defendant Relationships

| Victim - 001 WYATT, MONA JEVETTE | Suspect/Defendant - 001 WHITE, JAMAR A | Victim Offender Relationship Stranger |
| Victim - 001 WYATT, MONA JEVETTE | Suspect/Defendant - 002 BOWMAN, COREY M | Victim Offender Relationship Stranger |

## Witness Information

| Sequence 001 | Type Witness | Name SCHAD, GERARD E | Sex | Race | Age | D.O.B. |
| Address | | Home Telephone | Employer/School | | | Work Telephone |

## Investigative Narrative

On 101702, I responded to the area of First Union _____ to assist with a robbery investigation. While looking for the fleeing suspects, I contacted Officer Orzechowski of NCCPD at the intersection of River Rd and Prospect Dr. Off Orzechowski advised that earlier in the day he responded to _____ and contacted W-Gerard Schad in reference to a suspicious vehicle report. W-Schad reported seeing a red Ford, VA registration - JBP6619, outside of his residence with an unknown black male inside of it. At the same time, W-Schad observed another unknown black male who appeared to be breaking into a blue Chrysler. The subject entered the blue Chrysler and drove off while motioning to the subject in the red Ford to follow. Off Orzechowski advised that after the bank robbery, NCCPD dispatch informed DSP RECOM of the information provided by W-Schad because it was believed the stolen vehicle could have been used in the bank robbery (see NCCPD Assist Other Agency report, comp #3202-104854). Off Orzechowski provided me with W-Schad's information and I contacted him by phone (see interview W-Schad).


V___ att contacted RECOM on 101702 at 1343hrs, to report that her 1991 Chrysler New Yorker, _____ was stolen from _____ is the location where W-Schad reported seeing the suspicious subjects earlier in the day. V-Wyatt's vehicle was used during the First Union Bank Robbery. Although the vehicle theft occurred in NCCPD's

| Reporting Officer DET HARACH   - 4842 1 | Supervisor Approval THOMAS J BRACKIN PSPT677 Date 10/22/2002 0935 |

| Page: | Report Date: | Agency: | Complaint: |
|---|---|---|---|
| 3 | 10/17/2002 | Troop 2 State Police | 01-02-100813 |

## Investigative Narrative - Continued

jurisdiction, I advised Off Orzechowski that I would handle the theft because it was related to DSP's bank robbery.

V-Wyatt's vehicle was recovered in front of 1301 Birch Lane Wilmington, where it was involved in an accident and abandoned by a fleeing suspect from the First Union robbery. Cpl Martin McWilliams 3963 of DSP-1 was with the vehicle upon my arrival at 1301 Birch Lane. Cpl McWilliams completed an accident report (see accident report, comp #0102-100780). The vehicle was towed to DSP-1 and processed by Det John Ubil of DSP-2 EDU (see Det Ubil's investigative supplement comp #0102-100780). After processing, the vehicle was towed to Holly Oak Towing for storage.

I contacted and interviewed V-Wyatt by phone for the facts of the vehicle theft (see interview V-Wyatt).

Following the bank robbery at First Union, Susp-Corey Bowman was apprehended driving a red Ford, VA registration - JBP6619. Susp-Jamar White was observed fleeing the scene of the bank robbery driving the blue Chrysler New Yorker, ██████████████████ The two have been charged with the bank robbery. (see Robbery report, comp #0102-100780, for further).

On 101802, I contacted V-Wyatt by phone and informed her that she could take custody of the vehicle.

Det Kline 4723 is the lead investigator assigned to the First Union Bank robbery. I informed Det Kline of the facts of the vehicle theft. Det Kline advised he charged Susp-White and Susp-Bowman with Receiving Stolen Property for their involvement with the vehicle theft.

The vehicle was never entered into NCIC as stolen so no cancellation of same was necessary.

I am closing this case prosecution declined because the suspects have already been charged with Receiving Stolen Property.

## Statement of Victim 001 - MONA JEVETTE WYATT

Or ¹01702 at 1343hrs, V-Wyatt called RECOM to report that her 1991 Chrysler New Yorker had been s en. I contacted V-Wyatt via public service following the robbery and the recovery of her vehicle. V-Wyatt advised me of the following. On 101702 at approximately 0830hrs, she parked her vehicle outside of her sister's apartment located ██████████████████ Claymont. V-Wyatt advised she went to her sister's apartment after work, parked the vehicle then went inside to lie down.

| Reporting Officer | Supervisor Approval |
|---|---|
| DET HARACH  - 4842 1 | THOMAS J BRACKIN PSPT677 Date 10/22/2002 0935 |

| Page: 4 | Report Date: 10/17/2002 | Agency: Troop 2 State Police | Complaint: 01-02-100813 |
|---|---|---|---|

## Statement of Victim 001 - MONA JEVETTE WYATT - Continued

She later noticed her vehicle was missing at approximately 1340hrs and notified police. V-Wyatt could add nothing further.

## Statement of Witness 001 - GERARD E SCHAD

On 101702 at 1740hrs, I contacted W-Schad via public service. W-Schad advised me of the following. Today between 1115 and 1130hrs he was inside his residence when he heard a car door close. When he looked outside ████████, he observed an unknown black male standing outside a red vehicle, urinating in the street. W-Schad gave the following description of the subject: 6'00" or taller, thin build 150-160lbs, in his mid 20's, short hair, wearing a white tee shirt, tan khaki pants, no shoes and white socks. W-Schad gave the following description of the red vehicle: Ford 4 door, newer model, possibly a Escort or a Taurus, displaying Virginia registration - JBP6619. W-Schad advised he was limited to what he could see because he was looking through curtains. After the subject finished urinating he got into the front passenger seat of the vehicle. W-Schad described the subject's actions as suspicious and he began to look around for the driver. W-Schad then observed another subject through the woods near the Harbor House Apartments. This subject went to a dark colored vehicle and started pulling the drivers window back. W-Schad then called 911 to report the suspicious activity. When he looked back out he observed the subject sitting inside the same vehicle. W-Schad described the second subject as a 5'08" black male wearing a black leather jacket. W-Schad advised he did not get a good look at this subject because he was looking through the trees and the subject was standing on the opposite side of the vehicle. After the subject entered the vehicle, he drove off in it and as he passed by W-Shad's residence he motioned for the subject in the red vehicle. That subject then got into the driver's seat of the red vehicle and drove off. As the dark vehicle drove past W-Schad could see that it was a blue 4 door Chrysler product, possibly a Lebaron or New Yorker.

| Reporting Officer DET HARACH - 4842 1 | Supervisor Approval THOMAS J BRACKIN PSPT677 Date 10/22/2002 0935 | | | | |
|---|---|---|---|---|---|
| Detective Notified | Referred To: | | | | |
| Solvability Factors | ☐Witness ☐Suspect Located | ☐M. O. ☐Suspect Described | ☐Trace Stolen Property ☐Suspect Identified | ☐Suspect Named ☐Suspect Vehicle Identified | Status Closed |

| Page: 1 | Report Date: 10/18/2002 | Agency: New Castle County Supervised Custody | | Complaint: V1-02-000018 |
|---|---|---|---|---|
| Reported Date and Time THU 10/17/2002 1350 | | Initial Crime Report | Occurred: THU 10/17/2002 1345 | |

**Location:** ▓▓▓▓▓▓▓  Claymont, DE 19703

**W.  l Incident Overview:**
ASSIST DSP WITH APPREHENSION OF BANK ROBBERY.  DEFENDANT DID FLEE FROM WRITER IN A VEHICLE AND ON FOOT, ARMED WITH AN AUTOMATIC HANDGUN

| Grid 144-360 | Sector | County New Castle | Domestic Related? ☐Yes ☒No | 4-F-14 Sent? ☐Yes ☒No | Gen Broadcast Sent? ☐Yes ☒No |
|---|---|---|---|---|---|

## Victim Information

| Victim Number 001 | Name DELAWARE STATE POLICE | | | | | | |
|---|---|---|---|---|---|---|---|
| Type Government | Sex | Race | | Ethnic Origin | | Age | D.O.B. |
| Address | | | Resident Status | Business Telephone | Employer/School | | Work Telephone |
| Reporting Person? ☐Yes ☒No | Victim Injured? ☐Yes ☒No | Victim Deceased? ☐Yes ☒No | Officer Comments | | | | |
| Injuries | | | Description of Injuries | | | | |

## Crimes and Associated Information

| Victim Number 001 | Crime Seq 001 | Statute | Crime Description Assist Other Agency | | |
|---|---|---|---|---|---|
| Location Type Bank/Savings and Loan | | Status Service Clear 10/17/2002 | Involvement ☐Alcohol ☐Drugs ☐Computer | General Offense | |
| Suspected Hate/Bias ☐Yes ☐No - N/A | Crime Code 8106 - Assist Other Police Agency | | | | |
| Burglary Force Involved ☐Yes ☐No | | | | | |

## Investigative Narrative

FOR ORIGINAL, SEE REPORT FILED BY DET. RONALD KLINE, DSP TROOP 2 UNDER COMPLAINT # 01-02-100760. ON THE ABOVE DATE AND TIME WRITER, ▓▓▓▓▓▓▓ WAS PULLING INTO THE PARKING LOT OF THE F  L UNION BANK ▓▓▓▓▓▓▓ CLAYMONT DE AND OBSERVED A BLUE CHRYSLER SEDAN DOUBLE PARKED OUTSIDE THE BANK, FACING NORTH AND BLOCKING SEVERAL CARS IN. WRITER PARKED THE STATE VEHICLE IN ANOTHER SECTION OF THE PARKING LOT AND WHILE WALKING TOWARDS THE BANK ENTRANCE OBSERVED A  SUBJECT, LATER IDENTIFIED AS THE DEFENDANT, WALKING AWAY FROM THE BANK AND TOWARDS THE VEHICLE.  WRITER OBSERVED THAT THE DEFENDANT WAS WEARING A BLACK MASK OVER HIS FACE AND HAD A BLACK BAG OR A JACKET DRAPED OVER HIS RIGHT HAND AND ARM. WRITER ALSO NOTED THAT THE DEFENDANT WAS WEARING A LONG SLEEVE GREY SHIRT AND DARK, LONG PANTS.

WRITER OBSERVED THE DEF. GET INTO THE PASSENGER SIDE OF THE VEHICLE, SLIDE ACROSS THE PASSENGER COMPARTMENT AND PROCEED TO LEAVE THE BANK.  AS THE DEFENDANT WAS  MOVING ACROSS THE SEATS WRITER OBSERVED THE OUTLINE OF A FIREARM CONCEALED UNDER THE CLOTHING.  WRITER TOOK NOTE OF THE REGISTRATION DISPLAYED ON THE VEHICLE, WHICH WAS ▓▓▓▓▓▓▓ WRITER NOTIFIED DSP RECOM VIA RADIO THAT A ROBBERY HAD JUST OCCURRED, THE VEHICLE INFORMATION AND A DESCRIPTION OF THE DEFENDANT.  WRITER FOLLOWED THE VEHICLE, A BLUE 4 DOOR CHRYSLER NORTHBOUND ON PHILADELPHIA PIKE.  DEFENDANT TURNED OFF PHILADELPHIA PIKE ONTO ESKRIDGE AVE. INTO A NEIGHBORHOOD.  WRITER FOLLOWED THE VEHICLE, WHICH WAS BEING DRIVEN ERRATICALLY AT A MODERATE SPEED.  WRITER BROADCASTED CROSS STREETS AND DIRECTION OF TRAVEL TO RECOM TO KEEP RESPONDING UNITS ADVISED.  AT ONE POINT, DEFENDANT TURNED DOWN AN UNMARKED STREET OFF OF ▓▓▓▓▓▓▓ BRANDYWINE BLVD.  LATER IDENTIFIED AS BIRCH LANE.  WRITER CONTINUED TO FOLLOW THE VEHICLE UNTIL AT WHICH TIME A DSP PATROL UNIT OPERATED BY TPR. JEFF MILLER WAS OBSERVED COMING DOWN THE STREET, AT THAT POINT THE DEFENDANT ABANDONED THE VEHICLE NEAR  1301 BIRCH LANE AND WRITER WHILE APPROACHING DEFENDANT ON FOOT AND ISSUING COMMANDS FOR DEFENDANT TO STOP, OBSERVED A BLACK SEMI-AUTOMATIC HANDGUN WITH A CHROME OR SILVER EJECTION PORT.

DEFENDANT REFUSED TO STOP OR DROP THE WEAPON AND CONTINUED TO  FLEE.  TRR MILLER RELEASED HIS K-9 PARTNER AND WRITER, MILLER AND THE K-9 PURSUED DEF.

 FOOT BEHIND THE HOUSES ON BIRCH LANE. MILLER ADVISED WRITER THAT DEFENDANT HAD SCALED THE FENCE BEHIND BIRCH LANE.  WRITER SCALED THE FENCE BUT WAS UNABLE TO  OBSERVE DEF. FURTHER. WRITER DID OBSERVE A WHITE SNEAKER LAYING ON THE BRUSH ON THE OPPOSITE SIDE OF THE FENCE WHERE THE DEFENDANT HAD CLIMBED OVER.  WRITER AND MILLER CONTINUED A TRACK ON THE OPPOSITE SIDE OF THE FENCE.

| Page: 2 | Report Date: 10/18/2002 | Agency: New Castle County Supervised Custody | Complaint: V1-02-000018 |
|---|---|---|---|

### Investigative Narrative - Continued

NEAR THE INTERSECTION OF GOVERNORS' HOUSE CIRCLE AND GOV PRINTZ BLVD. WHILE CONTINUING ALONGSIDE GOV. PRINTZ ON THE PROPERTY OF THE VILLAGE OF FOX POINT TWO BROWN GLOVES WERE OBSERVED DISCARDED IN THE GRASS.

DEFENDANT WAS LOCATED HIDING IN BRUSH ON THE VILLAGE OF FOX POINT PROPERTY.

AS AN UNKNOWN NCCPD OFFICER AND WRITER PLACED DEF. IN HANDCUFFS AND CONDUCTED A PAT DOWN SEARCH, IT WAS OBSERVED THAT THE DEF. WAS NOT WEARING ANY FOOTWEAR AND THAT HIS SOCKS WERE SOILED. THE DEFENDANT WAS OBSERVED TO BE WEARING A SHORT SLEEVE T-SHIRT AT THAT TIME, AS WELL AS DARK COLORED PANTS. WRITER THEN RESPONDED BACK TO THE 1300 BLOCK OF BIRCH LANE AND THEN TO THE FIRST UNION BANK WHERE WRITER WAS INTERVIEWED BY DET. R. KLINE.

| Reporting Officer PO2 MCLAUGHLIN - 225 | Supervisor Approval PHILLIP A MCLAUGHLIN BDPPPAM Date 10/18/2002 1251 | | | |
|---|---|---|---|---|
| Detective Notified | Referred To | | | |
| Solvability Factors | ☐ Witness ☐ Suspect Located | ☐ M. O. ☐ Suspect Described | ☐ Trace Stolen Property ☐ Suspect Identified | ☐ Suspect Named ☐ Suspect Vehicle Identified | Status Closed |

| Page: 1 | Report Date: 10/18/2002 | Agency: Troop 1 State Police | | Complaint: 01-02-101270 |
|---|---|---|---|---|

**Initial Crime Report**

Reported Date and Time: FRI 10/18/2002  1700          Occurred: THU 10/17/2002  1347 thru THU 10/17/2002  1439

Location: ~~FIRST UNION BANK~~

M.O. and Incident Overview:
SUSPECT WAS APPREHENDED DURING A K9 TRACK

| TY 2-364 | Sector 22 | County New Castle | Domestic Related ☐Yes ☒No | 4-F-14 Sent? ☐Yes ☒No | Gen Broadcast Sent? ☐Yes ☒No |
|---|---|---|---|---|---|

## Victim Information

| Victim Number 001 | Name |
|---|---|

| Type Society/Public | Sex | Race | Ethnic Origin | Age | D.O.B. |
|---|---|---|---|---|---|

| Address | Resident Status | Home Telephone | Employer/School | | Work Telephone |
|---|---|---|---|---|---|

| Reporting Person? ☐Yes ☒No | Victim Injured? ☐Yes ☒No | Victim Deceased? ☐Yes ☒No | Officer Comments |
|---|---|---|---|

Injuries          Description of Injuries

## Suspect/Defendant Information

| Sequence 001 | Type Suspect | SBI Number | Name WHITE, JAMAR A | Nick Name |
|---|---|---|---|---|

| Sex Male | Race Black | Ethnic Origin Non-Hispanic | Age 20 | D.O.B. 08/19/1982 | Height 5'11" | Weight 155 | Skin Tone | Eye Color Brown |
|---|---|---|---|---|---|---|---|---|

| Hair Color Black | Hair Length | Hair Style | Facial Hair | Voice Speech | Teeth | Build | Glasses |
|---|---|---|---|---|---|---|---|

| Disguise | Disguise Color(s) | Resident Status Non Resident | Unusual Characteristics | Armed With Handgun |
|---|---|---|---|---|

| Address 8813 IRONHORSE RD RICHMOND, VA 23243 | Home Telephone (302) 765-1967 | Employer/School | Work Telephone |
|---|---|---|---|

Arrest Number          Suspect's Clothing Description

## Crimes and Associated Information

| Victim Number 001 | Crime Seq | Statute | Crime Description K9 Apprehension Without Bite |
|---|---|---|---|

| Location Type Field/Woods | Status Service Clear 10/18/2002 | Involvement ☐Alcohol ☐Drugs ☐Computer | General Offense |
|---|---|---|---|

| Crime Code 8198 | Suspected Hate/Bias ☐Yes ☒No - N/A | Burglary Force Involved ☐Yes ☐No | | |
|---|---|---|---|---|

## Victim - Suspect/Defendant Relationships

| Victim - 001 Society/Public | Suspect/Defendant - 001 WHITE, JAMAR A | Victim Offender Relationship Victimless Crime |
|---|---|---|

## Investigative Narrative

REFER TO SUPPLEMENT #0102-100780 FOR NARRATIVE.

| Reporting Officer CPL MILLER  - 59647 | Supervisor Approval LARRY W WELCH PSPT091 Date 10/22/2002 2005 |
|---|---|

| Detective Notified | Referred To |
|---|---|

| Solvability Factors | Witness | M.O. | Trace Stolen Property | Suspect Named | Status Closed |
|---|---|---|---|---|---|
| | Suspect Located | Suspect Described | Suspect Identified | Suspect Vehicle Identified | |

| Page: 1 | Report Date: 10/17/2002 | Agency: New Castle County PD | | Complaint #: 32-02-104854 |
|---|---|---|---|---|

| Reported Date and Time: THU 10/19/2002 1226 | Initial Crime Report | Occurred: THU 10/17/2002 1130 |
|---|---|---|

Location:     75 27 00 .00 - 394 47 00 .00
Claymont, DE 19703

M.O. and Incident Overview:
RP REPORTED WHAT HE BELIEVED TO HAVE SEEN OF A POSSIBLE VEHICLE THEFT.  WRITER CONDUCTED A
CHECK OF THE AREA FOR POSSIBLE VEHICLE MATCH.

| Grid: 128-370 | Sector: T3 | County: New Castle | Domestic Related? Yes X No | 4-F-14 Sent? Yes X No | Gen Broadcast Sent? Yes X No |
|---|---|---|---|---|---|

## Victim Information

| Victim Number: 001 | Name: DELAWARE STATE POLICE TRP 2 | | | | |
|---|---|---|---|---|---|
| Type: Government | Sex | Race | Ethnic Origin | Age | D.O.B. |
| DE | | | | | |
| Address | Resident Status | Business Telephone | Employer/School | | Work Telephone |
| Reporting Person? ☐ Yes X No | Victim Injured? ☐ Yes X No | Victim Deceased? ☐ Yes X No | Officer Comments | | |
| Injuries | | Description of Injuries | | | |

## Crimes and Associated Information

| Victim Number: 001 | Crime Seq: 001 | Statute | Crime Description: Assist Other Agency |
|---|---|---|---|
| Location Type: Highway/Roadway/Alley | | Status: Service Clear 10/17/2002 | Involvement: Alcohol   Drugs   Computer   General Offense |
| Crime Code: 8106 | Suspected Hate/Bias ☐ Yes X No - N/A | Burglary Force Involved ☐ Yes   No | |

## Witness Information

| Sequence: 001 | Type: Reporting Person | Name: SCHAD, GERARD E | Sex | Race | Age | D.O.B. |
|---|---|---|---|---|---|---|
| Address | | Home Telephone | Employer/School | | Work Telephone | |

## Investigative Narrative

ON ABOVE DATE AND TIME WRITER RESPONDED TO ABOVE LOCATION IN RESPONSE TO A POSSIBLE VEHICLE
THEFT IN PROGRESS.  UPON ARRIVAL WRITER CONTACTED RP WHO ADVISED OF THE VEHICLE DESCRIPTION.

WRITER CONDUCTED AN EXTENSIVE PROPERTY CHECK OF THE AREA WITH NEGATIVE RESULTS.   WRITER
RETURNED TO THE RP TO GATHER MORE INFORMATION ON THE ABOVE INCIDENT.  HE ADVISED THAT HE SAW A
BLACK MALE URINATING IN THE STREET.  HE ADVISED THAT THE SAME BLACK MALE ENTERED INTO THE
PASSENGER SEAT OF A RED ESCORT BEARING VIRGINIA TAG # JBP6619.  HE ADVISED THAT HE SAW ANOTHER
BLACK MALE ATTEMPTING TO MAKE ENTRY INTO A BLUE CHRYSLER IN FRONT OF BUILDING 271 HARBOR HOUSE
APTS, WHICH IS ACROSS THE STREET FROM THE RP'S RESIDENCE.  HE ADVISED THAT THE BLACK MALE MADE
ENTRY INTO THE BLUE CHRYSLER AND WAS ABLE TO START THE SAME.  HE ADVISED THAT THE BLACK MALE
IN THE BLUE CHRYSLER PULLED UP TO THE RED FORD ESCORT AND WAVED TO SAME TO FOLLOW.  HE ADVISED
THAT THE BLACK MALE IN RED ESCORT JUMPED IN THE DRIVER'S SIDE OF THE VEHICLE AND FOLLOWED THE
BLUE CHRYSLER OFF OF YALE RD HEADING TOWARDS GOVERNORS PRINTZ BLVD.

WRITER, LATER ON SAME DATE, RESPONDED TO THE AREA OF GOVERNORS SQUARE IN RESPONSE TO ASSIST
DELAWARE STATE POLICE IN A BANK ROBBERY THAT JUST OCCURRED.  UPON ARRIVAL IT WAS REVEALED THAT
THE ABOVE BLACK MALES IN THE ABOVE VEHICLES WERE RESPONSIBLE FOR THE THE BANK ROBBERY.

WRITER TOT'D ALL INFORMATION OF THIS REPORT TO STATE TROOPER TIM HARACH # 4842 WHO ADVISED
THAT DELAWARE STATE POLICE WILL HANDLE THE ENTIRE INCIDENT INCLUDING THE VEHICLE THEFT REPORT.

| Reporting Officer: PATROL ORZECHOWSKI   - 26232 | Supervisor Approval: JOSE A HERNANDEZ OJNCJAH Date 10/17/2002 1610 | |
|---|---|---|
| Detective Notified | Referred To | |
| Solvability Factors | Witness   Suspect Located | H. O.   Suspect Described | Trace Stolen Property   Suspect Identified | Suspect Named   Suspect Vehicle Identified | Status: Has Follow Up |

10/17/2002  19:59    302-762-6787          DSP TROOP1                    PAGE  01

IN THE MATTER OF:                          (
COREY M. BOWMAN BM 05/28/80                (    SEARCH WARRANT
1998 Ford Contour VA JBP6619               (    SS:
Vin#1FALP6531WK150216                      (
(Currently located at DSP Troop 1)         (    IN THE: DAYTIME
                                           (

STATE OF DELAWARE          DATE OF APPLICATION    COMPLAINT NO.:
COUNTY OF New Castle            10/17/02          01-02-100780

THE STATE OF DELAWARE TO:
DETECTIVE DANIEL BRAMBLE #4215  OF Delaware State Police Troop 2

with the assistance of any police officer or constable or any other
necessary or proper person or persons or assistance.

GREETINGS:

Upon the annexed affidavit and application or complaint for a search
warrant, as I am satisfied that there is probable cause to believe
that a certain property, namely:

ITEMS TO BE SEARCHED FOR AND SEIZED:
ANY AND ALL HANDGUNS AND AMMUNITION, WALKIE-TALKIE TYPE RADIO, ANY
FIRST UNION BANK LITERATURE OR PAPERWORK DETAILING PLANS TO COMMIT AN
ARMED BANK ROBBERY, PACKAGING FOR A RECENTLY PURCHASED BLACK BAG

used or intended to be used for:
PROSECUTION OF ROBBERY 1ST AND RELATED CHARGES

is being concealed on the (premises) (person) described in the
annexed affidavit and application or complaint;
NOW THEREFORE, YOU ARE HEREBY COMMANDED within ten (10) days of the
date hereof search the above-named person, persons, house, conveyance
or place for the property specified in the annexed affidavit and
application and to search any occupant or occupants found in the
house, place or conveyance above named for such property, serving
this warrant and making the search in the daytime and, if the
property, papers, articles or things, or any part thereof, be found
there, to seize it, prepare a written inventory of the property
seized and to return the property and persons in whose custody or
possession the property was found to be dealt with according to the
law.

DATED the 17TH Day of October A.D. 2002

_____
Judge or Justice of the Peace
(Designate name, title and court)

IN THE MATTER OF:                    {
CORBY M. BOWMAN BM 05/28/80          {          SEARCH WARRANT
1998 Ford Contour VA JBP6619         {SS:
Vin#1FALP6531WK150216                {   APPLICATION AND AFFIDAVIT
(Currently located at DSP Troop 1)   {
                                     {

STATE OF DELAWARE              DATE OF APPLICATION     COMPLAINT NO.
COUNTY OF New Castle                10/17/02           01-02-100780
************************************************************************
Be it remembered that on this 17TH day of October, A.D. 2002, before
me
(Authority) _Judge J.A Melson Jr.   ~O#2_____
NAME (S) OF AFFIANT (S)
1. Detective Daniel I. Bramble 4215 OF Delaware State Police Troop 2


personally appeared and being duly sworn (affirmed) according to law,
depose (s) and say (s) that there is probable cause to believe that
certain property is evidence of or the fruit of a crime or is
contraband or is particular premises or places or in the possession
of particular person(s) as described below.


ITEMS TO BE SEARCHED FOR AND SEIZED:
ANY AND ALL HANDGUNS AND AMMUNITION, WALKIE-TALKIE TYPE RADIO, ANY
FIRST UNION BANK LITERATURE OR PAPERWORK DETAILING PLANS TO COMMIT AN
ARMED BANK ROBBERY, PACKAGING FOR A RECENTLY PURCHASED BLACK BAG




SPECIFIC DESCRIPTION OF PREMISES AND/OR PLACES(S) AND/OR VEHICLES(S)
AND OR PERSON(S) TO BE SEARCHED:
1998 Ford Contour, Virginia Registration #JBP-6619
Vin# 1FALP6531WK150216, reddish/maroon in color

NAME OF OWNER(S), OCCUPANT(S) OR POSSESSOR(S) OF PREMISES AND/OR
PLACE(S) AND/OR VEHICLE(S) AND/OR PERSON(S) TO BE SEARCHED;
POSSESSOR:  CORBY M. BOWMAN BM DOB 05/28/80
OWNER:   JAMAR A WHITE

VIOLATION OF (Describe Conduct or Specify Statute)

ROBBERY 1ST 11/832 00A2 FB    DTB4215

10/17/2002  20:03    302-762-6787                DSP TROOP1                    PAGE  01

IN THE MATTER OF:                              {
COREY M. BOWMAN BM 05/29/80                    {    SEARCH WARRANT
1998 Ford Contour VA JBP6619                   {    SS:
Vin#1FALP6531WK150216                          {
(Currently located at DSP Troop 1)             {    IN THE: DAYTIME
                                               {

STATE OF DELAWARE              DATE OF APPLICATION    COMPLAINT NO.:
COUNTY OF New Castle                10/17/02          01-02-100780

THE STATE OF DELAWARE TO:
DETECTIVE DANIEL BRAMBLE #4215  OF Delaware State Police Troop 2

with the assistance of any police officer or constable or any other
necessary or proper person or persons or assistance.

GREETINGS:

Upon the annexed affidavit and application or complaint for a search
warrant, as I am satisfied that there is probable cause to believe
that a certain property, namely:

ITEMS TO BE SEARCHED FOR AND SEIZED:
ANY AND ALL HANDGUNS AND AMMUNITION, WALKIE-TALKIE TYPE RADIO, ANY
FIRST UNION BANK LITERATURE OR PAPERWORK DETAILING PLANS TO COMMIT AN
ARMED BANK ROBBERY, PACKAGING FOR A RECENTLY PURCHASED BLACK BAG

used or intended to be used for:
PROSECUTION OF ROBBERY 1ST AND RELATED CHARGES

is being concealed on the (premises) (person) described in the
annexed affidavit and application or complaint;
NOW THEREFORE, YOU ARE HEREBY COMMANDED within ten (10) days of the
date hereof search the above-named person, persons, house, conveyance
or place for the property specified in the annexed affidavit and
application and to search any occupant or occupants found in the
house, place or conveyance above named for such property, serving
this warrant and making the search in the daytime and, if the
property, papers, articles or things, or any part thereof, be found
there, to seize it, prepare a written inventory of the property
seized and to return the property and persons in whose custody or
possession the property was found to be dealt with according to the
law.

DATED the 17TH Day of October, A.D. 2002

Judge or Justice of the Peace
(Designate name, title and court)

IN THE MATTER OF:                           (
COREY M. BOWMAN BM 05/28/80                 (        SEARCH WARRANT
1998 Ford Contour VA JBP6619                (SS:
Vin#1FALP6531WK150216                       (    APPLICATION AND AFFIDAVIT
(Currently located at DSP Troop 1)          (
                                            (

STATE OF DELAWARE                   DATE OF APPLICATION    COMPLAINT NO.
COUNTY OF New Castle                     10/17/02           01-02-100780
**********************************************************************
Be it remembered that on this 17th day of October A.D. 2002, before
me
(Authority) _Judge J-B Nelson, Jr._
NAME (S) OF AFFIANT (S)
1. Detective Daniel I. Bramble #215 OF Delaware State Police Troop 2

personally appeared and being duly sworn (affirmed) according to law,
depose (s) and say (s) that there is probable cause to believe that
certain property is evidence of or the fruit of a crime or is
contraband or is particular premises or places or is the possession
of particular person(s) as described below.

ITEMS TO BE SEARCHED FOR AND SEIZED:
ANY AND ALL HANDGUNS AND AMMUNITION, WALKIE-TALKIE TYPE RADIO, ANY
FIRST UNION BANK LITERATURE OR PAPERWORK DETAILING PLANS TO COMMIT AN
ARMED BANK ROBBERY, PACKAGING FOR A RECENTLY PURCHASED BLACK BAG

SPECIFIC DESCRIPTION OF PREMISES AND/OR PLACES(S) AND/OR VEHICLES(S)
AND OR PERSON(S) TO BE SEARCHED:
1998 Ford Contour, Virginia Registration #JBP-6619
Vin# 1FALP6531WK150216, reddish/maroon in color

NAME OF OWNER(S), OCCUPANT(S) OR POSSESSOR(S) OF PREMISES AND/OR
PLACE(S) AND/OR VEHICLE(S) AND/OR PERSON(S) TO BE SEARCHED:
POSSESSOR:  COREY M. BOWMAN BM DOB 05/28/80
OWNER:   JAMAR A WHITE

VIOLATION OF (Describe Conduct of Specify Statute)

ROBBERY 1st 11/832 00A2 FB    DB4215

10/17/2002  20:03    302-762-6787              DSP TROOP1                    PAGE  03

PROBABLE CAUSE SHEET # 1 :

STATE OF DELAWARE          (
                          (
COUNTY OF NEW CASTLE

                                          SEARCH WARRANT
                                    APPLICATION AND AFFIDAVIT

PROBABLE CAUSE SHEET:          DATE OF APPLICATION:  10/17/02
                              COMPLAINT NO.:  01-02-100780

And that the facts tending to establish probable cause for believing
that the foregoing grounds for the application exists are as follows:

1. YOUR AFFIANT IS A SWORN MEMBER OF THE DELAWARE STATE POLICE,
   CURRENTLY ASSIGNED AT TROOP 2 IN THE CRIMINAL INVESTIGATION UNIT.
   YOUR AFFIANT HAS BEEN A DELAWARE STATE TROOPER FOR OVER 18 YEARS.
2. ON 10/17/02 AT APPROXIMATELY 1345 HRS AN ARMED BANK ROBBERY
   OCCURRED AT THE FIRST UNION BANK AT 814 PHILADELPHIA PIKE,
   WILMINGTON DE, NEW CASTLE COUNTY.  A BLACK MALE SUBJECT ENTERED
   THE BANK DISPLAYING A HANDGUN AND WEARING A MASK.  THE MASKED
   SUBJECT IMMEDIATELY JUMPED OVER THE TELLER COUNTER OF THE BANK
   AND THREATENED FIVE BANK TELLERS WITH THE HANDGUN.  THE SUBJECT
   TOOK MONEY FROM THE FIVE TELLER STATIONS AND PLACED SAME IN A
   BLACK BAG, AND FLED WITH SAME.  THE SUBJECT FLED TO A BLUE
   CHRYSLER LEBARON OUTSIDE THE BANK, AND DROVE AWAY.
3. A PROBATION OFFICER WITNESSED THE SUBJECT FLEE THE BANK WITH A
   MASK AND THE HANDGUN.  THE PROBATION OFFICER GAVE CHASE OF THE
   BLUE CHRYSLER LEBARON, WHICH WAS FOUND TO HAVE BEEN STOLEN A
   SHORT TIME BEFORE FROM A NEARBY APARTMENT COMPLEX.  THE SUBJECT
   ABANDONED THE STOLEN VEHICLE A SHORT TIME LATER AND WAS
   APPREHENDED BY DSP K-9.  THE SUBJECT WAS IDENTIFIED AS JAMAR A
   WHITE, THE REGISTERED OWNER OF THE 1998 FORD CONTOUR THAT IS THE
   SUBJECT OF THIS SEARCH WARRANT.
4. A WITNESS TO THE VEHICLE THEFT (BLUE CHRYSLER LEBARON USED IN THE
   ROBBERY) STATED THAT HE OBSERVED THE SUBJECT WHO STOLE THE
   VEHICLE GET OUT OF A RED VEHICLE WITH VIRGINIA TAGS OPERATED BY A
   SECOND BLACK MALE SUBJECT.
5. WITHIN MINUTES OF THE BANK ROBBERY, THE 1998 FORD CONTOUR,
   VIRGINIA TAG JBP-6619, WAS STOPPED WITHIN A MILE OF THE BANK,
   OPERATED BY COREY M BOWMAN, BM 05/28/80.

PROBABLE CAUSE SHEET # 2 :

STATE OF DELAWARE          {
                          {
COUNTY OF NEW CASTLE

SEARCH WARRANT
APPLICATION AND AFFIDAVIT

---

PROBABLE CAUSE SHEET:                DATE OF APPLICATION:  10/17/02
                                     COMPLAINT NO.:  01-02-100780

6.  YOUR AFFIANT INTERVIEWED COREY M BOWMAN AT TROOP 1.  IN A POST-
    MIRANDA STATEMENT, BOWMAN CONFESSED TO CONSPIRING WITH JAMAR
    WHITE TO COMMIT A ROBBERY AT THE FIRST UNION BANK.  BOWMAN
    FURTHER STATED THAT HE WAS IN WALKIE-TALKIE CONTACT WITH JAMAR
    WHITE WHEN THE ROBBERY OCCURRED AND THE PLAN WAS TO MEET NEAR
    I-495, WHERE THE STOLEN CAR WOULD BE ABANDONED AND HE AND WHITE
    WOULD THEN ESCAPE IN THE RED FORD CONTOUR.  BOWMAN STATED THAT
    THEY BOUGHT A BLACK BAG A SHORT TIME BEFORE THE ROBBERY TO PUT
    MONEY INTO, AND THAT THE WALKIE TALKIE HE USED WAS UNDER THE SEAT
    OF THE CAR.  BOWMAN STATED THAT HE AND WHITE LIVE IN RICHMOND
    VIRGINIA, AND CAME TO DELAWARE TO COMMIT THE ROBBERY.

7.  YOUR AFFIANT PRAYS THAT A SEARCH WARRANT BE GRANTED FOR THE 1998
    FORD CONTOUR FOR THE LISTED ITEMS.  THE PURPOSE OF THE SEARCH
    WARRANT IS TO OBTAIN EVIDENCE FOR THE SUCCESSFUL PROSECUTION OF
    COREY M BOWMAN AND JAMAR WHITE FOR ROBBERY 1ST AND RELATED
    CHARGES.

WHEREFORE, this (these) affiant(s) pray that a search warrant may be
issued authorizing a search of the aforesaid (house, place,
conveyance, person or persons, or occupant or occupants) in the manner
provided by law.

_Det David Branch_ 4215
Affiant

SWORN to (or affirmed) and subscribed before me this 17TH day of
October, A.D. 2002.

_JB Melson_
Judge or Justice of the Peace
(Designate name, title and court)

STATE OF DELAWARE
COURT: JP COURT 2
COMPLAINT NO.: 01-02-100780

IN THE MATTER OF:
COREY M. BOWMAN BM 05/28/80                    {
1998 Ford Contour VA JBP6619                   {    SEARCH WARRANT RETURN
Vin#1FALP6531WK150216                          {
(Currently located at DSP Troop 1)             {
                                               {

STATE OF DELAWARE                              {
                                               {  SS:
COUNTY OF NEW CASTLE                           {

pursuant to the attached search warrant, which was executed on (date)
Thursday October 17, 2002 (time)2030 hrs (8:30 pm), the following
items were seized and viewed by Judge Boddy on (date) 10/18/02
(time)) ___2030 hrs___

1. Crossman .177 Caliber Pellet handgun (.357 Magnum replica)

2. Cobra "Microtalk" Walkie-Talkie/personal radio

3. First Union Bank A.T.M. receipt, dated 10/16/02

4. Packaging for 22" X 30" plastic utility bag

5. Receipt from "Dollar Tree" store showing purchase of a utility bag
   on 10/17/02.

6. Plastic merchandise bag for "Dollar Tree" store

Det. Daniel I. Bramble #4215 DSP Troop 2
Affiant

Justice of the Peace
(Designate name, title and court

J. P. Court #2

EXHIBIT 2

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    1
                        ( as of  04/13/2004 )

State of Delaware v.  JAMAR A WHITE                      DOB: 08/19/1982
State's Atty: MARTIN B O'CONNOR , Esq.      AKA: JAMAR WHITE
Defense Atty: MICHAEL C HEYDEN , Esq.            JAMAR WHITE


Co-Defendants:  COREY BOWMAN

Assigned Judge:


Charges:
Count    DUC#        Crim.Action#     Description      Dispo.   Dispo. Date
-------------------------------------------------------------------------------
 001    0210011281   IN02101663      ROBBERY 1ST       NOLP    03/10/2003
 002    0210011281   IN02101664      ROBBERY 1ST       NOLP    03/10/2003
 003    0210011281   IN02101665      ROBBERY 1ST       NOLP    03/10/2003
 004    0210011281   IN02101666      ROBBERY 1ST       NOLP    03/10/2003
 005    0210011281   IN02101667      ROBBERY 1ST       NOLP    03/10/2003
 006    0210011281   IN02101668      PFDCF             NOLP    03/10/2003
 007    0210011281   IN02101669      DISGUISE          NOLP    03/10/2003
 008    0210011281   N02101670       RSP >$1000        NOLP    03/10/2003
 009    0210011281   IN02101671      CONSP 2ND         NOLP    03/10/2003
 010    0210011281   IN02102115      PFDCF             NOLP    03/10/2003
 011    0210011281   IN02102116      PFDCF             NOLP    03/10/2003
 012    0210011281   IN02102117      PFDCF             NOLP    03/10/2003
 013    0210011281   IN02102118      PFDCF             NOLP    03/10/2003
 014    0210011281   IN02102119      THEFT $1000 OR>   NOLP    03/10/2003
 015    0210011281   IN02102120      CONSP. 2ND        NOLP    03/10/2003
 016    0210011281   IN02102121      RESIST ARREST     NOLP    03/10/2003
 017    0210011281   IN03031335      ROBBERY 1ST       PG      06/02/2003
 018    0210011281   IN03031336      PFDCF             PG      06/02/2003
 019    0210011281   IN03031337      ROBBERY 1ST       PG      06/02/2003
 020    0210011281   IN03031338      PFDCF             PG      06/02/2003
 021    0210011281   IN03031339      ROBBERY 1ST       NOLP    06/02/2003
 022    0210011281   IN03031340      PFDCF             NOLP    06/02/2003
 023    0210011281   IN03031341      ROBBERY 1ST       NOLP    06/02/2003
 024    0210011281   IN03031342      PFDCF             NOLP    06/02/2003
 025    0210011281   IN03031343      ROBBERY 1ST       NOLP    06/02/2003
 026    0210011281   IN03031344      PFDCF             NOLP    06/02/2003
 027    0210011281   IN03031345      DISGUISE          NOLP    06/02/2003
 028    0210011281   IN03031346      CONSP. 2ND        NOLP    06/02/2003
 029    0210011281   IN03031347      THEFT $1000 OR>   NOLP    06/02/2003
 030    0210011281   IN03031348      CONSP. 2ND        PG      06/02/2003
 031    0210011281   IN03031349      RESIST ARREST     NOLP    06/02/2003

       Event
No.    Date          Event                        Judge
-------------------------------------------------------------------------------
1    10/25/2002
         CASE ACCEPTED IN SUPERIOR COURT.
```

```
                SUPERIOR COURT CRIMINAL DOCKET              Page    2
                   ( as of   04/13/2004 )

State of Delaware v.  JAMAR A WHITE                    DOB: 08/19/1982
State's Atty: MARTIN B O'CONNOR , Esq.     AKA: JAMAR WHITE
Defense Atty: MICHAEL C HEYDEN , Esq.           JAMAR WHITE

        Event
No.   Date        Event                          Judge
-------------------------------------------------------------------
        ARREST DATE: 10/17/2002
        PRELIMINARY HEARING DATE: 102402
        BAIL:  CASH BAIL                    180,000.00 100%
        W/CONDITION
2     11/18/2002
        INDICTMENT, TRUE BILL FILED.NO 69
        SCHEDULED FOR  .
        ARRAIGNMENT AND REPRESENTATION STATUS 12/03/02 AT 9:30
        CASE REVIEW 01/06/03 AT 1:45
3     12/03/2002                               REYNOLDS MICHAEL P.
        ARRAIGNMENT CALENDAR - 10-C FILED_BY_K O CONNELL.WH
4     12/18/2002                               REYNOLDS MICHAEL P.
        ARRAIGNMENT/BAIL STATUS HEARING:  DEFENDANT WAIVED READING, ENTERED
        PLEA OF NOT GUILTY, JURY TRIAL DEMANDED.
        BAIL SET AT CASH BAIL (2115-2121) ENT APP J AARONSON(CTRATT)
        01/06/2003                            CARPENTER WILLIAM C. JR.
        CASE REVIEW CALENDAR:  SET FOR FINAL CASE REVIEW - 02182003 1:45
        DISCOVERY NOT COMPLETE (NO ORDER REQUESTED)
        02/18/2003
        FINAL CASE REVIEW CONTINUED - COURT CLOSED DUE TO INCLEMENT WEATHER
5     02/21/2003
        SUMMONS MAILED.
6     03/10/2003
        REINDICTMENT - TRUE BILL FILED. NO. 73
        SCHEDULED FOR
        ARRAIGNMENT FOR BAIL STATUS 04/01/03 9:30AM
        TRIAL 06/03/03 9AM
        03/11/2003
        FINAL CASE REVIEW:  TRIAL DATE TO BE SET.
        REFERRED TO TTPEND CALENDAR FOR TRIAL DATE SELECTION.
7     04/02/2003
        MOTION FOR FORFEITURE OF PROPERTY FILED.
        BY MARK B. CHERNEV, DAG
        SCHEDULED FOR 4/7/03 AT 1:30.
8     04/04/2003
        ORDER SCHEDULING TRIAL FILED.
        TRIAL DATE: 06/03/03
        CASE CATEGORY: #1
        ASSIGNED JUDGE (CATEGORY 1 CASES ONLY): JAN R. JURDEN
        UNLESS THE COURT IS ADVISED WITHIN 2 WEEKS OF THE UNAVAILABILITY
        OF NECESSARY WITNESSES, THE COURT WILL CONSIDER THE MATTER READY
        FOR TRIAL.  ABSENT EXCEPTIONAL CIRCUMSTANCES, RESCHEDULING OR
```

```
                SUPERIOR COURT CRIMINAL DOCKET              Page     3
                  ( as of   04/13/2004 )

State of Delaware v.  JAMAR A WHITE                     DOB: 08/19/1982
State's Atty: MARTIN B O'CONNOR , Esq.     AKA: JAMAR WHITE
Defense Atty: MICHAEL C HEYDEN , Esq.           JAMAR WHITE

        Event
No.     Date          Event                      Judge
------------------------------------------------------------------------
        CONTINUANCE REQUESTS WILL BE DENIED.
9     04/07/2003                            TOLIVER CHARLES H. IV
        MOTION FOR FORFEITURE OF PROPERTY GRANTED.
10    05/19/2003
        SUBPOENA(S) MAILED.
13    05/21/2003
        STATE'S WITNESS SUBPOENA ISSUED.
      05/29/2003                            SILVERMAN FRED S.
        TRIAL CALENDAR-JURY TRIAL-CONTINUED. PROSECUTION REQUEST.
        POLICE OFFICER UNAVAILABLE MOVE TO 06/10/03
14    05/30/2003
        EMAIL FILED FROM L. HAWTHORNE TO COURT
        RE: PLEA
11    06/02/2003                            SILVERMAN FRED S.
        TRIAL CALENDER/PLEA HEARING:  PLED GUILTY/PSI ORDERED.  SENTENCINGDATE
        SET FOR    TH DAY OF , ,
12    06/02/2003
        SHERIFF'S COSTS FOR SUBPOENAS DELIVERED.
        ALPHERA WILSON,MICHAEL CAMPBELL,LEO DODD,MAYA HICKS,
        ANDREA BROWN,MARY GRIER,ELLEN BALIM,CHERYL WEEKS,TASHA CREWS,
        DARIL RUTH,MONA WYATT,GERARD SCHAD,LINDA CHAMBERLAIN,SHERI ROBINSON
        ELAINE MASSEY,JONATHAN'S GARRETT,
15    07/16/2003
        CONTINUANCE REQUEST FILED BY M HEYDEN REF TO JRS 07/16/03
16    08/29/2003                            SLIGHTS JOSEPH R. III
        SENTENCING CALENDAR: DEFENDANT SENTENCED.
17    08/29/2003                            SLIGHTS JOSEPH R. III
        SENTENCE: ASOP ORDER SIGNED & FILED 9/26/03

           *** END OF DOCKET LISTING AS OF  04/13/2004 ***
              PRINTED BY: CSCVELL
```

```
                    SUPERIOR COURT CRIMINAL DOCKET          Page    1
                      ( as of  10/26/2006 )

State of Delaware v.  JAMAR A WHITE                    DOB: 08/19/1982
State's Atty: MARTIN B O'CONNOR , Esq.      AKA: JAMAR WHITE
Defense Atty: MICHAEL C HEYDEN , Esq.            JAMAR WHITE


Co-Defendants:  COREY BOWMAN

Assigned Judge:

Charges:
Count    DUC#       Crim.Action#     Description      Dispo.    Dispo. Date
-------------------------------------------------------------------------------
 001    0210011281   IN02101663      ROBBERY 1ST      NOLP     03/10/2003
 002    0210011281   IN02101664      ROBBERY 1ST      NOLP     03/10/2003
 003    0210011281   IN02101665      ROBBERY 1ST      NOLP     03/10/2003
 004    0210011281   IN02101666      ROBBERY 1ST      NOLP     03/10/2003
 005    0210011281   IN02101667      ROBBERY 1ST      NOLP     03/10/2003
 006    0210011281   IN02101668      PFDCF            NOLP     03/10/2003
 007    0210011281   IN02101669      DISGUISE         NOLP     03/10/2003
 008    0210011281   N02101670       RSP >$1000       NOLP     03/10/2003
 009    0210011281   IN02101671      CONSP 2ND        NOLP     03/10/2003
 010    0210011281   IN02102115      PFDCF            NOLP     03/10/2003
 011    0210011281   IN02102116      PFDCF            NOLP     03/10/2003
 012    0210011281   IN02102117      PFDCF            NOLP     03/10/2003
 013    0210011281   IN02102118      PFDCF            NOLP     03/10/2003
 014    0210011281   IN02102119      THEFT $1000 OR>  NOLP     03/10/2003
 015    0210011281   IN02102120      CONSP. 2ND       NOLP     03/10/2003
 016    0210011281   IN02102121      RESIST ARREST    NOLP     03/10/2003
 017    0210011281   IN03031335R1    ROBBERY 1ST      GLTY     06/02/2003
 018    0210011281   IN03031336R1    PFDCF            GLTY     06/02/2003
 019    0210011281   IN03031337R1    ROBBERY 1ST      GLTY     06/02/2003
 020    0210011281   IN03031338R1    PFDCF            GLTY     06/02/2003
 021    0210011281   IN03031339      ROBBERY 1ST      NOLP     06/02/2003
 022    0210011281   IN03031340      PFDCF            NOLP     06/02/2003
 023    0210011281   IN03031341      ROBBERY 1ST      NOLP     06/02/2003
 024    0210011281   IN03031342      PFDCF            NOLP     06/02/2003
 025    0210011281   IN03031343      ROBBERY 1ST      NOLP     06/02/2003
 026    0210011281   IN03031344      PFDCF            NOLP     06/02/2003
 027    0210011281   IN03031345      DISGUISE         NOLP     06/02/2003
 028    0210011281   IN03031346      CONSP. 2ND       NOLP     06/02/2003
 029    0210011281   IN03031347      THEFT $1000 OR>  NOLP     06/02/2003
 030    0210011281   IN03031348R1    CONSP. 2ND       GLTY     06/02/2003
 031    0210011281   IN03031349      RESIST ARREST    NOLP     06/02/2003


      Event
No.   Date       Event                        Judge
-------------------------------------------------------------------------------
1   10/25/2002
        CASE ACCEPTED IN SUPERIOR COURT.
```

```
                SUPERIOR COURT CRIMINAL DOCKET              Page    2
                    ( as of  10/26/2006 )

State of Delaware v.  JAMAR A WHITE                    DOB: 08/19/1982
State's Atty: MARTIN B O'CONNOR , Esq.      AKA: JAMAR WHITE
Defense Atty: MICHAEL C HEYDEN , Esq.            JAMAR WHITE

        Event
No.   Date          Event                          Judge
------------------------------------------------------------------------
        ARREST DATE: 10/17/2002
        PRELIMINARY HEARING DATE: 102402
        BAIL:  CASH BAIL                 180,000.00 100%
        W/CONDITION
2    11/18/2002
        INDICTMENT, TRUE BILL FILED.NO 69
        SCHEDULED FOR  .
        ARRAIGNMENT AND REPRESENTATION STATUS 12/03/02 AT 9:30
        CASE REVIEW 01/06/03 AT 1:45
3    12/03/2002                            REYNOLDS MICHAEL P.
        ARRAIGNMENT CALENDAR - 10-C FILED_BY_K O CONNELL.WH
4    12/18/2002                            REYNOLDS MICHAEL P.
        ARRAIGNMENT/BAIL STATUS HEARING:  DEFENDANT WAIVED READING, ENTERED
        PLEA OF NOT GUILTY, JURY TRIAL DEMANDED.
        BAIL SET AT CASH BAIL (2115-2121) ENT APP J AARONSON(CTRATT)
     01/06/2003                            CARPENTER WILLIAM C. JR.
        CASE REVIEW CALENDAR:  SET FOR FINAL CASE REVIEW - 02182003 1:45
        DISCOVERY NOT COMPLETE (NO ORDER REQUESTED)
     02/18/2003
        FINAL CASE REVIEW CONTINUED - COURT CLOSED DUE TO INCLEMENT WEATHER
5    02/21/2003
        SUMMONS MAILED.
6    03/10/2003
        REINDICTMENT - TRUE BILL FILED. NO. 73
        SCHEDULED FOR
        ARRAIGNMENT FOR BAIL STATUS 04/01/03 9:30AM
        TRIAL 06/03/03 9AM
     03/11/2003
        FINAL CASE REVIEW:  TRIAL DATE TO BE SET.
        REFERRED TO TTPEND CALENDAR FOR TRIAL DATE SELECTION.
7    04/02/2003
        MOTION FOR FORFEITURE OF PROPERTY FILED.
        BY MARK B. CHERNEV, DAG
        SCHEDULED FOR 4/7/03 AT 1:30.
8    04/04/2003
        ORDER SCHEDULING TRIAL FILED.
        TRIAL DATE: 06/03/03
        CASE CATEGORY: #1
        ASSIGNED JUDGE (CATEGORY 1 CASES ONLY): JAN R. JURDEN
        UNLESS THE COURT IS ADVISED WITHIN 2 WEEKS OF THE UNAVAILABILITY
        OF NECESSARY WITNESSES, THE COURT WILL CONSIDER THE MATTER READY
        FOR TRIAL.  ABSENT EXCEPTIONAL CIRCUMSTANCES, RESCHEDULING OR
```

```
                SUPERIOR COURT CRIMINAL DOCKET           Page     3
                    ( as of  10/26/2006 )

,ate of Delaware v.  JAMAR A WHITE                   DOB: 08/19/1982
 tate's Atty: MARTIN B O'CONNOR , Esq.     AKA: JAMAR WHITE
 Jefense Atty: MICHAEL C HEYDEN , Esq.         JAMAR WHITE


      Event
No.   Date           Event                          Judge
---------------------------------------------------------------------------
      CONTINUANCE REQUESTS WILL BE DENIED.
9     04/07/2003                              TOLIVER CHARLES H. IV
      MOTION FOR FORFEITURE OF PROPERTY GRANTED.
10    05/19/2003
      SUBPOENA(S) MAILED.
13    05/21/2003
      STATE'S WITNESS SUBPOENA ISSUED.
      05/29/2003                             SILVERMAN FRED S.
      TRIAL CALENDAR-JURY TRIAL-CONTINUED. PROSECUTION REQUEST.
      POLICE OFFICER UNAVAILABLE MOVE TO 06/10/03
14    05/30/2003
      EMAIL FILED FROM L. HAWTHORNE TO COURT
      RE: PLEA
11    06/02/2003                             SILVERMAN FRED S.
      TRIAL CALENDER/PLEA HEARING:  PLED GUILTY/PSI ORDERED.  SENTENCINGDATE
      SET FOR   TH DAY OF , ,
12    06/02/2003
      SHERIFF'S COSTS FOR SUBPOENAS DELIVERED.
      ALPHERA WILSON,MICHAEL CAMPBELL,LEO DODD,MAYA HICKS,
      ANDREA BROWN,MARY GRIER,ELLEN BALIM,CHERYL WEEKS,TASHA CREWS,
      DARIL RUTH,MONA WYATT,GERARD SCHAD,LINDA CHAMBERLAIN,SHERI ROBINSON
      ELAINE MASSEY,JONATHAN'S GARRETT,
15    07/16/2003
      CONTINUANCE REQUEST FILED BY M HEYDEN REF TO JRS 07/16/03
16    08/29/2003                             SLIGHTS JOSEPH R. III
      SENTENCING CALENDAR: DEFENDANT SENTENCED.
17    08/29/2003                             SLIGHTS JOSEPH R. III
      SENTENCE: ASOP ORDER SIGNED & FILED 9/26/03
18    07/22/2004
      MOTION FOR THE WITHHOLDING OF EVIDENCE BEFORE DISPOSITION FILED PROSE.
      REFERRED TO SENTENCING JUDGE SLIGHTS FOR REVIEW.
19    08/05/2004
      MOTION FOR POSTCONVICTION RELIEF FILED. PRO SE
      REFERRED TO JUDGE SILVERMAN.
20    08/09/2004
      LETTER FROM A. HAIRSTON, PROTHONOTARY OFFICE  TO MARTIN O'CONNOR, DAG
      RE: NOTICE OF FILING OF PRO SE MOTION FOR POSTCONVICTION RELIEF.
      ATTACHED: COPY OF MOTION.
21    09/10/2004
      TRANSCRIPT FILED.
      SENTENCING- AUGUST 29,2003
      BEFORE JUDGE SLIGHTS
```

```
              SUPERIOR COURT CRIMINAL DOCKET          Page      4
                  ( as of  10/26/2006 )

State of Delaware v.  JAMAR A WHITE                    DOB: 08/19/1982
State's Atty: MARTIN B O'CONNOR , Esq.     AKA: JAMAR WHITE
Defense Atty: MICHAEL C HEYDEN , Esq.          JAMAR WHITE


        Event
No.    Date          Event                          Judge
-------------------------------------------------------------------------------
22    09/13/2004
       TRANSCRIPT FILED.
       GUILTY PLEA- JUNE 2,2003
       BEFORE JUDGDE SILVERMAN
23    12/07/2004                            SILVERMAN FRED S.
       ORDER: UPON DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF: DISMISSED.
       SENTENCE ORDER: CORRECTED TO SHOW THAT THE FIRST TWO YEARS OF THE
       SENTENCES FOR ROBBERY FIRST DEGREE ARE MINIMUM MANDATORY AND THE THIRD
       YEAR OF THOSE SENTENCES IS SUBJECT TO EARNED, EARLY RELEASE CREDIT.
       IT IS SO ORDERED.
24    12/29/2004
       MOTION FOR MODIFICATION OF SENTENCE FILED PRO-SE.
       REFERRED TO PRESENTENCE 01/11/05 FOR JUDGE SILVERMAN.
25    05/04/2005                            SILVERMAN FRED S.
       ORDER: UPON DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF-SUMMARILY
       DENIED.
       IT IS SO ORDERED
26    05/26/2005
       LETTER FROM SHARON AGNEW, PROTHONOTARY NCC   TO JAMAR WHITE.
       RE: PETITION FOR RETURN OF PROPERTY. MOOT
27    05/30/2006
       MOTION FOR TRANSCRIPT FILED PRO SE.  REFERRED TO JUDGE SLIGHTS.
28    08/08/2006                            SLIGHTS JOSEPH R. III
       ORDER: UPON CONSIDERATION OF DEFENDANT'S MOTION TO COMPEL PRODUCTION
       OF THE GRAND JURY MINUTES, TRANSCRIPTS, & EXHIBITS IS DENIED.
29    08/18/2006
       MOTION FOR ENLARGEMENT OF TIME FILED PRO SE.  REFERRED TO
       JUDGE SLIGHTS.
30    08/22/2006
       MOTION FOR REARGUMENT FILED PRO SE.  REFERRED TO JUDGE SLIGHTS.
31    08/30/2006                            SLIGHTS JOSEPH R. III
       ORDER: DEFENDANT'S MOTION FOR REARGUMENT IS DENIED.  THE COURT
       CONSIDERED ALL MATTERS RAISED IN THE MOTION FOR REARGUEMENT AT THE
       TIME IT ISSUED ITS ORDERDENYING THE DEFENDANT'S REQUEST FOR ACCESS TO
       GRAD JURY MATERIALS.
32    09/27/2006                            SILVERMAN FRED S.
       ORDER: CONSISTENT WITH RULE 61(F)(1), THEREFORE, THE ATTORNEY GENERAL
       SHALL FILE THE RESPONSE CONTEMPLATED BY RULE 61(F)(2), WITHIN 30 DAYS
       OF THIS ORDER'S DATE. THE COURT WILL NOT EXTEND THE DEADLINE, EXCEPT
       UPON MOTION FILED IN ADVANCE. AND, BECAUSE DEFENDANT SEEKS RELEASE
       FROM PRISON, THE COURT WILL LOOK WITH DISFAVOR ON A REQUEST TO EXTEND
       THE DEADLINE ABSENT GOOD CAUSE. CONSISTENT WITH RULE 61(F)(3),
```

```
                SUPERIOR COURT CRIMINAL DOCKET          Page    5
                  ( as of  10/26/2006 )

State of Delaware v.  JAMAR A WHITE                 DOB: 08/19/1982
State's Atty: MARTIN B O'CONNOR , Esq.      AKA: JAMAR WHITE
Defense Atty: MICHAEL C HEYDEN , Esq.            JAMAR WHITE

        Event
No.     Date          Event                        Judge
----------------------------------------------------------------------
        DEFENDANT SHALL HAVE THIRTY(30)DAYS FROM THE SERVICE OF THE STATE'S
        RESPONSE IN WHICH TO REPLY. THE COURT SHALL ONLY CONSIDER ONE TIMELY
        REPLY FROM DEFENDANT AND ONLY IF IT IS TIMELY.
        IT IS SO ORDERED.
33   09/28/2006
        STATE'S RESPONSE TO MOTIN FOR POSTCONVICTION RELIEF FILED.
        FILED BY MARTIN O'CONNOR, DAG
        REFERRED TO JUDGE SILVERMAN
34   10/25/2006
        DEFENDANT'S REPLY BRIEF TO STATE'S RESPONSE TO MOTION FOR POST-
        CONVICTION RELIEF FILED.
        FILED PRO SE
        REFERRED TO JUDGE SILVERMAN


            *** END OF DOCKET LISTING AS OF  10/26/2006 ***
                  PRINTED BY: CSCAHAI
```

# EXHIBIT 3

69

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE        :

       V.        :    INDICTMENT BY THE GRAND JURY

COREY BOWMAN        :    I.D. #0210011323
JAMAR WHITE        :      0210011281

The Grand Jury charges COREY BOWMAN AND JAMAR WHITE with the following

offenses:

## COUNT I.  A FELONY

#N _____

I#N 02 - 10 - 1667

ROBBERY FIRST DEGREE in violation of Title 11, Section 832 of the Delaware

Code of 1974, as amended.

COREY BOWMAN AND JAMAR WHITE, on or about the 17th day of October,

2002, in the County of New Castle, State of Delaware, when in the course of committing theft,

did threaten the immediate use of force upon Daria Ruth with intent to cause her to deliver up

property consisting of United States currency and when in the course of the commission of the

crime displayed what appeared to be a firearm, a deadly weapon.

## COUNT II.  A FELONY

#N _____

T#N 02 - 10 - 1668

POSSESSION OF A FIREARM DURING THE COMMISSION OF A FELONY, in

violation of Title 11, Section 1447A of the Delaware Code of 1974 as amended.

COREY BOWMAN AND JAMAR WHITE, on or about the 17th day of October, 2002, in the County of New Castle, State of Delaware, did possess a handgun, a firearm during the commission of Robbery First Degree as set forth in Count I of this Indictment which is herein incorporated by reference.

## COUNT III. A FELONY

#N _____

I#N O2 - 10 - 1666

ROBBERY FIRST DEGREE in violation of Title 11, Section 832 of the Delaware Code of 1974, as amended.

COREY BOWMAN AND JAMAR WHITE, on or about the 17th day of October, 2002, in the County of New Castle, State of Delaware, when in the course of committing theft, did threaten the immediate use of force upon Tasha Crews with the intent to cause her to deliver up property consisting of United States currency and when in the course of the commission of the crime displayed what appeared to be a firearm, a deadly weapon.

## COUNT IV. A FELONY

#N _____

I#N 02 - 10 - 2115

POSSESSION OF A FIREARM DURING THE COMMISSION OF A FELONY, in violation of Title 11, Section 1447A of the Delaware Code of 1974 as amended.

COREY BOWMAN AND JAMAR WHITE, on or about the 17th day of October, 2002, in the County of New Castle, State of Delaware, did possess a handgun, a firearm during the commission of Robbery First Degree as set forth in Count III of this Indictment which is herein incorporated by reference.

## COUNT V.  A FELONY

#N _____

Ī#N 02 - 1 0 - 1665

ROBBERY FIRST DEGREE in violation of Title 11, Section 832 of the Delaware Code of 1974, as amended.

COREY BOWMAN AND JAMAR WHITE, on or about the 17th day of October, 2002, in the County of New Castle, State of Delaware, when in the course of committing theft, did threaten the immediate use of force upon Ellen Baum with the intent to cause her to deliver up property consisting of United States currency and when in the course of the commission of the crime displayed what appeared to be a firearm, a deadly weapon.

## COUNT VI.  A FELONY

#N _____

Ī#N 02 - 1 0 - 2116

POSSESSION OF A FIREARM DURING THE COMMISSION OF A FELONY, in violation of Title 11, Section 1447A of the Delaware Code of 1974 as amended.

COREY BOWMAN AND JAMAR WHITE, on or about the 17th day of October, 2002, in the County of New Castle, State of Delaware, did possess a handgun, a firearm during the commission of Robbery First Degree as set forth in Count V of this Indictment which is herein incorporated by reference.

## COUNT VII.  A FELONY

#N _____

Ī#N 02 - 1 0 - 1664

ROBBERY FIRST DEGREE in violation of Title 11, Section 832 of the Delaware

Code of 1974, as amended.

COREY BOWMAN AND JAMAR WHITE, on or about the 17th day of October, 2002, in the County of New Castle, State of Delaware, when in the course of committing theft, did threaten the immediate use of force upon Cheryl Weeks with the intent to cause her to deliver up property consisting of United States currency and when in the course of the commission of the crime displayed what appeared to be a firearm, a deadly weapon.

COUNT VIII. A FELONY

#N

[#N O2 - 10 - 2 1 1 7

POSSESSION OF A FIREARM DURING THE COMMISSION OF A FELONY, in violation of Title 11, Section 1447A of the Delaware Code of 1974 as amended.

COREY BOWMAN AND JAMAR WHITE, on or about the 17th day of October, 2002, in the County of New Castle, State of Delaware, did possess a handgun, a firearm during the commission of Robbery First Degree as set forth in Count VII of this Indictment incorporated herein by reference.

COUNT IX. A FELONY

#N

[#N O2 - 10 - 1663

ROBBERY FIRST DEGREE in violation of Title 11, Section 832 of the Delaware Code of 1974, as amended.

COREY BOWMAN AND JAMAR WHITE, on or about the 17th day of October, 2002, in the County of New Castle, State of Delaware, when in the course of committing theft, did threaten the immediate use of force upon Mary Jo Grier with the intent to cause her to

deliver up property consisting of United States currency and when in the course of the
commission of the crime displayed what appeared to be a firearm, a deadly weapon.

## COUNT X.  A FELONY

#N _____

T#N  02 - 10 - 2118

POSSESSION OF A FIREARM DURING THE COMMISSION OF A FELONY, in
violation of Title 11, Section 1447A of the Delaware Code of 1974 as amended.

COREY BOWMAN AND JAMAR WHITE, on or about the 17th day of October,
2002, in the County of New Castle, State of Delaware, did knowingly possess, a firearm
during the commission of a felony by possessing a handgun, a firearm, during the commission
of Robbery First Degree, as set forth in Count IX of this Indictment incorporated herein by
reference.

## COUNT XI.  A FELONY

#N _____

T#N  02 - 10 - 1669

WEARING A DISGUISE DURING THE COMMISSION OF A FELONY in violation
of Title 11, Section 1239 of the Delaware Code of 1974, as amended.

COREY BOWMAN AND JAMAR WHITE, on or about the 17th day of October,
2002, in the County of New Castle, State of Delaware, did wear a hood, mask or other
disguise during the commission of Robbery First Degree and/or Possession of a Firearm
During the Commission of a Felony, as set forth in Counts I through X of this Indictment
incorporated herein by reference.

## COUNT XII. A FELONY

#N _____

T#N   02 - 10 - 1 67/

CONSPIRACY SECOND DEGREE in violation of Title 11, Section 512 of the Delaware Code of 1974, as amended.

COREY BOWMAN AND JAMAR WHITE, on or about the 17th day of October, 2002, in the County of New Castle, State of Delaware, when intending to promote the commission of a Felony, Robbery First Degree, did agree with each other to engage in conduct constituting said felony and the defendant and/or co-defendant, with whom the defendant conspired, did commit an overt act in pursuance of said conspiracy.

## COUNT XIII. A FELONY

#N _____

#N   02 - 10 - 2 1 / 9

THEFT in violation of Title 11, Section 841 of the Delaware Code of 1974, as amended.

COREY BOWMAN AND JAMAR WHITE, on or about the 17th day of October, 2002, in the County of New Castle, State of Delaware, did take, exercise control over or obtain with intent to appropriate, property consisting of a 1991 Chrysler New Yorker belonging to Mona Wyatt and valued at greater than $1,000.00.

## COUNT XIV. A FELONY

#N _____

T#N   02 - 10 - 2 120

CONSPIRACY SECOND DEGREE in violation of Title 11, Section 512 of the Delaware

Code of 1974, as amended.

COREY BOWMAN AND JAMAR WHITE, on or about the 17th day of October, 2002, in the County of New Castle, State of Delaware, when intending to promote the commission of a Felony, Theft as stated in Count XIII of this Indictment, did agree with each other to engage in conduct constituting said felony and defendant and/or co-defendant, with whom the defendant conspired, did commit an overt act in pursuance of said conspiracy.

## COUNT XV. A FELONY

*T#N 02 - 10 - 2121*

RESISTING ARREST in violation of Title 11, Section 1257 of the Delaware Code of 1974, as amended.

JAMAR WHITE, on or about the 17th day of October, 2002, in the County of New Castle, State of Delaware, did intentionally prevent or attempt to prevent Cpl. Miller of the Delaware State Police from effecting an arrest or detention of himself by running and hiding from him.

A TRUE BILL

*Susan F. Coulby*
(FOREPERSON)

ATTORNEY GENERAL

DEPUTY ATTORNEY GENERAL

# EXHIBIT 4

REINDICTMENT - RULE 9 SUMMONS

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE                  :
                                   :
          V.                       :    INDICTMENT BY THE GRAND JURY
                                   :
COREY BOWMAN                       :    I.D. #0210011323
JAMAR WHITE                        :        0210011281

The Grand Jury charges COREY BOWMAN AND JAMAR WHITE with the following

offenses:

<u>COUNT I.  A FELONY</u>

#N _____

#N 03-03-1335

ROBBERY FIRST DEGREE in violation of Title 11, Section 832 of the Delaware

Code of 1974, as amended.

COREY BOWMAN AND JAMAR WHITE, on or about the 17th day of October,

2002, in the County of New Castle, State of Delaware, when in the course of committing theft,

did threaten the immediate use of force upon Daria Ruth with intent to compel her to deliver up

property consisting of United States currency and when in the course of the commission of the

crime the defendant or another participant in the crime displayed what appeared to be a

firearm, a deadly weapon.

2003 MAR 0 PM 3: 25

FILED
PROTHONOTARY

## COUNT II. A FELONY

#N _____

I #N 03-03-1336

POSSESSION OF A FIREARM DURING THE COMMISSION OF A FELONY, in

violation of Title 11, Section 1447A of the Delaware Code of 1974 as amended.

COREY BOWMAN AND JAMAR WHITE, on or about the 17th day of October,

2002, in the County of New Castle, State of Delaware, did possess a handgun, a firearm

during the commission of Robbery First Degree as set forth in Count I of this Indictment which

is herein incorporated by reference.

## COUNT III. A FELONY

#N _____

I #N 03-03-1337

ROBBERY FIRST DEGREE in violation of Title 11, Section 832 of the Delaware

Code of 1974, as amended.

COREY BOWMAN AND JAMAR WHITE, on or about the 17th day of October,

2002, in the County of New Castle, State of Delaware, when in the course of committing theft,

did threaten the immediate use of force upon Tasha Crews with the intent to compel her to

deliver up property consisting of United States currency and when in the course of the

commission of the crime the defendant or another participant in the crime displayed what

appeared to be a firearm, a deadly weapon.

## COUNT IV. A FELONY

#N _____

#N 03-03-1339

POSSESSION OF A FIREARM DURING THE COMMISSION OF A FELONY, in

violation of Title 11, Section 1447A of the Delaware Code of 1974 as amended.

COREY BOWMAN AND JAMAR WHITE, on or about the 17th day of October,

2002, in the County of New Castle, State of Delaware, did possess a handgun, a firearm

during the commission of Robbery First Degree as set forth in Count III of this Indictment

which is herein incorporated by reference.

## COUNT V. A FELONY

#N _____

#N 03-03-1339

ROBBERY FIRST DEGREE in violation of Title 11, Section 832 of the Delaware

Code of 1974, as amended.

COREY BOWMAN AND JAMAR WHITE, on or about the 17th day of October,

2002, in the County of New Castle, State of Delaware, when in the course of committing theft,

did threaten the immediate use of force upon Ellen Baum with the intent to compel her to

deliver up property consisting of United States currency and when in the course of the

commission of the crime the defendant or another participant in the crime displayed what

appeared to be a firearm, a deadly weapon.

## COUNT VIII. A FELONY

#N _____

X #N 03-03- 1342

POSSESSION OF A FIREARM DURING THE COMMISSION OF A FELONY, in

violation of Title 11, Section 1447A of the Delaware Code of 1974 as amended.

COREY BOWMAN AND JAMAR WHITE, on or about the 17th day of October,

2002, in the County of New Castle, State of Delaware, did possess a handgun, a firearm

during the commission of Robbery First Degree as set forth in Count VII of this Indictment

incorporated herein by reference.

## COUNT IX. A FELONY

#N _____

X #N 03-03-1343

ROBBERY FIRST DEGREE in violation of Title 11, Section 832 of the Delaware

Code of 1974, as amended.

COREY BOWMAN AND JAMAR WHITE, on or about the 17th day of October,

2002, in the County of New Castle, State of Delaware, when in the course of committing theft,

did threaten the immediate use of force upon Mary Jo Grier with the intent to compel her to

deliver up property consisting of United States currency and when in the course of the

commission of the crime the defendant or another participant in the crime displayed what

appeared to be a firearm, a deadly weapon.

COUNT X.  A FELONY

#N _____

I #N 03-03 - 1344

POSSESSION OF A FIREARM DURING THE COMMISSION OF A FELONY, in

violation of Title 11, Section 1447A of the Delaware Code of 1974 as amended.

COREY BOWMAN AND JAMAR WHITE, on or about the 17th day of October,

2002, in the County of New Castle, State of Delaware, did knowingly possess, a firearm

during the commission of a felony by possessing a handgun, a firearm, during the commission

of Robbery First Degree, as set forth in Count IX of this Indictment incorporated herein by

reference.

COUNT XI.  A FELONY

#N _____

#N 03-03 - 1345

WEARING A DISGUISE DURING THE COMMISSION OF A FELONY in violation

of Title 11, Section 1239 of the Delaware Code of 1974, as amended.

COREY BOWMAN AND JAMAR WHITE, on or about the 17th day of October,

2002, in the County of New Castle, State of Delaware, did wear a hood, mask or other

disguise during the commission of Robbery First Degree and/or Possession of a Firearm

During the Commission of a Felony, as set forth in Counts I through X of this Indictment

which are incorporated herein by reference.

## COUNT XII. A FELONY

#N _____

#N 03-03-1346

CONSPIRACY SECOND DEGREE in violation of Title 11, Section 512 of the Delaware Code of 1974, as amended.

COREY BOWMAN AND JAMAR WHITE, on or about the 17th day of October, 2002, in the County of New Castle, State of Delaware, when intending to promote the commission of a Felony, Robbery First Degree, did agree with each other to engage in conduct constituting said felony and the defendant and/or co-defendant, with whom the defendant conspired, did commit an overt act in pursuance of said conspiracy.

## COUNT XIII. A FELONY

#N _____

#N 03-03-1347

THEFT in violation of Title 11, Section 841 of the Delaware Code of 1974, as amended.

COREY BOWMAN AND JAMAR WHITE, on or about the 17th day of October, 2002, in the County of New Castle, State of Delaware, did take, exercise control over or obtain with intent to appropriate, property consisting of a 1991 Chrysler New Yorker belonging to Mona Wyatt and valued at greater than $1,000.00.

## COUNT XIV. A FELONY

#N _____

#N 03-03-1348

CONSPIRACY SECOND DEGREE in violation of Title 11, Section 512 of the Delaware Code of 1974, as amended.

COREY BOWMAN AND JAMAR WHITE, on or about the 17th day of October, 2002, in the County of New Castle, State of Delaware, when intending to promote the commission of a Felony, Theft as stated in Count XIII of this Indictment, did agree with each other to engage in conduct constituting said felony and defendant and/or co-defendant, with whom the defendant conspired, did commit an overt act in pursuance of said conspiracy.

## COUNT XV.  A FELONY

IN 03-03-1349

RESISTING ARREST in violation of Title 11, Section 1257 of the Delaware Code of 1974, as amended.

JAMAR WHITE, on or about the 17th day of October, 2002, in the County of New Castle, State of Delaware, did intentionally prevent or attempt to prevent Cpl. Miller of the Delaware State Police from effecting an arrest or detention of himself by running and hiding from him.

A TRUE BILL

(FOREPERSON)

_____
ATTORNEY GENERAL

_____
DEPUTY ATTORNEY GENERAL

# EXHIBIT 5

# SUPERIOR COURT
# OF THE STATE OF DELAWARE

FRED S. SILVERMAN
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0669

Submitted: September 13, 2004
Decided: December 6, 2004

STATE OF DELAWARE )
)
v. )    ID#: 0210011281
)
JAMAR A. WHITE, )
)
Defendant. )

# ORDER

## Upon Defendant's Motion for Postconviction Relief Under
## Superior Court Criminal Rule 61 - - *DISMISSED*
## Sentence Order - - *CORRECTED*

Defendant pleaded guilty on June 2, 2003 to Robbery first degree and

Possession of a firearm during the commission of a felony, two counts each; and one

count of Conspiracy second degree. On August 29, 2003, Defendant was sentenced

to twelve years in prison, followed by probation. On August 5, 2004 Defendant

filed this timely motion for postconviction relief.

Under Superior Court Criminal Rule 61(d) the court preliminarily considered the motion and, under Rule 61(d)(3), ordered transcripts of the plea colloquy and sentencing proceedings. As discussed below, it plainly appears from the motion for postconviction relief and the record of prior proceedings that Defendant is not entitled to relief, except that the last two years of his prison sentence are not mandatory. Defendant will be entitled to earn early release credit for the final two years of the prison sentence.

## I.

Defendant presents three grounds for postconviction relief: first, he claims his guilty plea was "involuntary and coerced by counsel and prosecutor." Second, Defendant claims the "[p]rosecution was unfair in a manipulated indictment process." Third, Defendant claims his indictment for Robbery and Possession of a firearm during the commission of a felony "violated double jeopardy."

Because Defendant procedurally defaulted, all of his claims are barred under Rule 61(i)(3). Defendant did not assert his grounds for relief in the proceedings leading to his conviction. Moreover, Defendant did not file a direct appeal. Thus, Defendant had opportunities to raise his concerns before, during and

after he pleaded guilty, but he was silent. He passed-up his chances.

## II.

As a courtesy to Defendant, the court also observes that his grounds for relief are meritless, with a limited exception mentioned above, and discussed below. The specific reason why Defendant claims that his guilty plea was involuntary and coerced is that, "I received 14 years at sentencing. And it was unfair that I was never told by [the judge and counsel] that I could get over 10 years for the plea." Actually, the Truth-In-Sentencing Guilty Plea Form that Defendant carefully reviewed with his lawyer, and which he signed, informed Defendant that he faced as much as twenty years in prison for Robbery first degree and as much as twenty years in prison for Possession of a firearm during the commission of a felony. Moreover, the Form told Defendant that the TIS guidelines recommended from two to five years in prison for Robbery first degree and three years "mm" for a firearm charge. Furthermore, the court told Defendant:

> The two robbery charges that you are pleading guilty to, each one carries a penalty from two to twenty years in prison. You have to receive two years in prison for each one of these robberies.

-3-

> The Possession of a firearm during the commission of a
> felony carries a penalty from three to twenty years. And
> again, you have to receive the minimum three years at
> least.

The court also told Defendant about the sentencing guidelines and that the State

"has not said what it is going to recommend. It could recommend anything from ten

years in prison, the minimum mandatory, up to eighty-two years in prison." The

court went on:

> But the court is not bound by what the State recommends,
> and the court is not bound by the guidelines, so when
> you're sentenced after a presentence investigation, you
> could receive anything from, like we have been saying
> over and over again, ten years in prison minimum up to
> the full eighty-two years.

The court asked Defendant, "Do you follow all that?" And Defendant

replied, "Yes."

Defendant also told the court orally and in writing that no one had

promised what his sentence would be. In summary, the record flatly contradicts

Defendant's claim that he was never told that he could receive more than a ten year

prison sentence. And Defendant has not come close to proving that he was

promised a lesser sentence than the one he received.

Defendant's claim that the prosecution "manipulated" the indictment

-4-

is based on the fact that the State brought an indictment and then re-indicted Defendant to add charges beyond the ones on which Defendant was originally arrested. The Attorney General, not the police, makes the final charging decisions in Delaware. The Attorney General is obligated to review felony cases and decide what charges to bring to the Grand Jury. Sometimes, the Attorney General reduces the original charges and sometimes, as in this case, the Attorney General adds charges through the indictment. Defendant also claims that the Attorney General's adding charges at indictment "violated double jeopardy and prejudiced plea offer." That claim is legally frivolous, not justifying further consideration.

Defendant's final ground for postconviction relief is his claim that his indictment for five counts of Robbery first degree and five counts of Possession of a firearm during the commission of a felony "where property was taken from 5 teller stations with one PFDCF and property taken was a single and continuous act or transaction, it constitutes a single criminal offense . . . ." Therefore, Defendant argues, "the plea agreement for the 2 counts of Robbery and 2 counts of PFDCF is illegal."

It is settled beyond the need for citation that in Delaware a defendant can commit Robbery first degree without actually possessing a deadly weapon,

-5-

much less a firearm. Accordingly, when a defendant commits Robbery first degree and he actually possesses a firearm during the robbery, he is guilty of both the robbery and the firearm offenses. Moreover, Defendant did not just rob five "teller stations." He robbed five tellers, at gunpoint. While Defendant may have had a common scheme to rob all the tellers, each teller was a separate person and because each teller had to stare down Defendant's firearm and each teller will have to live with that for the rest of his or her life, Defendant stood to be convicted for five separate robberies and five related firearm charges. Defendant raised this issue during the plea colloquy and the court basically gave Defendant the same explanation then. The court mentioned the issue again at Defendant's sentencing.

### III.

Defendant's motion indirectly raises a problem that must be addressed, however. The sentence order provides that the three year prison sentences Defendant received for the two, robbery convictions are minimum mandatory. That is incorrect. When Defendant committed the robberies, the minimum mandatory sentence for Robbery first degree was two years. While the prosecution was pending, the minimum sentence was increased to three years and, presumably, the JIC computer that generates sentence orders was reprogrammed to show that the

first three years for a Robbery first degree sentence are mandatory. The computer was not programmed to recognize that the date of offense, rather than the date of sentencing, determines whether the first two or three years of the sentence are mandatory.

At Defendant's sentencing, the court imposed three year, minimum mandatory sentences for the two, firearm charges. The court imposed a two year sentence, suspended for probation on the Conspiracy. As to the robberies, however, the State argued that Defendant should not be given simply the minimum mandatory and the court expressly agreed. Accordingly, instead of sentencing Defendant to the two year, minimum mandatory sentence for each robbery, the court imposed three year sentences.

Taking Defendant's criminal history and the charges to which Defendant pleaded guilty into account, Defendant should consider it fortunate that he received twelve years in prison. The court could have imposed sixteen years in prison and still have remained within the sentencing guideline.

For the foregoing reasons, under Superior Court Criminal Rule 61(d)(4), Defendant's Motion for Postconviction Relief is summarily *DISMISSED*. The sentence is *CORRECTED* to show that the first two years of the sentences for

Robbery first degree are minimum mandatory and the third year of those sentences is subject to earned, early release credit.

The Prothonotary shall notify Defendant.

**IT IS SO ORDERED.**

_____
Judge

oc: Prothonotary (Criminal Division)
pc: Martin B. O'Connor, Deputy Attorney General
    Michael C. Heyden, Esquire
    Michael Ferry, Sentencing Clerk
    Jamar A. White, DCC

-8-

# SUPERIOR COURT
# OF THE STATE OF DELAWARE

FRED S. SILVERMAN
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0669

Submitted: October 25, 2006
Decided: January 26, 2007

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | ID#: 0210011281 |
| | ) | |
| JAMAR A. WHITE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**Upon Defendant's Second Motion for Postconviction Relief – *DENIED***

On June 2, 2003, Defendant pleaded guilty to several, serious, violent felonies. On August 29, 2003, he was sentenced to twelve years in prison, followed by probation. Defendant did not file a direct appeal concerning his plea, sentence, or anything leading to them.

On August 5, 2004, Defendant filed his first motion for postconviction

relief, which the court summarily dismissed under Superior Court Criminal Rule 61(d)(4). Again, Defendant did not file an appeal.

On August 15, 2006, Defendant filed this, his second motion for postconviction relief. As it did in 2004, under Superior Court Criminal Rule 61(d), the court preliminarily considered Defendant's motion. Although the motion appeared to be procedurally barred under Rule 61(i), and subject to summary dismissal under Rule 61(d)(4), the court ordered the attorney general to respond under Rule 61(f). Regrettably, that caution is necessary to reduce the risk that on appeal, the attorney general will not support a favorable ruling.[1] The attorney general responded on September 28, 2006. In this case, the State contends that Defendant is not entitled to relief.

Defendant filed a Rule 61(f)(3) reply on October 25, 2006, contending: his Fifth Amendment right against double jeopardy was violated, the indictment was "erroneous," and his Sixth Amendment right to effective assistance of counsel was

---

[1]  *See, e.g., Webb v. State*, Del. Supr., No. 183, 2005, Per Curiam (November 28, 2005) (ORDER) (Attorney General refuses to argue violation of Rule 61(d)(1) is harmless where motion filed seven years after conviction, and Rule 61(i)(1) bar obviously applicable); *Floyd v. State*, Del. Supr., No. 337, 2006, Ridgely, J. (Aug. 23, 2006) (Attorney General refuses to argue that the court may correct untimely appeal problem through Rule 61, notwithstanding *Middlebrook v. State*, 815 A.2d 739, 743 (Del. 2003)).

also violated.   Not only is Defendant's second motion procedurally barred under

Rule 61(i)(3), it is further barred as repetitive under Rule 61(i)(2).

## I.

Defendant's arguments to the contrary notwithstanding, his second

motion for postconviction relief, in effect, merely requests reargument of the motion

denied in 2004.  Defendant raises essentially the same claims, insisting that "the

concepts initially asserted were clearly misunderstood by the [c]ourt."

Specifically, in his 2004 motion, Defendant raised seven grounds for

relief.  Ground  Three was "Jury indictment violated double jeopardy for Robbery

and PFDC."  Ground Four concerned "Counsel's failure to contact defendant and

file motions." Ground Five alleged "Counsel's apathy in significance of preliminary

process damaged infancy of case."

In his pending motion, Defendant raises three grounds for relief.

Ground One is "FIFTH AMENDMENT RIGHT PRECLUDING DOUBLE

JEOPARDY VIOLATED." Ground Three is " SIXTH AMENDMENT RIGHT TO

COUNSEL WAS VIOLATED BY COUNSEL'S DEFICIENT PERFORMANCE."[2]

Hence, the court concludes that Defendant is simply trying to reargue part of his

---

[2]    Ground Two is discussed below.

-3-

2004 motion.

As the December 6, 2004 Order (reissued on May 4, 2005) says and as mentioned above, Defendant's first motion for postconviction relief was summarily dismissed because it was procedurally barred under Rule 61(i)(3). The court discussed the merits of Defendant's motion in 2004 as a "courtesy" to Defendant. In any event, Defendant did not ask for reargument of the dismissal. Nor did he file an appeal from the dismissal. Thus, it no longer matters whether, as Defendant now alleges, the court "clearly misunderstood" Defendant's claims in 2004. Defendant was obligated to ask for reargument then or file an appeal. He did neither. Now, it is too late.

## II.

To avoid Rule 61(i)'s procedural bars, Defendant argues that he did not challenge the indictment, his current Ground Two claim, in 2004 "due to insufficient assistance of counsel, inadequate legal documentation pertaining to this case, thus leading to a meager examination of this case's evidence . . . ." That explanation is conclusory, and it does not establish cause for relief from the 2004 procedural

-4-

default.[3]

Defendant filed his first motion fourteen months after he pleaded guilty and almost a year after he was sentenced. He filed this motion twenty months after his first one was dismissed and a few days short of three years after his conviction became final.[4] Moreover, as the court explained, orally and in writing, by pleading guilty, Defendant was giving up his right to appeal his conviction. That included his right to challenge the indictment.

The two robbery counts that Defendant pleaded guilty to each charged him with taking money from a different person and threatening each of them at gun point. While all the money Defendant took may have belonged to someone else, the bank, some of the bank's money was in each teller's possession, and Defendant did not have permission from either the bank or the tellers to take the money. And, but for Defendant's threats, neither teller would have let Defendant take money out of the cash drawer for which she was responsible. That raises the second part of Rule

---

[3]    Super. Ct. Crim. R. 61(i)(3)(A).

[4]    Under former Rule 61(i)(1), which applies here, Defendant had three years in which to file. Thus, his second motion is not time-barred.

61(i)(3), prejudice from violation of Defendant's rights.[5]

Defendant has not alleged, much less demonstrated, prejudice to his rights stemming from his failure to challenge the indictment sooner. Defendant was caught shortly after the robberies, and the evidence, direct and circumstantial, was overwhelming. When he pleaded guilty, Defendant admitted that he was guilty. Had Defendant stood on his rights and gone to trial on June 2, 2003, instead of pleading guilty that day, he would now be serving at least twenty years in prison, probably much more. If Defendant had challenged the indictment in 2004 and prevailed, which would have been a miracle, he would have been resentenced for a consolidated robbery and a consolidated firearm charge, each involving his terrorizing five people at gunpoint. Thus, he still would have faced forty years in prison. And, based on his record, which includes a prior armed robbery at an ATM as a juvenile, he would have received a similar sentence to the one he is serving.

As to Defendant's procedural defaults concerning his Ground One and Ground Three claims, Defendant alleges "there was a miscarriage of justice which undermined the legality, integrity, and fairness leading to the judgment of conviction in this case," which almost parrots Rule 61(i)(5). Again, Defendant's allegation is

---

[5]    Super. Ct. Crim. R. 61(i)(3)(B).

conclusory. It takes more than a bare allegation to invoke Rule 61(i)(5).[6]

Moreover, as explained above and below, Defendant was admittedly guilty of the crimes he pleaded guilty to, and the State had more than enough evidence to prove it. As bad as Defendant's sentence is, it could have been much worse, and it still would not have amounted to a miscarriage of justice. In reality, Defendant robbed five innocent people at gunpoint.

### III.

Again as a courtesy, the court assures Defendant that there was no misunderstanding about his double jeopardy claim. As matter of law, if during the course of robbing a single bank, the robber takes money from five tellers at gunpoint, he is committing five counts of robbery first degree.[7] By the same token, if the robber is actually armed with a firearm during the robberies, he is also guilty of five counts of possession of a firearm during the commission of a felony. And, he can lawfully be indicted, convicted and sentenced for all ten counts.

---

[6] *Corkran v. State,* Del. Supr., No. 452,1991, Walsh, J. (February 7, 1992). *See also State v. Butler*, 1989 WL 100490, at *1 (Del. Super.).

[7] *Harrigan v. State*, 447 A.2d 1191, 1192 (Del. 1982) (citing *McCoy v. State*, 361 A.2d 241, 242-43 (Del. 1976)).

It does not matter that defendant took the money during a single bank robbery. Nor does it matter that the money belonged to a single owner, the bank.[8] The cases cited by Defendant actually support the State's position. *Washington v. State* upheld Washington's convictions for robbing the same victim twice in less than a minute.[9] Similarly, *Spencer v. State* upheld Spencer's convictions for shooting the same victim twice.[10] Defendant's argument here is actually weaker than the arguments rejected in *Washington* and *Spencer,* because Defendant robbed different victims.

Perhaps Defendant does not grasp his predicament because he does not see his victims as individuals. But, that is how the law sees them. As Defendant went from teller station to teller station in the bank, bellowing and brandishing a .45 caliber semi-automatic pistol, Defendant threatened each teller. To those innocent, terrified people, this was not just a bank robbery. For each of them, starring at a large caliber handgun while Defendant yelled at them, was an intensely personal,

---

[8] *Reader v. State,* 349 A.2d 745, 747 (Del. 1975). *See also* 11 *Del. C.* § 831(a)(2).

[9] 836 A.2d 485, 488-89 (Del. 2003).

[10] 868 A.2d 821, 824-25 (Del. 2005).

life-or-death moment. Each of Defendant's victims must now live her life with the traumatic memories left by Defendant. And so, Defendant is not in prison for a bank robbery. Defendant is there for what he did to two individuals who simply had the misfortune to cross paths with him on October 17, 2002. That is why Defendant's guilty plea and sentencing do not offend the Constitutional protection against Double Jeopardy.

## IV.

For the foregoing reasons, and as presented in the December 6, 2004 Order, Defendant's second motion for postconviction relief is *DENIED.*

**IT IS SO ORDERED.**

_____
Judge

oc: Prothonotary (Criminal Division)
pc: Martin B. O'Connor, Deputy Attorney General
    Michael C. Heyden, Esquire
    Jamar A. White, DCC

# EXHIBIT 6

# SUPERIOR COURT
# OF THE STATE OF DELAWARE

Fred S. Silverman
Judge

New Castle County Courthouse
500 N. King Street, Suite 10400
Wilmington, Delaware 19801
(302) 255-0669

Submitted: January 19, 2005
Decided: April 26, 2005

STATE OF DELAWARE          )
                           )
        v.                 )    ID#: 0406006921
                           )
JAMAR W. WHITE,            )
                           )
        Defendant.         )

## ORDER

**Upon Defendant's Motion for Postconviction Relief - - Summarily *DENIED***

This is Defendant's motion for postconviction relief under Superior Court Criminal Rule 61. He challenges the guilty plea he entered and the sentence he received on August 29, 2003. Defendant challenges his plea and sentencing for several reasons, including his claims:

- that his guilty plea was involuntary and coerced;
- the prosecution was unfair and manipulative;
- the indictment violated his right against double jeopardy;
- his counsel was ineffective and apathetic;

- the prosecutor's comments at sentencing were improper; and
- the plea agreement was unfulfilled because the sentence exceeded the recommended sentence.

After referral and preliminary consideration under Rule 61(d)(1), it plainly appears from the motion and the record that Defendant is not entitled to relief, and the motion is subject to summary dismissal under Rule 61(d)(4). Defendant's claims were procedurally defaulted under Rule 61(i)(3) and he has failed to show cause for relief from the procedural default and prejudice from violation of his rights. Furthermore, the court observes that Defendant's claims lack substantive merit.

## I.

As discussed in great detail in Section II, below, Defendant was given ample opportunity to question his guilty plea during the colloquy with the court, before the plea was accepted. More importantly, after he pleaded guilty and was sentenced, Defendant did not file a direct appeal.[1] Accordingly, the grounds for relief that he is asserting now were not asserted in the proceedings leading to his conviction and they are barred under Rule 61(i)(3), unless Defendant shows cause

---

[1] *See Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993) (claims not raised on appeal are waived).

-2-

for relief from the procedural default and prejudice from violation of his rights.

Although one of Defendant's claims is that the prosecution violated his right against double jeopardy, Defendant has not attempted to show cause for why he failed to raise the issue on appeal. Otherwise, he has shown neither cause nor prejudice as to his other claims.

Assuming, without holding, that Defendant's ineffective assistant of counsel claims are not barred, they are either conclusory or, as discussed below, flatly contradicted by the record. Defendant has not come close to establishing either of the two tests for ineffective assistance of counsel under *Strickland v. Washington*:[2] substandard performance by his trial counsel, and prejudice.

Defendant did not ask to withdraw his allegedly coerced illegal guilty plea. Even now, Defendant does not specify the relief he seeks. Presumably, Defendant does not want to face trial on all the charges he faced originally, which carry substantially greater penalties than the sentence he received. Reduced to its essence, therefore, Defendant's claim for postconviction relief amounts to his insistence that he should not have received a longer prison sentence than the one called for in his Plea Agreement.

---

[2]    *Strickland v. Washington*, 466 U.S. 668 (1984).

-3-

## II.

The court also observes that Defendant's claims lack substance. For example, Defendant alleges:

> No promise was in print on the plea, but I was told and made to believe by plea judge and counsel that if I took the plea for 10 years, I would get the 10 years . . . . And it is unfair that I was never told by either, that I could get over 10 years for the plea.

Defendant signed a printed, Truth-In-Sentencing Guilty Plea Form stating that, "Defendant was not promised anything that is not stated in his written plea agreement." More importantly, during the guilty-plea colloquy, the court asked Defendant directly, "Has anyone threatened you in any way or promised you anything in order to get you to enter these pleas?" Defendant responded, "No." Then, the court told Defendant:

> The State has not said what it is going to recommend. It could recommend anything from 10 years in prison, the minimum mandatory, up to 82 years in prison. But the court is not bound by what the State recommends, and the court is not bound by the guidelines. So, when you are sentenced after a presentence investigation, you could receive anything from, like we have been saying over and over again, 10 years in prison minimum, up to the full 82 years.

The court then asked Defendant, "Do you follow all that?" And Defendant

responded, "Yes."

In summary, Defendant's claim that his counsel assured or promised Defendant that he would not receive more than 10 years in prison is belied by the papers Defendant signed and by the things Defendant said to the court. Defendant's claim that the court never told him that he could receive more than 10 years in prison is demonstrably untrue.

\* \* \* \* \* \* \* \* \* \* \* \*

The plea colloquy was substantial. Defendant was concerned when he pleaded guilty, as he is now, about the fact that he was indicted for multiple counts of robbery and possession of a firearm during the commission of a felony, even though all the crimes were part of one, continuous course of conduct. Defendant's position has been that because he pointed the same firearm at four people and took money from them all at the same time, he was subject to prosecution for only one Robbery First Degree or one Possession of a Firearm During the Commission of a Felony.

The court actually discussed this with Defendant during the plea colloquy. The court explained that because Defendant intimidated four people into giving him money, he robbed each of them and, therefore, the State was entitled to

-5-

charge Defendant with four robbery counts.

By the same token, it is well-established that a defendant who commits an armed robbery while actually in possession of a firearm can be charged with robbery and possession of the firearm. *See, e.g., Washington v. State.*[3] The point is that under Delaware law, a Defendant is guilty of Robbery First Degree if he merely displays what appears to be a deadly weapon during the course of Robbery Second Degree. To be guilty of first degree robbery, therefore, Defendant does not actually need to possess a deadly weapon, much less a firearm. If, however, Defendant actually possesses a firearm during the commission of a robbery, that additional fact makes Defendant guilty of a weapons charge. And, applying the facts here, *Washington v. State* explains:

> [Defendant's] conviction for [4] counts of possession of a firearm during commission of a felony was proper. If [Defendant] properly could be convicted of [4] counts of robbery, then [4] distinct felonies occurred, during each of which [Defendant] possessed a firearm. We therefore uphold those convictions as well.[4]

\* \* \* \* \* \* \* \* \* \* \* \*

Furthermore, Defendant's accusations against his counsel are countered

---

[3]    836 A.2d 485 (2003).

[4]    836 A.2d at 492.

-6-

by Defendant's statements during the plea colloquy. There, he told the court that he was satisfied with the work performed by his lawyer. And because Defendant pleaded guilty, his claims about his counsel's failure to file suppression motions and counsel's "apathy" are moot.

The court observes from the Affidavit of Probable Cause, that this case involves a bank robbery, at gun-point. As it happened, a probation officer saw Defendant, wearing a ski mask and brandishing a semi-automatic pistol, flee the bank. The probation officer began a pursuit that ended with a Delaware State Police K-9 finding Defendant hiding under bushes. The police recovered Defendant's pistol, a loaded .45 caliber semi-automatic, near where they arrested Defendant. Thus, the weapon was not seized from Defendant's person and there was no reason to suppress it. (Even if a suppression hearing would have proved that the weapon was seized directly from Defendant, the seizure would have been justified as incident to Defendant's arrest.)

Besides that highly incriminating evidence, it appears that Defendant's co-defendant also was arrested shortly after the crimes, and he implicated Defendant. As for Defendant's protests that he was not read his *Miranda* rights, it appears that Defendant invoked them and refused to speak to the police. No harm. No foul.

Finally, Defendant complains that the State asked for more than a ten year prison sentence, which he claims violated the plea agreement. As discussed above, that probably is untrue. Defendant also complains that the court sentenced him to fourteen years in prison "based on terms unexplained and imperceptive to the defendant."[5] Actually, the fourteen year prison sentence was justified by the crimes' impact on Defendants' victims, one of whom could not return to work because she was so traumatized by Defendant. The aggravated sentence also was amply justified by Defendant's criminal history, which includes a prior robbery at an automated teller machine.

### III.

Taking everything into consideration, the court continues to hold that Defendant's accepting the plea agreement was knowing, voluntary, intelligent. It also was prudent. But for the plea agreement, Defendant would likely have gone to trial and he would have wound up in prison for most of the rest of his life. Similarly, the court stands by its earlier decision, which denied Defendant's motion for sentence reduction. Presumably, it was that motion's denial that precipitated this one.

---

[5] *See Rojas v. State*, 807 A.2d 1128 (Del. 2002) (prosecutor's recommendations are not binding on the sentencing judge where defendant's sentence is within the statutory limits).

-8-

## IV.

For the foregoing reasons, Defendant's Motion for Postconviction Relief is summarily *DISMISSED*. The Prothonotary shall notify Defendant.

**IT IS SO ORDERED.**

_____
Judge

oc: Prothonotary (Criminal Division)
pc: Martin B. O'Connor, Deputy Attorney General
    Michael Heyden, Esquire
    Jamar W. White, DCC

# EXHIBIT 7

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| JAMAR A. WHITE, | § |
| | § No. 81, 2007 |
| Defendant Below- | § |
| Appellant, | § |
| | § |
| | § Court Below—Superior Court |
| v. | § of the State of Delaware |
| | § in and for New Castle County |
| STATE OF DELAWARE, | § Cr. ID No. 0210011281 |
| | § |
| Plaintiff Below- | § |
| Appellee. | § |

Submitted: July 13, 2007
Decided: August 24, 2007

Before **STEELE**, Chief Justice, **HOLLAND** and **JACOBS**, Justices

**O R D E R**

This 24th day of August 2007, upon consideration of the briefs on appeal and the record below, it appears to the Court that:

(1)    The defendant-appellant, Jamar A. White, filed an appeal from the Superior Court's January 26, 2007, order denying his second motion for postconviction relief pursuant to Superior Court Criminal Rule 61. We find no merit to the appeal. Accordingly, we affirm.

(2)    In June 2003, White pleaded guilty to two counts of Robbery in the First Degree, two counts of Possession of a Firearm During the Commission of a Felony, and one count of Conspiracy in the Second Degree. He was sentenced to a total of twelve years of Level V

incarceration, to be followed by probation. White did not file a direct appeal of his convictions and sentences, nor did he appeal from his previous postconviction motion.

(3)    On this appeal White claims that: a) he was improperly charged in the indictments; b) his convictions of five robbery charges and five weapon charges constituted a double jeopardy violation; c) his counsel provided ineffective assistance; and d) the Superior Court erred and abused its discretion by denying his postconviction motion as procedurally barred.

(4)    The record reflects that White asserted his claims previously in his first postconviction motion. As such, they are barred in this proceeding as formerly adjudicated unless reconsideration of the claims is warranted in the interest of justice.[1]    White has articulated no grounds to justify reconsideration of his claims. Therefore, we conclude that the Superior Court's decision denying White's claims is correct, albeit for reasons different from those articulated by the Superior Court.[2]

---

[1] Super. Ct. Crim. R. 61(i) (4).
[2] The Superior Court relied on Super. Ct. Crim. R. 61(i) (2) and (3) in denying White's postconviction motion. *Unitrin, Inc. v. American General Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (This Court may affirm a judgment of the Superior Court on grounds different from those articulated by the Superior Court.)

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_Randy J Holland_
Justice

# EXHIBIT 8

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMAR A. WHITE, | § | |
| | § | No. 81, 2007 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | in and for New Castle County |
| STATE OF DELAWARE, | § | Cr. ID No. 0210011281 |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: September 20, 2007
Decided: September 28, 2007

Before **STEELE**, Chief Justice, **HOLLAND, JACOBS** and **RIDGELY**, Justices, constituting the qualified members of the Court *en Banc*.

### O R D E R

This 28th day of September 2007, the Court has carefully considered the motion for rehearing *en Banc* filed by the appellant and the State's answer to that motion. The Court has concluded that the motion for rehearing *en Banc* is without merit and should be denied.

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion for rehearing *en Banc* is DENIED.

BY THE COURT:

Justice

# EXHIBIT 9

Eligible: Y  N

CLIENT INTERVIEW WORKSHEET

The Defendant Should Verify The Following Information:

Name: JAMAR A WHITE                   True Name if Different:_____
Address: 5813 IRONHORSE RD            Nickname:

   RICHMOND          VA 23243-     County:

Client lives with:_____    Phone: 804 271-4636  Owned by:_____
Employer: TARGET                     Phone:                Occ:

Drivers License - State: VA  Number: T69840246      Expires: 20/07
Age: 20       Date of Birth: 08/19/1982    Place of Birth: ARIZONA

   Social Security Number: 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    Marital Status: SINGLE
             Race: BLACK                  Height: 5 ft. 11 in.
     Ethnic Origin: NON-HISPANIC          Weight: 160
             Sex: M                       Eye Color: BROWN
        Religion: NO PREFERENC  Right/Left Handed: RIGHT HANDED
      Skin Color: MEDIUM BRO             Hair Color: BLACK
Scars/Marks/Tattoos:              Hair Description:

     Education:  1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 PG
==============================================================================
                    PUBLIC DEFENDER USE
Corr. Status: DETENTIONER HOLD    Institut: GH    In Custody Since:
Bail Total: 180000.  Made: N Security:                        Location:
 Arrest -   Date: 10/17/2002                    Time:
         Agency: TROOP 2 STATE POLICE           Officer: KLINE
       Location: 814 PHILADELPHIA PIKE FIRST UN                    -
 Referral - Court:                              Date:
   Current Court: NEW CASTLE COUNTY COURT OF COMMON PLEAS
First Public Defender Event-Type: PRELIMINARY H Date: 10/22/2002 Time: 08:30
Date of Interview:
Sup.Ct.Ag: NO DAG ASSIGNMENT              Prob/Parole Officer:

            Case Control Numbers - Office Use Only

       Public Defender Case Number................: _____
       Criminal Justice Uniform Case Number.......: 0210011281
       State Bureau of Identification Number......: 00414978
       Department of Justice Number...............:
       Judicial Information Center Defendant ID...:
       Family Court Incident Number...............:

        Charges against the client in this court case.

     Charge
     Date         Crim.Act.#          Statute         Description
   10/17/2002   PN02A 2101      11 0832 00A2 BF   ROBBERY 1ST
   10/17/2002   PN02A 2102      11 0832 00A2 BF   ROBBERY 1ST
   10/17/2002   PN02A 2103      11 0832 00A2 BF   ROBBERY 1ST
   10/17/2002   PN02A 2104      11 0832 00A2 BF   ROBBERY 1ST
   10/17/2002   PN02A 2105      11 0832 00A2 BF   ROBBERY 1ST
   10/17/2002   PN02A 2106      11 1447 A00A BF   PFDCF
   10/17/2002   PN02A 2107      11 1239 000A EF   DISGUISE
   10/17/2002   PN02A 2108      11 0851 0000 GF   RSP >$1000

        — Co A Corey Bowman —

JAMAR A WHITE

CLIENT'S CODEFENDANTS

| Urri Case No | Name | Arr Date | Elig. | Public Defender |
|---|---|---|---|---|
| 0210011323 | BOWMAN , COREY P | 10/17/2002 | | |

EO - H.S.

Record - Robbery - 9x 16 DE

10/17/2002 PN02A 2109 11 0512 0001 GF CONSP 2ND

In From VA, going to south Maryland

Came to DE 1 mos ago, supposed to send background info to VA, waited 3 weeks. Said could still give 2K

it's his dad's gun, another guy went in Bank guy named Kenny went in Bank - Braid in hair, same complex no beard same size. D + Bowman outside, Print will be Kenny's

D fingerprints will be on glove,

D gave him gun + Kenny went to do business,

D was above ground, using bathroom, saw guy come up + held him. D knew what Kenny was going to do

Fibers - would show him

wife will print

Adult Complaint and Warrant
## In the Justice of the Peace Court
In and for the
## State of Delaware

State of Delaware vs. **JAMAR A. WHITE**

I, DET. RONALD N KLINE (4723) of TROOP 2 STATE POLICE, do hereby state under oath or affirmation, to the best of my knowledge, information and belief that the above-named accused violated the laws of the State of Delaware by committing criminal acts in **New Castle** county on or about the date, or dates, and at or about the location, or locations, as indicated in Exhibit A hereto attached and made a part hereof.

Wherefore, your affiant prays that the above-named accused may be forthwith approached and held to answer this complaint consisting of **9** charges, and to be further dealt with as the law directs.

X_____
Affiant

Sworn to and subscribed to before me this ____ day of _____, AD

_____.

_____
Judge/Master/Commissioner/Court Official

(To be completed by the Judge/Master/Commissioner/Court Official)

A. _____ The crime was committed by a child.
B. _____ A misdemeanor was committed against a child.
C. _____ A misdemeanor was committed by one family member against another family member.
D. _____ Other: Explain _____

Warrant

To any constable or other authorized person:

Whereas, the foregoing complaint consisting of **9** charges, having been made, as listed in Exhibit A which is attached hereto and incorporated herein, and having determined that said complaint has been properly sworn to and having found that there exists probable cause for the issuance of process, based upon the affidavit of probable cause which is attached hereto and incorporated herein as Exhibit B, you are hereby commanded in the name of the State of Delaware, to take **JAMAR A. WHITE** accused, and bring same before

**Justice of the Peace Court 02, FORTHWITH, to answer said charges.**

GIVEN UNDER MY HAND, this ____ day of _____, AD _____.

_____
Judge/Master/Commissioner/Court Official

Executed on _____ by _____
Case Number: **02 10 011281**   Warrant Number: 02 02 001930

State of Delaware vs. **JAMAR A. WHITE** Case: **02 10 011281**

## Exhibit A

Charge Sequence: 001          Police Complaint Number: 01 02 100780          Arrest Number: _____
Charge: **Robbery First Degree Displays What Appears to be a Deadly Weapon** In Violation of 11 <u>Del.C.</u> § 0832 00A2 F B
Location: 814 PHILADELPHIA PIKE - FIRST UNION NATIONAL BANK - WILMINGTON, 19809
TO WIT: JAMAR A WHITE, on or about the 17th day of OCTOBER, 2002, in the County of NEW CASTLE, State of Delaware, did when in the course of committing theft, threaten-use-of-immediate-force upon MARY JO GRIER with the intent to compel MARY JO  GRIER to deliver up property consisting of Money and when in the course of the commission of the crime or the immediate flight therefrom, he displayed what appeared to be a deadly weapon, a HANDGUN.

Charge Sequence: 002          Police Complaint Number: 01 02 100780          Arrest Number: _____
Charge: **Robbery First Degree Displays What Appears to be a Deadly Weapon** In Violation of 11 <u>Del.C.</u> § 0832 00A2 F B
Location: 814 PHILADELPHIA PIKE - FIRST UNION NATIONAL BANK - WILMINGTON, 19809
TO WIT: JAMAR A WHITE, on or about the 17th day of OCTOBER, 2002, in the County of NEW CASTLE, State of Delaware, did when in the course of committing theft, threaten-use-of-immediate-force upon CHERYL Y WEEKS with the intent to compel CHERYL Y WEEKS to deliver up property consisting of Money and when in the course of the commission of the crime or the immediate flight therefrom, he displayed what appeared to be a deadly weapon, a HANDGUN.

Charge Sequence: 003          Police Complaint Number: 01 02 100780          Arrest Number: _____
Charge: **Robbery First Degree Displays What Appears to be a Deadly Weapon** In Violation of 11 <u>Del.C.</u> § 0832 00A2 F B
Location: 814 PHILADELPHIA PIKE - FIRST UNION NATIONAL BANK - WILMINGTON, 19809
TO WIT: JAMAR A WHITE, on or about the 17th day of OCTOBER, 2002, in the County of NEW CASTLE, State of Delaware, did when in the course of committing theft, threaten-use-of-immediate-force upon ELLEN W BAUM with the intent to compel ELLEN W BAUM to deliver up property consisting of Money and when in the course of the commission of the crime or the immediate flight therefrom, he displayed what appeared to be a deadly weapon, a HANDGUN.

Charge Sequence: 004          Police Complaint Number: 01 02 100780          Arrest Number: _____
Charge: **Robbery First Degree Displays What Appears to be a Deadly Weapon** In Violation of 11 <u>Del.C.</u> § 0832 00A2 F B
Location: 814 PHILADELPHIA PIKE - FIRST UNION NATIONAL BANK - WILMINGTON, 19809
TO WIT: JAMAR A WHITE, on or about the 17th day of OCTOBER, 2002, in the County of NEW CASTLE, State of Delaware, did when in the course of committing theft, threaten-use-of-immediate-force upon TASHA RENNE CREWS with the intent to compel TASHA RENNE CREWS to deliver up property consisting of Money and when in the course of the commission of the crime or the immediate flight therefrom, he displayed what appeared to be a deadly weapon, a HANDGUN.

Charge Sequence: 005          Police Complaint Number: 01 02 100780          Arrest Number: _____
Charge: **Robbery First Degree Displays What Appears to be a Deadly Weapon** In Violation of 11 <u>Del.C.</u> § 0832 00A2 F B
Location: 814 PHILADELPHIA PIKE - FIRST UNION NATIONAL BANK - WILMINGTON, 19809
TO WIT: JAMAR A WHITE, on or about the 17th day of OCTOBER, 2002, in the County of NEW CASTLE, State of Delaware, did when in the course of committing theft, threaten-use-of-immediate-force upon DARIA L RUTH with the intent to compel DARIA L RUTH to deliver up property consisting of Money and when in the course of the commission of the crime or the immediate flight therefrom, he displayed what appeared to be a deadly weapon, a HANDGUN.

Charge Sequence: 006          Police Complaint Number: 01 02 100780          Arrest Number: _____
Charge: **Possession of a Firearm During the Commission of a Felony** In Violation of 11 <u>Del.C.</u> § 1447 A00A F B

State of Delaware vs. **JAMAR A. WHITE** Case: **02 10 011281**
Location: 814 PHILADELPHIA PIKE - FIRST UNION NATIONAL BANK - WILMINGTON, 19809
TO WIT: JAMAR A WHITE, on or about the 17th day of OCTOBER, 2002, in the County of NEW CASTLE, State
of Delaware, did possess a firearm during the commission of the felony of ROBBERY FIRST DEGREE.


Charge Sequence: 007             Police Complaint Number: 01 02 100780     Arrest Number: _____
Charge: **Wearing a Disguise During the Commission of a Felony** In Violation of 11 Del.C. § 1239 000A F E
Location: 814 PHILADELPHIA PIKE - FIRST UNION NATIONAL BANK - WILMINGTON, 19809
TO WIT: JAMAR A WHITE, on or about the 17th day of OCTOBER, 2002, in the County of NEW CASTLE, State
of Delaware, did wear a full face ski mask into the first union bank during a armed robbery to conceal his
identity.


Charge Sequence: 008             Police Complaint Number: 01 02 100780     Arrest Number: _____
Charge: **Receiving Stolen Property-Over $1000** In Violation of 11 Del.C. § 0851 0000 F G
Location: 814 PHILADELPHIA PIKE - FIRST UNION NATIONAL BANK - WILMINGTON, 19809
TO WIT: JAMAR A WHITE, on or about the 17th day of OCTOBER, 2002, in the County of NEW CASTLE, State
of Delaware, did intentionally receive 1991 CHRYSLER NEW YORKER belonging to Mona Y. Wyatt, intending
to appropriate same and believing such property, the value of which is in excess of $1000.00, was acquired
under circumstances amounting to theft.


Charge Sequence: 009             Police Complaint Number: 01 02 100780     Arrest Number: _____
Charge: **Conspiracy Second Degree-Agreement to Engage in Felony Criminal Conduct** In Violation of 11 Del.C. § 0512
0001 F G
Location: 814 PHILADELPHIA PIKE - FIRST UNION NATIONAL BANK - WILMINGTON, 19809
TO WIT: JAMAR A WHITE, on or about the 17th day of OCTOBER, 2002, in the County of NEW CASTLE, State
of Delaware, did when intending to promote the commission of a felony, did agree with COREY M. BOWMAN
BM (05/28/1980) to engage in conduct constituting the felony of ROBBERY FIRST DEGREE and did commit
an overt act in the furtherance of said conspiracy by committing ROBBERY FIRST DEGREE.

State of Delaware vs. **JAMAR A. WHITE** Case: **02 10 011281**

## Exhibit B

SBI Number: **00414978**                                    Also Known As:
Date of Birth/Age: **Aug 19, 1982 (20)**          Sex: **Male**
Eye Color: **Brown**          Hair Color: **Black**          Height: **5'11"**    Weight: **160 lbs**          Race: **Black**
Driver's License: **VA - T69840246**                    Social Security Number: **253592105**
Address:   **5813 IRONHORSE RD**
          **RICHMOND, VA 23243**


Phone:   **(804) 271-4636**
Employer: **TARGET**
          **unknown**
          **RICHMOND, VA 23242**



Date and Times of Offense: **10/17/2002 at 1345**
Location of Offense: **814 PHILADELPHIA PIKE - FIRST UNION NATIONAL BANK - WILMINGTON, 19809**



Your affiant DET. RONALD N KLINE can truly state that:
  1. YOUR AFFIANT IS A SWORN MEMBER OF THE DELAWARE STATE POLICE PRESENTLY  ASSIGNED TO THE CRIMINAL INVESTIGATION UNIT AT DSP TROOP 2, 168 S.DUPONT HWY. NEW CASTLE DE. 19720.
  2. YOUR AFFIANT WAS ASSIGNED TO INVESTIGATE A REPORTED ARMED ROBBERY AT THE FIRST UNION NATIONAL BANK LOCATED AT 814 PHILADELPHIA PIKE WILMINGTON DE. 19809 IN NEW CASTLE COUNTY.
  3. YOUR AFFIANT LEARNED THE FOLLOWING FACTS : ON THURSDAY 10/17/2002 AT 1345 HRS., A BM, 5"08-6"00, 160-180 LBS., WEARING DARK CLOTHING AND A BLACK SKI MASK OVER HIS HEAD/FACE ENTERED THE BANK AND IMMEDIATELY VAULTED THE TRANSACTION COUNTER WHILE DISPLAYING A BLACK SEMIAUTOMATIC STYLE HANDGUN. THE SUSPECT THEN CONTACTED VICT/RUTH WHO IS EMPLOYED BY THE BANK AS A TELLER AND DEMANDED USC FROM THE CASH DRAWER. V/RUTH COMPLIED AND PLACED AN UNK. AMOUNT OF USC INTO A BAG PROVIDED BY THE SUSPECT. THE SUSPECT THEN CONTACTED VICT/CREWS WHO IS EMPLOYED BY THE BANK AS A TELLER AND DEMANDED USC FROM HER CASH DRAWER. V/CREWS COMPLIED AND THE SUSPECT REMOVED AN UNK. AMOUNT OF USC FROM HER CASH DRAWER. THE SUSPECT THEN CONTACTED VICT/BAUM WHO IS EMPLOYED BY THE BANK AS A TELLER  AND DEMANDED USC. V/BAUM HAD HER DRAWER LOCKED AND WAS UNABLE TO OPEN SAME AS THE SUSPECT POINTED THE GUN AT HER. THE SUSPECT THEN CONTACTED VICT/WEEKS WHO IS EMPLOYED BY THE BANK AS A TELLER AND DEMANDED USC FROM HER. V/WEEKS OPENED HER DRAWER AND HID UNDER THE COUNTER AS THE SUSPECT REMOVED AN UNK. AMOUNT OF USC FROM HER DRAWER. THE SUSPECT THEN CONTACTED VICT/GRIER WHO IS EMPLOYED BY THE BANK AS A TELLER AND DEMANDED USC FROM HER. V/GRIER COMPLIED BY OPENING HER DRAWER AND THE SUSPECT REMOVED AN UNK. AMOUNT OF USC FROM HER DRAWER. THE SUSPECT THEN RETURNED TO VICT/RUTH"S TELLER AREA AND JUMPED BACK OVER THE COUNTER AND FLED VIA THE FRONT DOORS.
  4. YOUR AFFIANT LEARNED THAT PROBATION & PAROLE OFFICER PHIL MCLAUGHLIN PR756 WAS PREPARING TO ENTER THE BANK WHEN HE OBSERVED THE MASKED SUSPECT EXIT WEARING A BLACK SKI MASK AND CARRYING A BLACK BAG AND A GUN. WIT/MCLAUGHLIN OBSERVED THE SUSPECT ENTER A DARK COLORED VEHICLE WITH PENNSYLVANIA REGISTRATION PLATES AND FLEE N/B ON

_____
Affiant
Sworn and subscribed before me this 17th day of October AD, 2002

_____
Judge/Master/Commissioner/Court Official

State of Delaware vs. **JAMAR A. WHITE** Case: 02 10 011281

PHILADELPHIA PIKE. WIT/MCLAUGHLIN RETURNED TO HIS VEHICLE AND PURSUED THE SUSPECT WHILE REPORTING THE INCIDENT TO RECOM. WIT/MCLAUGHLIN FOLLOWED THE SUSPECT AND PROVIDED A PENNSYLVANIA REGISTRATION #EYK0926 THAT WAS FOUND TO BE RECENTLY REPORTED STOLEN FROM THE NEARBY HARBOR HOUSE APTS. BY VEHICLE OWNER - MONA WYATT. A SUBSEQUENT ALARM WAS RECEIVED FROM THE BANK THAT WAS CONFIRMED VIA A CALL BACK REPORTING THE ARMED ROBBERY AND SUSPECT VEHICLE. WIT/MCLAUGHLIN FOLLOWED THE SUSPECT UNTIL HE ABANDONED THE SUSPECT VEHICLE IN THE AREA OF 1301 BIRCH LANE AND FLED ON FOOT. WIT/MCLAUGHLIN OBSERVED THE SUSPECT RUNNING WITH A BLACK SEMI AUTOMATIC HANDGUN IN HIS RIGHT HAND BEFORE HE SCALED A 6" STOCKADE FENCE AND DISAPPEARED OUT OF SIGHT.

5. A PERIMETER WAS ESTABLISHED BY DSP, P&P AND THE NCCPD AND A K-9 TRACK WAS INITIATED AT THE LOCATION WHERE THE SUSPECT WAS LAST SEEN. DURING THE SEARCH FOR THE ARMED SUSPECT, ADDITIONAL INFORMATION WAS OBTAINED REGARDING THE VEHICLE THEFT THAT IDENTIFIED A SUBSEQUENT VEHICLE INVOLVED WITH THAT INCIDENT. A GB WAS AIRED FOR A RED FORD COMPACT VEHICLE BEARING VA.REGISTRATION #JBP6619 AND THIS VEHICLE WAS LOCATED AND STOPPED BY DSP ALONG GOV.PRINTZ BLVD. AT LORE AVE. THE LONE BM OPERATOR WAS TAKEN INTO CUSTODY AND IDENTIFIED AS ACCUSED/BOWMAN FROM RICHMOND VA. WHO ADVISED HE WAS DRIVING AROUND LOOKING FOR ACCUSED/WHITE. THE VEHICLES REGISTRATION IDENTIFIED THE OWNER AS ACCUSED/WHITE.

6. AT APPROXIMATELY 1439 HRS., ACCUSED/WHITE WAS LOCATED HIDING UNDER A GROUP OF BUSHES ON THE PROPERTY OF THE VILLAGE AT FOX POINT ON GOVERNORS PRINTZ BLVD. A SEARCH OF THE AREA PRODUCED A GRAY SWEATSHIRT, A PAIR OF BLACK GLOVES, A LOADED .45 CAL SEMI AUTOMATIC HANDGUN AND TWO WHITE NIKE SNEAKERS. ACCUSED/WHITE UPON BEING TAKEN INTO TO CUSTODY WAS NOT WEARING ANY SHOES.

7. A SEARCH OF THE STOLEN/RECOVERED MOTOR VEHICLE PRODUCED A BAG CONTAINING APPROX. $9000.00 USC INCLUDING THE BAIT MONEY OBTAINED FROM V/RUTH AND A BLACK SKI MASK.

8. A POST MIRANDA INTERVIEW WITH ACCUSED/BOWMAN WAS CONDUCTED AT DSP TROOP 1 BY DET.DAN BRAMBLE 4215/DSP-2 ON THIS DATE. ACCUSED/BOWMAN PROVIDED A DETAILED CONFESSION PERTAINING TO THE BANK ROBBERY AND THE STOLEN MOTOR VEHICLE OBTAINED TO COMMIT SAME. ACCUSED/BOWMAN IDENTIFIED HIS CO-CONSPIRATOR AS ACCUSED/WHITE AND PROVIDED INFORMATION CONSISTENT WITH THE PLANNING AND EXECUTION OF THE ROBBERY INCLUDING HIS PERCENTAGE OF THE STOLEN USC.

9. A POST MIRANDA INTERVIEW WAS ATTEMPTED WITH ACCUSED/WHITE AT DSP TROOP 2 AND HE REFUSED TO BE INTERVIEWED.

10. YOUR AFFIANT BELIEVES BASED ON THE AFOREMENTIONED FACTS, THAT YOUR AFFIANT HAS CLEARLY LINKED THE ACCUSED/WHITE, JAMAR A. BM (08/191982) AND THE ACCUSED/BOWMAN, COREY M. BM (05/28/1980) TO THE CRIMES LISTED WITHIN THE BODY OF THIS WARRANT. (AT THE TIME OF THIS WARRANT CREATION, THE INDIVIDUAL USC AMOUNTS PER VICTIM WAS NOT AVAILABLE) THE STOLEN/RECOVERED MV REPORT IS FILED UNDER DSP COMPL. # 01-02-100813.

Affiant: DET. RONALD N KLINE (4723) of TROOP 2 STATE POLICE

| Victims: | Date of Birth | Relationship Victim to Defendant |
|---|---|---|
| DARIA L RUTH | 12/26/1978 | Stranger |
| TASHA RENNE CREWS | 10/11/1983 | Stranger |
| ELLEN W BAUM | 05/07/1948 | Stranger |
| CHERYL Y WEEKS | 06/11/1960 | Stranger |
| MARY JO GRIER | 02/06/1970 | Stranger |
| SOCIETY/PUBLIC | | Victimless Crime |
| Victimless Crime | | |
| Victimless Crime | | |
| Victimless Crime | | |
| Victimless Crime | | |
| Victimless Crime | | |

_____
Affiant

Sworn and subscribed before me this 17th day of October AD, 2002

_____
Judge/Master/Commissioner/Court Official

State of Delaware vs. **JAMAR A. WHITE** Case: **02 10 011281**
Victimless Crime

_____
Affiant

Sworn and subscribed before me this 17th day of October AD, 2002

_____
Judge/Master/Commissioner/Court Official

OCT-17-2002 THU 09:56 PM    JP 2 VIDEO COURT                                    P. 01

Adult Complaint and Warrant
## In the Justice of the Peace Court
In and for the
### State of Delaware

State of Delaware vs. JAMAR A. WHITE

I, DET. RONALD N KLINE (4723) of TROOP 2 STATE POLICE, do hereby state under oath or affirmation, to the best of my knowledge, information and belief that the above-named accused violated the laws of the State of Delaware by committing criminal acts in **New Castle** county on or about the date, or dates, and at or about the location, or locations, as indicated in Exhibit A hereto attached and made a part hereof.

Wherefore, your affiant prays that the above-named accused may be forthwith approached and held to answer this complaint consisting of 9 charges, and to be further dealt with as the law directs.

X _Det. Ronald_ _____  JP-2
                    Affiant

Sworn to and subscribed to before me this 17th day of October AD, 2002.

_____
Judge/Master/Commissioner/Court Officer

(To be completed by the Judge/Master/Commissioner/Court Officer)
A. _____ The crime was committed by a child.
B. _____ A misdemeanor was committed against a child.
C. _____ A misdemeanor was committed by one family member against another family member.
D. _____ Other: Explain

### Warrant

To any constable or other authorized person;

Whereas, the foregoing complaint consisting of 9 charges, having been made, as listed in Exhibit A which is attached hereto and incorporated herein, and having determined that said complaint has been properly sworn to and having found that there exists probable cause for the issuance of process, based upon the affidavit of probable cause which is attached hereto and incorporated herein as Exhibit B, you are hereby commanded in the name of the State of Delaware, to take JAMAR A. WHITE accused, and bring same before

**Justice of the Peace Court 02, FORTHWITH, to answer said charges.**

GIVEN UNDER MY HAND, this 17th day of October AD, 2002.

_____
Judge/Master/Commissioner/Court Officer

Executed on  10-17-02  by  Det. Kline  4723
Case Number: 02 10 011281    Warrant Number: 02 02 001950

ARREST # 135644

OCT-17-2002 THU 09:57 PM    JP 2 VIDEO COURT                                P. 02

State of Delaware vs. **JAMAR A. WHITE** Case: 02 10 011281

Exhibit A

Charge Sequence: 001          Police Complaint Number: 01 02 100780      Arrest Number: _____ 11 Del.C. § 0832 00A2 F B
Charge: **Robbery First Degree Displays What Appears to be a Deadly Weapon**
Location: 814 PHILADELPHIA PIKE - FIRST UNION NATIONAL BANK - WILMINGTON, 19809
TO WIT: JAMAR A WHITE, on or about the 17th day of OCTOBER, 2002, in the County of NEW CASTLE, State
of Delaware, did when in the course of committing theft, threaten-use-of-immediate-force upon MARY JO
GRIER with the intent to compel MARY JO GRIER to deliver up property consisting of Money and when in the
course of the commission of the crime or the immediate flight therefrom, he displayed what appeared to be a
deadly weapon, a HANDGUN.

Charge Sequence: 002          Police Complaint Number: 01 02 100780      Arrest Number: _____
Charge: **Robbery First Degree Displays What Appears to be a Deadly Weapon** In Violation of 11 Del.C. § 0832 00A2 F B
Location: 814 PHILADELPHIA PIKE - FIRST UNION NATIONAL BANK - WILMINGTON, 19809
TO WIT: JAMAR A WHITE, on or about the 17th day of OCTOBER, 2002, in the County of NEW CASTLE, State
of Delaware, did when in the course of committing theft, threaten-use-of-immediate-force upon CHERYL Y
WEEKS with the intent to compel CHERYL Y WEEKS to deliver up property consisting of Money and when in
the course of the commission of the crime or the immediate flight therefrom, he displayed what appeared to
be a deadly weapon, a HANDGUN.

Charge Sequence: 003          Police Complaint Number: 01 02 100780      Arrest Number: _____
Charge: **Robbery First Degree Displays What Appears to be a Deadly Weapon** In Violation of 11 Del.C. § 0832 00A2 F B
Location: 814 PHILADELPHIA PIKE - FIRST UNION NATIONAL BANK - WILMINGTON, 19809
TO WIT: JAMAR A WHITE, on or about the 17th day of OCTOBER, 2002, in the County of NEW CASTLE, State
of Delaware, did when in the course of committing theft, threaten-use-of-immediate-force upon ELLEN W
BAUM with the intent to compel ELLEN W BAUM to deliver up property consisting of Money and when in the
course of the commission of the crime or the immediate flight therefrom, he displayed what appeared to be a
deadly weapon, a HANDGUN.

Charge Sequence: 004          Police Complaint Number: 01 02 100780      Arrest Number: _____
Charge: **Robbery First Degree Displays What Appears to be a Deadly Weapon** In Violation of 11 Del.C. § 0832 00A2 F B
Location: 814 PHILADELPHIA PIKE - FIRST UNION NATIONAL BANK - WILMINGTON, 19809
TO WIT: JAMAR A WHITE, on or about the 17th day of OCTOBER, 2002, in the County of NEW CASTLE, State
of Delaware, did when in the course of committing theft, threaten-use-of-immediate-force upon TASHA
RENNE CREWS with the intent to compel TASHA RENNE CREWS to deliver up property consisting of Money
and when in the course of the commission of the crime or the immediate flight therefrom, he displayed what
appeared to be a deadly weapon, a HANDGUN.

Charge Sequence: 005          Police Complaint Number: 01 02 100780      Arrest Number: _____
Charge: **Robbery First Degree Displays What Appears to be a Deadly Weapon** In Violation of 11 Del.C. § 0832 00A2 F B
Location: 814 PHILADELPHIA PIKE - FIRST UNION NATIONAL BANK - WILMINGTON, 19809
TO WIT: JAMAR A WHITE, on or about the 17th day of OCTOBER, 2002, in the County of NEW CASTLE, State
of Delaware, did when in the course of committing theft, threaten-use-of-immediate-force upon DARIA L
RUTH with the intent to compel DARIA L RUTH to deliver up property consisting of Money and when in the
course of the commission of the crime or the immediate flight therefrom, he displayed what appeared to be a
deadly weapon, a HANDGUN.

Charge Sequence: 006          Police Complaint Number: 01 02 100780      Arrest Number: _____
Charge: **Possession of a Firearm During the Commission of a Felony** In Violation of 11 Del.C. § 1447 A00A F B

OCT-22-2002 TUE 09:46 AM                                                            P. 05

OCT-17-2002 THU 08:58 PM     JP 2 VIDEO COURT                                       P. 03

State of Delaware vs. **JAMAR A. WHITE** Case: 02 10 011281
Location: 814 PHILADELPHIA PIKE · FIRST UNION NATIONAL BANK · WILMINGTON, 19809
TO WIT: JAMAR A WHITE, on or about the 17th day of OCTOBER, 2002, in the County of NEW CASTLE, State
of Delaware, did possess a firearm during the commission of the felony of ROBBERY FIRST DEGREE.

Charge Sequence: 007          Police Complaint Number: 01 02 100780     Arrest Number: _____
Charge: **Wearing a Disguise During the Commission of a Felony** In Violation of 11 Del.C. § 1239 000A F E
Location: 814 PHILADELPHIA PIKE · FIRST UNION NATIONAL BANK · WILMINGTON, 19809
TO WIT: JAMAR A WHITE, on or about the 17th day of OCTOBER, 2002, in the County of NEW CASTLE, State
of Delaware, did wear a full face ski mask into the first union bank during a armed robbery to conceal his
identity.

Charge Sequence: 008          Police Complaint Number: 01 02 100780     Arrest Number: _____
Charge: **Receiving Stolen Property-Over $1000** In Violation of 11 Del.C. § 0851 0000 F G
Location: 814 PHILADELPHIA PIKE · FIRST UNION NATIONAL BANK · WILMINGTON, 19809
TO WIT: JAMAR A WHITE, on or about the 17th day of OCTOBER, 2002, in the County of NEW CASTLE, State
of Delaware, did intentionally receive 1991 CHRYSLER NEW YORKER belonging to Mona Y. Wyatt, intending
to appropriate same and believing such property, the value of which is in excess of $1000.00, was acquired
under circumstances amounting to theft.

Charge Sequence: 009          Police Complaint Number: 01 02 100780     Arrest Number: _____
Charge: **Conspiracy Second Degree-Agreement to Engage in Felony Criminal Conduct** In Violation of 11 Del.C. § 0512
0001 F G
Location: 814 PHILADELPHIA PIKE · FIRST UNION NATIONAL BANK · WILMINGTON, 19809
TO WIT: JAMAR A WHITE, on or about the 17th day of OCTOBER, 2002, in the County of NEW CASTLE, State
of Delaware, did when intending to promote the commission of a felony, did agree with COREY M. BOWMAN
BM (05/28/1980) to engage in conduct constituting the felony of ROBBERY FIRST DEGREE and did commit
an overt act in the furtherance of said conspiracy by committing ROBBERY FIRST DEGREE.

OCT-17-2002 THU 08:58 PM     JP 2 VIDEO COURT     P. 04

State of Delaware vs. JAMAR A. WHITE Case: 02 10 011281

## Exhibit B

SBI Number: 00414978
Date of Birth/Age: Aug 19, 1982 (20)
Eye Color: Brown     Hair Color: Black
Driver's License: VA - T69840246
Address: 5813 IRONHORSE RD
         RICHMOND, VA 23243

Also Known As:
Sex: Male
Height: 5'11"     Weight: 185 lbs
Social Security Number: 263392106

Race: Black

Phone: (802) 766-2967
Employer: TARGET
          RICHMOND, VA

Date and Times of Offense: 10/17/2002 at 1345
Location of Offense: 814 PHILADELPHIA PIKE - FIRST UNION NATIONAL BANK - WILMINGTON, 19809

Your affiant DET. RONALD N KLINE can truly state that:
1. YOUR AFFIANT IS A SWORN MEMBER OF THE DELAWARE STATE POLICE PRESENTLY ASSIGNED TO THE CRIMINAL INVESTIGATION UNIT AT DSP TROOP 2, 168 S.DUPONT HWY. NEW CASTLE DE. 19720.
2. YOUR AFFIANT WAS ASSIGNED TO INVESTIGATE A REPORTED ARMED ROBBERY AT THE FIRST UNION NATIONAL BANK LOCATED AT 814 Philadelphia PIKE WILMINGTON DE. 19809 IN NEW CASTLE COUNTY.
3. YOUR AFFIANT LEARNED THE FOLLOWING FACTS : ON THURSDAY 10/17/2002 AT 1345 HRS., A BM, 5'06-6'00, 160-180 LBS., WEARING DARK CLOTHING AND A BLACK SKI MASK OVER HIS HEAD/FACE ENTERED THE BANK AND IMMEDIATELY VAULTED THE TRANSACTION COUNTER WHILE DISPLAYING A BLACK SEMIAUTOMATIC STYLE HANDGUN. THE SUSPECT THEN CONTACTED VICT/RUTH WHO IS EMPLOYED BY THE BANK AS A TELLER AND DEMANDED USC FROM THE CASH DRAWER. V/RUTH COMPLIED AND PLACED AN UNK. AMOUNT OF USC INTO A BAG PROVIDED BY THE SUSPECT. THE SUSPECT THEN CONTACTED VICT/CREWS WHO IS EMPLOYED BY THE BANK AS A TELLER AND DEMANDED USC FROM HER CASH DRAWER. V/CREWS COMPLIED AND THE SUSPECT REMOVED AN UNK. AMOUNT OF USC FROM HER CASH DRAWER. THE SUSPECT THEN CONTACTED VICT/BAUM WHO IS EMPLOYED BY THE BANK AS A TELLER AND DEMANDED USC. V/BAUM HAD HER DRAWER LOCKED AND WAS UNABLE TO OPEN SAME AS THE SUSPECT POINTED THE GUN AT HER. THE SUSPECT THEN CONTACTED VICT/WEEKS WHO IS EMPLOYED BY THE BANK AS A TELLER AND DEMANDED USC FROM HER. V/WEEKS OPENED HER DRAWER AND HID UNDER THE COUNTER AS THE SUSPECT REMOVED AN UNK. AMOUNT OF USC FROM HER DRAWER. THE SUSPECT THEN CONTACTED VICT/GRIER WHO IS EMPLOYED BY THE BANK AS A TELLER AND DEMANDED USC FROM HER. V/GRIER COMPLIED BY OPENING HER DRAWER AND THE SUSPECT REMOVED AN UNK. AMOUNT OF USC FROM HER DRAWER. THE SUSPECT THEN RETURNED TO VICT/RUTH'S TELLER AREA AND JUMPED BACK OVER THE COUNTER AND FLED VIA THE FRONT DOORS.
4. YOUR AFFIANT LEARNED THAT PROBATION & PAROLE OFFICER PHIL MCLAUGHLIN PP283 WAS PREPARING TO ENTER THE BANK WHEN HE OBSERVED THE MASKED SUSPECT EXIT WEARING A BLACK SKI MASK AND CARRYING A BLACK BAG AND A GUN. WIT/MCLAUGHLIN OBSERVED THE SUSPECT ENTER A DARK COLORED VEHICLE WITH PENNSYLVANIA REGISTRATION PLATES AND FLEE N/B ON

Sworn and subscribed before me this 17th day of October AD, 2002

OCT-17-2002 THU 09:59 PM    JP 2 VIDEO COURT                    P. 05

State of Delaware vs. JAMAR A. WHITE Case: 02 10 011281

PHILADELPHIA PIKE. WIT/MCLAUGHLIN RETURNED TO HIS VEHICLE AND PURSUED THE SUSPECT WHILE REPORTING THE INCIDENT TO RECOM. WIT/MCLAUGHLIN FOLLOWED THE SUSPECT AND PROVIDED A PENNSYLVANIA REGISTRATION #EYK0926 THAT WAS FOUND TO BE RECENTLY REPORTED STOLEN FROM THE NEARBY HARBOR HOUSE APTS. BY VEHICLE OWNER - MONA WYATT. A SUBSEQUENT ALARM WAS RECEIVED FROM THE BANK THAT WAS CONFIRMED VIA A CALL BACK REPORTING THE ARMED ROBBERY AND SUSPECT VEHICLE. WIT/MCLAUGHLIN FOLLOWED THE SUSPECT UNTIL HE ABANDONED THE SUSPECT VEHICLE IN THE AREA OF 1301 BIRCH LANE AND FLED ON FOOT. WIT/MCLAUGHLIN OBSERVED THE SUSPECT RUNNING WITH A BLACK SEMI AUTOMATIC HANDGUN IN HIS RIGHT HAND BEFORE HE SCALED A 6' STOCKADE FENCE AND DISAPPEARED OUT OF SIGHT.

5. A PERIMETER WAS ESTABLISHED BY DSP, P&P AND THE NCCPD AND A K-9 TRACK WAS INITIATED AT THE LOCATION WHERE THE SUSPECT WAS LAST SEEN. DURING THE SEARCH FOR THE ARMED SUSPECT, ADDITIONAL INFORMATION WAS OBTAINED REGARDING THE VEHICLE THEFT THAT IDENTIFIED A SUBSEQUENT VEHICLE INVOLVED WITH THAT INCIDENT. A GB WAS AIRED FOR A RED FORD COMPACT VEHICLE BEARING VA.REGISTRATION #JBP6519 AND THIS VEHICLE WAS LOCATED AND STOPPED BY DSP ALONG GOV.PRINTZ BLVD. AT LORE AVE. THE LONE BM OPERATOR WAS TAKEN INTO CUSTODY AND IDENTIFIED AS ACCUSED/BOWMAN FROM RICHMOND VA. WHO ADVISED HE WAS DRIVING AROUND LOOKING FOR ACCUSED/WHITE. THE VEHICLES REGISTRATION IDENTIFIED THE OWNER AS ACCUSED/WHITE.

6. AT APPROXIMATELY 1439 HRS., ACCUSED/WHITE WAS LOCATED HIDING UNDER A GROUP OF BUSHES ON THE PROPERTY OF THE VILLAGE AT FOX POINT ON GOVERNORS PRINTZ BLVD. A SEARCH OF THE AREA PRODUCED A GRAY SWEATSHIRT, A PAIR OF BLACK GLOVES, A LOADED .45 CAL SEMI AUTOMATIC HANDGUN AND TWO WHITE NIKE SNEAKERS. ACCUSED/WHITE UPON BEING TAKEN INTO TO CUSTODY WAS NOT WEARING ANY SHOES.

7. A SEARCH OF THE STOLEN/RECOVERED MOTOR VEHICLE PRODUCED A BAG CONTAINING APPROX. $9000.00 USC INCLUDING THE BAIT MONEY OBTAINED FROM V/RUTH AND A BLACK SKI MASK.

8. A POST MIRANDA INTERVIEW WITH ACCUSED/BOWMAN WAS CONDUCTED AT DSP TROOP 1 BY DET.DAN BRAMBLE 4215/DSP-2 ON THIS DATE. ACCUSED/BOWMAN PROVIDED A DETAILED CONFESSION PERTAINING TO THE BANK ROBBERY AND THE STOLEN MOTOR VEHICLE OBTAINED TO COMMIT SAME. ACCUSED/BOWMAN IDENTIFIED HIS CO-CONSPIRATOR AS ACCUSED/WHITE AND PROVIDED INFORMATION CONSISTENT WITH THE PLANNING AND EXECUTION OF THE ROBBERY INCLUDING HIS PERCENTAGE OF THE STOLEN USC.

9. A POST MIRANDA INTERVIEW WAS ATTEMPTED WITH ACCUSED/WHITE AT DSP TROOP 2 AND HE REFUSED TO BE INTERVIEWED.

10. YOUR AFFIANT BELIEVES BASED ON THE AFOREMENTIONED FACTS, THAT YOUR AFFIANT HAS CLEARLY LINKED THE ACCUSED/WHITE, JAMAR A. BM (08/19/1982) AND THE ACCUSED/BOWMAN, COREY M. BM (05/28/1980) TO THE CRIMES LISTED WITHIN THE BODY OF THIS WARRANT. (AT THE TIME OF THIS WARRANT CREATION, THE INDIVIDUAL USC AMOUNTS PER VICTIM WAS NOT AVAILABLE) THE STOLEN/RECOVERED MV REPORT IS FILED UNDER DSP COMPL. # 01-02-100813.

Affiant: DET. RONALD N KLINE (4723) of TROOP 2 STATE POLICE

| Victims: | Date of Birth | Relationship Victim to Defendant |
|---|---|---|
| DARIA L RUTH | 12/26/1978 | Stranger |
| TASHA RENNE CREWS | 10/11/1983 | Stranger |
| ELLEN W BAUM | 05/07/1948 | Stranger |
| CHERYL Y WEEKS | 06/11/1960 | Stranger |
| MARY JO GRIER | 02/06/1970 | Stranger |
| SOCIETY/PUBLIC | | Victimless Crime |

Sworn and subscribed before me this 17th day of October AD. 2002

State of Delaware vs. **JAMAR A. WHITE**Case: **02 10 011281**

## Approval and Arrest Information

Approved by: **100889 : MELSON JOSEPH B. JR.**

Approved on: **10/17/2002** at **10:36 PM**

Approval Entered by: **CJOPJXC : JOAN CAREY**


Active Arrest Number: **135644**

Date of Arrest: **10/17/2002** at  **0:00**

Arresting Agency: **Troop 2 State Police**

Arresting Officer: **SEC JOANN AUSTIN (0)**