

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Jamar A. White, | ) | 07 - 740 |
| | ) | No._____ |
| Defendant-Below, | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| State of Delaware, | ) | |
| | ) | |
| Plaintiff- Below, | ) | |
| Appellee, | ) | |
| | ) | |

## MEMORANDUM OF LAW

**In support of petition under 28 U.S.C. § 2254,
For a Writ of Habeas Corpus.**



Jamar A. White
S.B.I # 414978
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

Date: Nov. 13, 2007

## TABLE OF CONTENTS

**PAGES**

**TABLE OF CITATIONS**                                                    ii


**ARGUMENT I:**      FIFTH AMENDMENT RIGHT PRECLUDING
                     DOUBLE JEOPARDY WAS VIOLATED.................... 1-6

**ARGUMENT II:**     INDICTMENTS IN THIS CASE WERE
                     ERRONEOUS AND FAULTY CHARGING.................7-8

**ARGUMENT III:**    SIXTH AMENDMENT RIGHT TO EFFECTIVE
                     ASSISTANCE OF COUNSEL WAS VIOLATED
                     DUE TO COUNSEL'S DEFICIENT PERFORMANCE.... 9-14



**CONCLUSION**...............................................................    15

# TABLE OF CITATIONS

**PAGES**

## STATE AND FEDERAL STATUTES AND RULES

Title 11 Del. Code § 831- 832                                        1, 3, 4

Title 11 Del. Code § 1447                                           1,

Title 11 Del. Code § 206(a)(1),and (b)(1)                            1, 4

Delaware Superior Court Criminal Rule 5.1(a), and (b)                11

Delaware Superior Court Criminal Rule 11                             12

U.S.C.A. 18 § 2113(a), and (d)                                       3

## STATE AND FEDERAL CASE LAW

"Double Jeopardy Clause"in  Washington, v. State, Del., 836 A.2d 491 at      2, 4
  [7], 2003

"Single Theft Rule" in Reader v. State, 349 A.2d 747 [2] (1979)              5

Brown v. State, Del. Supr., 250 A.2d 503 (1969)                             12

Well v. State, Del. Supr., 390 A.2d 101, 102-63 (1979)                      12

McCarthy v. United States, 394 U.S. 459 (1969)                             12

Federal Blockburger Test in Blockburger v. United States supr,             1, 4
284 U.S., at *304, 52 s.ct. at 182

Missouri v. Hunter, 450 U.S. 359, and [74L. E.D. 2d U.S. 370-71].          6
103 S.ct 673

Stickland Test in  Strickland v. Washington, 466 U.S. 668 (1984)           9,

Moffett v. Kolb, 930 F.2d 1157 (7th Cir. 1991)                             11

I.     **FIFTH AMENDMENT RIGHT PRECLUDING
       DOUBLE JEOPARDY WAS VIOLATED.**


## ARGUMENT

The assertion of a violation to the Fifth Amendment's Constitutional right to be free from

Double Jeopardy is substantiated, and ascertained in this ground first, by the fact that in this case,

the defendant was charged, and indicted on five separate counts each of Robbery1st § 832, and

Pfdcf § 1447, then sentenced upon pleading guilty to two counts of each offense; nonetheless,

both the charging in the indictment, and the sentencing particularly for the multiple counts of

Robbery1st, poses a direct violation to the Constitution of this State, and United States, under the

Fifth Amendment's [third] Constitutional protection from Double Jeopardy; also known as the

"Multiplicity Doctrine," which Multiplicity, the dividing of a single offense into separate counts

of an indictment is usually precluded under the "Double Jeopardy Clause" for both charging in an

indictment, and for sentencing for multiple offenses identical under the same statutes or with

identical factual elements.


Wherefore, with regards to multiple offenses identical under the same statutes or with

identical factual elements, the rules of statutory construction under the Federal Blockburger Test

in Blockburger v. United States supra, 284 U.S., at *304, 52 s.ct. at 182, and under Title 11 Del.

Code § 206(a)(1),(b)(1), reveals that all but one count of each of the five separate counts of

Robbery1st, and Pfdcf charged in the indictment along with the sentencing on two counts of each

offense is prohibited for Double Jeopardy purposes, since each of the robbery offenses are the

same in both statutory, and factual elements; and neither requires a proof of a fact that the other

does not; in terms of each alleged act constituting part of a single act of bank robbery, where the specific focus was on the taking of property from several of that bank's teller stations during a continuous transaction.

Furthermore, in relation to the aids in statutory construction above, in Washington v. State, Del., 836 A.2d 491 at [7], 2003, there is also a specific touchstone for determining whether multiple counts of Robbery1st or other offenses can be permitted in a case without offending the "Double Jeopardy Clause;" holding that Courts must determine whether there are "distinct elements" between each alleged act committed, and if the "temporal," and "spatial separation" between each alleged act supports a factual finding that a defendant formed "separate distinct intents" to commit each alleged criminal act.

Nonetheless, in this case, it is noted that: (1) there is no "distinction in elements" between each alleged robbery act committed. Property belonging to a bank was taken directly, and only from several of its teller stations; (2) there is no "temporal," and "spatial separation" between the offenses. As noted, this was a single bank robbery which occurred on one occasion in one location during a single, and continuous act; and (3) there is no factual finding that can support an idea that the defendant formed five separate intents to commit robbery which would describe the committing of five distinct robberies simply by taking property allegedly from five separate teller stations, where bank employees were in the vicinity, other than a single intent formed to commit a single robbery, where the specific focus was on taking property from several teller stations in a bank during a single, and continuous transaction on one occasion. With regard to the Washington logic, the key element here is [intent], and in this case, only a single intent to commit one robbery can be said to be the objective here.

Unfortunately, because under State prosecution, the current State criminal procedures for robbery does not differentiate between an ordinary crime of robbery itself, and a crime of bank robbery, which is generally listed, and held as an offense under the Federal Law statutes, U.S.C.A. 18 § 2113(a); multiple counts of Robbery1st were imposed in this case by the State to convey that distinct robberies were committed against distinct employees of a bank simply because intimidation was a factor during the taking of property from several teller stations in their vicinity, despite that property belonging to a bank was taken during a single, and continuous transaction, and neither employee was deprived of any personal property.

Moreover, unlike State Rules of Criminal Procedure, the Federal Rules of Criminal Procedure, which provides for a crime of bank robbery, under U.S.C.A. 18 § 2113(a), also provides for additional punishment for the intimidation or the act of putting in jeopardy the life of any person or persons compelled to deliver up property during a bank robbery, under U.S.C.A. 18 § 2113(d). In addition to a violation for bank robbery, section § 2113(d) insinuates to ensure further punishment without the need to charge additional counts of bank robbery for a single act committed on one occasion where multiple people were effected, which would in effect violate the Constitutional protections from Double Jeopardy under the Fifth Amendment; because this would in fact be saying that multiple acts of bank robbery occurred during a single, and continuous transaction on one occasion. Which, in regards to this case, it is exactly that, with the State imposing multiple counts of Robbery1st particularly for a single act of robbery, where anyone in the bank at the time would have been aware of the fact that only one robbery or bank robbery was occurring, not five distinct robberies.

Also, what this Court should consider further is that, in regards to both the Second Degree Robbery statute, Title 11 Del. C. § 831, and the First Degree Robbery statute, Title 11 Del. C. § 832, when a person commits the crime Robbery1st, he

- 3 -

has already in effect, committed the lesser crime of Robbery in the Second Degree, wherefore, under both statutes, their conjoined commentary: "when in the course of committing theft,"…"threatens the immediate use of force,"…"to compel the owner or another to deliver up property, necessarily focuses to describe robbery as an episode where the ongoing compelling, and committing of theft occurs against either an owner or [a]nother. Nevertheless, such commentary does not however, make a point to differentiate between or punish for any possible ongoing compelling, and committing of theft against more than one person, which may occur as a result of a single episode or act of robbery. Nor does the commentary delineate that as a result of any ongoing compelling, and committing of theft against more than one person during a single, and continuous transaction, multiple acts or multiple episodes of robbery have occurred. Rather, the commentary under both robbery statutes only notes to identify the elements, and characteristics necessary to describe what constitutes robbery, varying from Second to First Degree; not when or if multiple acts have been committed against one or more persons in one or more locations or at different times.

Therefore, it is the opinion that the commentary under both the Second, and First Degree Robbery statutes serves only to describe robbery, and alone are incapable of a consistent determination as to whether multiple acts or episodes of robbery have occurred, particularly as a result of a single transaction. This determination as mentioned earlier rests with the aids in statutory construction under the <u>Federal Blockburger Test</u>, <u>Title 11 Del. Code § 206(a)(1),(b)(1),</u> and particularly the logic held in <u>Washington v. State,</u> where the Supreme Court deemed that multiple counts of robbery can be held for a single transaction if it is found that a defendant has formed multiple or separate distinct intents to commit each alleged act as opposed to forming only one to commit the said through a scheme of continuous conduct. Which in this case, only a single intent to commit a single act of robbery or bank robbery can be said, as the intent was to

- 4 -

take property <u>solely</u> from several of a bank's teller stations during a single, and continuous course of conduct.

In relevance, this Court should also consider that, the taking of property <u>solely</u> from several of a bank's teller stations during a single, and continuous course of conduct not only corresponds to the portion of both the Second, and First Degree Robbery statutes' conjoined commentary: "when in the course of committing theft," which describes an ongoing transaction of theft, not distinguishable from theft occurring against one or more persons during a single act or episode of robbery; but such also corresponds to another aid in statutory construction for theft, also known as the "<u>Single Theft Rule</u>" as applied in <u>Reader v. State</u>, 349 A.2d 747 [2] (1979), holding that where property belonging to different owners is taken at the same time, and place, during a single transaction, for Double Jeopardy purposes, only one theft count lay for the taking. Therefore, since theft is a relevant element described under the robbery statutes, the Single Theft Rule should effectively also impede against the multiple counts of Robbery1st imposed in this case.

As a final point, it is further stressed that, although State Legislature's concern in enacting the robbery statutes was with violence, and intimidation, which it appears the intention was to punish for, and describe robbery as a crime committed against a person or people in general for the sole purpose of compelling the giving up of property. However, with that, simply if more than one person during a single occasion was intimidated or within the meaning of the robbery statutes, [c]ompelled to deliver up property, the statutes themselves do not differentiate between or aim to punish as separate robberies any possible ongoing compelling, and committing of theft against more than one person, which may occur as a result of a single transaction or episode of robbery. For this reason, and those substantiated above, and for purposes under the Fifth Amendment's Double Jeopardy Clause, only one count each of Robbery1st, and Pfdcf

should have been charged in this case originally, and the sentencing on two counts each of Robbery1st, and Pfdcf from the guilty is prohibited except for one count each of Robbery1st, and Pfdcf. Likewise, the Double Jeopardy Clause serves to balance the ends of justice, and to prevent the proscribing of unintended punishment, like subjecting a person's life into jeopardy twice for the same offense. Therefore, "if the Double Jeopardy Clause imposed no restrictions on even a Legislature's power to authorize multiple punishments, then there would be no limit to the number of convictions that a State could obtain on the basis of the "same act," "state of mind," and "result." The State would be free to create substantively identical crimes differing only in "name," or to create a series of lesser included offenses, with the first crimes a lesser- included offense of the second, and the second, a lesser- included offense of the third, and so on;" Missouri v. Hunter, 450 U.S. 359, and [74L. E.D.2d U.S. 370-71]. 103 S.Ct. 673.

**II.    INDICTMENTS IN THIS CASE WERE ERRONEOUS AND FAULTY
CHARGING.**

## ARGUMENT

Excluding the issues of Double Jeopardy discussed in the earlier ground, additional
proscribed defectiveness posed by the indictments in this case is asserted in this ground to
specifically profess the lack of evidence the State possessed even under its method of prosecution
to charge one of the five separate counts of Robbery1st imposed in both the first indictment, and
re-indictment.

Such assertion bases from the fact that the State, which bases the five separate counts of
Robbery1st imposed in the final indictment on the robbery of five separate bank employees at
five separate teller stations is inconsistent with the evidence obtained in this case since all the
evidence indicates that :

(1) None of the bank employees were deprived of any personal property where property
was taken solely from several teller stations in the bank, (2) property was taken from only four
teller stations not five, and (3) one of the bank tellers named in the indictment as being robbed
while at a teller station was actually not at a teller station at all during the robbery, but was hiding
underneath a desk at the time. (See Appendix at Exhibit 1 for Rule 16 Discovery (Statements) at
Supplemental Reports # 1 Pg. 3 & # 2 Pg. 2 )

Nonetheless, these facts indicate a defective, and faulty charging indictment imposed in
this case based upon the State's failure to properly view the evidence, and instruct the Grand jury
for indictment. Therefore, excluding the issues of Double Jeopardy discussed in ground one

- 7 -

which focus to prohibit all but one count of the five separate counts of Robbery1st imposed in the indictment for Constitutional purposes; here all but one count of Robbery1st should also be precluded for purposes concerning the inconsistency of the evidence in proportion to the method of charging in this case.

III.    **SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED DUE TO COUNSEL'S DEFICIENT PURFORMANCE.**

## ARGUMENT

In this ground it is illustrated that in this case, the defendant's court appointed counsel failed to meet the minimum standards of effectiveness as derived from the Sixth, and Fourteenth Amendments of the Constitution. Such assertion is based due to the following facts: (1) The defendant's court appointed counsel failed to prepare an investigation into a useful line of defense, (2) he did not evaluate both physical, and circumstantial evidence in the case; particularly that of the statements of both eye witnesses, and alleged victims involved in the case, which the State obtained, and then presented as evidence to a Grand Jury for indictment. It is assured that had the defendant's counsel reviewed or evaluated any of the evidence in the case, he would have found that some of the statements given by some of the alleged victims in the case were in contradiction of each other, and that the multiple offenses of Robbery1st charged based off of those statements were also not only inconsistent with the evidence in the case, but were also in violation of the Fifth Amendment's "Double Jeopardy Clause." Nevertheless, this ground substantiates that the defendant's counsel's performance fell well below an objective standard of reasonableness. Wherefore, without doubt, it is believed that a reasonable possibility exist, that, but for counsel's unprofessional errors, the results of the proceedings in this case would have turned out much differently than they did; citing the link, and identification with the two-prong test, derived from the case, Strictland v. Washington, 466 U.S. 668 (1984), which both State, and Federal Courts usually consider in determining whether a defendant's counsel was in fact, ineffective if:

- 9 -

(1) Counsel's performance fell well below an objective standard of reasonableness, and (2) That a reasonable probability exist that, but for counsel's unprofessional errors, the results of the proceeding would have been different.

With regard to the first prong of the test, the defendant's counsel's performance can be said to have fell well below standard from the fact mentioned earlier that he failed to prepare an investigation into a useful line of defense, which would have supported the defendant's case during the initial pre-trial proceedings leading up to the judgment of conviction. This is based particularly in part because he did not evaluate both physical, and circumstantial evidence in the case, specifically that of the statements of both eye witnesses, and the alleged victims involved in the case, which some of their statements were in contradiction of each other; not to mention that he did not review or consider that the evidence in this case was inconsistent in proportion to the multiple charges of Robbery1st imposed in this case, and the issues mentioned on Double Jeopardy mounted because of which.

For instance, the asserted inconsistency in some of the statements of the alleged victims in this case is draw from two of the alleged victims (bank employees), one of whom during a police interview states that a gun was pointed at another alleged victim during the bank robbery, yet the other victim named does not however acknowledge or make that point upon being interviewed. (See Appendix for Exhibit 1 for Rule 16 Discovery (Statements) at Supplemental Reports # 2 Pg. 1 & 8 Pg. 4)

As for the assertion of evidence being inconsistent in proportion to the multiple offenses of Robbery1st imposed in the case, as delineated earlier in ground two stems from the fact that the State, which apparently bases five separate counts of Robbery1st imposed in the final

indictment on the alleged robbery of five separate bank employees at five separate teller stations is inconsistent with the evidence obtained in this case since all the evidence indicates that : (1) None of the bank employees were deprived of any personal property where property was taken solely from several teller stations in the bank, (2) property was taken from only four teller stations not five, and (3) one of the bank tellers named in the indictment as being robbed while at a teller station was actually not at a teller station at all during the robbery, but was hiding underneath a desk at the time. (See Appendix at Exhibit 1 for Rule 16 Discovery (Statements) at Supplemental Reports # 1 Pg. 3  &  # 2 Pg. 2 )

Moreover, it can be said that the defendant's court appointed counsel also failed in his duty as counsel for instructively coercing the defendant into waiving his preliminary hearing, particularly on the contention that he did not have enough evidence at the time to effectively contest anything at a hearing. This obviously was an unwise mistake, because if in fact counsel did not have any information about the case at the time, the preliminary hearing process would have served both him, and the defendant well in obtaining such. Pursuant to Delaware Superior Court Criminal Rule 5.1(a), and (b), the defendant would have initially been given the chance to fully appraise of his right to call up, and contest any adverse witnesses, and all other inconsistent evidence presented at the time in the case. By coercing the defendant to waive the preliminary hearing, this initially prevented that process, but even so, counsel could have later himself done so by Motioning the Court to cross examine those certain points in the case, but as the record clearly indicates, there is no record of the defendant's counsel ever filing anything in the line of defense.[1]

---

[1] See Moffett v. Kolb, 930 F.2d 1157 (7th Cir. 1991)- holding, that, but for trial counsel's unprofessional error in failing to introduce prior inconsistent statements of State witness, the outcome of the proceedings would have been much different...

All said, the issues above were very important for the defendant's court appointed counsel to consider in order to effectively pursue a line of defense. It was in his professional duty as counsel to contest such issues orally or by Motion in Court during the initial proceedings leading up to the judgment of conviction. Since this therefore did not happen, its is apparent that the first prong of the Strictland test is satisfied as the defendant's counsel's performance can be said to have fallen well below an objective standard of reasonableness.

As for satisfying the second prong of the test, it is substantiated that a reasonable probability exist that, but for counsel's unprofessional errors, the results of the proceeding would have been different. For example, it should first be considered that the defendant plead guilty in this case specifically on the insistence of his court appointed counsel. Nevertheless, although it is known that a defendant is bound by his signed statement on the guilty plea form, absent clear, and convincing evidence to the contrary, however, under Delaware Superior Court Criminal Rule 11, the Court has an affirmative duty to ascertain whether a plea of guilty has been entered "knowingly," and "voluntarily." See Brown v. State, Del. Supr., 250 a.2d 503 (1969); Well v. State, Del. Supr. 390 A.2d 101, 102-63 (1979); See also, McCarthy v. United States, 394 U.S. 459 (1969), where the United States Supreme Court has made it quite clear that a Constitutional right does exist to assuring that a guilty plea is made "knowingly," and "voluntarily."

Since, a defendant has a right to effective assistance of counsel at every stage of the proceedings, to the extent that it is a recognized duty vested in the Courts to comply with the provisions of Delaware Superior Court Criminal Rule 11; it is contented that the thrust of this claim is based primarily on errors within the context of ineffective assistance of counsel. That is where the described "specific acts," and "omissions" of the defendant's court appointed counsel, prior to the defendant's acceptance of a guilty plea clearly signaled a Constitutional deficiency. Just as it was greatly damaging to the defendant's case for his defense counsel to have

- 12 -

him waive a preliminary hearing based on the guise that he did not have enough information at the time to effectively argue at a hearing; the same can be said for counsel, after [not] providing a reasonable standard of defense for the defendant from the beginning of his case as explained, counsel realized this, and determined that he was left with only one option, and that was to have the defendant plead guilty.

However, it is obvious that it wasn't so much as counsel was trying to avoid a much steeper sentence for the defendant by having him plead guilty on the all out likely-hood that he would definitely be convicted if he went to trial; as much as it was that counsel was fully unprepared to proceed to trial with any type of reasonable defense because of his lack of performance, and preparation at the beginning of the case, which in consequence, probably would have increased the probability of the defendant being convicted. Furthermore, with regard to being coerced to plead guilty, the defendant concludes that such resulted due to his defense counsel maintaining that if he didn't plead guilty to a plea for ten years, and went to trial, he would probably end up getting twenty-five years. Although one may find those assertions uncertain, to the defendant in this case they are facts, which not only question the validity of the acceptance of the guilty plea as to whether it was "knowingly," and "voluntarily" made, but also, whether the defendant's defense counsel was only interested from the door in pleading the defendant out anyway, because his counsel did absolutely nothing in defense through-out the case.

Hence, the second prong of the Stickland test is satisfied, as it is assuredly believed that, if it wasn't for the defendant's counsel's mistakes, and failure to perform during the process leading up to the judgment of conviction, the odds of the defendant pleading guilty probably would have been slim even with or without any encouragement from his counsel to do so; the defendant likely would have insisted on going to trial, as there would have existed a reasonable

probability, within the meaning of the two-prong Strictland test, that the proceedings in this case would have turned out much differently than they did from the beginning to the end if it wasn't for ineffective assistance of counsel. On the other hand, it can also be said that had the defendant's counsel performed in his professional duty, the out-come of the case would probably turned out much differently than it did whether the defendant plead guilty or not.

## CONCLUSION

In conclusion, based upon the grounds above, which greatly substantiate facts, and circumstances, in this case where proscribed prejudice to the defendant's rights through the Fifth, and Sixth Amendment of the Constitution has transpired; it is humbly requested that this Court consider them fully in the interest of preventing injustice.

**WHEREFORE;** upon consideration, it is also humbly requested that this Honorable Court correct the "manifest injustice" described, and please reverse the convictions in this case on one count each of Robbery1st, and Pfdcf, stemming from a guilty plea accepted for two counts of each offense. Or withdraw the guilty plea entirely so that the original indictment in this case can be corrected to show only one count of Robbery1st, and Pfdcf; recommencing Due Process.

Jamar  Anwar White
S.B.I. # 414978
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

Date: November 13, 2007