## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **JAMAR WHITE,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ.Act.No. 07-740-JJF |
| | ) | |
| **PERRY PHELPS**, Warden | ) | |
| and **JOSEPH R. BIDEN, III**, Attorney | ) | |
| General for the State of Delaware | ) | |
| | ) | |
| Respondents.[1] | ) | |

### ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

On June 2, 2003, Jamar White pled guilty to two counts of first degree robbery, two counts of possession of a firearm during the commission of a felony, and one count of second degree conspiracy. *See* Docket Item 11 in Delaware Superior Court Case No. 0210011281 (hereinafter "Dkt. Item __"). For his crimes, White was sentenced on August 29, 2003, to twelve years incarceration, followed by a term of probation. *See* Dkt. Item 16. White did not appeal to the Delaware Supreme Court.

On August 5, 2004, White applied for postconviction relief in Superior Court. *See* Dkt. Item 19. The Superior Court dismissed White's motion on December 7, 2004. *See* Dkt. Item 24. Again, White did not take an appeal to the Delaware Supreme Court. Instead, White moved to modify his sentence on December 9, 2004. *See* Dkt. Item 24.

---

[1] *See* Fed.R.Civ.P. 25(d)(1). Perry Phelps was named Warden, effective January 7, 2008.

The Superior Court denied that motion on May 4, 2005. *See* Dkt. Item 25. White did not appeal that decision to the Delaware Supreme Court.

On August, 15, 2006, White filed a second motion for postconviction relief in state court; it was denied on January 26, 2007. *See* Dkt. Item 35; *State v. White*, 2007 Del. Super. LEXIS 11 (Del. Super. Ct.). White appealed that decision to the Delaware Supreme Court. *See* Dkt. Item 36. On August 24, 2007, the Delaware Supreme Court affirmed the denial of White's motion for postconviction relief. *See* Dkt. Item 37; *White v. State*, 2007 Del. LEXIS 375 (Del. Supr.). Approximately three months later, on November 13, 2007, White petitioned this Court for a writ of habeas corpus. *See* D.I. 1. This is the respondent's answer to that petition.

<u>Discussion</u>

White raises three grounds for relief in his petition for writ of habeas corpus. First, he argues that his Fifth Amendment protection against double jeopardy was violated when he was charged with several counts of first degree robbery. According to White, because he robbed one bank, he should have faced only one charge of robbery. *See* D.I. 1 at 6. Second, White contends that the indictment charging him with robbery and related offenses was flawed. *See* D.I. 1 at 8. In support of this claim, White presents three "inconsistencies" undermining the viability of the indictment.[2] Finally, White

---

[2] Specifically, White argues that the charging document was fatally inconsistent because:

> (1) property was taken directly only from teller stations, and neither teller was deprived of any personal property, (2) property was taken successfully from only four teller stations not five, (3) one of the tellers names in the indictment as being robbed while at a teller station was actually not at a teller station at all, but was hiding underneath a desk near-by.

complains that his trial counsel was ineffective because, in White's mind, counsel failed to investigate his case and to evaluate the evidence against White. *See* D.I. 1 at 9.

White is not entitled to federal habeas relief because his petition is untimely under 28 U.S.C. § 2244(d). White filed his petition on November 13, 2007,[3] thereby subjecting it to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding the AEDPA applies to "such cases as were filed after the statute's enactment."); *Lawrie v. Snyder*, 9 F. Supp.2d 428, 433 n.1 (D. Del. 1998); *Dawson v. Snyder*, 988 F. Supp. 783, 802-03 (D. Del. 1997). By the terms of § 2244(d)(1), as amended by AEDPA, a federal habeas petitioner must file the petition within one year of the date on which the state court judgment became final upon the conclusion of direct review. *See* 28 U.S.C. § 2244(d)(1)(A); *Calderon v. Ashmus*, 523 U.S. 740, 742-43 (1998).[4] White pled guilty and was sentenced on August 29, 2003. White then had until September 29, 2003, to file an appeal with the Delaware Supreme Court. *See* DEL. SUPR. CT. R. 6 (30 day window in which to file an appeal from a final order in a criminal case); *Carr v. State*, 554 A.2d 778, 779 (Del. 1988) (holding that time is jurisdictional requirement and that a notice of appeal must be filed within the thirty-day limitations period). White did not file an appeal; accordingly, he had until September 29, 2004, to file a petition for federal habeas relief without running afoul of the one year limitations period of § 2244(d)(1). *See Satterfield v. Johnson*, 434 F.3d 185,

---

D.I. 1 at 8.

[3] The petition is dated November 13, 2007. D.I. 1, at 16. That is the presumptive date on which White gave the petition to prison officials for mailing. In turn, that date is the date the petition is deemed filed. *See, e.g., Woods v. Kearney*, 215 F. Supp.2d 458, 460 (D. Del. 2002).

[4] White does not allege, nor can respondents discern, any reason to believe that the terms of 28 U.S.C. § 2244(d)(1)(B)-(D) are applicable.

191 (3d Cir. 2006); *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). However, White did not file his petition until November 13, 2007, more than three years after the limitations period had expired.. Accordingly, the petition is untimely and must be dismissed unless the intervening time can be statutorily or equitably tolled. *See Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).

The tolling mechanism of § 2244(d) does not save White's petition from the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2). When applicable, § 2244(d)(2) tolls the one-year period of § 2244(d)(1) during the time that a properly filed state postconviction action is pending in the state courts. The time between the date when a petitioner's conviction becomes final and the date of collateral filing as well as the time after final collateral disposition and before the filing of the federal petition count against the one-year limitations period. *See Roy v. Lampert*, 455 F.3d 945, 949 (9th Cir. 2006); *Payton v. Brigano*, 256 F.3d 405 (6th Cir. 2001); *Harris v. Hutchinson*, 209 F.3d 325, 327-28 (4th Cir. 2000); *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998).

In this case, White filed his first motion for postconviction relief on August 5, 2004. By that time, 311 days had passed from when White's conviction became "final." When the Superior Court denied relief, White did not take an appeal to the Delaware Supreme Court. He did, however, file a second motion for postconviction relief on August 15, 2006.[5] By the time of that filing, an additional 586 days had expired. After

---

[5] The record reflects that White had filed a motion to modify his sentence under Superior Court Criminal Rule 35(b) on December 9, 2004. *See* Dkt. Item. 24. The statutory tolling provision of §2244(d)(1) does not apply to such filings. *See Hartmann v. Carroll*, 492 F.3d 478, 484 (3d Cir. 2007) ("a motion for sentence reduction properly filed pursuant to Delaware Superior Court Criminal Rule 35(b) does not have the effect of tolling the limitations period set forth in 28 U.S.C. § 2244(d)(1)"), *cert. denied*, 128 S. Ct. 883 (2008).

the Delaware Supreme Court denied relief on November 24, 2007, White did not file his petition for federal habeas relief until November 13, 2007, 81 days later. By respondents' calculations, then, 978 days had passed between the date that White's conviction became final and the date when White filed the instant petition. White had thus missed the one-year limitations period by 613 days. And there is no basis to toll any of those 613 days under § 2244(d)(2).

At the same time, the doctrine of equitable tolling does not save White's petition from the one-year time bar. While this Court has noted that the limitations period may be subject to equitable tolling, *see, e.g., Thomas v. Snyder*, 2001 U.S. Dist. LEXIS 19969, at *10-11 (D. Del. Nov. 28, 2001) (describing rule), White's petition presents no justification for doing so. Equitable tolling saves an untimely petition only when the petitioner "has in some extraordinary way been prevented from asserting his or her rights." *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998). To this end, equitable tolling has been "specifically limited" to three situations: "(1) where the defendant (or the court) actively misled the plaintiff; (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or (3) where the plaintiff asserted his rights mistakenly in the wrong forum." *Bacon v. Carroll*, 2007 U.S. Dist. LEXIS 68877 (D. Del. Sept. 17, 2007) (*quoting Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999)).

In an attempt to show that his petition should be salvaged by the doctrine of equitable tolling, White seems to suggest that his case is extraordinary because he extensively litigated it in the state courts. While White may have argued his case in state courts on several different occasions, it does not excuse his failure to petition this Court

for relief for more than 600 days after the limitations period had expired. Indeed, equitable tolling requires more than a willingness to litigate on the part of the petitioner; it commands diligence. *Miller*, 145 F.3d at 618-19. By waiting more than 600 days after the one-year limitations period had expired to file his petition for federal relief, White can hardly be deemed to have acted diligently. White's petition is thus untimely and there is no basis upon which any relevant time should be excluded by virtue of the equitable tolling doctrine.

Alternatively, White's claims, although exhausted, are without merit. Under 28 U.S.C. § 2254(d), a habeas petitioner is not entitled to relief unless he can establish that the decision of the state court was contrary to, or involved an objectively unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See Gattis v. Snyder*, 278 F.3d 222, 228 (3d Cir. 2002); *Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 885 (3d Cir. 1999) (*en banc*); *Lawrie v. Snyder*, 9 F. Supp.2d 428, 434 (D. Del. 1998). When the Delaware Supreme Court eventually addressed White's claims, it denied relief on the basis that the claims were procedurally barred under state law. *See White v. State*, 2007 Del. LEXIS 375 at *2. This determination, thus, presents an independent and adequate state procedural rule which precludes federal habeas relief. *See, e.g., Dawson v. Snyder*, 988 F. Supp. 783, 804 (D. Del. 1997); *DeShields v. Snyder*, 830 F. Supp. 819, 822 (D. Del. 1993); and *Flamer v. Chaffinch*, 827 F. Supp. 1079, 1087-88 (D. Del. 1993). Should this Court, however, conclude that White's claims are in fact timely, respondents respectfully request to amend and supplement their answer to more fully address the claims.

6

Conclusion

Based upon the Superior Court docket sheet, it appears that transcripts of White's plea colloquy and sentencing proceedings have been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

For the foregoing reasons, the petition for writ of habeas corpus should be dismissed without further proceedings.

/s/ Kevin M. Carroll
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 4836

DATE: March 14, 2008

LEXSEE



Analysis
As of: Mar 14, 2008

## STATE OF DELAWARE v. JAMAR A. WHITE, Defendant.

### ID #: 0210011281

### SUPERIOR COURT OF DELAWARE, NEW CASTLE

### 2007 Del. Super. LEXIS 11

### October 25, 2006, Submitted
### January 26, 2007, Decided

**NOTICE:**

[*1]    THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

**SUBSEQUENT HISTORY:** Subsequent appeal at White v. State, 2007 Del. LEXIS 83 (Del., Feb. 28, 2007)

**PRIOR HISTORY:**   Upon Defendant's Second Motion for Postconviction Relief.
State v. White, 2005 Del. Super. LEXIS 139 (Del. Super. Ct., Apr. 26, 2005)

**DISPOSITION:**   DENIED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant, an inmate, filed his second motion for postconviction relief (PCR) pursuant to Del. Super. Ct. R. Crim. P. 61. The inmate had been previously convicted of several serious, violent felonies arising from a bank robbery, and he was sentenced to a term of imprisonment and then probation.

**OVERVIEW:** The inmate entered a guilty plea to charges that arose from his bank robbery involving two tellers, and he was convicted and sentenced. He did not file a direct appeal therefrom. The inmate's first PCR motion was summarily dismissed under Rule 61(d)(4), and no appeal was sought from that ruling. Thereafter, the inmate filed the second PCR motion. Upon prelimi-nary consideration, the trial court determined that the motion appeared to be procedurally barred under Rule 61(i) and subject to summary dismissal under Rule 61(d)(4). However, the attorney general was ordered to respond under Rule 61(f). The court found that the inmate's petition was procedurally barred under Rule 61(i)(3). As to the inmate's claim regarding the indictment, he failed to show that his rights were prejudiced by his failure to challenge the indictment sooner. Further, it was barred as repetitive under Rule 61(i)(2), as it requested reargument of the double jeopardy and ineffective assistance issues raised in the first PCR motion. There was no double jeopardy violation by the convictions and sentences imposed, as the inmate committed an individual crime against each individual who he threatened and terrorized.

**OUTCOME:** The court denied the inmate's motion for PCR.

**CORE TERMS:** robbery, teller, indictment, pleaded guilty, attorney general, postconviction, double jeopardy, prison, procedurally barred, reargument, bank robbery, sentenced, sentence, gunpoint, firearm, assistance of counsel, procedural default, miscarriage of justice, misunderstood, conclusory, summarily, courtesy, belonged, pleading guilty, consolidated, innocent, serving, robbing, station, caliber

**LexisNexis(R) Headnotes**

*Criminal Law & Procedure > Trials > Burdens of Proof > Defense*

*Criminal Law & Procedure > Postconviction Proceedings > General Overview*
[HN1]Under former Del. Super. Ct. R. Crim. P. 61(i)(1), a defendant has three years in which to file his motion for postconviction relief.

*Criminal Law & Procedure > Postconviction Proceedings > General Overview*
[HN2]It takes more than a bare allegation to invoke Del. Super. Ct. R. Crim. P. 61(i)(5).

*Criminal Law & Procedure > Criminal Offenses > Crimes Against Persons > Robbery > Bank Robbery > General Overview*
*Criminal Law & Procedure > Criminal Offenses > Weapons > Possession > General Overview*
*Criminal Law & Procedure > Sentencing > Multiple Convictions*
[HN3]As matter of law, if during the course of robbing a single bank, a robber takes money from five tellers at gunpoint, he is committing five counts of robbery first degree. By the same token, if the robber is actually armed with a firearm during the robberies, he is also guilty of five counts of possession of a firearm during the commission of a felony. And, he can lawfully be indicted, convicted and sentenced for all 10 counts.

**JUDGES:** FRED S. SILVERMAN, JUDGE.

**OPINION BY:** FRED S. SILVERMAN

**OPINION**

**ORDER**

On June 2, 2003, Defendant pleaded guilty to several, serious, violent felonies. On August 29, 2003, he was sentenced to twelve years in prison, followed by probation. Defendant did not file a direct appeal concerning his plea, sentence, or anything leading to them.

On August 5, 2004, Defendant filed his first motion for postconviction relief, which the court summarily dismissed under Superior Court Criminal Rule 61(d)(4). Again, Defendant did not file an appeal.

On August 15, 2006, Defendant filed this, his second motion for postconviction relief. As it did in 2004, under Superior Court Criminal Rule 61 (d), the court preliminarily considered Defendant's motion. Although the motion appeared to be procedurally barred under Rule 61(i), and subject to summary dismissal under Rule 61(d)(4), the court ordered the attorney general to respond under Rule 61(f). Regrettably, that caution is necessary to reduce the risk that on appeal, the attorney [*2]

general will not support a favorable ruling. [1] The attorney general responded on September 28, 2006. In this case, the State contends that Defendant is not entitled to relief.

1

> *See, e.g., Webb v. State,* Del. Supr., No. 183, 2005, Per Curiam (November 28, 2005) (ORDER) (Attorney General refuses to argue violation of Rule 61(d)(1) is harmless where motion filed seven years after conviction, and Rule 61 (i)(1) bar obviously applicable); *Floyd v. State,* Del. Supr., No. 337, 2006, Ridgely, J. (Aug. 23, 2006) (Attorney General refuses to argue that the court may correct untimely appeal problem through Rule 61, notwithstanding *Middlebrook v. State,* 815 A.2d 739, 743 (Del. 2003)).

Defendant filed a Rule 61 (f)(3) reply on October 25, 2006, contending: his Fifth Amendment right against double jeopardy was violated, the indictment was "erroneous," and his Sixth Amendment right to effective assistance of counsel was also violated. Not only is Defendant's second motion procedurally [*3] barred under Rule 61(i)(3), it is further barred as repetitive under Rule 61(i)(2).

I.

Defendant's arguments to the contrary notwithstanding, his second motion for postconviction relief, in effect, merely requests reargument of the motion denied in 2004. Defendant raises essentially the same claims, insisting that "the concepts initially asserted were clearly misunderstood by the [c]ourt."

Specifically, in his 2004 motion, Defendant raised seven grounds for relief. Ground Three was "Jury indictment violated double jeopardy for Robbery and PFDC." Ground Four concerned "Counsel's failure to contact defendant and file motions." Ground Five alleged "Counsel's apathy in significance of preliminary process damaged infancy of case."

In his pending motion, Defendant raises three grounds for relief. Ground One is "FIFTH AMENDMENT RIGHT PRECLUDING DOUBLE JEOPARDY VIOLATED." Ground Three is "SIXTH AMENDMENT RIGHT TO COUNSEL WAS VIOLATED BY COUNSEL'S DEFICIENT

PERFORMANCE." [2] Hence, the court concludes that Defendant is simply trying to reargue part of his 2004 motion.

2  Ground Two is discussed below.

[*4] As the December 6, 2004 Order (reissued on May 4, 2005) says and as mentioned above. Defendant's first motion for postconviction relief was summarily dismissed because it was procedurally barred under Rule 61(i)(3). The court discussed the merits of Defendant's motion in 2004 as a "courtesy" to Defendant. In any event. Defendant did not ask for reargument of the dismissal. Nor did he file an appeal from the dismissal. Thus, it no longer matters whether, as Defendant now alleges, the court "clearly misunderstood" Defendant's claims in 2004. Defendant was obligated to ask for reargument then or file an appeal. He did neither. Now, it is too late.

## II.

To avoid Rule 61(i)'s procedural bars. Defendant argues that he did not challenge the indictment, his current Ground Two claim, in 2004 "due to insufficient assistance of counsel, inadequate legal documentation pertaining to this case, thus leading to a meager examination of this case's evidence . . . ." That explanation is conclusory, and it does not establish cause for relief from the 2004 procedural default. [3]

3  Super. Ct. Crim. R. 61 (i)(3)(A).

[*5] Defendant filed his first motion fourteen months after he pleaded guilty and almost a year after he was sentenced. He filed this motion twenty months after his first one was dismissed and a few days short of three years after his conviction became final. [4] Moreover, as the court explained, orally and in writing, by pleading guilty. Defendant was giving up his right to appeal his conviction. That included his right to challenge the indictment.

4

> [HN1]Under former Rule 61(i)(1), which applies here, Defendant had three years in which to file. Thus, his second motion is not time-barred.

The two robbery counts that Defendant pleaded guilty to each charged him with taking money from a different person and threatening each of them at gun point. While all the money Defendant took may have belonged to someone else, the bank, some of the bank's money was in each teller's possession, and Defendant did not have permission from either the bank or the tellers to take the money. And, but for Defendant's threats, [*6] neither teller would have let Defendant take money out of the cash drawer for which she was responsible. That raises the second part of Rule 61(i)(3), prejudice from violation of Defendant's rights. [5]

5  Super. Ct. Crim. R. 61 (i)(3)(B).

Defendant has not alleged, much less demonstrated, prejudice to his rights stemming from his failure to challenge the indictment sooner. Defendant was caught shortly after the robberies, and the evidence, direct and circumstantial, was overwhelming. When he pleaded guilty. Defendant admitted that he was guilty. Had Defendant stood on his rights and gone to trial on June 2, 2003, instead of pleading guilty that day, he would now be serving at least twenty years in prison, probably much more. If Defendant had challenged the indictment in 2004 and prevailed, which would have been a miracle, he would have been resentenced for a consolidated robbery and a consolidated firearm charge, each involving his terrorizing five people at gunpoint Thus, he still would have faced forty years [*7] in prison. And, based on his record, which includes a prior armed robbery at an ATM as a juvenile, he would have received a similar sentence to the one he is serving.

As to Defendant's procedural defaults concerning his Ground One and Ground Three claims. Defendant alleges "there was a miscarriage of justice which undermined the legality, integrity, and fairness leading to the judgment of conviction in this case," which almost parrots Rule 61(i)(5). Again, Defendant's allegation is conclusory. [HN2]It takes more than a bare allegation to invoke Rule 61(i)(5). [6]

6

> *Corkran v. State,* Del. Supr., No. 452,1991, Walsh, J. (February 7, 1992). *See also State v. Butler,* 1989 WL 100490, at *1 (Del. Super.).

Moreover, as explained above and below, Defendant was admittedly guilty of the crimes he pleaded guilty to, and the State had more than enough evidence to prove it. As bad as Defendant's sentence is, it could have been much worse, and it still would not have amounted to a miscarriage [*8] of justice. In reality, Defendant robbed five innocent people at gunpoint.

## III.

Again as a courtesy, the court assures Defendant that there was no misunderstanding about his double jeopardy claim. [HN3]As matter of law, if during the course of robbing a single bank, the robber takes money from five tellers at gunpoint, he is committing five counts of robbery first degree. [7] By the same token, if the robber is actually armed with a firearm during the robberies, he is also guilty of five counts of possession of a firearm during the commission of a felony. And, he can lawfully be indicted, convicted and sentenced for all ten counts.

7

> *Harrigan v. State,* 447 A.2d 1191, 1192 (Del. 1982) (citing *McCoy v. State,* 361 A.2d 241, 242-43 (Del. 1976)).

It does not matter that defendant took the money during a single bank robbery. Nor does it matter that the money belonged to a single owner, the bank. [8] The cases cited by Defendant actually support the State's position. [*9] *Washington v. State* upheld Washington's convictions for robbing the same victim twice in less than a minute. [9] Similarly, *Spencer v. State* upheld Spencer's convictions for shooting the same victim twice. [10] Defendant's argument here is actually weaker than the arguments rejected in *Washington* and *Spencer*, because Defendant robbed different victims.

8

> *Reader v. State,* 349 A.2d 745, 747 (Del. 1975). *See also* 11 Del. C. § 831(a)(2).

9  836 A.2d 485, 488-89 (Del. 2003).

10  868 A.2d 821, 824-25 (Del. 2005).

Perhaps Defendant does not grasp his predicament because he does not see his victims as individuals. But, that is how the law sees them. As Defendant went from teller station to teller station in the bank, bellowing and brandishing a .45 caliber semi-automatic pistol. Defendant threatened each teller. To those innocent, terrified people, this was not just a bank robbery. For each of them, starring [*10] at a large caliber handgun while Defendant yelled at them, was an intensely personal, life-or-death moment. Each of Defendant's victims must now live her life with the traumatic memories left by Defendant. And so, Defendant is not in prison for a bank robbery. Defendant is there for what he did to two individuals who simply had the misfortune to cross paths with him on October 17, 2002. That is why Defendant's guilty plea and sentencing do not offend the Constitutional protection against Double Jeopardy.

## IV.

For the foregoing reasons, and as presented in the December 6, 2004 Order, Defendant's second motion for postconviction relief is ***DENIED.***

**IT IS SO ORDERED.**

LEXSEE



Analysis
As of: Mar 14, 2008

### JAMAR A. WHITE, Defendant Below-Appellant, v. STATE OF DELAWARE, Plaintiff Below-Appellee.

### No. 81, 2007

### SUPREME COURT OF DELAWARE

### 2007 Del. LEXIS 375

### July 13, 2007, Submitted
### August 24, 2007, Decided

**NOTICE:**

THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION IN THE PERMANENT LAW REPORTS. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

**PRIOR HISTORY:** [*1]

Court Below--Superior Court of the State of Delaware in and for New Castle County. Cr. ID No. 0210011281. White v. State, 2007 Del. LEXIS 83 (Del., Feb. 28, 2007)

**JUDGES:** Before STEELE, Chief Justice, HOLLAND and JACOBS, Justices.

**OPINION BY:** Randy J. Holland

**OPINION**

**ORDER**

This 24th day of August 2007, upon consideration of the briefs on appeal and the record below, it appears to the Court that:

(1) The defendant-appellant, Jamar A. White, filed an appeal from the Superior Court's January 26, 2007, order denying his second motion for postconviction relief pursuant to Superior Court Criminal Rule 61. We find no merit to the appeal. Accordingly, we affirm.

(2) In June 2003, White pleaded guilty to two counts of Robbery in the First Degree, two counts of Possession of a Firearm During the Commission of a Felony, and one count of Conspiracy in the Second Degree. He was

sentenced to a total of twelve years of Level V incarceration, to be followed by probation. White did not file a direct appeal of his convictions and sentences, nor did he appeal from his previous postconviction motion.

(3) On this appeal White claims that: a) he was improperly charged in the indictments; b) his convictions of five robbery charges and five weapon charges constituted a double jeopardy violation; [*2] c) his counsel provided ineffective assistance; and d) the Superior Court erred and abused its discretion by denying his postconviction motion as procedurally barred.

(4) The record reflects that White asserted his claims previously in his first postconviction motion. As such, they are barred in this proceeding as formerly adjudicated unless reconsideration of the claims is warranted in the interest of justice. [1] White has articulated no grounds to justify reconsideration of his claims. Therefore, we conclude that the Superior Court's decision denying White's claims is correct, albeit for reasons different from those articulated by the Superior Court. [2]

1  Super. Ct. Crim. R. 61(i) (4).

2  The Superior Court relied on Super. Ct. Crim. R. 61(i) (2) and (3) in denying White's postconviction motion. *Unitrin, Inc. v. American General Corp., 651 A.2d 1361, 1390 (Del. 1995)* (This Court may affirm a judgment of the Superior Court on grounds different from those articulated by the Superior Court.)

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

2007 Del. LEXIS 375, *

BY THE COURT:                                    Justice

/s/ Randy J. Holland

LEXSEE



Positive
As of: Mar 14, 2008

**KEVIN A. THOMAS, Petitioner, v. ROBERT W. SNYDER, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, Respondents.**

**Civil Action No. 98-597-GMS**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

**2001 U.S. Dist. LEXIS 19969**

**November 28, 2001, Decided**

**DISPOSITION:**    [*1] Thomas' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 DISMISSED, and relief requested therein DENIED. Thomas' letter dated April 16, 2000, requesting appointment of counsel, construed as a motion for appointment of counsel, and so construed, DENIED as moot.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Petitioner was convicted of first degree murder and possession of a deadly weapon during the commission of a felony in state court and was sentenced to life imprisonment. Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.S. § 2254. Respondent State officials moved to dismiss the petition as time-barred.

**OVERVIEW:** Petitioner's claim for federal habeas relief was subject to the time limitation set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) because his conviction became final well before the AEDPA's enactment. Following the enactment of the AEDPA, 510 days lapsed during which petitioner had no post-conviction proceedings pending for purposes of 28 U.S.C.S. § 2244(d)(2). That period of time, well in excess of one year, was to be counted. Thus, the court concluded that while the statutory tolling provision applied to certain portions of time since the enactment of the AEDPA, it did not render the habeas petition timely filed. Moreover, the court did not discern any extraordinary circumstance that warranted applying the doctrine of equitable tolling given that petitioner had failed to offer any explanation for the delay in filing the habeas petition. Petitioner's letter, which the court construed as a motion for appointment of counsel, was denied as moot given the determination to dismiss the petition as untimely. Finally, the court declined to issue a certificate of appealability.

**OUTCOME:** The petition for a writ of habeas corpus was dismissed.

**CORE TERMS:** period of limitation, habeas petitions, post-conviction, period of time, tolling, tolled, constitutional right, equitable tolling, appointment of counsel, appealability, certificate, counted, prison, habeas corpus, limitation period, direct review, properly filed, untimely, summarily, convictions became final, state prisoners, expiration, convicted, sentence, mailing, concede, murder, weapon, unfair, jurist

**LexisNexis(R) Headnotes**

*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Time Limitations > Antiterrorism & Effective Death Penalty Act*
*Governments > Legislation > Statutes of Limitations > Time Limitations*
[HN1]In the Antiterrorism and Effective Death Penalty Act of 1996, Congress amended the federal habeas statute by prescribing a one-year period of limitation for the filing of 28 U.S.C.S. § 2254 habeas petitions by state prisoners.

*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Time Limitations > Accrual Period*
*Governments > Legislation > Statutes of Limitations > Time Limitations*
[HN2]See 28 U.S.C.S. § 2244(d)(1)(A).

*Criminal Law & Procedure > Habeas Corpus > Review > Antiterrorism & Effective Death Penalty Act*
*Governments > Legislation > Effect & Operation > Retrospective Operation*
*Governments > Legislation > Statutes of Limitations > Time Limitations*
[HN3]In order to avoid any impermissible retroactive application of the one-year period of limitation, state prisoners whose convictions became final prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 were allowed to file their 28 U.S.C.S. § 2254 petitions no later than April 23, 1997.

*Civil Procedure > U.S. Supreme Court Review > General Overview*
*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Time Limitations > General Overview*
*Governments > Legislation > Statutes of Limitations > General Overview*
[HN4]A defendant is allowed 90 days in which to file a petition for a writ of certiorari with the United States Supreme Court after his judgment of conviction in state court becomes final. Sup. Ct. R. 13. When a defendant does not file a petition with the United States Supreme Court, the 90-day period in which he could have filed such a petition is encompassed within the meaning of the conclusion of direct review or the expiration of the time for seeking such review, as set forth in 28 U.S.C.S. § 2244(d)(1)(A).

*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Time Limitations > Equitable Tolling*
*Governments > Legislation > Statutes of Limitations > General Overview*
[HN5] 28 U.S.C.S. § 2244(d)'s period of limitation may be either statutorily or equitably tolled.

*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Time Limitations > General Overview*
*Governments > Legislation > Statutes of Limitations > General Overview*

[HN6]See 28 U.S.C.S. § 2244(d)(2).

*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Time Limitations > General Overview*
[HN7]Only a "properly filed application" for post-conviction review tolls the one-year period under 28 U.S.C.S. § 2244(d)(2).

*Criminal Law & Procedure > Habeas Corpus > Procedural Default > General Overview*
[HN8]Under Del. Super. Ct. R. Crim. P. 61, any ground for relief that was not asserted in a prior postconviction proceeding is thereafter barred. Del. Super. Ct. R. Crim. P. 61(i)(2). This procedural bar, however, is inapplicable where a motion raises a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction. Del. Super. Ct. R. Crim. P. 61(i)(5).

*Civil Procedure > U.S. Supreme Court Review > General Overview*
*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Time Limitations > General Overview*
*Governments > Legislation > Statutes of Limitations > Time Limitations*
[HN9]On direct review, the 90-day period set forth in Sup. Ct. R. 13 is excluded from the one-year period of limitation of 28 U.S.C.S. § 2244(d)(1). In post-conviction proceedings, however, the time during which a state prisoner may file a petition in the United States Supreme Court does not toll the one-year period, and the 90-day period is counted.

*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Time Limitations > Equitable Tolling*
*Governments > Legislation > Statutes of Limitations > Time Limitations*
[HN10]In the context of a federal habeas proceeding, the doctrine of equitable tolling applies only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient. In other words, equitable tolling

may be appropriate if (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum.

*Constitutional Law > Bill of Rights > Fundamental Rights > Criminal Process > Assistance of Counsel*
*Criminal Law & Procedure > Counsel > Right to Counsel > General Overview*
*Criminal Law & Procedure > Habeas Corpus > Procedure > Appointment of Counsel*
[HN11]The Sixth Amendment right to counsel does not extend to habeas proceedings.

*Criminal Law & Procedure > Habeas Corpus > Appeals > Certificate of Appealability*
*Criminal Law & Procedure > Habeas Corpus > Cognizable Issues > Threshold Requirements*
[HN12]The court may issue a certificate of appealability only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C.S. § 2253(c)(2).

*Criminal Law & Procedure > Habeas Corpus > Appeals > Certificate of Appealability*
[HN13]When the court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, to obtain a certificate of appealability the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.

**COUNSEL:** KEVIN A. THOMAS, petitioner, Pro se, Smyrna, DE.

For ROBERT W. SNYDER, ATTORNEY GENERAL OF THE STATE OF DELAWARE, respondents: Thomas E. Brown, Department of Justice, Wilmington, DE.

**JUDGES:** Gregory M. Sleet, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Gregory M. Sleet

**OPINION**

**MEMORANDUM AND ORDER**

Kevin A. Thomas was convicted of first degree murder and possession of a deadly weapon during the commission of a felony. He is presently incarcerated in the Delaware Correctional Center in Smyrna, Delaware, where he is serving a sentence of life imprisonment. Thomas has filed with this court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As explained below, the court will dismiss Thomas' petition as time barred by the one-year period of limitation prescribed in 28 U.S.C. § 2244(d).

**I. BACKGROUND**

On June 28, 1993, following [*2] a jury trial in the Delaware Superior Court, Kevin A. Thomas was convicted of first degree murder and possession of a deadly weapon during the commission of a felony. The evidence at trial demonstrated that on September 13, 1992, Thomas shot David Turner in the face and killed him. Thomas was seventeen years old at the time. He was sentenced to life in prison without parole on the murder conviction and to a consecutive sentence of five years in prison on the weapons conviction. The Delaware Supreme Court affirmed Thomas' conviction and sentence on September 21, 1994.

On December 18, 1996, Thomas filed in state court a motion for post-conviction relief pursuant to Rule 61 of the Delaware Superior Court Criminal Rules. The trial court summarily dismissed Thomas' Rule 61 motion on December 23, 1996. Thomas appealed to the Delaware Supreme Court. His subsequent motion to withdraw the appeal was granted on March 11, 1997. Thomas filed a second Rule 61 motion for post-conviction relief on March 27, 1997, which was summarily dismissed on May 9, 1997. Again, Thomas appealed to the Delaware Supreme Court. The Court affirmed the order of dismissal on November 24, 1997.

Thomas has now filed [*3] with this court the current petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition Thomas articulates four separate grounds for relief: (1) The searches of his residence and car were in violation of the Fourth Amendment, and all evidence seized from these searches should have been suppressed; (2) The trial court erred in admitting identification testimony that was the result of an impermissibly suggestive photographic identification procedure; (3) The trial court violated his constitutional right to due process by giving a supplemental jury instruction pursuant to *Allen v. United States*, 164 U.S. 492, 41 L. Ed. 528, 17 S. Ct. 154 (1896); and (4) His constitutional rights were violated when police questioned him without a parent or legal guardian present.

The respondents argue that the petition is subject to a one-year period of limitation that expired before Thomas filed it. Thus, they request that the court dismiss the petition as time barred.

## II. DISCUSSION

### A. One-Year Period of Limitation

[HN1]In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress amended the federal habeas statute [*4] by prescribing a one-year period of limitation for the filing of § 2254 habeas petitions by state prisoners. _Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 541 (3d Cir. 2001)_. Effective April 24, 1996, the AEDPA provides:

> [HN2](1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . .

28 U.S.C. § 2244(d)(1). [HN3]In order to avoid any impermissible retroactive application of the one-year period of limitation, state prisoners whose convictions became final prior to the enactment of the AEDPA were allowed to file their § 2254 petitions no later than April 23, 1997. _See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998)_(prohibiting dismissal of petitions filed on or before April 23, 1997, as untimely under § 2244(d)(1)(A)).

Thomas' conviction became final prior to the enactment of the AEDPA. He [*5] was convicted on June 28, 1993. The Delaware Supreme Court affirmed the judgment of conviction on September 21, 1994. [HN4]Thomas was then allowed ninety days in which to file a petition for a writ of certiorari with the United States Supreme Court. _See_ Supreme Court Rule 13. Although Thomas did not file a petition with the United

States Supreme Court, the ninety-day period in which he could have filed such a petition is encompassed within the meaning of "the conclusion of direct review or the expiration of the time for seeking such review," as set forth in § 2244(d)(1)(A). _See Kapral v. United States, 166 F.3d 565, 576 (3d Cir. 1999)_(holding that on direct review, the limitation period of § 2244(d)(1)(A) begins to run at the expiration of the time for seeking review in the United States Supreme Court). Therefore, Thomas' conviction became final on December 20, 1994, ninety days after the Delaware Supreme Court affirmed his conviction, and well before the enactment of the AEDPA on April 24, 1996. Thus, he could have filed a timely habeas petition with this court not later than April 23, 1997. _See Burns, 134 F.3d at 111_.

Ascertaining the precise date [*6] Thomas filed his habeas petition with the court is somewhat problematic. The court's docket reflects that the petition was filed on October 21, 1998, the date the clerk's office received his petition and filing fee. A pro se prisoner's habeas petition, however, is considered filed on the date he delivers it to prison officials for mailing to the district court, not on the date the court receives it. _Id. at 113_. Thomas has provided the court with no documentation establishing the date he delivered his petition to prison officials for mailing. The petition itself, however, is dated August 10, 1998. The respondents maintain that the filing date is October 8, 1998, but they provide no documentation to support this conclusion. Under these circumstances, the court will extend Thomas every benefit of the doubt and will consider his habeas petition filed on August 10, 1998, the earliest possible date he could have delivered it to prison officials for mailing.

Obviously Thomas' habeas petition was filed well beyond the April 23, 1997 deadline. That, however, does not end the inquiry because [HN5]§ 2244(d)'s period of limitation may be either statutorily or equitably tolled. [*7] _See Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999)_.

### B. Statutory Tolling

The AEDPA provides for statutory tolling of the one-year period of limitation:

> [HN6]The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Thomas filed in state court a Rule 61 motion for post-conviction relief on December 18, 1996, which the Superior Court summarily dismissed on December 23, 1996. As previously noted, Thomas appealed from the order of dismissal. His subsequent motion to withdraw the appeal was granted on March 11, 1997. The respondents concede, and correctly so, that the filing of this motion for post-conviction relief tolled the period of limitation. Thus, the period of time from December 18, 1996, through March 11, 1997, does not count toward the one-year period of limitation. [1]

> 1    The court notes that the one-year period is tolled during the time between the Superior Court's dismissal of Thomas' Rule 61 motion and his timely appeal to the Delaware Supreme Court. *See Swartz v. Meyers*, 204 F.3d 417, 420 (3d Cir. 2000).

[*8] Thomas filed a second Rule 61 motion for post-conviction relief in state court on March 27, 1997, which was summarily dismissed on May 9, 1997. The Delaware Supreme Court affirmed the dismissal on November 24, 1997. Again, the respondents concede that the filing of the second Rule 61 motion tolled the period of limitation. [2] Thus, the period of time from March 27, 1997, through November 24, 1997, is excluded from the one-year limitation period. [3]

> 2    [HN7]Only a "properly filed application" for post-conviction review tolls the one-year period under § 2244(d)(2). Whether Thomas' second Rule 61 motion constitutes a "properly filed application" is subject to debate. [HN8]Under Rule 61, "any ground for relief that was not asserted in a prior postconviction proceeding . . . is thereafter barred." Super. Ct. R. Crim. P., Rule 61(i)(2). This procedural bar, however, is inapplicable where a motion raises "a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction." *Id.*, Rule 61(i)(5). The court need not, and does not, address whether Thomas' second Rule 61 motion was a "properly filed application" because the respondents concede that the one-year period was tolled while the second Rule 61 motion was pending. Regardless, as discussed herein, Thomas' habeas petition is untimely.

[*9]

> 3    Thomas could have filed, but did not file, a petition for a writ of certiorari with the United States Supreme Court within ninety days of the Delaware Supreme Court's order. *See* Supreme Court Rule 13. [HN9]As explained above, on di-

rect review that ninety-day period is excluded from the one-year period of limitation. *See Kapral*, 166 F.3d at 576. In post-conviction proceedings, however, the time during which a state prisoner may file a petition in the United States Supreme Court does *not* toll the one-year period, and the ninety-day period is counted. *Stokes*, 247 F.3d at 543.

Nonetheless, since the date of the enactment of AEDPA, more than one year has passed during which statutory tolling does not apply. First, from April 24, 1996, through December 17, 1996, a period of 238 days, no post-conviction proceedings were pending, and those 238 days are included as part of the one-year period. In addition, from March 12, 1997, through March 26, 1997, no post-conviction relief proceedings were pending, and those fourteen days must be counted. Finally, from November 25, 1997, through [*10] August 9, 1998, a period of 258 days, no motion for post-conviction relief was pending, and those 258 days must be counted.

In sum, following the enactment of the AEDPA, 510 days lapsed during which Thomas had no post-conviction proceedings pending for purposes of § 2244(d)(2). This period of time, well in excess of one year, must be counted. The court thus concludes that while the statutory tolling provision applies to certain portions of time since the enactment of the AEDPA, it does not render Thomas' habeas petition timely filed.

## C. Equitable Tolling

Additionally, the one-year period of limitation prescribed in § 2244(d) may be subject to equitable tolling. *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001); *Jones*, 195 F.3d at 159; *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998). [HN10]The doctrine of equitable tolling applies:

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she [*11] exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

*Miller*, 145 F.3d at 618-19 (citations omitted). In other words, equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely as-

serted his rights mistakenly in the wrong forum." *Jones, 195 F.3d at 159, quoting United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998).

In the instant case, Thomas argues that the AEDPA's one-year period of limitation is at odds with the three-year period allowed for filing a Rule 61 motion for post-conviction relief. He contends that because Delaware allows three years in which to file a Rule 61 motion, and petitioners are required to exhaust state remedies before filing habeas petitions in federal court, it is unfair to apply the AEDPA's one-year period of limitation, rather than Delaware's three-year period.

Although Thomas is correct that Delaware generally allows three years in which to file a Rule 61 motion, [*12] *see* Super. Ct. R. Crim. P., Rule 61(i)(1), the court is unimpressed by his equitable tolling argument. As explained above, the court has applied § 2244(d)(2)'s tolling provision to exclude the periods of time during which his two post-conviction proceedings were pending before the state courts. These periods of time do not count against Thomas. There is nothing unfair or inequitable in applying the AEDPA's one-year period of limitation to petitioners who wait more than a year before filing a habeas petition in federal court, even if the Delaware rule permits a longer period of time in which to file Rule 61 motions.

More important, Thomas has failed to articulate any extraordinary circumstances that prevented him from filing his habeas petition with this court in a timely manner. Indeed, he has failed to offer *any* explanation for the delay. He has not provided the court with any reason why, after the AEDPA was enacted, he waited until December 18, 1996, to file his first Rule 61 motion. He has not explained why, after his second Rule 61 proceedings were completed on November 24, 1997, he waited until August 10, 1998, to file his habeas petition with this court.

In short, the [*13] court cannot discern any extraordinary circumstances that warrant applying the doctrine of equitable tolling. Thomas' habeas petition will be dismissed as untimely.

**D. Motion for Appointment of Counsel**

In a letter to the court dated April 16, 2000, Thomas inquired respecting appointment of counsel in this matter. The court construes this letter as a motion for appointment of counsel. [HN11]The Sixth Amendment right to counsel does not extend to habeas proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987); *United States v. Roberson*, 194 F.3d 408, 415 n.5 (3d Cir. 1999). Additionally, the court has determined that Thomas' habeas petition will be dismissed as untimely. Accordingly,

Thomas' letter dated April 16, 2000, construed as a motion for appointment of counsel, will be denied as moot.

**III. CERTIFICATE OF APPEALABILITY**

Finally, the court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. [HN12]The court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional [*14] right." 28 U.S.C. § 2253(c)(2).

[HN13]When the court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 146 L. Ed. 2d 542, 120 S. Ct. 1595 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons discussed above, Thomas' habeas petition is barred by the one-year period of limitation. The court cannot conclude that the period should be statutorily or equitably tolled to render the petition timely. The court is convinced that reasonable jurists would not debate otherwise. Thomas therefore cannot make a substantial showing of the denial of a constitutional right, and a certificate of appealability [*15] will not issue.

**IV. CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED THAT:

> 1. Thomas' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED, and the relief requested therein is DENIED.

> 2. Thomas' letter dated April 16, 2000, requesting appointment of counsel, is construed as a motion for appointment of counsel, and so construed, is DENIED as moot.

> 3. The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

2001 U.S. Dist. LEXIS 19969, *

Dated: November 28, 2001                UNITED STATES DISTRICT JUDGE

Gregory M. Sleet

LEXSEE



Analysis
As of: Mar 14, 2008

**DEVEARL L. BACON, Petitioner, v. THOMAS CARROLL, Warden, and JOSEPH R. BIDEN, III, Attorney General of the State of Delaware, Respondents. [1]**

1    Attorney General Joseph R. Biden, III assumed office in January, 2007, replacing former Attorney General Carl C. Danberg, an original party to this case. See Fed. R. Civ. P. 25(d)(1).

**Civil Action No. 06-519-JJF**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

**2007 U.S. Dist. LEXIS 68877**

**September 17, 2007, Decided**

**PRIOR HISTORY:** Bacon v. Delaware, 127 S. Ct. 591, 166 L. Ed. 2d 439, 2006 U.S. LEXIS 8706 (U.S., 2006)

**CORE TERMS:** limitations period, equitable tolling, habeas petitions, appealability, time-barred, certificate, trial transcripts, direct appeal, period of limitations, ineffective, asserting, diligence, robbery, tolling, toll, liquor store, counts of possession, ineffective assistance, equitably tolled, expiration, debatable, sentence, prisoner, joinder, trigger, prison, jurists, attempted robbery, deadly weapon, conviction became final

**COUNSEL:** [*1] Devearl L. Bacon. Pro Se Petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Respondents.

**JUDGES:** Joseph J. Farnan, Jr., UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Joseph J. Farnan, Jr.

**OPINION**

*MEMORANDUM OPINION*

*September 17, 2007*

*Wilmington, Delaware*

**Farnan, District Judge**

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Devearl L. Bacon ("Petitioner"). (D.I. 2.) For the reasons discussed, the Court concludes that the Petition is time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner was indicted for numerous crimes stemming from three robberies (one seven-eleven store, a liquor store, and an automobile) and one attempted robbery of a liquor store. The State *nolle prossed* the charges related to one of the robberies. After a three day trial in June 2001, a Delaware Superior Court jury returned guilty verdicts on the charges related to the two remaining robberies, and verdicts of not guilty on the charges related to the attempted robbery. Petitioner was convicted of fourteen offenses, [*2] including five counts of first degree robbery, two counts of possession of a firearm during the commission of a felony, one count of first degree carjacking, two counts of possession of a deadly weapon by a person prohibited, two counts of aggravated menacing, and two counts of wearing a disguise during the commission of a felony. See *State v. Bacon*, 2005 Del. Super. LEXIS 343, 2005 WL 2303810, at *1 (Del. Super. Ct. Aug. 29, 2005). The Su-

perior Court sentenced Petitioner to thirty-four years of imprisonment followed by twelve years of probation. *Id.* The Delaware Supreme Court affirmed Petitioner's convictions and sentences on direct appeal. *Bacon v. State,* 801 A.2d 10, 2002 WL 1472287 (Del. July 1, 2002).

In September 2004, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), alleging six claims of ineffective assistance of counsel. The Superior Court denied the motion in August 2005, and the Delaware Supreme Court affirmed that decision in June 2006. *Bacon,* 2005 Del. Super. LEXIS 343, 2005 WL 2303810; *Bacon v. State,* 2006 Del. LEXIS 334, 2006 WL 1725589(Del. June 21, 2006).

In August 2006, Petitioner filed an application for federal habeas relief asserting six grounds for relief: (1) the trial court [*3] erred by permitting the joinder of three counts of possession of a deadly weapon by a person prohibited, and defense counsel was ineffective for failing to move for severance, to object to the joinder at trial, or to raise the issue on direct appeal; (2) the trial court erred by allowing charges relating to four separate locations to be tried together, and defense counsel was ineffective for failing to move for severance of the charges, to object to the joinder at trial, or to raise the issue on direct appeal; (3) defense counsel provided ineffective assistance by failing to object to the admission of prior bad acts evidence; (4) the in-court identification of Petitioner by one of the liquor store clerks violated Petitioner's right to a fair trial because there was no independent origin for the identification, and defense counsel was ineffective for failing to raise the issue on direct appeal; (5) counsel provided ineffective assistance by failing to object to an amendment to the indictment before trial; and (6) the prosecutor failed to disclose the videotape of Petitioner's statement to the police, and defense counsel failed to raise this issue at trial on or on direct appeal. (D.I. [*4] 3.) Respondents filed an Answer asserting that the Court should dismiss the Petition as untimely or, alternatively, because the claims fail to warrant relief under § 2254(d)(1). (D.I. 17.) Petitioner filed a Reply to the Answer, arguing that the Petition is not time-barred because he believed the Superior Court stayed the federal one-year limitations period in February 2003. (D.I. 25.)

## II. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. *See generally Lindh v. Murphy,* 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). The AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from [*5] filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Petition is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh,* 521 U.S. at 336. Petitioner does not allege, nor can the Court discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Accordingly, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

In the instant case, the Delaware Supreme Court affirmed Petitioner's conviction and sentence on July 1, 2002, and Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court. Consequently, Petitioner's conviction became final for the purposes of § 2244(d)(1) on September 30, 2002, [2] and he had until September 30, 2003 to file a timely habeas petition. *See Kapral v. United States,* 166 F.3d 565, 575, 578 (3d Cir. 1999); [*6] *Wilson v. Beard,* 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions). Petitioner, however, did not file the Petition until August 16, 2006, [3] approximately three years after the AEDPA's statute of limitations expired in 2003. Thus, the Petition is time-barred, unless the limitations period can be statutorily or equitably tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir. 1999). The Court will discuss each doctrine in turn.

2    The ninety-day period to file a petition for a writ of certiorari actually expired on September 29, 2002, but because that day was a Sunday, Petitioner had until Monday, September 30, 2002, to file a petition for a writ of certiorari. *See* Sup. Ct. R. 30(1).

3    A prisoner's *pro se* habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. *See Longenette v. Krusing,* 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); *Burns v. Morton,* 134 F.3d 109, 113 (3d Cir. 1998). The Court adopts the date on the Petition, August 16, 2006, as the filing date, [*7] because presumably, Petitioner could not have presented the Petition to prison officials for mailing any earlier than that date. *See Woods v. Kearney,* 215 F. Supp. 2d 458, 460 (D. Del. 2002).

## B. Statutory Tolling

Statutory tolling of the one-year limitations period is authorized by Section 2244(d)(2) of the AEDPA, which provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). In this case, the Court concludes that the statutory tolling principles are inapplicable. Petitioner's Rule 61 motion, filed on September 17, 2004, does not toll the limitations period because it was filed more than a year after the expiration of AEDPA's limitations period. *See Price v. Taylor,* 2002 U.S. Dist. LEXIS 17911, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002)(explaining that a properly filed Rule 61 motion will only toll the limitations period if it was filed and pending before the expiration of the AEDPA's limitations period). Additionally, contrary to Petitioner's argument, the combined motion for transcripts and for [*8] a stay of the AEDPA's one-year limitations period that he filed in the Superior Court on February 23, 2003 does not toll the limitations period under § 2244(d)(2) because the motion did not challenge the lawfulness of Petitioner's conviction or sentence. *Hartmann v. Carroll,* 492 F.3d 478, 2007 WL 1967172, (3d Cir. 2007). Therefore, unless the doctrine of equitable tolling applies, the Petition is time-barred.

## C. Equitable Tolling

The AEDPA's limitations period may be equitably tolled, but "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Jones,* 195 F.3d at 159 (3d Cir. 1999). In order to trigger equitable tolling, a petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. *Miller v. New Jersey Dept. of Corrs.,* 145 F.3d 616, 618-19 (3d Cir. 1998); *Schlueter v. Varner,* 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following [*9] circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
>
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
>
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones,* 195 F.3d at 159; *see also Brinson v. Vaughn,* 398 F.3d 225, 231 (3d Cir. 2005)(equitable tolling is appropriate where the court misleads petitioner about steps necessary to preserve habeas claim).

In this case, Petitioner appears to argue that trial counsel impeded his ability to obtain trial transcripts, which, in turn, prevented him from filing the Petition in a timely manner. Alternatively, Petitioner contends that the Superior Court stayed the AEDPA's one-year limitations period, and therefore, this Court should honor that stay and equitably toll the limitations period. (D.I. 3, Appendix A.) For the following reasons, the Court concludes that neither of these arguments warrant equitable tolling.

The Third Circuit has held that an attorney's ineffective assistance may warrant equitable tolling, but only if the attorney's conduct is sufficiently egregious and the petitioner exercised reasonable diligence in pursuing his claims. [*10] *See Schlueter,* 384 F.3d at 77. Here, Petitioner's conclusory and unsupported statement regarding counsel's alleged failure to help him obtain the trial transcripts does not appear to constitute the type of "egregious behavior" or malfeasance necessary to trigger equitable tolling. Nevertheless, regardless of counsel's actions, the Superior Court provided Petitioner with copies of the trial transcripts in March 2003, when there were approximately 6 months remaining in the AEDPA's limi-

tations period. (D.I. 3, Del. Super. Ct. Crim, Dkt. at Item 46; D.I. 3, at 13.) That six month period gave Petitioner sufficient time to file a Rule 61 motion in the Superior Court which, in turn, would have statutorily tolled the AEDPA's limitations period under § 2244(d)(2). Petitioner, however, did not file his Rule 61 motion until September 2004, more than one year after he received the trial transcripts, and he does not assert any reason for that delay. Therefore, the Court concludes that the delay in receiving trial transcripts, even if somehow due to counsel's performance, does not trigger the equitable tolling doctrine because Petitioner did not exercise the requisite diligence in preserving his [*11] claims.

Additionally, Petitioner argues that the limitations should be equitably tolled because he believed the Superior Court granted his "Motion To Stay The One-Year Deadline Imposed By The Federal Habeas Corpus Act." (D.I. 25, at pp. 1-2, 5.) However, the Delaware Superior Court did not have jurisdiction to grant a motion to stay a federal limitations period governing a federal cause of action, and Petitioner's mistaken belief with respect to the Superior Court's authority does not warrant equitable tolling. See Del. Const. art. 4, §7 (jurisdiction of Superior Court); LaCava v. Kyler, 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling")(internal citation omitted); Simpson v. Snyder, 2002 U.S. Dist. LEXIS 9204, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). Moreover, the Superior Court clearly construed Petitioner's motion for a stay as an extension of time to file a Rule 61 motion, and denied that request. There is no indication [*12] that any court or party actively misled Petitioner with incorrect information regarding the proper forum for filing a motion for a stay, and this situation is not akin to one where the petitioner "timely asserted his rights in the wrong forum." [4] Thus, the Court concludes that Petitioner's specious argument fails to warrant equitable tolling. Accordingly, the Court will dismiss the Petition as time-barred.

4    In February 2003, Petitioner had not yet filed a federal habeas petition, and he also had not yet exhausted state remedies. Therefore, even if Petitioner had filed a motion to stay the limitations period in this Court in February 2003, the request to stay the limitations period would have been premature.

## III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or [*13] wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id.

The Court has concluded that Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is time-barred. The Court is persuaded that reasonable jurists would not find this conclusion to be debatable, and therefore, the Court declines to issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied. (D.I. 2.)

An appropriate Order will be entered.

### ORDER

At Wilmington, this 17 day of September, 2007, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1. Petitioner Devearl L. Bacon's Application For A Writ Of Habeas Corpus [*14] Pursuant To 28 U.S.C. § 2254 (D.I. 2.) is *DISMISSED,* and the relief requested therein is *DENIED.*

2. The Court declines to issue a certificate of appealability, because Petitioner has failed to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

Joseph J. Farnan, Jr.

UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2008, I electronically filed the attached

documents with the Clerk of Court using CM/ECF. I also hereby certify that on March

14, 2008, I have mailed by United States Postal Service, the same documents to the

following non-registered participant:

> Jamar White
> No. 414978
> Delaware Correctional Center
> 1181 Paddock Road
> Smyrna, DE 19977

> /s/ Kevin M. Carroll
> Deputy Attorney General
> Department of Justice
> 820 N. French Street
> Wilmington, DE 19801
> (302) 577-8500
> Del. Bar. ID No. 4836
> Kevin.Carroll@state.de.us

Date:  March 14, 2008