## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **JAMAR WHITE,** | ) |
| | ) |
| Petitioner, | ) |
| | ) Civ.Act.No. 07-740-JJF |
| v. | ) |
| | ) |
| **PERRY PHELPS,** Warden | ) |
| And **JOSEPH R. BIDEN, III,** Attorney | ) |
| General for the State of Delaware | ) |
| Respondents. | ) |

### REPLY

In regards to the State's 'Answering Brief,' dated March 14, 2008, with respect to Rule 5 of the Federal Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, the defendant submits the following 'reply' to such:


In its Answering brief, the State begins first by citing the course of events in this case by concluding the following: the defendant was sentenced on August 29, 2003 to twelve years of incarceration and a term of probation following his conviction on June 02, 2003 for pleading guilty to two separate counts of first degree robbery, two counts of possession of a firearm during the commission of a felony, and one count of conspiracy second. Then on August 05, 2004, the defendant filed a motion for post conviction relief in the Superior Court, where on December 07, 2004, the Court dismissed such. The defendant did not take an appeal to the Delaware Supreme Court, but instead moved to modify his sentence on December 09, 2004. The Superior Court denied that motion on May 04, 2005.

**FILED**

MAY 2 8 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Then on August 15, 2006, the defendant filed a second motion for post conviction relief in the state court; it was denied on January 26, 2007, and there-after, the defendant this time did appeal the denial of his motion for post conviction relief to the Supreme Court. On August 24, 2007, the Delaware Supreme Court affirmed the decision of the lower court. Three months later, on November 13, 2004, the defendant petitioned this court for a Writ of habeas Corpus.[1]

The above statement of events and dates in this case are all correct with the exception of the December 09, 2004 date on which it was said that the defendant filed a sentence modification. The correct date on which a modification of sentence was filed was on December 29, 2004.[2] Also, the fact above that the defendant did not take a direct appeal following his sentencing predominately rests from ineffective assistance of counsel, since a defendant has a right to effective assistance of counsel throughout the process leading up to conviction, sentencing and direct appeal. See Middle brook v. State, Del. Supr., 815 A.2d 740 (2003), holding that when trial counsel provides ineffective assistance of counsel by failing to file a direct appeal.

Nonetheless, such an issue also played a contributing role in the fact and reason why the defendant failed to appeal also the denial of his original motion for post conviction relief. For one, the original motion for post conviction relief was inadequate in substance and fact due to limited available insight into the case at the time of the filing. In

---

[1] See pages 1-2 of State's Answering brief.
[2] See Super. Ct. Crim. Dct. Sht. page 4 at *24 for this Appendix exhibit to defendant's memorandum of law.

3

other words, because at the time of the filing, the defendant's only insight into his case was an insufficient or incomplete police affidavit which failed to supply all the key evidence of the case, the defendant was thus prevented from sufficiently establishing and presenting the colorable claims that he raised in the second motion for post conviction relief until his court appointed attorney after being asked many to times finally provided him with a Superior Ct. Crim. R. 16 Discovery, which was after the fact.[3] The question of whether the claims are meritorious is irrelevant to the issue that grounds two and three of the second motion for post conviction relief, which adequately states and gives more in-depth to the claims of ineffective assistance of counsel and a defective charging indictment could not surely have been properly raised without the availability of the Discovery.

Furthermore, the Superior Court misinterpreted the original motion's main claim of double jeopardy. It was initially argued that double jeopardy was violated in this case because the defendant was charged and indicted on five separate counts of robbery1st and companion pfdcf charges, whereas the Court construed that the double jeopardy argument was accrued on the fact that since robbery1st and pfdcf were charged together they violated double jeopardy since both offenses statutorily do possess similar and same elements; this was not the case.[4] Therefore, considering the fact that originally when the

---

[3] See Appendix to defendant's memorandum of law for exhibits to compare evidence of police affidavit to evidence of Rule 16 Discovery when comparing the grounds raised in the original post conviction to the second post conviction.

[4] See Appendix to defendant's memorandum of law for exhibits to original post conviction and its Order dated December 06,2004, and the subsequent Order from second motion for post conviction dated January 26, 2007, where the court stated it doesn't matter if the claims where clearly misunderstood by the court originally...

4

first motion for post conviction relief was filed, there was really no means to effectively

pursuing an argument in this case since there was a lack of available evidence, and given

the fact that the main claim of double jeopardy raised was misinterpreted by the lower

court; that combined with ineffective assistance of counsel throughout the whole criminal

process and the defendant's lack of legal experience is what ultimately contributed to the

defendant failing to file a direct appeal following sentencing, but more specifically appeal

from the denial of his original motion for post conviction relief. Such is what particularly

prompted the defendant to need to file a second motion for post conviction relief to more

specifically state the main claims inadequately stated or misconstrued before and to

address or manifest those additional claims found from the production of the Discovery.

Moreover, the need to open up the case again by filing a second motion for post

conviction was important since the court had erroneously invoked Superior Court

Criminal Rule 61 (i)(3)s procedural bar to all of the claims challenging the indictment,

under guise, such claims were not initially addressed in the proceedings leading up to the

judgment of conviction, when in fact they were- in open court during the defendant's plea

colloquy, the defendant questioned the validity of the charges in the indictment against

him.[5]

---

[5] See Appendix to defendant's memorandum of law for exhibit to Order dated December
06, 2004, page 2 and 6.
  See also, State v. Correa- A.2d- Del. Super. Ct. Nov. 21, 2003- appeal- 839 A.2d 665
(Del. 2003), holding that if claims are not raised in the proceedings leading up to
conviction as in a plea hearing or colloquy, they are barred unless pursuant to Super. Ct.
Cr. R. 61 (i)(5).

In dismissal of the second petition for post conviction, the court again invoked the procedural bar under (i)(3), but also (i)(2), siding with the State's assertion that the claims challenging the indictment were raised previously, despite the defendant's revealing that they needed to be raised again, as the substance of those claims initially were inadequately briefed and misunderstood before, and particularly because of lack of evidentiary material to the case as stated earlier. Once in the Supreme Court, the defendant had again attempted to display the importance of his challenging the indictment again in the second petition for post conviction, where claims were not the same, but similar to those before- only this time more substantiated. However, just as before, the case was dismissed under the procedural grounds listed above, as the Supreme Court affirmed the appeal;[6] this promulgated the filing of this petition because the claims never should have been dismissed, at least not under any procedural grounds.

In further addressing the State's Answering Brief, the State next maintains that the defendant's petition for federal habeas relief should be denied, because the petition runs afoul of 28 U.S.C.A. § 2244(d)(1)s one year statute of limitations, since 613 days have passed between the expiration of the time for filing this petition and when it was actually filed. With this, the State also claims that the 'doctrine of equitable tolling does not save the petition, as the defendant does not allege, nor can respondents discern any reason to believe that the terms of 28 U.S.C.A. § 2244(d)(1) are applicable.[7]

---

[6] See page 6 of the State's Answering Brief.
[7] See page 3 of State's Answering Brief with footnote and page 5.

6

In regard, the State is not quite correct in its calculations, and particularly its take on the equitable tolling provisions.[8] For example, the State claims that 978 days have passed between the date on which the defendant's conviction became final and when the instant petition was filed; further asserting that therefore the defendant missed the one year filing limitations period of 28 U.S.C.A. § 2244 by 613 days. In all actuality, 776 days have passed since the period of the conviction becoming final, and thus the limitations date was missed by 411 days.

For instance, when the defendant was sentenced on August 29th, 2003, he had 30 days in which to appeal, he did not. Instead he waited 311 days later to file his first petition for post conviction on August 08, 2004, with only 54 days left to file his federal petition for habeas relief. Such was dismissed on December 07, 2004, the defendant had 30 days to appeal, he did not. Instead, on December 29, 2004, he filed a Motion for Modification of sentence.[9] Such was denied on May 04, 2005, the defendant did not appeal. 438 days passed until the next motion for post conviction was filed, where such was dismissed on January 26, 2007. The defendant filed a timely appeal to such, and the

---

[8] The tolling provisions in this case apply to the defendant based on the above. See pages 8 to 10 of this brief for more on this.

[9] A modification of sentence under Superior Court Crim. Rule 35 is generally not considered a tolling mechanism of 28 U.S.C.A. § 2244, unless lawful terms of sentence are addressed or argued. See Hartmann v Carroll, 492 F.3d 478, 2007 Wl 1967172, (3d. Cir. 2007).

In the defendant's case, these terms obviously were addressed as the modification court Order dated May 04, 2005 shows. See defendant's memorandum of law Appendix for this exhibit.

Supreme Court eventually affirmed the appeal. Three months or 81 days later the
defendant filed his Writ of Habeas Corpus on November 13, 2008.

What's more, the days calculated above describe time periods past the one year
limitation period of 28 U.S.C.A. § 2244, however, if you factor in the fact that between
September 28, 2003, the date after the expiration of the time for filing a direct appeal
from the defendant's sentencing date, to the date when the fist post conviction motion
was filed; in between, from May 27, 2004, the defendant was also arguing his case for
return of property, where the court had erroneously forfeited his vehicle. On May 27,
2005, the court dismissed the defendant's claims pertaining to this issue.[10] Nonetheless, if
you calculate those periods, the times between when defendant's motion
for 'return of property' was first filed in the Superior Court
due to State's action, and there-after dismissed, to when
the case was brought again a year later and argued
all the way to the Supreme Court; those periods may
or may not have any tolling effect towards § 2244(d)(1)s
one year limitations period, but in any event, since the
forfeiture issues relate to the criminal case at
hand, and address the state and lower court's 'null
and void' judgment to forfeit defendant's vehicle,
because such was done prior to criminal conviction
and absent a separate hearing for the property
see State v. Rossitto, 331 A.2d 388 at [1-9](1974), those
time periods should be tolled or excluded according to
28 U.S.C. 2244(d)(2). See Hartmann v. Carrol, 492 F.3d 478,
2007 WL 1967172, (3d.Cir. 2007) Also, see all forfeiture and

---

10 On May 27, 2004, defendant filed a motion for 'return of property'
pertaining to State's April 02, 2003 motion to forfeit his vehicle,
which Superior Court granted on April 07, 2003, Following motion's
dismissal, there was no appeal, but on June 19, 2006 through
February 28, 2007, the case was opened again in Superior Court
for more effective argument and was later dismissed
and appealed in the Supreme Court. See attached dockets.

8

civil exhibits presented by the State and see attached Criminal docket Sheet page 1 and 4 and additional docket sheets pertaining to forfeiture proceedings.

With all things considered, if the forfeiture proceedings are tolled along with the usual criminal proceedings, and whether or not this would align within the one year limitations period for filing this petition still wouldn't change the fact that the forfeiture proceedings argued simultaneously with the usual criminal proceedings reveals that the defendant was diligent and therefore concerned about his case.

Moreover, as explained earlier, when the State initiated forfeiture proceedings contrary to civil law, where the court swiftly ruled in favor, this temporarily subtracted from defendant's ability to initially, and even later pursue the criminal aspects of his case, because first, preparation had to be made to file the petition for 'return of property,' as such had to be filed within one year; not to mention the subsequent civil proceedings that eventually followed during the time the first and second motions for post conviction were pending.

For those reasons, the civil proceedings initially promulgated by the state and resolved by the lower court, originally served as

9

an inpediment to the defendant's ability to
effectively pursue his case, thus preventing
him from timely asserting his rights, which is
all that is necessary for tolling the time
required for filing this petition under the
'statutory tolling provision' 28 u.s.c. 2244 (d)(1)(B)
and under (1) and (2) of the 'equitable tolling
provisions.

   In addition, to reiterate the facts mentioned
earlier, that the defendant was prevented from
originally being able to adequately address his
case in the first motion for postconviction
due to limited information about the case
at the time, until his court appointed attorney
later provided a Rule 16 Discovery; and the
trial court's misinterpretation of one of his
claims in that petition which would prompt
the need to readdress those issues in a
second motion for postconviction, equally
persuades 'statutory tolling' of the limitations
period under 28 u.s.c. 2244(d)(1)(B)(D) and 'equitable
tolling' under the provisions (1) and (2).

## CONCLUSION

The defendant's petition describes the accretive of several Constitutional violations and complete disregard by the lower courts, which also pits a question of clearly established state law to federal law, where reasonable jurists would find it interesting, and debatable. Thus, it would be a grave and unfortunate denial of defendant's rights to defer at the minimum, review, let alone dismiss the petition. Not to mention that the First Amendment to the Constitution states that, 'Congress shall make no law prohibiting the right to petition the Government for a redress of grievances.'

Therefore, for the foregoing reasons stated above and in the petition for Writ of habeas corpus with accompanying memorandum of law, the defendant's plea for federal review and relief should be considered.

Jamar A. White
S.B.I. # 414978
Delaware Corr. Center
1181 Paddock Road
Smyrna, Delaware 19977

Date:

11

## Certificate of Service

I, _Jamar White_ ,hereby certify that I have served a true

And correct cop(ies) of the attached: _"Reply Brief"_

_____ upon the following

parties/person (s):

Kevin M. Carrol

TO: ~~XXXXXXXXXXXXXX~~

_Deputy Attorney General_

_Carvel State Building_

_820 N. French Street_

_Wilmington, Del 1980l_


TO: _____

_____

_____

_____


TO: _____

_____

_____

_____

_____


TO: _____

_____

_____

_____

_____


BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.


On this _22nd_ day of _~~October~~ May_ ,200 _8_

_Jamar Amiear White_



Jamar Anwar White
SBI #414978
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

I/M

POSTAGE DUE 50

MAY 24 2008

Office of the Clerk
United States District Court
844 N. King Street, Lock box 18
Wilmington, Delaware 19801-3570

```
                    SUPERIOR COURT CRIMINAL DOCKET            Page    2
  /                      ( as of  03/29/2007 )
```

```
State of Delaware v.   JAMAR A WHITE                        DOB: 08/19/1982
State's Atty: MARTIN B O'CONNOR , Esq.      AKA: JAMAR WHITE
Defense Atty: MICHAEL C HEYDEN , Esq.            JAMAR WHITE
```

```
     Event
No.  Date        Event                              Judge
------------------------------------------------------------------------
     ARREST DATE: 10/17/2002
     PRELIMINARY HEARING DATE: 102402
     BAIL:  CASH BAIL                      180,000.00 100%
     W/CONDITION
2    11/18/2002
     INDICTMENT, TRUE BILL FILED.NO 69
     SCHEDULED FOR  .
     ARRAIGNMENT AND REPRESENTATION STATUS 12/03/02 AT 9:30
     CASE REVIEW 01/06/03 AT 1:45
3    12/03/2002                                 REYNOLDS MICHAEL P.
     ARRAIGNMENT CALENDAR - 10-C FILED_BY_K O CONNELL.WH
4    12/18/2002                                 REYNOLDS MICHAEL P.
     ARRAIGNMENT/BAIL STATUS HEARING:  DEFENDANT WAIVED READING, ENTERED
     PLEA OF NOT GUILTY, JURY TRIAL DEMANDED.
     BAIL SET AT CASH BAIL (2115-2121) ENT APP J AARONSON(CTRATT)
     01/06/2003                              CARPENTER WILLIAM C. JR.
     CASE REVIEW CALENDAR:  SET FOR FINAL CASE REVIEW - 02182003 1:45
     DISCOVERY NOT COMPLETE (NO ORDER REQUESTED)
     02/18/2003
     FINAL CASE REVIEW CONTINUED - COURT CLOSED DUE TO INCLEMENT WEATHER
5    02/21/2003
     SUMMONS MAILED.
6    03/10/2003
     REINDICTMENT - TRUE BILL FILED. NO. 73
     SCHEDULED FOR
     ARRAIGNMENT FOR BAIL STATUS 04/01/03 9:30AM
     TRIAL 06/03/03 9AM
     03/11/2003
     FINAL CASE REVIEW:  TRIAL DATE TO BE SET.
     REFERRED TO TTPEND CALENDAR FOR TRIAL DATE SELECTION.
7    04/02/2003
     MOTION FOR FORFEITURE OF PROPERTY FILED.
     BY MARK B. CHERNEV, DAG
     SCHEDULED FOR 4/7/03 AT 1:30.
8    04/04/2003
     ORDER SCHEDULING TRIAL FILED.
     TRIAL DATE: 06/03/03
     CASE CATEGORY: #1
     ASSIGNED JUDGE (CATEGORY 1 CASES ONLY): JAN R. JURDEN
     UNLESS THE COURT IS ADVISED WITHIN 2 WEEKS OF THE UNAVAILABILITY
     OF NECESSARY WITNESSES, THE COURT WILL CONSIDER THE MATTER READY
     FOR TRIAL.  ABSENT EXCEPTIONAL CIRCUMSTANCES, RESCHEDULING OR
```

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    3
                         ( as of  03/29/2007 )

State of Delaware v.  JAMAR A WHITE                             DOB: 08/19/1982
State's Atty: MARTIN B O'CONNOR , Esq.       AKA: JAMAR WHITE
Defense Atty: MICHAEL C HEYDEN , Esq.             JAMAR WHITE

      Event
No.   Date         Event                              Judge
-----------------------------------------------------------------------------
      CONTINUANCE REQUESTS WILL BE DENIED.
9     04/07/2003                                 TOLIVER CHARLES H. IV
      MOTION FOR FORFEITURE OF PROPERTY GRANTED.
10    05/19/2003
      SUBPOENA(S) MAILED.
13    05/21/2003
      STATE'S WITNESS SUBPOENA ISSUED.
      05/29/2003                                 SILVERMAN FRED S.
      TRIAL CALENDAR-JURY TRIAL-CONTINUED. PROSECUTION REQUEST.
      POLICE OFFICER UNAVAILABLE MOVE TO 06/10/03
14    05/30/2003
      EMAIL FILED FROM L. HAWTHORNE TO COURT
      RE: PLEA
11    06/02/2003                                 SILVERMAN FRED S.
      TRIAL CALENDER/PLEA HEARING:  PLED GUILTY/PSI ORDERED.  SENTENCINGDATE
      SET FOR    TH DAY OF , ,
12    06/02/2003
      SHERIFF'S COSTS FOR SUBPOENAS DELIVERED.
      ALPHERA WILSON,MICHAEL CAMPBELL,LEO DODD,MAYA HICKS,
      ANDREA BROWN,MARY GRIER,ELLEN BALIM,CHERYL WEEKS,TASHA CREWS,
      DARIL RUTH,MONA WYATT,GERARD SCHAD,LINDA CHAMBERLAIN,SHERI ROBINSON
      ELAINE MASSEY,JONATHAN'S GARRETT,
15    07/16/2003
      CONTINUANCE REQUEST FILED BY M HEYDEN REF TO JRS 07/16/03
16    08/29/2003                                 SLIGHTS JOSEPH R. III
      SENTENCING CALENDAR: DEFENDANT SENTENCED.
17    08/29/2003                                 SLIGHTS JOSEPH R. III
      SENTENCE: ASOP ORDER SIGNED & FILED 9/26/03
18    07/22/2004
      MOTION FOR THE WITHHOLDING OF EVIDENCE BEFORE DISPOSITION FILED PROSE.
      REFERRED TO SENTENCING JUDGE SLIGHTS FOR REVIEW.
19    08/05/2004
      MOTION FOR POSTCONVICTION RELIEF FILED. PRO SE
      REFERRED TO JUDGE SILVERMAN.
20    08/09/2004
      LETTER FROM A. HAIRSTON, PROTHONOTARY OFFICE  TO MARTIN O'CONNOR, DAG
      RE: NOTICE OF FILING OF PRO SE MOTION FOR POSTCONVICTION RELIEF.
      ATTACHED: COPY OF MOTION.
21    09/10/2004
      TRANSCRIPT FILED.
      SENTENCING- AUGUST 29,2003
      BEFORE JUDGE SLIGHTS
```

.

.

                    SUPERIOR COURT CRIMINAL DOCKET                  Page    4
                         ( as of  03/29/2007 )

State of Delaware v.  JAMAR A WHITE                          DOB: 08/19/1982
State's Atty: MARTIN B O'CONNOR , Esq.      AKA: JAMAR WHITE
Defense Atty: MICHAEL C HEYDEN , Esq.            JAMAR WHITE

      Event
No.   Date        Event                                  Judge
-----------------------------------------------------------------------------
22    09/13/2004
      TRANSCRIPT FILED.
      GUILTY PLEA- JUNE 2,2003
      BEFORE JUDGDE SILVERMAN
23    12/07/2004                                   SILVERMAN FRED S.
      ORDER: UPON DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF: DISMISSED.
      SENTENCE ORDER: CORRECTED TO SHOW THAT THE FIRST TWO YEARS OF THE
      SENTENCES FOR ROBBERY FIRST DEGREE ARE MINIMUM MANDATORY AND THE THIRD
      YEAR OF THOSE SENTENCES IS SUBJECT TO EARNED, EARLY RELEASE CREDIT.
      IT IS SO ORDERED.
24    12/29/2004
      MOTION FOR MODIFICATION OF SENTENCE FILED PRO-SE.
      REFERRED TO PRESENTENCE 01/11/05 FOR JUDGE SILVERMAN.
25    05/04/2005                                   SILVERMAN FRED S.
      ORDER: UPON DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF-SUMMARILY
      DENIED.
      IT IS SO ORDERED
26    05/26/2005
      LETTER FROM SHARON AGNEW, PROTHONOTARY NCC   TO JAMAR WHITE.
      RE: PETITION FOR RETURN OF PROPERTY. MOOT
27    05/30/2006
      MOTION FOR TRANSCRIPT FILED PRO SE.  REFERRED TO JUDGE SLIGHTS.
28    08/08/2006                                   SLIGHTS JOSEPH R. III
      ORDER: UPON CONSIDERATION OF DEFENDANT'S MOTION TO COMPEL PRODUCTION
      OF THE GRAND JURY MINUTES, TRANSCRIPTS, & EXHIBITS IS DENIED.
29    08/18/2006
      MOTION FOR ENLARGEMENT OF TIME FILED PRO SE.  REFERRED TO
      JUDGE SLIGHTS.
30    08/22/2006
      MOTION FOR REARGUMENT FILED PRO SE.  REFERRED TO JUDGE SLIGHTS.
31    08/30/2006                                   SLIGHTS JOSEPH R. III
      ORDER: DEFENDANT'S MOTION FOR REARGUMENT IS DENIED.  THE COURT
      CONSIDERED ALL MATTERS RAISED IN THE MOTION FOR REARGUEMENT AT THE
      TIME IT ISSUED ITS ORDERDENYING THE DEFENDANT'S REQUEST FOR ACCESS TO
      GRAD JURY MATERIALS.
32    09/27/2006                                   SILVERMAN FRED S.
      ORDER: CONSISTENT WITH RULE 61(F)(1), THEREFORE, THE ATTORNEY GENERAL
      SHALL FILE THE RESPONSE CONTEMPLATED BY RULE 61(F)(2), WITHIN 30 DAYS
      OF THIS ORDER'S DATE. THE COURT WILL NOT EXTEND THE DEADLINE, EXCEPT
      UPON MOTION FILED IN ADVANCE. AND, BECAUSE DEFENDANT SEEKS RELEASE
      FROM PRISON, THE COURT WILL LOOK WITH DISFAVOR ON A REQUEST TO EXTEND
      THE DEADLINE ABSENT GOOD CAUSE. CONSISTENT WITH RULE 61(F)(3),

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    5
                        ( as of  03/29/2007 )

State of Delaware v.  JAMAR A WHITE                          DOB: 08/19/1982
State's Atty: MARTIN B O'CONNOR , Esq.       AKA: JAMAR WHITE
Defense Atty: MICHAEL C HEYDEN , Esq.             JAMAR WHITE

     Event
No.  Date          Event                              Judge
-------------------------------------------------------------------------
     DEFENDANT SHALL HAVE THIRTY(30)DAYS FROM THE SERVICE OF THE STATE'S
     RESPONSE IN WHICH TO REPLY. THE COURT SHALL ONLY CONSIDER ONE TIMELY
     REPLY FROM DEFENDANT AND ONLY IF IT IS TIMELY.
     IT IS SO ORDERED.
33   09/28/2006
     STATE'S RESPONSE TO MOTIN FOR POSTCONVICTION RELIEF FILED.
     FILED BY MARTIN O'CONNOR, DAG
     REFERRED TO JUDGE SILVERMAN
34   10/25/2006
     DEFENDANT'S REPLY BRIEF TO STATE'S RESPONSE TO MOTION FOR POST-
     CONVICTION RELIEF FILED.
     FILED PRO SE
     REFERRED TO JUDGE SILVERMAN
35   01/26/2007                               SILVERMAN FRED S.
     ORDER: UPON DEFENDANT'S SECOND MOTION FOR POSTCONVICTION RELIEF:DENIED
     IT IS SO ORDERED.
36   02/21/2007
     LETTER FROM SUPREME COURT TO SHARON AGNEW, PROTHONOTARY
     RE: A NOTICE OF APPEAL WAS FILED ON 02/15/07.
     THE RECORD IS DUE 03/14/07.
     81, 2007
     02/26/2007
     RECORDS SENT TO SUPREME COURT.
     81, 2007

            *** END OF DOCKET LISTING AS OF  03/29/2007 ***
                 PRINTED BY: CSCKWAL
```

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/31/2006                              PAGE        1

```
04M-05-067
FILED  May 27,2004                    MISCELLANEOUS RETURN OF PROPERTY
JUDGE:                                NON ARBITRATION
STATUS:  CLO   E-FILED:               NON-JURY TRIAL
```

PRO SE               JAMAR WHITE
                                  -- VS --
                     STATE OF DELAWARE

05/27/2004     1  PETITION FOR RETURN OF PROPERTY
                  AFFIDAVIT IN SUPPORT OF APPLICATION TO PROCEED IN FORMA
                  PAUPERIS.

06/02/2004     2  ORDER ON APPLICATION TO PROCEED IN FORMA PAUPERIS
                  SIGNED BY COOCH, J. ON 6/1/04. IT IS ORDERED THE
                  APPLICATION IS GRANTED. THE APPLICANT SHALL PAY NO
                  FEE OR COURT COSTS.

06/07/2004     3  LETTER DATED 06/07/2004 FROM PROY TO MR. WHITE
                  THE PETITION TO PROCEED IN FORMA PAUPERIS HAS BEEN
                  GRANTED BY THE OFFICE JUDGE.

11/23/2004     4  LETTER DATED 10/19/2004 FROM PETITIONER REQUESTING
                  STATUS OF PETITION.
                  (SENT COPY OF DOCKET)

05/27/2005        #1   ORDER SIGNED BY TOLIVER, J. ON 5/25/05. IT IS
                  ORDERED THE RETURN OF PROPERTY IS MOOT - CAR WAS
                  FORFEITED 4/7/03.

05/27/2005     5  LETTER DATED 05/26/2005 FROM PROY TO MR. WHITE
                  ON 4/2/03 DAG FILED A MOTION FOR FORFEITURE IN THE
                  ABOVE CAPTIONED CASE. THE MOTION WAS GRANTED ON 4/7/03.
                  ON 5/26/04 YOU FILED A PETITION FOR RETURN OF PROPERTY
                  FOR A 1998 RED FORD CONTOUR. SINCE THE CONTOUR WAS
                  PREVIOUSLY FORFEITED, YOUR PETITION FOR RETURN OF
                  PROPERTY HAS BEEN DEEMED MOOT. COPIES ARE ENCLOSED.

06/19/2006     6  PLTF'S MOTION TO REOPEN JUDGMENT OF FORFEITURE CASE

07/18/2006     7  LETTER DATED 07/11/2006 FROM TOLIVER, J. THE RECORD
                  REFLECTS THAT THE FORFEITURE WHICH YOU COMPLAIN OF
                  OCCURRED MORE THAN THREE YEARS AGO. FURTHERMORE, YOU
                  HAVE FAILED TO STATE ANY BASIS FOR THE RELIEF
                  REQUESTED. IN ANY EVENT, THE CASE IS MOOT SINCE THE
                  CAR HAS SINCE BEEN DISPOSED OF. BASED ON THE FOREGOING,
                  THE INSTANT MOTION MUST BE, AND HEREBY IS DENIED.

07/31/2006     8  NOTICE OF APPEAL FILED IN SUPREME COURT ON 7/31/2006 BY
                  JAMAR WHITE, PRO SE LITIGANT FORM THE ORDER DATED
                  7/11/2006 FROM A MOTION TO RE-OPEN THE FOREFEITURE
                  CASE., #409, 2006.

08/07/2006     9  PETITIONER'S MOTION FOR DISCOVERY FILED.

04M-05-067
FILED  May 27,2004                        MISCELLANEOUS RETURN OF PROPERTY
JUDGE:                                    NON ARBITRATION
STATUS:  CLO   E-FILED:                    NON-JURY TRIAL

PRO SE                 JAMAR WHITE
                                          -- VS --
                       STATE OF DELAWARE

05/27/2004    1  PETITION FOR RETURN OF PROPERTY
                 AFFIDAVIT IN SUPPORT OF APPLICATION TO PROCEED IN FORMA
                 PAUPERIS.

06/02/2004    2  ORDER ON APPLICATION TO PROCEED IN FORMA PAUPERIS
                 SIGNED BY COOCH, J. ON 6/1/04. IT IS ORDERED THE
                 APPLICATION IS GRANTED. THE APPLICANT SHALL PAY NO
                 FEE OR COURT COSTS.

06/07/2004    3  LETTER DATED 06/07/2004 FROM PROY TO MR. WHITE
                 THE PETITION TO PROCEED IN FORMA PAUPERIS HAS BEEN
                 GRANTED BY THE OFFICE JUDGE.

11/23/2004    4  LETTER DATED 10/19/2004 FROM PETITIONER REQUESTING
                 STATUS OF PETITION.
                 (SENT COPY OF DOCKET)

05/27/2005       #1   ORDER SIGNED BY TOLIVER, J. ON 5/25/05. IT IS
                 ORDERED THE RETURN OF PROPERTY IS MOOT - CAR WAS
                 FORFEITED 4/7/03.

05/27/2005    5  LETTER DATED 05/26/2005 FROM PROY TO MR. WHITE
                 ON 4/2/03 DAG FILED A MOTION FOR FORFEITURE IN THE
                 ABOVE CAPTIONED CASE. THE MOTION WAS GRANTED ON 4/7/03.
                 ON 5/26/04 YOU FILED A PETITION FOR RETURN OF PROPERTY
                 FOR A 1998 RED FORD CONTOUR. SINCE THE CONTOUR WAS
                 PREVIOUSLY FORFEITED, YOUR PETITION FOR RETURN OF
                 PROPERTY HAS BEEN DEEMED MOOT. COPIES ARE ENCLOSED.

06/19/2006    6  PLTF'S MOTION TO REOPEN JUDGMENT OF FORFEITURE CASE

07/18/2006    7  LETTER DATED 07/11/2006 FROM TOLIVER, J. THE RECORD
                 REFLECTS THAT THE FORFEITURE WHICH YOU COMPLAIN OF
                 OCCURRED MORE THAN THREE YEARS AGO. FURTHERMORE, YOU
                 HAVE FAILED TO STATE ANY BASIS FOR THE RELIEF
                 REQUESTED. IN ANY EVENT, THE CASE IS MOOT SINCE THE
                 CAR HAS SINCE BEEN DISPOSED OF. BASED ON THE FOREGOING,
                 THE INSTANT MOTION MUST BE, AND HEREBY IS DENIED.

**LexisNexis· *File & Serve***

**Welcome:** 24, Supreme Court
DE Supreme Court

Resource Center · Preferences · Sign Off

| **Home** | **Filing & Service** | **Alerts** | **Search** |

| Case History | Cases Search | Daily Docket | Transaction Status | Advanced Search |

Home > Select Case > Case History

### Case History Search
Search Created:
Friday, March 30, 2007 08:37:10 EDT

Printable Version

| **Court:** | DE Supreme Court | **Judge:** | Delaware, Supreme Court | **File & Serve Live Date:** | 7/31/2006 |
| **Division:** | N/A | **Case Number:** | 409,2006 | **Document(s) Filed:** | 20 |
| **Case Type:** | Appeal - Superior | **Case Name:** | White, Jamar vs State of Delaware | **Date Range:** | All |

Choose an action:  -- Select --     [Go]     Show 50    records

1-19 of 19 transactions          Page 1 of 1

| | Transaction ▽ Date/Time | Option | Case Number Case Name | Authorizer Organization | # | Document Type | Document Title | Size |
|---|---|---|---|---|---|---|---|---|
| ☐ | 14304935 | 3/29/2007 3:33 PM EDT | File And Serve | 409,2006 White, Jamar vs State of Delaware | Supreme Court Delaware, DE Supreme Court | 20 | Letter | Letter dated 3-27-07 from appellant to Senior Court Clerk, advising why he was late filing his Motion for reargument. (lsb) (docket sheet sent) [view] | 0.1MB |
| ☐ | 14268708 | 3/27/2007 11:40 AM EDT | File And Serve | 409,2006 White, Jamar vs State of Delaware | Supreme Court Delaware, DE Supreme Court | 19 | Receipt of Record & Mandate | Prothonotary's receipt of record (conventionally returned) and mandate on 3-20-07. (lsb) [view] | 0.1MB |
| ☐ | 14168657 | 3/19/2007 1:09 PM EDT | File And Serve | 409,2006 White, Jamar vs State of Delaware | Supreme Court Delaware, DE Supreme Court | 18 | Letter | Letter dated 3-19-07 from Senior Court Clerk to appellant, advising him that the case is closed. (lsb) [view] | 0.1MB |
| ☐ | 14164271 | 3/19/2007 9:40 AM EDT | File And Serve | 409,2006 White, Jamar vs State of Delaware | Supreme Court Delaware, DE Supreme Court | 17 | Other | Motion for reargument by appellant. (served by mail on 3-15-07) (lsb) [view] | 0.3MB |
| ☐ | 14156821 | 3/16/2007 4:15 PM EDT | File And Serve | 409,2006 White, Jamar vs State of Delaware | Supreme Court 11, DE Supreme Court | 16 | Record & Mandate to Court Below, Case Closed | Record (conventionally returned, not available on LexisNexis) and mandate to clerk of court below. Case closed. (afb) [view] | 0.1MB |
| ☐ | 13952588 | 2/28/2007 10:21 AM EST | File And Serve | 409,2006 White, Jamar vs State of Delaware | Myron T Steele, DE Supreme Court | 15 | Order | Order dated 2-28-07 by Steele, C.J., judgment of Superior Court is AFFIRMED. (MTS,RJH,HDR) (brf) [view] | 0.1MB |
| ☐ | 13818587 | 2/15/2007 12:15 PM EST | File And Serve | 409,2006 White, Jamar vs State of | Supreme Court Delaware, | 14 | Letter | Letter dated 2-13-07 from Appellant to Clerk, regarding his | 0.1MB |

.

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | Delaware | DE Supreme Court | | | appeal. (docket sheet sent) (lsb) [view] | |
| ☐ 13520278 | 1/19/2007 4:22 PM EST | File And Serve | 409,2006 White, Jamar vs State of Delaware | Supreme Court Delaware, DE Supreme Court | 13 ☐ | Notice of On Brief | Notice dated 1-19-07 from Clerk to parties, the matter will be submitted for decision on briefs on 1-26-07. (clh) [view] | 0.1MB |
| ☐ 13078549 | 12/4/2006 8:39 AM EST | File Only | 409,2006 White, Jamar vs State of Delaware | Supreme Court Delaware, DE Supreme Court | 12 ☐ | Letter | Letter from appellant to clerk requesting an updated docket sheet. (docket sheet sent) (kms) [view] | 0.1MB |
| ☐ 12856056 | 11/8/2006 11:36 AM EST | File And Serve | 409,2006 White, Jamar vs State of Delaware | Audrey Bacino, DE Supreme Court | 11 ☐ | Reply Brief | Appellant's Reply Brief (served by mail 11-2-06)(afb). [view] | 3.3MB |
| ☐ 12702245 | 10/23/2006 3:10 PM EDT | File Only | 409,2006 White, Jamar vs State of Delaware | Elizabeth McFarlan, Department of Justice-Wilmington | 10 ☐ | Answering Brief | State's Answering Brief. (served by mail 10-23-06)(clh) [view] • Linked to (1) | 0.3MB |
| ☐ 12427302 | 9/21/2006 3:20 PM EDT | File And Serve | 409,2006 White, Jamar vs State of Delaware | Supreme Court Delaware, DE Supreme Court | 8 ☐ | Opening Brief | Appellant's opening brief. (served by mail 9-18-06) (kms) [view] • Linked from (1) | 9.6MB |
| | | | | | 9 ☐ | Appendix | Appellant's appendix to the opening brief. (served by mail 9-18-06) (kms) [view] | 5.4MB |
| ☐ 12183854 | 8/25/2006 2:39 PM EDT | File Only | 409,2006 White, Jamar vs State of Delaware | Supreme Court Delaware, DE Supreme Court | 7 ☐ | Letter - Record Due | Record as ordered. (Conventionally filed - not available through LexisNexis) (eas) [view] | 0.1MB |
| ☐ 12160212 | 8/23/2006 2:39 PM EDT | File And Serve | 409,2006 White, Jamar vs State of Delaware | Cathy Howard, DE Supreme Court | 6 ☐ | Letter from Clerk | Letter dated 8-23-06 from Clerk to appellant, advising him that no action will be taken upon his motions for extension of transcript. (clh) [view] | 0.1MB |
| ☐ 12128704 | 8/21/2006 11:54 AM EDT | File And Serve | 409,2006 White, Jamar vs State of Delaware | Supreme Court Delaware, DE Supreme Court | 5 ☐ | Motion under Rule 15(b) | Motion for Enlargement or Extension of Time by appellant. (eseved and served by mail 8-17-06) (eas) [view] | 1.4MB |
| ☐ 12042268 | 8/10/2006 3:20 PM EDT | File And Serve | 409,2006 White, Jamar vs State of Delaware | Supreme Court Delaware, DE Supreme Court | 4 ☐ | Motion - Other | Motion for Transcript of Record by appellant. (served by mail 8-8-06) (eas) [view] | 1.2MB |
| ☐ 11960599 | 8/2/2006 3:40 PM EDT | File And Serve | 409,2006 White, Jamar vs State of Delaware | Supreme Court Delaware, DE Supreme Court | 3 ☐ | Letter - Record Due | Letter dated 8-2-06 from Senior Court Clerk to Prothonotary, record is due to be filed by 8-25-06. (eas) [view] | 0.1MB |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ☐ 11959520 | 8/2/2006 3:30 PM EDT | File And Serve | 409,2006 White, Jamar vs State of Delaware | Supreme Court Delaware, DE Supreme Court | 2 | ☐ Brief Schedule | Brief schedule issued. (opening brief due 9-28-06) (eas) [view] | 0.1MB |
| ☐ 11932317 | 7/31/2006 12:09 PM EDT | File And Serve | 409,2006 White, Jamar vs State of Delaware | Supreme Court Delaware, DE Supreme Court | 1 | ☐ Notice of Appeal | Notice of appeal from the order dated 7-11-06, in the Superior Court, in and for New Castle County, by Judge Toliver, in C.A. No. 04M-05-067, with no designation of transcript. (no service shown) (eas) [view] | 0.4MB |

1-19 of 19 transactions     Page 1 of 1

LexisNexis· *File & Serve*