IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JAMAR A. WHITE,                        :
                                       :
          Petitioner,                  :
                                       :
v.                                     :    Civil Action No. 07-740-JJF
                                       :
PERRY PHELPS, Warden, and              :
ATTORNEY GENERAL OF THE                :
STATE OF DELAWARE,                     :
                                       :
          Respondents.[1]              :

_____

Jamar A. White.  Pro Se Petitioner.

Kevin M. Carroll, Deputy Attorney General, Delaware Department of
Justice, Wilmington, Delaware.  Counsel for Respondents.

_____

**MEMORANDUM OPINION**

September 22, 2008
Wilmington, Delaware

_____

[1]Warden Perry Phelps assumed office in January, 2008,
replacing former Warden Thomas Carroll, an original party to this
case.  See Fed. R. Civ. P. 25(d)(1).

Joseph J. Farnan Jr.

**Farnan, District Judge**

Pending before the Court is Petitioner Jamar A. White's ("Petitioner") Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition"). (D.I. 1.) Petitioner is incarcerated at the James T. Vaughn Correctional Center in Smyrna, Delaware. For the reasons discussed, the Court concludes that the Petition is time-barred by the one-year statute of limitations prescribed in 28 U.S.C. § 2244.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On June 2, 2003, Petitioner pled guilty to two counts of first degree robbery, two counts of possession of a firearm during the commission of a felony, and one count of second degree conspiracy. The Delaware Superior Court sentenced Petitioner on August 29, 2003 to twelve years of incarceration, followed by a term of probation. See State v. White, 2007 WL 210442 (Del. Super. Ct. Jan. 26, 2007). Petitioner did not appeal his convictions or sentences.

On August 5, 2004, Petitioner filed an application for post-conviction review pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion on December 6, 2004, and Petitioner did not appeal that decision. Id. Instead, Petitioner filed a motion for modification of sentence pursuant to Delaware Superior Court Criminal Rule 35(b) on December 29, 2004. (D.I. 1, Del. Super.

1

Ct. Crim. Dkt. Entry No. 24.)   The Superior Court denied the Rule 35(b) motion on May 4, 2005, and Petitioner did not appeal that decision.   Id.

On August 15, 2006, Petitioner filed a second Rule 61 motion, which the Superior Court denied on January 26, 2007. State v. White, 2007 WL 210442 (Del. Super. Ct. Jan. 26, 2007). Petitioner appealed, and the Delaware Supreme Court affirmed the Superior Court's decision.   White v. State, 935 A.2d 256 (Table), 2007 WL 2409677 (Del. Aug. 24, 2007).

Petitioner filed the instant Petition for federal habeas relief in November 2007.   Respondents filed an Answer requesting the Court dismiss the Petition as untimely, or alternatively, as failing to warrant habeas relief under § 2254(d)(1).   (D.I. 14.) Petitioner filed a Reply, arguing that the Petition is not time-barred.   (D.I. 22.)

## II.   DISCUSSION

### A.   One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements.   See generally Lindh v. Murphy, 521 U.S. 320, 336 (1997).   The AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

2

    (A) the date on which the judgment became final by the
conclusion of direct review or the expiration of the time
for seeking such review;

    (B) the date on which the impediment to filing an
application created by State action in violation of the
Constitution or laws of the United States is removed, if the
applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was
initially recognized by the Supreme Court, if the right has
been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or
claims presented could have been discovered through the
exercise of due diligence.

28 U.S.C. § 2244(d)(1).

    The Petition, dated October 2007, is subject to the one-year

limitations period contained in § 2244(d)(1). See Lindh, 521

U.S. at 336. Petitioner does not allege, nor can the Court

discern, any facts triggering the application of § 2244(d)(1)(B),

(C), or (D). Accordingly, the one-year period of limitations

began to run when Petitioner's conviction became final under §

2244(d)(1)(A).

    In this case, the Superior Court sentenced Petitioner on

August 29, 2003. Petitioner did not file a direct appeal,

therefore, his judgment of conviction did not become final for

the purposes of § 2244 until September 29, 2003, after the

thirty-day period allowed for filing a direct appeal in Delaware

3

expired.[2]  <u>Kapral v. United States</u>, 166 F.3d 565, 577  (3d Cir.
1999)(holding that the limitation period under § 2244(d)(1)(A)
begins to run upon the expiration of the 90 day period for
seeking review in the Supreme Court).  Applying the one-year
limitations period to that date, Petitioner had until September
29, 2004 to timely file his Petition.  <u>Wilson v. Beard</u>, 426 F.3d
653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure
6(a) and (e) applies to federal habeas petitions).

    Petitioner did not file the Petition until November 13,
2007,[3] approximately three years after the expiration of the
AEDPA's limitations period.  Therefore, the Petition is time-
barred, unless the limitations period can be statutorily or
equitably tolled.  <u>See</u> <u>Jones v. Morton</u>, 195 F.3d 153, 158 (3d
Cir. 1999).  The Court will discuss each doctrine in turn.

----

    [2]The thirty day period actually expired on September 28,
2003, which fell on a Sunday.  Therefore, the appellate filing
period extended through the end of the day on Monday, September
29, 2003.  <u>See</u> Del. Sup. Ct. R. 11(a).

    [3]A <u>pro</u> <u>se</u> prisoner's habeas petition is deemed filed on the
date he delivers it to prison officials for mailing to the
district court.  <u>See</u> <u>Longenette v. Krusing</u>, 322 F.3d 758, 761 (3d
Cir. 2003)(the date on which a prisoner transmitted documents to
prison authorities is to be considered the actual filing date);
<u>Burns v. Morton</u>, 134 F.3d 109, 113 (3d Cir. 1998).  The Court
adopts the date on the Petition, November 13, 2007, as the filing
date, because presumably, Petitioner could not have presented the
Petition to prison officials for mailing any earlier than that
date.  <u>See</u> <u>Woods v. Kearney</u>, 215 F. Supp. 2d 458, 460 (D. Del.
2002);  <u>Gholdson v. Snyder</u>, 2001 WL 657722, at *3 (D. Del. May 9,
2001).

## B. Statutory Tolling

Pursuant to § 2244(d)(2), "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" will toll the AEDPA's one-year limitations period during the time the collateral proceeding is pending, including any post-conviction appeals, provided that the application for collateral review is filed prior to the expiration of the AEDPA's one-year period. See 28 U.S.C. § 2244(d)(2); Swartz v. Meyers, 204 F.3d 417, 424-25 (3d Cir. 2000); Price v. Taylor, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002)(explaining that a properly filed Rule 61 motion will only toll the limitations period if it was filed and pending before the expiration of the AEDPA's limitations period). "An application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as the rules governing the location and time of filing, the forms used, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4, 8 (2000); Lovasz v. Vaughn, 134 F. 3d 146, 148 (3d Cir. 1998).

Here, when Petitioner filed his first Rule 61 motion on August 5, 2004, 311 days of the AEDPA's limitations period had already lapsed. The Superior Court denied the Rule 61 motion on December 6, 2004, and Petitioner did not appeal that decision. As a result, Petitioner's first Rule 61 motion tolled the

5

limitations period from August 4, 2004 through January 5, 2005,
the day on which the time to appeal the Superior Court's denial
of the Rule 61 motion expired. Absent the filing of any other
post-conviction motions that have a statutory tolling effect, the
limitations clock started to run again on January 6, 2005, and
ran without interruption until the limitations period expired on
March 1, 2005.

However, Petitioner filed a Rule 35 motion for modification
of sentence on December 29, 2005, which the Superior Court did
not deny until May 4, 2005. Consequently, if Petitioner's Rule
35 has any tolling effect, the limitations period may have been
extended. To a certain extent, the Court's conclusion regarding
the statutory tolling effect of the Rule 35 motion depends on
whether the motion was filed pursuant to Rule 35(a) or Rule
35(b). As explained by the Third Circuit,

> [u]nlike Delaware Superior Court Criminal Rule 35(a), which
> allows a court to correct an illegal sentence, and Rule 61,
> which governs the procedures by which a person can challenge
> a judgment on the ground that the court lacked jurisdiction
> or on any other ground that is a sufficient factual and
> legal basis for a collateral attack, Rule 35(b) allows for a
> reduction of sentence without regard to the existence of a
> legal defect. A Rule 35(b) motion is a plea for leniency,
> directed toward the sentencing court, which seeks
> discretionary relief based on mercy and grace, rather than
> on the law.

Hartmann v. Carroll, 492 F.3d 478, 481 (3d Cir. 2007)(internal
citations omitted). Yet, acknowledging the requirement to
construe pro se filings liberally, the Third Circuit also noted

6

the possibility that a pro se prisoner "might file what is ostensibly a motion under Rule 35(b) and yet intend to seek relief other than discretionary leniency." Id. at 482 n.8. Thus, rather than rely on the titles attached to the motion filed by Petitioner, the Court must determine whether Petitioner's Rule 35 motion sought discretionary mercy under Rule 35(b) (which would not toll the limitations period), or whether his Rule 35 motion challenged the lawfulness of the sentence under Rule 35(a) (which would toll the limitations period).

The State contends that the Rule 35 motion filed by Petitioner on December 29, 2004 does not toll the limitations period because it was a plea for leniency. The record does not contain a copy of the motion, so the Court is unable to make an independent determination regarding the relief requested in Petitioner's motion for modification of sentence. Nevertheless, even if the Court were to treat the Rule 35 motion as challenging the lawfulness of Petitioner's conviction, the statutory tolling effected by that motion would not render the Petition timely. Petitioner filed the Rule 35 motion on December 29, 2004, the Superior Court denied the motion on May 4, 2005, and Petitioner did not appeal that decision. As a result, the Rule 35 motion would have tolled the limitations period from December 29, 2004 through June 4, 2005, the day on which the time to appeal the denial of the motion expired. The limitations clock would have

7

started to run on June 5, 2005, and would have run the remaining 54 days of the limitations period without interruption until it expired in August 2005.

To summarize, if Petitioner's Rule 35 motion triggers the statutory tolling provision of § 2244(d)(2), the limitations period expired in August 2005, but if the Rule 35 motion does not trigger statutory tolling, the limitations period expired in March 2005.  In either scenario, Petitioner's second Rule 61 motion, filed on August 15, 2006, has no statutory tolling effect because it was filed after the AEDPA's limitations period had already expired.

And finally, to the extent Petitioner asserts that his forfeiture proceedings in the Delaware State Courts should statutorily toll the limitations period,[4] he is mistaken; Petitioner's quest for the return of his property does not constitute "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" under § 2244(d)(2).  See, e.g., Day v. Chatman, 130 Fed. Appx. 349 (11th Cir. 2005);  Johnson v. Lewis, 310 F. Supp. 2d 1121 (C.D. Cal. 2004).  Accordingly, the Petition is time-barred unless equitable tolling applies.

## C. Equitable Tolling

The AEDPA's limitations period may be equitably tolled, but

_____

[4]See D.I. 22.

"only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones, 195 F.3d at 159 (3d Cir. 1999) (quoting Midgley, 142 F.3d at 179). In order to trigger equitable tolling, a petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. Miller, 145 F.3d at 618-19 (citations omitted); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones, 195 F.3d at 159; see also Brinson v. Vaughn, 398 F.3d 225, 231 (3d Cir. 2005)(equitable tolling is appropriate where the court misleads petitioner about steps necessary to preserve habeas claim).

Here, Petitioner contends that equitable tolling is warranted because he was taking part in forfeiture proceedings while simultaneously pursuing his criminal claims in the Delaware State Courts. Contrary to his opinion, however, Petitioner's willingness to litigate in the State Courts does not demonstrate

9

that he diligently pursued his federal habeas claims.

Moreover, Petitioner does not allege, and the Court cannot discern, that any extraordinary circumstances prevented him from timely filing his Petition.  To the extent Petitioner's untimely filing was due to a mistake in his computation of the AEDPA's limitations period, that mistake does not constitute an extraordinary circumstance for equitable tolling purposes.  See LaCava v. Kyler, 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling")(internal citation omitted);  Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes).  Accordingly, the Court will dismiss the Petition as time-barred.

## III.  CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability.  See Third Circuit Local Appellate Rule 22.2.  A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional

10

claims debatable or wrong." 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. <u>Id.</u>

The Court has concluded that Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is time-barred. The Court is persuaded that reasonable jurists would not find this conclusion to be debatable, and therefore, the Court declines to issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied. (D.I. 1.)

An appropriate Order will be entered.

11